███████████████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>       Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.,<br><br>       Defendants.<br><br>RAVENWHITE LICENSING LLC,<br><br>       Plaintiff,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC,<br><br>       Defendants. | Case No. 2:23-CV-0423-JRG-RSP<br>**LEAD CASE**<br><br><br>███████████████<br><br><br>Case No. 2:23-CV-0418-JRG-RSP<br>**MEMBER CASE**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendants The Home Depot, Inc., Home Depot U.S.A., Inc., Walmart Inc., and Wal-Mart Stores Texas, LLC (collectively, "Defendants") respectfully request leave to amend their Final Invalidity Contentions to add the claim charts attached as Exhibits A and B, each of which describe the Amazon Bullseye system as an invalidity prior art reference. Plaintiff RavenWhite Licensing LLC ("RavenWhite") does not oppose this Motion. Good cause exists because, as explained herein, each relevant factor supports granting leave to amend.

A party may amend its final invalidity contentions with leave of Court upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-

434 (TJW), 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009).  In considering such a motion to amend, courts consider four factors: (1) the explanation for seeking amendment after any applicable deadline; (2) the importance of the amendment; (3) potential prejudice to the non-movant in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

For the first factor, the relevant inquiry focuses on diligence.  The moving party must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed Cir. 2006).  Under the Court's Docket Control Order, Defendants Patent Rule 3-3 Invalidity Contentions were due to be served on February 11, 2025.  Here, on November 20, 2024, nearly three months prior to the Invalidity Contentions due date, Defendants served Amazon.com, Inc. with a subpoena directed to prior art.  On February 11, 2024, Defendants timely served Invalidity Contentions, at which time Amazon.com, Inc. had not produced documents in response to said subpoena.  Then, on February 27, 2025, Defendants produced to RavenWhite all 232 pages of documents that were provided by Amazon.com, Inc. after the Invalidity Contentions were served. Defendants diligently reviewed, analyzed, and charted the documents provided by Amazon.com, Inc. and first learned about the Amazon Bullseye system as prior art to US Patent 11,562,402 (the "'402 patent") through these documents.  On April 17, 2025, Defendants provided RavenWhite with the claim charts attached hereto as Exhibits A and B.  RavenWhite indicated it would not oppose a motion to amend the contentions to add these new claim charts and theories.  Defendants therefore acted diligently to seek relevant third-party discovery, and to seek for leave to amend based on the new evidence revealed therein, so the first factor favors granting leave to amend.

For the second factor, courts look to movant's "representations as to the nature of the prior art" to be added. *Kroy IP Holdings, LLC v. AutoZone, Inc.,* No. 2:13-cv-888-WCB, 2014 WL 7463099, at *5 (E.D. Tex. Dec. 30, 2014). The Court "need not analyze the strength of [the movant's] contentions at this stage." *Thomas Swan & Co. v. Finisar Corp.,* No. 13-cv-178-JRG, 2014 WL 12599218, at *2 (E.D. Tex. Apr. 29, 2014) (internal quotation omitted). As discussed in the claim charts at Exhibits A and B, the Amazon Bullseye system either anticipates or is the primary reference in multiple obviousness combinations that invalidate the '402 patent. The second factor therefore favors granting leave to amend.

For the third factor, there is no prejudice to RavenWhite because Defendants gave prompt notice of the amendment and the case is at an early stage. The claim construction process has not yet started, the deadline to substantially complete document productions is not until August 27, 2025, and the deadline to complete fact discovery is not until November 14, 2025. Critically, on April 21, 2025, RavenWhite stated that it does not oppose this Motion seeking leave to amend Defendants' Invalidity Contentions to add the attached Exhibits. The third factor therefore favors leave to amend.

For the fourth factor, Defendants' amendment will not require a continuance or any change to the schedule. The fourth factor therefore favors leave to amend.

Each relevant factor favors granting leave to amend. Good cause therefore exists for Defendants to amend their Final Invalidity Contentions to include the Amazon Bullseye system as prior art against the '402 patent. Defendants respectfully request that the Court grant their unopposed motion for leave to amend their P.R. 3-3 invalidity contentions.

Date: May 1, 2025

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
**FINDLAY CRAFT, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: 903-534-1100
Fax: 903-534-1137

Nicholas G. Papastavros
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: 617-406-6000
Fax: 617-406-6119
nick.papastavros@us.dlapiper.com


***Attorneys for Defendants***
***The Home Depot, Inc. and Home Depot U.S.A., Inc.***


*/s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
**FINDLAY CRAFT, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: 903-534-1100
Fax: 903-534-1137

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Blake Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
Abby A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
2323 Ross Avenue, Suite 600,
Dallas, TX  75201
Telephone: (214) 953-6000

Leisa Talbert Peschel
Texas Bar No. 24060414

lpeschel@jw.com
1401 McKinney, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4278

Katharine L. Carmona
Texas Bar No. 00787399
kcarmona@jw.com
100 Congress Avenue, Suite 1100,
Austin, TX  78701
Telephone: (512) 236-2000

*Attorneys for Defendants*
*Walmart Inc. and Wal-Mart Stores Texas, LLC*

██████████████████████████████

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies pursuant to Local Rule CV-7(h) that the relief requested in this motion is unopposed.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2025, a complete and unredacted copy of this document with all supporting exhibits was served on counsel of record, all of whom have consented to electronic service, via email.

*s/ Eric H. Findlay*
Eric H. Findlay

████████████████████████████████████████