## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, | § | |
| *Plaintiff,* | § § | |
| v. | § | Case No. 2:24-cv-00688-JRG-RSP |
| THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., | § § § | (Lead Case) |
| *Defendants*. | § § § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Walmart Inc. and Wal-Mart Stores Texas, LLC ("Walmart")'s Motion to Dismiss. **Dkt. No. 33**. Having considered the Motion, and for the reasons discussed below, the Motion should be **DENIED**.

## I.   BACKGROUND

In the instant action, Plaintiff Ravenwhite Licensing LLC accuses Walmart of infringement of U.S. Patent Nos. 11,562,402 ("'402 patent") and 10,594,823 ("'823 patent"). Dkt. No. 33 at 1. The asserted patents are generally directed at internet browser cookies and internet advertising technology. *Id.* at 2-8.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen,*

*Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

### B.    § 101 Ineligibility

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Supreme Court therefore instructs courts to distinguish between claims that set forth patent ineligible subject matter and those that "integrate the building blocks into something more." *Id.* at 217.

Courts use a two-step framework for analyzing whether claims at issue claim patent-eligible subject matter. *Id.* at 217–18; *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed.

Cir. 2016). First, courts "determine whether the claims at issue are directed to a patent-ineligible concept." *Id*. (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 566 U.S. 66, 77–78 (2012))). In doing so, the court must be wary not to over generalize the invention, as "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 71) (ellipsis in *Alice*).

"If this threshold determination is met, [courts] move to the second step of the inquiry and 'consider the elements of each claim, both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application.'" *Enfish*, 822 F.3d at 1334 (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 79)). A claimed invention is patent-eligible at *Alice* Step Two when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225) (quoting *Mayo*, 566 U.S. at 73 (internal quotation marks and brackets omitted)).

Patent eligibility is a question of law, based on underlying facts. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018), *cert. denied,* 139 S. Ct. 2747 (2019), *reh'g denied,* No. 18-1199, 2019 WL 3976449 (Aug. 23, 2019). Whether the claim elements or combination are well-understood, routine, and conventional is a question of fact. *Aatrix Software, Inc. v. Green Shades Software, Inc*., 882 F.3d 1121, 1128 (Fed. Cir. 2018).

III.    **ANALYSIS**

A.    **Claim Construction**

In their Motion, Defendants argue that because no claim construction issues arise, and because Plaintiff has failed to identify how *and why* specific terms require construction, dismissal is appropriate, before Markman. Dkt. No. 33 at 26; Dkt No. 56 at 10. In its reply, Plaintiff identifies three terms from the '402 Patent, "quality level," "clustering," and "wherein the determining of the first quality level is based at least in part on a unique identifier and clustering" with non-standard use. Dkt. No. 52 at 26. For the term "clustering," Plaintiff argues that because the "'402 invention uses clustering to assign quality levels to the correct user associated with a device," its use is non-standard and requires claim construction. *Id.* at 27.

The Court is not persuaded that claim construction of the '402 Patent is required.[1] For a § 101 Motion to Dismiss to fail at claim construction, the Federal Circuit requires a patentee to propose "a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361 (Fed. Cir. 2023). Here, Plaintiff has failed to identify why claim construction is relevant to the § 101 inquiry.

B.    **'402 Patent**

1.    *Alice Step 1*

Defendants argue, and Plaintiff does not dispute, that Claim 19 is representative of the '402 Patent. Dkt. No. 33 at 11. Defendants argue that Claim 19 is an abstract idea, because it merely uses "user information to deliver targeted advertisements," which Defendants argue "amounts to nothing more than an action or task that has long been performed by human minds, pencil and

---

[1] The Parties do not argue whether the '823 Patent requires claim construction.

paper, and early computing systems, and there is nothing in the patent to suggest otherwise." *Id.* at 13. Defendants cite to district court and Federal Circuit caselaw that holds certain targeted advertising patents are unpatentable "generic computer functions," because they are merely "gathering user information, matching that information with advertisements, and sending content." *Id.* at 16-17. Defendants contrast the '402 Patent with cases where the court found the invention patentable, because the '402 Patent lacks "a technological solution to an internet-centric problem," and lacks any novel hardware application. *Id.* at 18.

In its reply, Plaintiff first asserts that no evidence indicates that the '402 Patent merely "automates conventional activity." Dkt. No. 52 at 19. Plaintiff adds that the patented process uses "clustering and assessment of click behavior" not available offline. *Id.* at 19. Plaintiff notes that in prosecution, the patent examiner added language to Claim 1 to reflect these additions and made an "express finding" that this claim is patent eligible. *Id.* Plaintiff argues Defendant's cited caselaw is inapplicable, because the '402 Patent recites a "specific, detailed algorithm" that enables "machine learning technology" to deliver targeted advertisements. *Id.* at 22.

The Court is of the opinion that Plaintiff's complaint had pleaded sufficient facts to demonstrate that the '402 Patent is not directed at a patent ineligible concept. While computer-based targeted advertising is a "fundamental practice, long prevalent in our system," the '402 Patent examiner specifically identified "clustering" in its § 101 analysis to find patentability. This "technological solution," which applies "machine learning" to the problem of targeted advertising suffices to demonstrate the '402 Patent's patentability.

    2.    *Alice Step 2*

Because the Court finds that the '402 Patent's asserted claims are not directed at a patent ineligible concept, it is not necessary to reach Step 2.

### C.     '823 Patent

#### 1.     *Alice Step 1*

Defendants argue, and Plaintiff does not dispute, that Claim 1 is representative of the '823 Patent. Dkt. No. 33 at 11; Dkt. No. 52 at 12. Defendants argue that Claim 1 of the '823 Patent is merely directed at the abstract idea of "storing and using cookies associated with website resources," to identify specific users for targeted advertising. Dkt. No. 33 at 22. Defendants contrast the '823 Patent claim 1 to Federal Circuit caselaw, where "specific improvements in the way computers operate" rendered patent claims eligible, with caselaw where the (ineligible) claims merely recited "gathering, storing and transmitting information." *Id.* at 26.

Plaintiff argues that Defendants' brief mistakenly oversimplifies the '823 Patent to an "abstract idea regarding collection and storage of information." Dkt. No. 52 at 12. Plaintiff adds that Defendant has produced no evidence "that the claimed invention was conventional," and instead rests on a mistaken simplification. *Id.* at 14. Plaintiff argues that the '823 Patent bakes "a new type of cookie" with a "traditional cookie" to add a new "layer of authentication" and identify users. Plaintiff argues that this recipe was "found patent-eligible at step 1 in *Finjan,*" because there, the Claim "employs a new kind of file that enables a computer security system to do things it could not do before." *Id.* at 13. Plaintiff notes that like the patent-eligible claims in *Finjan*, the '823 Patent is not results-based, but rather describes the method step by step. *Id.*

The Court finds that Plaintiff's complaint had pleaded sufficient facts to demonstrate that the '823 Patent is not directed at a patent ineligible concept. While the '823 Patent might not improve how computers operate, it specifically creates a new type of cookie that better identifies individual users for "website customization" and "fraud prevention." These improvements

ultimately allow a computer to perform tasks – more accurately serving advertisements – more effectively than before. Because of these improvements, the '823 Patent rises above ineligibility.

### 2. Alice Step 2

Because the Court finds that the '823 Patent's asserted claims are not directed at a patent ineligible concept, it is not necessary to reach Step 2.

## IV.    CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that the Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

7