**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC., et al., <br><br> Defendants. | Case No.  2:24-cv-00688-JRG-RSP <br> (Lead Case) |
| RAVENWHITE LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., et al., <br><br> Defendants. | Case No.  2:24-cv-00689-JRG-RSP <br> (Member Case) |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
TO AMEND INFRINGEMENT CONTENTIONS**

i

**TABLE OF CONTENTS**

I.    Introduction ........................................................................................................ 1

II.   Background ........................................................................................................ 2

III.  Legal Standard .................................................................................................. 2

IV.   Argument ........................................................................................................... 3

    A. RavenWhite has been diligent in reviewing Walmart's source code and document productions. ........................................................................................................ 4

    B. RavenWhite's amendment is important to this case and conserves judicial resources. ..... 4

    C. Defendants will not suffer undue prejudice. .................................................... 5

    D. Continuance is not necessary. ......................................................................... 5

V.    Conclusion ........................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-CV-140-WCB, 2018 WL 5834148 (E.D. Tex. Nov. 7, 2018) ................................... 8

*Estech Systems, Inc. v. Target Corp.*,
  No. 2:20-cv-00123-JRG-RSP, 2020 WL 4883920 (E.D. Tex. Aug. 20, 2020 .......................... 6

*Glob. Sessions LP v.Travelocity.com LP*,
  No. 6:10-cv-671-LED-JDL, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ............................. 6

*Harris Corp. v. Huawei Device USA, Inc.*,
  No. 2:18-cv-00439-JRG, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) .................................. 6

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
  No. 2:13-cv-00017-RWS-RSP, 2018 WL 574867 (E.D. Tex. Jan. 26, 2018) ........................... 6

*Thomas Swan & Co. v. Finisar Corp.*,
  No. 2:13-CV-178-JRG, 2014 WL 12599219 (E.D. Tex. Aug. 11, 2014) .................................. 7

*TiVo, Inc. v. Verizon Commc'ns, Inc.*,
  No. 2:09-cv-00257-JRG, 2012 WL 2036313 (E.D. Tex. June 6, 2012) .................................... 8

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
  No. 2:18-cv-00366-JRG-RSP, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ......................... 8

## I.    INTRODUCTION

Pursuant to Patent Rule 3-6(b), Plaintiff RavenWhite Licensing, LLC ("RavenWhite" or "Plaintiff") hereby moves unopposed for leave to amend and serve its Third Amended Infringement Contentions for the 11,562,402 ("the '402 Patent") that adds further source code details to its infringement contentions, attached as Exhibit A.[1] Good cause exists for this amendment.

RavenWhite accuses Walmart's Connect platform of infringing the '402 Patent. Walmart's Connect platform allows advertisers to serve ads to Walmart customers. Walmart's Connect platform involves complex interactions between software modules that analyze Walmart customers' shopping habits and histories in order to serve ads to customers that are likely to turn into conversions. Discovery has been ongoing. RavenWhite has been diligently analyzing code produced by Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart" or Defendants) with respect to the accused features of the Accused Products. Amending the infringement contentions to include the further source code details would not prejudice Defendants as Defendants continue to produce documents and code and does not oppose this amendment.

Good cause exists for the source code amendments. RavenWhite could not have made the specific citations to source code that it now seeks to add any earlier because RavenWhite has not had a full picture of the relevant code, despite seeking documents and code since at least June 11, 2025 (before the stay) and in reiterated requests in December after the case resumed. Therefore, any delay is of Walmart's own making, as it could have produced this code earlier in discovery. The source code amendments are important to RavenWhite proving infringement of the accused

---

[1] Unless otherwise noted, all Exhibits are attached to the Declaration of Robert F. Kramer ("Kramer Dec.") submitted concurrently herewith.

products, and no continuance would be necessary. For these reasons, the Court should grant RavenWhite's motion for leave to amend its infringement contentions.

## II.    BACKGROUND

On August 21, 2024, RavenWhite filed its Complaint against Defendants asserting two patents. In the present motion, RavenWhite seeks to amend its contentions only as to the '402 Patent, titled "Advertising Model." On November 25, 2024, RavenWhite served its infringement contentions pursuant to Patent Rules 3-1 and 3-2. On February 26, 2025, RavenWhite served supplemental infringement contentions within 30 days of Walmart making its code available. On May 7, 2025, RavenWhite provided Walmart with  its second supplemental infringement contentions.

Walmart has continued to produce technical documents required to understand its source code and source code itself, including productions of technical documents on January 15, 2026 and source code on February 26, 2026 and March 12, 2026. On March 20, 2026, RavenWhite provided Walmart with a redline of RavenWhite's third amended infringement contentions including documents from Walmart's January 15, 2026 production of descriptions of source code based on further code review, including of the code produced in February and March 2026. RavenWhite also informed Walmart of its intent to ask the Court for leave to amend its infringement contention as to the '402 patent to include such additional documents and code and asked whether Walmart would oppose such a motion.  On March 25, 2026, Walmart stated via email that it would not oppose RavenWhite's motion for leave to serve the amended contentions.

