# EXHIBIT E

| *Office Action Summary* | Application No. 15/706,556 | Applicant(s) Jakobsson et al. | |
|---|---|---|---|
| | Examiner CLAYTON R WILLIAMS | Art Unit 2457 | AIA Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☑ Responsive to communication(s) filed on <u>11/27/17</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL.**      2b)☑ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) <u>2-15</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>2-15</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10)☐ The specification is objected to by the Examiner.
11)☑ The drawing(s) filed on <u>15 September 2017</u> is/are: a)☑ accepted or  b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All      b)☐ Some**      c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date <u>11/27/17</u>.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)          Office Action Summary          Part of Paper No./Mail Date 20180305

RW00001839

Application/Control Number:15/706,556                                                    Page2
Art Unit:2457

## DETAILED ACTION

1.      Claims 2-15 are pending per amendment.


### Notice of Pre-AIA or AIA Status

2.      The present application is being examined under the pre-AIA first to invent provisions.


### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., In re Berg, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); In re Goodman, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); In re Longi, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); In re Van Ornum, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); In re Thorington, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on nonstatutory double patenting provided the reference application or patent either is shown to be commonly owned with the examined application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file provisions of the AIA as explained in MPEP § 2159. See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for applications not subject to examination under the

RW00001840

Application/Control Number:15/706,556                                                    Page3
Art Unit:2457

first inventor to file provisions of the AIA. A terminal disclaimer must be signed in compliance

with 37 CFR 1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be used.

Please visit www.uspto.gov/patent/patents-forms. The filing date of the application in which the

form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26)

should be used. A web-based eTerminal Disclaimer may be filled out completely online using

web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and

approved immediately upon submission. For more information about eTerminal Disclaimers,

refer to www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

Claims 2, 5, 8 and 12 are provisionally rejected on the ground of nonstatutory double

patenting as being unpatentable over claims 1, 14 and 20 of copending Application No.

14/560,906 (hereinafter '906), in view of NPL: Local Shared Objects – "Flash Cookies"

(hereinafter Flash).

Regarding instant claim 2, '906 fails to teach:

"cause a first cookie of a first type and a second cookie of a second type to be stored at

the client device, wherein the first and second cookies are of different types, wherein the first

cookie of the first type is based at least in part on the determined set of network resource

requests, and wherein the first and second cookies are caused to be stored in different client

device storage areas of the client device".

However, in a related field, Flash discloses:

"cause a first cookie of a first type and a second cookie of a second type to be stored at

the client device, wherein the first and second cookies are of different types, wherein the first

cookie of the first type is based at least in part on the determined set of network resource

requests, and wherein the first and second cookies are caused to be stored in different client

device storage areas of the client device" (page 1, para. 2 and 3: "One of those methods is to

RW00001841

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Application No.: | 15/706,556 | Examiner: | Clayton R. Williams |
|---|---|---|---|
| Filed: | September 15, 2017 | Art Unit: | 2457 |
| Confirmation No.: | 4758 | Docket No.: | RAVEP002C3 |
| First Inventor: | Bjorn Markus Jakobsson | | |
| Title: | METHOD AND APPARATUS FOR STORING INFORMATION IN A BROWSER STORAGE AREA OF A CLIENT DEVICE | | |

## AMENDMENT B

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is in response to the Office Action mailed April 09, 2018. The following amendment and remarks are respectfully submitted.

Applicant(s) believe that no (additional) fees are required beyond any fees submitted herewith. If required fees are missing or any additional fees are required during the pendency of the subject application, please charge such fees or credit any overpayment to Deposit Account No. 50-0685 (RAVEP002C3).

RW00001890

# REMARKS

Claims 2, 5, 8, 12, and 15 have been amended to clarify the subject matter regarded as the invention.  Claims 2-15 are pending.

## *Double Patenting*

Claims 2, 5, 8, and 12 have been provisionally rejected on the ground of non-statutory obviousness-type double patenting as being unpatentable over claims of a co-pending application.  Upon the indication of allowable subject matter, and provided the double patenting rejection is still maintained and pertinent with respect to the otherwise allowable claims, Applicant will submit a terminal disclaimer to obviate that double patenting rejection. Accordingly, Applicant requests that the provisional double patenting rejection be held in abeyance pending the indication of allowable subject matter.

## *Claim Rejections – 35 U.S.C. §101*

Claims 2-15 stand rejected under 35 U.S.C. §101.  It is believed that the amendments submitted herewith have rendered the rejections of those claims under 35 U.S.C. §101 moot.

## *Claim Rejections – 35 U.S.C. §112*

The rejection of Claims 4, 7, 10, 11, 14, and 15 under 35 U.S.C. §112(a) or 35 U.S.C. §112 (pre-AIA), first paragraph, is respectfully traversed.

Applicants respectfully submit that support for Claims 4 and 7 may be found, without limitation, in Paragraphs [0090] and [0098] of the Specification.

Applicants respectfully submit that support for Claims 10 and 14 may be found, without limitation, in Paragraphs [0049] and [0098] of the Specification.

Applicants respectfully submit that support for Claims 11 and 15 may be found, without limitation, in Paragraphs [0049], [0060-0061], and [0098] of the Specification.

Application Serial No.  15/706,556
Attorney Docket No.  RAVEP002C3                                    7

RW00001896