IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § | CASE NO. 2:24-CV-00688-JRG-RSP |
| Plaintiff, | § § | *(Lead Case)* |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00689-RWS-RSP |
| Plaintiff, | § § | *(Member Case)* |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | § § § | |
| Defendants. | § § | |

**WALMART'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES UNDER U.S. PATENT NO. 11,562,402**



Defendants Walmart Inc. and Wal-Mart Texas Stores, LLC (collectively, "Walmart") move for partial summary judgment of no pre-suit damages for U.S. Patent No. 11,562,402 (the "'402 Patent") under 35 U.S.C. § 287 for failure to mark and would show the Court the following.

## I.     UNDISPUTED MATERIAL FACTS

1. On July 5, 2022, RightQuestion LLC, predecessor-in-interest to the '402 Patent, ███████

███████████████████████████████████████████████████████████). Ex. A (Patent Assignment Abstract of Title, RW00005885); Ex. B, ██████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████; Ex. C, Jakobsson Tr. 250:2-251:21; *id.* at 251:18-21 ("Q. So the application that matured into the '402 ████████████████, as well; is that correct? A. Right.").

2. RavenWhite Licensing does not allege that it notified Walmart of its alleged infringement of the '402 Patent prior to September 15, 2023, when RavenWhite Licensing first filed suit against Walmart in Case No. 2:23-cv-00418-JRG-RSP.

3. There is no record evidence that RavenWhite Licensing (or any predecessor-in-interest) notified Walmart of its alleged infringement of the '402 Patent prior to September 15, 2023.

4. On May 6, 2026, Walmart filed Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC's Answer to Plaintiff's First Amended Complaint and Defenses, raising failure to mark as an affirmative defense. Dkt. 154 at 31 (Fifth Defense).

5. On June 9, 2026, Walmart sent a letter to Plaintiff RavenWhite Licensing in which "Walmart identifie[d] the following product(s) of ████████████ that may be an unmarked patented article for U.S. Patent No. 11,562,402 ('the '402 Patent'), subject to the notice requirements of 35 U.S.C. § 287: ████████████████████████████████████████

1

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████ Ex. D (June 9, 2026 Letter).

6. In its June 9, 2026 letter, Walmart requested that RavenWhite Licensing "provide relevant information to substantiate any" contention that the identified "product is marked or does not practice claims of the '402 Patent." *Id.*

7. To date, RavenWhite Licensing has not responded to Walmart's June 9, 2026 letter or acknowledged receipt thereof.

8. RavenWhite Licensing did not include any analysis of ████████████ in the rebuttal report of its technical expert, Dr. Bernard Jansen, served on June 18, 2026.

## II.    LEGAL STANDARD

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them…may give notice to the public that the same is patented…**In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.** Filing of an action for infringement shall constitute such notice."  35 U.S.C. § 287(a) (emphasis added).

"[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial

2

████████████████████████████████████████████████████

burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Once a party satisfies this burden of identifying unmarked products that it believes practice a patent, then the burden shifts to the other party to show that the identified products do not practice at least one claim of the patent. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1313 (Fed. Cir. 2020) ("Packet Intelligence then bore the burden of proving that [the identified product] did not practice at least one claim of the [asserted] patent.").

## III.    ANALYSIS

Walmart is entitled to summary judgment that pre-suit damages for infringement of the '402 Patent are unavailable because ████████████████████████ is making an unmarked patented product, ██████████. Pursuant to *Arctic Cat Inc.*, 876 F.3d 1350, Walmart provided notice to RavenWhite Licensing challenging compliance with § 287 on June 9, 2026. This notice shifted the burden to RavenWhite Licensing to show that the identified patented product does not practice at least one claim of the '402 Patent. *Packet Intelligence LLC*, 965 F.3d at 1313. To date, RavenWhite Licensing has not shown (nor made any effort to show) that ████████ does not practice at least one claim of the '402 Patent.

Under these facts, no reasonable juror could conclude that the identified ████████ does not practice at least one claim of the '402 Patent. And, under applicable law, Walmart is entitled to summary judgment that pre-suit damages under the '402 Patent are unavailable.

## IV.    CONCLUSION

The Court should grant summary judgment in favor of Walmart, finding that RavenWhite Licensing is not entitled to recover damages for Walmart's alleged infringement of the '402 Patent prior to September 15, 2023, the date RavenWhite Licensing first filed suit against Walmart.

██████████████████████████████████████████

Dated:  June 30, 2026

Respectfully submitted,

/s/  *Amir H. Alavi*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

4

███████████████████████████████

Facsimile:  (713) 221-2021

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*



### CERTIFICATE OF SERVICE

I hereby certify that, on June 30, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi