████████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff,*<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants.* | § § § § § § § § § § § § | CASE NO. 2:24-CV-00688-JRG-RSP<br>(*Lead Case*)<br><br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff,*<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants.* | § § § § § § § § § § § § | CASE NO. 2:24-cv-00689-JRG-RSP<br>(*Member Case*)<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 11,562,402 AND 10,594,823**

████████████████████████████

## TABLE OF CONTENTS

I.      BACKGROUND ...........................................................................................................1

        A.      Walmart's Offsite Advertisements ('402 Patent) ...................................................1

        B.      Walmart's eCommerce Platform and ████████ ('823 Patent) ......................................2

        C.      Induced Infringement ('402 and '823 Patents)......................................................2

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS .....................................................3

III.    ISSUES TO BE DECIDED BY THE COURT....................................................................4

IV.     LEGAL STANDARD ...................................................................................................4

V.      ANALYSIS..................................................................................................................4

        A.      The Court Should Grant Summary Judgment that Walmart's ██████████ Does
                Not Infringe the '402 Patent.....................................................................................4

                1.      Walmart's ██████████████████ are Separate ...............................................4

                2.      Mr. Weinstein Included Damages for Both ████████████████████.................5

                3.      There Is No Evidence That Walmart ████████ Infringe the '402 Patent ..................6

                4.      Walmart Does Not "Display" ████████ as Required by the Claims .........................7

        B.      The Court Should Grant Summary Judgment that Walmart's Mobile App Does Not
                Infringe the '823 Patent..........................................................................................9

        C.      The Court Should Grant Summary Judgment of No Induced Infringement ...................9

                1.      No Pre-Suit Inducement .................................................................................9

                2.      No Post-Suit Inducement ...............................................................................9

VI.     CONCLUSION.............................................................................................................10

i

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)...................................................................................................3

*Centillion Data Sys. v. Qwest Communs. Int'l,*
  631 F.3d 1279 (Fed. Cir. 2011) .................................................................................7

*Enplas Display Device Corp. v. Seoul Semiconductor Co.,*
  909 F.3d 398 (Fed. Cir. 2018) ..................................................................................8

*Niazi Licensing Corp. v. St. Jude Med.,*
  30 F.4th 1339 (Fed. Cir. 2022) .................................................................................2

**Rules**

FED. R. CIV. P. 56(a)......................................................................................................3

██████████████████████████████████████

Defendant Walmart moves for partial summary judgment of non-infringement on three grounds: (1) Walmart's ████████████ does not infringe U.S. Patent No. 11,562,402 (the "'402 Patent"); (2) Walmart's mobile application does not infringe U.S. Patent No. 10,594,823 (the "'823 Patent"); and (3) Walmart does not induce its customers to infringe either patent.[1]

## I.    BACKGROUND

### A.    Walmart's Offsite Advertisements ('402 Patent)

Walmart's online advertising platform (Walmart Connect) includes both ████████████ ████████ to its customers. █████████████████ appear on Walmart.com. ████████ ████████ (also referred to as ████████████) appear on third party websites (e.g., foodnetwork.com). *See* Ex. 1 (WMT-RW0022460) at -477. █████████████████ are fundamentally different within Walmart Connect. For ████████, Walmart ████████████████ ████████████████████████. But for ████████, Walmart ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ Walmart itself does not ████████████████ to any customers.

Despite the fundamental and material differences between █████████████████, RavenWhite Licensing LLC's ("RavenWhite") infringement expert (Dr. Smith) does not provide any infringement analysis regarding ████████ for the '402 Patent. In fact, Dr. Smith ***never even mentions*** ████████. This is problematic because, even though Dr. Smith did not offer an infringement opinion on ████████, RavenWhite's damages expert (Mr. Weinstein) relies on and incorrectly includes ████████ revenue in his damages calculation.

---

[1] Because RavenWhite's damages expert (Mr. Weinstein) ████████████████████ ████████████████ (for the '402 patent) and ████████████████████████ (for the '823 Patent) ████████████████ Walmart is contemporaneously moving to strike or exclude these non-infringing revenues from Mr. Weinstein's damage opinion.

██████████████████████████████████████████████

Walmart is entitled to summary judgment that Walmart's ████████ do not infringe the '402 Patent. One, RavenWhite has not and cannot present any evidence that ████████ infringe. Two, no reasonable jury could find that Walmart "display[s] the advertisement," as required by every '402 claim, because Walmart does not control which ██████████████████████.

B.     **Walmart's eCommerce Platform and** ████████████ **('823 Patent)**

Walmart provides a retail web platform that can be accessed by client devices through two separate mechanisms: (1) a web browser; or (2) Walmart's mobile application. *See* Ex. 2 (WMT-RWC0004677) (illustrating "Browser/Apps" as providing customer access to Walmart's server platform). As users shop on the Walmart platform using either the web browser or the mobile app, they can add products to their shopping cart for purchase. Importantly, RavenWhite's complaint identifies both "the Walmart website, and Walmart's Mobile Applications" as part of the accused instrumentalities. *See* Ex. 3 (Dkt. 26-3) at 1.

Dr. Smith's infringement theory regarding the '823 Patent focuses on Walmart's ████████ capability, which may merge the shopping cart contents of an anonymous user of Walmart's platform with the shopping cart of a Walmart.com customer after they login. *See* Ex. 4 (Smith Rep.)  at ¶¶ 63-64 and 73. However, Dr. Smith admitted during his deposition that he limited his '823 infringement analysis to (1) accessing the Walmart platform via a web browser; he did not analyze (2) Walmart's mobile app for infringement. Therefore, Walmart is entitled to summary judgment that (2) Walmart's mobile application does not infringe the '823 Patent.

C.     **Induced Infringement ('402 and '823 Patents)**

The Court also should grant summary judgment that Walmart is not liable for induced infringement of the Asserted Patents. Proving induced infringement requires a showing of underlying direct infringement, and Dr. Smith admitted during his deposition that he did not evaluate whether Walmart's customers directly infringe. *See Niazi Licensing Corp. v. St. Jude*

2

███████████████████████████████████████

*Med.*, 30 F.4th 1339, 1351 (Fed. Cir. 2022). No reasonable jury could find that Walmart induces its customers to directly infringe based on this testimony.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Mr. Weinstein attributed damages to ████████████ Ex. 9 (Weinstein Dep.) at 66:20-67:10; Ex. 8 (Weinstein Dep.) at 67:7-10.

2. Walmart ████████████████████████████████. Ex. 13 (WMT-RW0005783) at -83.

3. ████████████████████████████████████████████████████. Ex. 14 (WMT-RW0005876) at -939; Ex. 15 (WMT-RW0636981).

4. Dr. Smith did not address Walmart's ████████ in his '402 infringement analysis.

5. Dr. Smith testified that he did not identify ████████ as an infringing product in his '402 infringement analysis. Ex. 12 (Smith Dep.) at 25:19-27:5.

6. RavenWhite's complaint alleged that Walmart's mobile application infringes the '823 Patent. Ex. 3 (Dkt. 26-3) at 1.

7. Dr. Smith testified that he did not analyze whether Walmart's mobile application infringes the '823 Patent. Ex. 12 (Smith Dep.) at 83:5-14.

8. RavenWhite did not provide any evidence that Walmart had pre-suit knowledge of the Asserted Patents.

9. RavenWhite does not allege that Walmart had pre-suit knowledge of the Asserted Patents.

10. Dr. Smith testified that he did not analyze whether Walmart's customers directly infringe the Asserted Patents. Ex. 12 (Smith Dep.) at 76:11-16, 85:2-7.

████████████████████████████

### III.    ISSUES TO BE DECIDED BY THE COURT

(1) Whether a reasonable jury could find that Walmart's ██████ infringe the '402 Patent; (2) whether a reasonable jury could find that Walmart's mobile application infringes the '823 Patent; and (3) whether a reasonable jury could find Walmart liable for induced infringement.

### IV.    LEGAL STANDARD

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a no evidence summary judgment, once the movant demonstrates the absence of evidence, the nonmovant must present affirmative evidence of a genuine factual dispute. *Id.* at 257.

### V.    ANALYSIS

**A.    The Court Should Grant Summary Judgment that Walmart's ██████ ██████ Does Not Infringe the '402 Patent**

**1.    Walmart's ████████████████ are Separate**

Walmart treats ████████████████ differently. *See* Ex. 5 (Almeroth Rep.) at ¶¶88-91. In its marketing literature to potential advertisers, Walmart consistently distinguishes between ████████████████████████



Ex. 6 (WMT-RW0028885) at -889.



*Id*. at -914. Walmart implements its ▮▮▮▮▮▮▮ through ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 (Bhardwaj Dep.) at 94:7-12. And, as RavenWhite's damages expert (Mr. Weinstein) concedes, Walmart ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Ex. 8 (Weinstein Rep.) at ¶111.

**2. Mr. Weinstein Included Damages for Both ▮▮▮▮▮▮▮▮▮▮**

In his damages analysis for the '402 Patent, RavenWhite's damages expert (Mr. Weinstein) included damages for both ▮▮▮▮▮▮▮▮. Ex. 9 (Weinstein Dep.) at 66:20-67:10. In his



report, Mr. Weinstein opined that ███████████████████████████████████████

██████████████████████████████████████████████████ Ex. 8 (Weinstein

Rep.) at ¶111 (emphasis added). Mr. Weinstein then included ███████████ revenue as a line

item in his final damages calculation. Ex. 10 (Weinstein Rep.) at Ex. 8. Mr. Weinstein confirmed at

his deposition that he included revenue attributable to ███████████ in his damages

calculation. Ex. 8 (Weinstein Dep.) at 67:7-10 ███████████████████████████

███████████████████████████████

### 3.   There Is No Evidence That Walmart ███████ Infringe the '402 Patent

Despite Mr. Weinstein's reliance on revenue attributable to ██████████, there is no

evidence in Dr. Smith's infringement report that Walmart's ███████████ platform infringes

any limitation of any asserted claim of the '402 Patent. Dr. Smith provides a vague definition of

the accused system: ████████████████████████████████████████████

███████████████████████ Ex. 4 (Smith Rep.) at ¶74. He further defines ██████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████ Ex. 4 (Smith

Rep.) at ¶4. This broad definition leaves open the possibility that Dr. Smith contends both ████

███████████████ infringe.

Despite his broad definition of "Accused System," Dr. Smith limits his infringement

analysis to ███████████. Dr. Smith does not provide any infringement analysis of ██████

In fact, Dr. Smith does not mention ███████████████ in his '402 infringement analysis.

The only place Dr. Smith even references ███████ in his expert report is in his analysis of the

*other* patent in this case (the '823 Patent). Ex. 11 (Smith Ex. H) at ¶230. And that analysis relates

to tracking ████████████████████████████████. *See id*.

█████████████████████████████████

During his deposition, Dr. Smith confirmed that he did not address ████████ in his infringement report. Ex. 12 (Smith Dep.) at 25:19-27:5. Dr. Smith testified that he identified his accused products in Exhibit F of his report and conceded that Exhibit F does not mention ████ ████ *Id.* Because Dr. Smith has not offered any infringement opinions related to ███████████, no reasonable jury could find that Walmart's ███████████ platform infringes the '402 Patent.

RavenWhite may argue Walmart's ███████████ are functionally equivalent, so a reasonable jury could rely on Dr. Smith's █████ infringement analysis to support a finding of ██████ infringement. If RavenWhite makes that argument, it is not disclosed in Dr. Smith's report. To be clear, Dr. Smith does not offer *any* opinion or analysis that ████████████████ are functionally equivalent for the purposes of proving infringement of the '402 Patent.

**4.     Walmart Does Not ██████████████ as Required by the Claims**

Independent claim 10 of the '402 Patent is a system claim requiring "a processor configured to." Claim 10 requires the processor to be configured to "display an advertisement to the user …." Independent claim 19 is a computer program product claim requiring "a computer program product embodied in a non-transitory computer readable storage medium and comprising computer instructions for …" The final limitation of claim 19 requires "displaying an advertisement to the user …" Thus, every asserted claim requires the accused Walmart system to "display an advertisement to a user."

Yet Walmart does not ███████████. All of Walmart's ███████████



███████████████████████████. Ex. 13 (WMT-RW0005783) at -83. The process works as follows: Walmart sends ███████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████. Ex. 14 (WMT-RW0005876) at -939; Ex. 5

7



(Almeroth Rep.) at ¶¶413-419. Importantly, ███████████████████████████

████████████. Ex. 15 (WMT-RW0636981). Thus, ████████████—not Walmart—displays

████████. Ex. 16 (WMT-RW0011144) at -144 ("█████████████████████████████

████████████████████████████████████████"); Ex. 7 (Bhardwaj Dep.) at 94:7-12 ████████

████████████████████████.

Walmart's non-infringement expert (Dr. Almeroth) confirmed that Walmart does not

display ████████. Ex. 5 (Almeroth Rep.) at ¶¶413-419. Conversely, RavenWhite's expert (Dr.

Smith) does not even mention ████████ when addressing this limitation. *See* Ex. 11 (Smith Ex. H)

at 43-46 (Limitation 10I).

Because there is no evidence that Walmart displays ████████, and there is undisputed

evidence that ████████████████████████████████, no reasonable jury could find that

Walmart's ████████████████ infringes the '402 Patent.

RavenWhite may argue Walmart infringes under *Centillion* and its progeny because

Walmart puts its ████████████ system into service, controls the system as a whole, and obtains

the benefit of it. *See Centillion Data Sys. v. Qwest Communs. Int'l*, 631 F.3d 1279, 1284 (Fed. Cir.

2011). This is wrong for multiple reasons. One, there is no evidence Walmart "controls" ████████

████ system as a whole. The only evidence in the record shows that ████████████████████████

████████████████████████████████████████████████████████. Ex. 14 (WMT-

RW0005876) at -939; Ex. 5 (Almeroth Rep.) at ¶¶413-419. Walmart provides some input that ████

████████████████████████████████████████████████████████████████ *See id.*

Two, that infringement theory is not disclosed in RavenWhite's complaint, infringement

contentions, or Dr. Smith's infringement report. And RavenWhite has not alleged joint

infringement.

███████████████████████████████████████████

**B.      The Court Should Grant Summary Judgment that Walmart's Mobile App Does Not Infringe the '823 Patent**

In his infringement report, Dr. Smith explained that his opinions regarding the '823 Patent are limited to Walmart's ████████ functionality. *See* Ex. 4 (Smith Rep.) at ¶73 (identifying the ████████ function" for '823 Patent infringement). And he further confirmed during his deposition that the ████████ functionality he analyzed for infringement was limited to the Walmart website accessed via browser and did not include the Walmart mobile app. Dr. Smith admitted, ████████████████████████████████████████████████ ████████████████████████████████ *See* Ex. 12 (Smith Dep.) at 83:5-14. Additionally, Exhibits H, I, and J to Dr. Smith's infringement report detail his infringement analysis regarding the '823 Patent. *See* Ex. 4 (Smith Rep.) at ¶10. Those exhibits fail to address Walmart's mobile application—they do not even mention "mobile" or "app."

By his own admission, therefore, Dr. Smith has provided no evidence on Walmart's mobile app for his '823 Patent infringement analysis. Accordingly, Walmart is entitled to summary judgment that Walmart's mobile app does not infringe the '823 Patent.

**C.      The Court Should Grant Summary Judgment of No Induced Infringement**

**1.      No Pre-Suit Inducement**

RavenWhite alleges that Walmart had knowledge of the Asserted Patents as of the filing of the complaint. *See* Ex. 4 (Smith Rep.) at ¶90. RavenWhite does not allege that Walmart had pre-suit knowledge of the patents. Therefore, Walmart cannot be liable for pre-suit inducement.

**2.      No Post-Suit Inducement**

No reasonable juror could find Walmart liable for induced infringement because RavenWhite has not presented evidence that any entity other than Walmart directly infringes the Asserted Patents. At best, Dr. Smith presented a conditional argument in his report: ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ Ex. 4 (Smith Rep.) at ¶89. But Walmart does not contend that its customers directly infringe the Asserted Patents, and RavenWhite has identified no other direct infringer.

Induced infringement requires a showing of underlying direct infringement. *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018). During his deposition, Dr. Smith admitted that he did not analyze whether Walmart's customers directly infringe. Ex. 12 (Smith Dep.) at 85:2-7 ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ (emphasis added)). Because Dr. Smith has not evaluated whether Walmart's customers directly infringe, there is no evidence that Walmart induces its customers to infringe the Asserted Patents.

## VI.    CONCLUSION

RavenWhite failed to present any evidence that Walmart's ████████████ infringes the '402 Patent. RavenWhite also failed to present any evidence that Walmart's mobile application infringes the '823 Patent. Finally, RavenWhite failed to present any evidence that Walmart induces infringement of the Asserted Patents. Summary judgment should be granted as to all three.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

DATED:  June 30, 2026

Respectfully submitted,

By:   */s/ Blaine A. Larson*
Michael F. Heim
Texas State Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas State Bar No. 24045833
eenger@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
Blaine A. Larson
Texas State Bar No. 24083360
blarson@hpcllp.com
William B. Collier, Jr.
State Bar No. 24097519
wcollier@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420

11

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

***Counsel for Defendants Walmart Inc. and
Wal-Mart Stores Texas, LLC***

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record by electronic mail on June 30, 2026.

/s/ Blaine A. Larson
Blaine A. Larson

*Via E-mail*

Robert F. Kramer
CA Bar No. 181706
rkramer@kramerllp.com
Robert C. Mattson *(pro hac vice)*
VA Bar No. 43568
rmattson@kramerllp.com
KRAMER LLP
1133 Broadway, Suite 1510
New York, New York 10010
Telephone: (415) 419-1895

Nicole E. Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
KRAMER LLP
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 791-9250

Zachariah A. Higgins *(pro hac vice)*
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong *(pro hac vice)*
CA Bar No. 253705
jarmstrong@kramerllp.com
Ryan Dooley *(pro hac vice)*
CA Bar No. 321645
rdooley@kramerllp.com
Robert Xie
CA Bar No. 329126
rxie@kramerllp.com
Rachael Catherine Chan *(pro hac vice)*
CA Bar No. 265002
rchan@kramerllp.com
KRAMER LLP
303 Twin Dolphin Dr., Suite 600
Redwood City, California 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Counsel for Plaintiff RavenWhite Licensing LLC*

13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

