# EXHIBIT C



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

*April 09, 2024*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *15/706,556*
**FILING DATE:** *September 15, 2017*
**PATENT NUMBER:** *10594823*
**ISSUE DATE:** *March 17, 2020*



Certified by

*Kathi*

Performing the Functions and Duties of the
Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office

RW00001748

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/706,556 | 09/15/2017 | Bjorn Markus Jakobsson | RAVEP002C3 | 4758 |

21912        7590        04/09/2018
VAN PELT, YI & JAMES LLP
10050 N. FOOTHILL BLVD #200
CUPERTINO, CALIFORNIA 95014
UNITED STATES OF AMERICA

| EXAMINER |
|---|
| WILLIAMS, CLAYTON R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2457 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/09/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

usptocorrespondence@ip-patent.com

PTOL-90A (Rev. 04/07)

RW00001838

Application/Control Number:15/706,556                                                                      Page8
Art Unit:2457

| the first and second cookies are caused to be stored in different client device storage areas of the client device;<br><br><br><br><br><br><br><br><br><br><br><br>and a memory coupled to the one or more processors and configured to provide the one or more processors with instructions. | includes a first request for the at least one network resource, and wherein initiating the one or more requests causes information associated with a subset of the first set of elements to be stored at the first client; receiving, at a second server, one or more requests from the first client for a second set of elements, wherein the one or more requests includes a second request that is associated with the at least one network resource; and in response to receiving the one or more requests for the second set of elements, identifying, by the second server, the first client, at least in part by determining which elements are stored at the first client, and serving information associated with the at least one network resource to the first client. |
| --- | --- |

### Claim Rejections - 35 USC § 101

3.      35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

4.      Claims 2-15 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. When considering subject matter eligibility under 35 U.S.C. 101, it must be determined whether the claim is directed to one of the four statutory categories of invention, i.e., process, machine, manufacture, or composition of matter.  If the claim does fall within one of the statutory categories, it must then be determined whether the claim is directed to a judicial exception (i.e., law of nature, natural phenomenon, and abstract idea), and if so, it must additionally be determined whether the claim is a patent-eligible application of the exception.  If an abstract idea is present in the claim, any element or combination of elements in

RW00001846

Application/Control Number:15/706,556                                                                                      Page9
Art Unit:2457

the claim must be sufficient to ensure that the claim amounts to significantly more than the abstract idea itself.   Examples of abstract ideas include fundamental economic practices; certain methods of organizing human activities; an idea itself; and mathematical relationships/formulas. *Alice Corporation Pty. Ltd. v. CLS Bank International, et al.*, 573 U.S. (2014).

5.      In this case, claims warrant a rejection in view of Alice under the current guidelines. Applying the 101 flowchart Mayo analysis:

**STEP 1: YES**, the claims are directed to one or more of the four statutory categories of invention.

**STEP-2A: YES**, claim 2 is directed to

"receive, from a client device, a request for content;

determine, during a network session, a set of network resource requests for data that encode information usable to identify the client device; and

cause a first cookie of a first type and a second cookie of a second type to be stored at the client device,…, wherein the first cookie of the first type is based at least in part on the determined set of network resource requests".

The focus of the claimed invention is in collecting, storing and analyzing data/information. This focus is similar to court established abstract ideas such as 1) *FairWarning* "Collecting and analyzing information to detect misuse and notifying a user when misuse is detected" and 2) *Electric Power Group* "Collecting information, analyzing it, and displaying certain results of the collection and analysis".

RW00001847

Application/Control Number:15/706,556                                                                          Page10
Art Unit:2457

**STEP 2B: NO** 1)

The claim does not include additional elements that are sufficient to amount to significantly more than the judicial exception. The claim recites additional limitations of "…wherein the first and second cookies are of different types,  and wherein the first and second cookies are caused to be stored in different client device storage areas of the client device; and a memory coupled to the one or more processors and configured to provide the one or more processors with instructions".

These additional limitations are not significantly more than the abstract idea because they are well-known, routine and conventional functions in the field or industry (client-server browsing interactions which use cookies for tracking client state). Thus, taken alone, the additional elements do not amount to significantly more than the abstract ideas and looking at the limitations as an ordered combination add nothing that is not already present when looking at the elements taken individually. Furthermore, there is no indication that the combination of elements improves the functioning of a computer nor it improves any technology. Thus, the claims are deemed ineligible.

Note: Claim 5 is a method analog of claim 2. Same reasoning applies as in claim 2.

**Dependent Claims Analysis**

Regarding claims 3 and 4, the claimed "wherein the first cookie of the first type is caused to be stored at the client device during a first network session…" and "wherein the first cookie of the first type caused to be stored at the client device during the first network session is caused to be erased" are well-understood, routine and conventional generic functions known to relevant industry (exchange of identifying data (i.e., cookies or other techniques that provide for unique identification of user)), specified at a high level of generality, to the identified judicial exceptions.

Application/Control Number:15/706,556                                                                Page11
Art Unit:2457

Moreover, the features merely generally link the use of the judicial exception to a particular

technological environment or field of use.

Claims 6 and 7 are method analog of claims 3 and 4. Same reasoning for Alice rejection applies

as in claims 3 and 4.

When viewing all elements in all claims in an ordered combination, the claims are

directed to above identified abstract ideas. As argued above for the additional elements of the

independent claims and the dependent claims, these features, singly and in ordered

combination, are not meaningful improvements to another technology or technical field, nor are

they improvements to the functioning of the computer itself. The focus of the claims, in light of

these additionally recited features, remains the abstract ideas identified above.

**STEP-2A: YES**, claim 8 is directed to

"based at least in part on the network resource request from the client device corresponding to

the first cookie of the first type caused to be stored at the client device during the previous

network session, determine information that was encoded and stored in the client device; and

identify the client device based at least in part on the determined information".

The focus of the claimed invention is in collecting, storing and analyzing

data/information. This focus is similar to court established abstract ideas such as 1) *FairWarning*

"Collecting and analyzing information to detect misuse and notifying a user when misuse is

detected" and 2) *Electric Power Group* "Collecting information, analyzing it, and displaying

certain results of the collection and analysis".

RW00001849

**STEP 2B: NO** 1)

The claim does not include additional elements that are sufficient to amount to significantly more than the judicial exception. The claim recites additional limitations of "one or more processors configured to: receive a network resource request from a client device, wherein the network resource request corresponds to a first cookie of a first type that was caused to be stored to the client device during a previous network session, wherein a second cookie of a second type different from the first type was caused to be stored at the client device during the previous network session, and wherein the first and second cookies are stored in different client device storage areas of the client device".

These additional limitations are not significantly more than the abstract idea because they are well-known, routine and conventional functions in the field or industry (client-server browsing interactions which use cookies for tracking client state). Thus, taken alone, the additional elements do not amount to significantly more than the abstract ideas and looking at the limitations as an ordered combination add nothing that is not already present when looking at the elements taken individually. Furthermore, there is no indication that the combination of elements improves the functioning of a computer nor it improves any technology. Thus, the claims are deemed ineligible.

Note: Claim 12 is a method analog of claim 8. Same Alice reasoning applies as in claim 8.

**Dependent Claims Analysis**

Regarding claims 9 and 10, the claimed "wherein the client device is identified by a server in a domain different from a server that caused the two different types of cookies to be stored... and "wherein the first cookie...is stored in a first client device storage area and the second cookie...is stored in a second client device storage area different..." are well-

Application/Control Number:15/706,556                                                    Page13
Art Unit:2457

understood, routine and conventional generic functions known to relevant

industry(exchange/management of identifying data (i.e., cookies or other techniques that

provide for unique identification of user)), specified at a high level of generality, to the identified

judicial exceptions. Moreover, the feature merely generally links the use of the judicial exception

to a particular technological environment or field of use.

Regarding claim 11, the claimed "...further configured perform a security determination

based at least in part on presence of a network resource request...and the absence of a

network resource request...with the second cookie...are well-understood, routine and

conventional generic functions known to relevant industry(exchange/management of identifying

data (i.e., cookies or other techniques that provide for unique identification of user)), specified at

a high level of generality, to the identified judicial exceptions. Moreover, the feature merely

generally links the use of the judicial exception to a particular technological environment or field

of use.

When viewing all elements in all claims in an ordered combination, the claims are

directed to above identified abstract ideas. As argued above for the additional elements of the

independent claims and the dependent claims, these features, singly and in ordered

combination, are not meaningful improvements to another technology or technical field, nor are

they improvements to the functioning of the computer itself. The focus of the claims, in light of

these additionally recited features, remains the abstract ideas identified above.

Claims 13-15 are method analogs of claims 9-11. Same reasoning for Alice rejection

applies as in claims 9-11.

RW00001851

Application/Control Number:15/706,556                                                    Page24
Art Unit:2457

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you

would like assistance from a USPTO Customer Service Representative or access to the

automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/CLAYTON R WILLIAMS/
Primary Examiner, Art Unit 2457

RW00001862