# EXHIBIT F



8476787

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

*April 09, 2024*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *15/706,556*
**FILING DATE:** *September 15, 2017*
**PATENT NUMBER:** *10594823*
**ISSUE DATE:** *March 17, 2020*



Certified by

*Kathi*

Performing the Functions and Duties of the
Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office

RW00001748

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/706,556 | 09/15/2017 | Bjorn Markus Jakobsson | RAVEP002C3 | 4758 |

21912          7590          05/13/2019
VAN PELT, YI & JAMES LLP
10050 N. FOOTHILL BLVD #200
CUPERTINO, CA 95014

| EXAMINER |
|---|
| WILLIAMS, CLAYTON R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2457 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/13/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

usptocorrespondence@ip-patent.com

PTOL-90A (Rev. 04/07)

RW00001963

| *Office Action Summary* | Application No.<br>15/706,556 | Applicant(s)<br>Jakobsson et al. | |
|---|---|---|---|
| | Examiner<br>CLAYTON R WILLIAMS | Art Unit<br>2457 | AIA (FITF) Status<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☑ Responsive to communication(s) filed on 3/21/19.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.**    2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) 2-21 is/are pending in the application.

5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 2-10,12-14,16,18-19 and 21 is/are rejected.

8) ☑ Claim(s) 11,15,17 and 20 is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**

a)☐ All    b)☐ Some**    c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)    Office Action Summary    Part of Paper No./Mail Date 20190426

RW00001964

Application/Control Number: 15/706,556                                               Page 2
Art Unit: 2457

# DETAILED ACTION

1.      Claims 2-21 are pending per amendment.


### *Continued Examination Under 37 CFR 1.114*

A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on 3/21/19 has been entered.


### *Notice of Pre-AIA or AIA Status*

2.      The present application is being examined under the pre-AIA first to invent provisions.


### *Response to Arguments*

### Double Patenting

Applicants contend double patenting rejection should be held in abeyance.

Applicants' argument in moot in light of amendments presented. Therefore, Examiner has updated rejection.


### 101 Rejection

Applicants asserts that 101 rejection is moot in light of amendments.

In light of 2019 PEG, Applicants' arguments are persuasive. Specifically, under Step 2A, prong 1 of revised analysis, the claims do not present an abstract idea that may be categorized in mathematical concepts, mental processes or certain methods of organizing human activity groups.

RW00001965

Application/Control Number: 15/706,556                                                          Page 3
Art Unit: 2457

**103 Rejection**

Applicants contend Pay-Flash do not teach or suggest newly presented features of "and wherein a first identification of at least one of the client device and a user of the client device is performed using one of the first cookie of the first type and the second cookie of the second type, and wherein a second identification is performed using a cookie not sued in the first identification".

Applicants' arguments are not persuasive. By virtue of "at least one of" phrasing recited in amendments, the claim may be rejected by art that teaches "first identification" of "the client device" or "a user of the client device" using "one of" the first cookie… or the second cookie. As mapped in independent rejections of prior and current office actions, Paya explicitly discloses identification of a client device using a "first cookie of the first type". Moreover, Flash is relied upon for its disclosure of flash specific cookies stored in an area separate from traditional cookies (see current and prior office actions mapping of independent claims).

Examiner suggests that Applicants consider amending phrasing to positively require that both first and second cookie types be utilized in order to unique identify a user/client combination.

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d

RW00001966

Application/Control Number: 15/706,556                                                    Page 24
Art Unit: 2457


/CLAYTON R WILLIAMS/
Primary Examiner, Art Unit 2457

RW00001987