## III.    LEGAL STANDARD

Local Patent Rule 3-6(b) states: "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be

2

made only by order of the Court, which shall be entered only upon a showing of good cause." E.D. Tex. Pat. L.R. 3-6(b). Courts consider four factors when determining whether the movant has shown good cause to amend its infringement contentions: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the court is excluding, (3) the potential prejudice if the court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Estech Systems, Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 WL 4883920 (E.D. Tex. Aug. 20, 2020). "'Good cause' is established when the balance of the four factors weigh in favor of allowing the amendment." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-00017-RWS-RSP, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

"The infringement contentions due under this Court's local rules are intended to provide reasonable notice of asserted theories of infringement. They do not require the parties to litigate the case in the contentions. It is expected that during the course of discovery, infringement contentions may be clarified or refined." *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-cv-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019) (citing *Glob. Sessions LP v.Travelocity.com LP*, No. 6:10-cv-671-LED-JDL, 2012 WL 1903903, at *1 (E.D. Tex. May 25, 2012)). "Diligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum[.]" *Keranos*, 2018 WL 574867, at *2.

## IV.    ARGUMENT

All the relevant factors demonstrate good cause and favor granting Plaintiff leave to serve amended infringement contentions.

3

**A. RavenWhite has been diligent in reviewing Walmart's source code and document productions.**

RavenWhite has continually reviewed the source code from Walmart nearly every week that it has been made available. RavenWhite has also continually requested further code it contends is missing. Walmart has continued to produce technical documents required to understand code and source code itself, including productions of technical documents on January 15 and source code on February 26 and March 12. Although Walmart has produced technical documents which are necessary to understand certain code modules, Walmart also contends that these documents do not accurately reflect the code and cannot be relied on without extensive work in tracing code modules. But Walmart has not produced its entire codebase, requiring RavenWhite to continually ask for more code in order to have a complete understanding of Walmart's code. Even now, Walmart claims it is unable to locate much of the code its documents identify, and is still looking for code to produce. Therefore, this factor weighs heavily in support of granting RavenWhite's motion for leave to amend its infringement contentions with regard to the '402 patent.

**B. RavenWhite's amendment is important to this case and conserves judicial resources.**

RavenWhite's addition of certain functions and variables in the source code is important to a fair and equitable resolution of this litigation because it provides important evidence regarding what source code in the accused products provides the infringing functionality and how the software in the accused products implements the accused functionality. The source code thus provides a crucial means by which RavenWhite can prove infringement and is "undoubtedly important." *Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178-JRG, 2014 WL 12599219, at *2 (E.D. Tex. Aug. 11, 2014) (finding that an amendment relating to "an alternate means to prove infringement" is "undoubtedly important"). The amendment is also important because it provides notice to Walmart as to RavenWhite's theories and focuses both deponents and experts as fact

4

discovery closes. Therefore, this factor weighs heavily in support of granting RavenWhite's motion for leave to amend its infringement contentions with regard to the '402 patent.

### C. Defendants will not suffer undue prejudice.

Defendants will not suffer any unfair prejudice because Defendants do not oppose the instant motion. The amended infringement contentions have no bearing on claim construction or invalidity issues because no additional asserted claims of the '402 patent are implicated and the identification of different portions of source code is not dependent on the construction of any claims. Supplementation at this time, before any depositions, and as code continues to be produced, gives Defendants ample opportunity to prepare its expert report. *See, e.g. CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB, 2018 WL 5834148, at *2 (E.D. Tex. Nov. 7, 2018). Accordingly, this factor weighs in favor of granting the instant motion. Therefore, this factor also weighs heavily in support of granting RavenWhite's motion for leave to amend its infringement contentions with regard to the '402 patent.

### D. Continuance is not necessary.

No scheduled deadlines or hearing would need to be continued if the amendment is allowed. Given the procedural timeline, the Court does not need to order a continuance to cure any perceived prejudice because trial is not until September 14, 2026; expert discovery closes June 5, 2026; and fact discovery closes on April 22, 2026. Dkt. 105. Courts in this District considering requests to amend infringement contentions have granted leave at even later stages. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366-JRG-RSP, 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019); *see also TiVo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-cv-00257-JRG, 2012 WL 2036313, at *3 (E.D. Tex. June 6, 2012) ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice."). Therefore, this factor weighs in support of granting

RavenWhite's motion for leave to amend its infringement contentions with regard to the '402 patent.

## V.    CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to Plaintiff to serve amended infringement contentions on Defendants.

Dated: March 30, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (415) 419-1895

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645
rdooley@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

6

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I hereby certify that Plaintiff met and conferred with counsel for Defendants prior to filing this motion. Defendants indicated that they do not oppose this motion.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 30, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer