**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00688-JRG-RSP (Lead Case) |
| THE HOME DEPOT, INC., *et al.*, | |
| Defendants. | |
| | |
| RAVENWHITE LICENSING LLC, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00689-JRG-RSP (Member Case) |
| WALMART INC., *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
WALMART'S FIFTH DEFENSE ON THE LIMITATION OF DAMAGES
<u>UNDER 35 U.S.C. § 287(a)</u>**

███████████████████████

## TABLE OF CONTENTS

I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................... 1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF")...................................... 2

III.   LEGAL STANDARDS .................................................................................................. 7

  A.   Summary Judgment ................................................................................................... 7

IV.    ARGUMENT................................................................................................................. 7

  A.   The Marking Requirement Under Section § 287(a) Does Not Apply Because There Are
       No Tangible Patented Products That Practice the '823 Patent ........................................... 7

  B.   RavenWhite Is Not Precluded From Pre-Suit Damages for the '402 Patent ...................... 9

    1.   The Marking Statute Does Not Apply to the '402 Patent.............................................. 9

    2.   Walmart Has Not Met its Initial Burden Under Arctic Cat ........................................... 9

V.     CONCLUSION................................................................................................................. 13

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................8

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..............................................................................................................7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)..................................................................................... *passim*

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)..............................................................................................7

*CXT Sys., Inc. v. Acad., Ltd.*,
No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020) .....................11

*Freeny v. Fossil Grp., Inc.*,
No. 2:18-CV-00049-JRG, 2019 WL 8688587 (E.D. Tex. July 24, 2019).........................10, 13

*Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*,
964 F. Supp. 2d 653 (E.D. Tex. 2013) ..................................................................................13

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021) .......................................................................................4, 10

*Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*,
336 F.3d 1373 (Fed. Cir. 2003)..............................................................................................7

*RavenWhite v. Walmart Inc. et. al*,
No. 2:23-cv-00418-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 15, 2023)............................................2

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022)..............10, 12, 13

**Statutes**

35 U.S.C. § 287.......................................................................................................... *passim*

35 U.S.C. § 287(a) .................................................................................................4, 2, 7, 9

**Court Rules**

Fed. R. Civ. P. 26(a) ...........................................................................................................12

Fed. R. Civ. P. 37 .............................................................................................................13

Fed. R. Civ. P. 37(c)(1).....................................................................................................12

Fed. R. Civ. P. 56.............................................................................................................4

Fed. R. Civ. P. 56(a) .........................................................................................................7

████████████████████████████████

## TABLE OF EXHIBITS

| 1 | Plaintiff's First Supplemental Responses and Objections to the Walmart Defendants' First Set of Interrogatories (Nos. 1-23), May 12, 2026 (excerpts) |
|---|---|
| 2 | Deposition Transcript of Bjorn Markus Jakobsson, April 7, 2026 (excerpts) |
| 3 | Deposition Transcript of Mark Holmes, May 13, 2026 (excerpts) |
| 4 | The ███████████████████ produced to Walmart on March 25, 2025, and used as Exhibit 23 during Dr. Jakobsson's deposition - RW00007584-7615 |
| 5 | Letter from Walmart counsel, Amir Alavi to RavenWhite counsel, Robert Kramer, June 9, 2026 |
| 6 | Email from Robert Mattson to counsel for Walmart, May 26, 2026 |
| 7 | Declaration of Robert F. Kramer in Support of Plaintiff's Motion for Partial Summary Judgment on Walmart's Fifth Defense on the Limitation of Damages Under 35 U.S.C. § 287(a). |

Pursuant to Federal Rule of Civil Procedure 56, RavenWhite Licensing, LLC ("RavenWhite") respectfully moves for partial summary judgment on Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC's ("Walmart" or "Defendant") Fifth Defense seeking to limit damages pursuant to 35 U.S.C. § 287(a). Dkt. 154 at 31. Section 287 is triggered only if a patentee or its licensee makes, sells, or offers for sale a tangible patented article that is capable of being marked. This is not the case with either of the asserted patents. Neither has been embodied or commercialized in a patented article or product. And more importantly, even if they were, Walmart has failed to carry its burden under *Arctic Cat*. As the Federal Circuit has made clear, before Walmart could even invoke § 287(a) to limit damages, Walmart must first articulate the products it believes are unmarked patented articles. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Only ***after*** Walmart, the alleged infringer, has satisfied its burden of production, does the burden shift to RavenWhite to prove the allegedly unmarked products identified do not practice the patented invention. *Id.*; *Lubby Holdings LLC v. Chung,* 11 F.4th 1355, 1359 (Fed. Cir. 2021). Walmart's only attempt to satisfy its *Arctic Cat* burden was an untimely letter concerning one of the Asserted Patents, sent weeks after the close of fact discovery when RavenWhite could no longer meaningfully investigate or prove that the newly identified "products" do not practice the claimed invention. The Court should grant RavenWhite's motion for partial summary judgment because § 287 does not apply. Even if it did, Walmart cannot invoke § 287 because it failed to meet its burden to provide any meaningful notice required by the Federal Circuit.

## I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether RavenWhite is entitled to summary judgment with respect to Walmart's Fifth Defense with respect to U.S. Patent Nos. 10,594,823 ("the '823 patent") and U.S. Patent No. 11,562,402 ("the '402 patent") (collectively, the "asserted patents") because Walmart has no

admissible evidence from which a reasonable jury could find that 35 U.S.C. § 287(a) applies or that RavenWhite has failed to comply with marking obligations.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF")

1.    RavenWhite filed an initial lawsuit against Defendant on September 15, 2023, alleging infringement of the '823 and '402 patents. *See RavenWhite v. Walmart Inc. et. al*, No. 2:23-cv-00418-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 15, 2023). Walmart was served on September 28, 2023, and answered the Complaint on November 24, 2023. *Id.* at Dkts. 10, 11, 17. By stipulation, this action was dismissed without prejudice on September 3, 2024. *Id.* at Dkt. 14.

2.    On August 21, 2024, RavenWhite filed the present action alleging that Walmart infringes the '823 and '402 patents. Dkt. 1. RavenWhite filed its First Amended Complaint for patent infringement on October 25, 2024. Dkt. 26.

3.    In Walmart's initial disclosures, served on December 6, 2024, it alleged that RavenWhite's recovery is limited "because of Plaintiff's failure to comply with" § 287; however, those disclosures provided no identification of unmarked patented articles or any explanation as to RavenWhite's alleged noncompliance.

4.    On May 6, 2026, Walmart filed its Answer to the First Amended Complaint ("FAC"), asserting that "[a]ny claim by RavenWhite for patent damages is limited under the provisions of [35 U.S.C. § 287]." Dkt. 154 at 31.

5.    On May 26, counsel for RavenWhite observed that Walmart's FAC raised a number of defenses that appeared to be boilerplate and asked Walmart to confirm whether it intended to maintain those defenses, including the defense of marking. Ex. 6 (Email of 5/26/2026). To date, Walmart has not responded to RavenWhite's request. Ex. 7 (Kramer Decl) at ¶ 3.

6.    Walmart's Interrogatory No. 15 asked for a description of "any and all marking obligations and marking of products with the patent numbers of the asserted patents by

2

RavenWhite, any predecessor-in-interest to the asserted patents, or any licensee of the asserted patents, including any policies, enforcement and due diligence as they relate to the marking of any articles with the numbers of the asserted patents." Ex. 1 at 43 (RW 5/12/26 Resp. to Rog. 15). In response, RavenWhite stated, "[a]t no point in time has RavenWhite had a marking obligation." *Id.* at 43-44.

7.      Walmart's Interrogatory No. 19 asked RavenWhite to "[i]dentify and describe all products or systems that have been 'marked,' as that term is used in 35 U.S.C. § 287, with the patent number of any of the asserted patents." Ex. 1 at 48 (RW 5/12/26 Resp. to Rog. 19). In response, RavenWhite stated, "RavenWhite is not aware of any products or systems that have been marked." *Id.*

8.      Walmart's Interrogatory No. 20 asked RavenWhite to "[i]dentify and describe each product or system marketed or sold by RavenWhite, or under a license from RavenWhite, that RavenWhite contends embodies or is covered by any of the claims of the asserted patents[.]" Ex. 1 at 48-49 (RW 5/12/26 Resp. to Rog. 20). In response, RavenWhite stated, "RavenWhite does not contend that it or a licensee sold a product or system that embodies any of the claims of the asserted patents." *Id.* at 49.

9.      On April 7, 2026, Walmart deposed RavenWhite's corporate witness, Dr. Bjorn Markus Jakobsson ("Dr. Jakobsson"), the co-inventor of the '823 patent, inventor of the '402 patent. Ex. 2 (Jakobsson Depo) at 1-2, 55:20-22.

10.      On May 13, 2026, Walmart deposed RavenWhite's corporate witness, Mark Holmes, the Chief Executive Officer of RavenWhite.  Ex. 3 (Holmes Depo) at 1.

3

11.    Dr. Jakobsson testified that Plaintiff RavenWhite or other RavenWhite entities "have not made any sales of products that causes us to be – re – require compliance with marking requirements." Ex. 2 (Jakobsson Depo) at 40:18-41:12.

**The '823 Patent**

12.    RavenWhite Security, Inc. is the owner of the '823 patent. Ex. 1 at 16 (RW 5/12/26 Resp. to Rog 8). RavenWhite Security, Inc. has also been referred to as RavenWhite Cybersecurity. Ex. 3 (Holmes Depo) at 150:14-17. On July 30, 2023, Plaintiff RavenWhite was granted an exclusive license to the '823 patent. Ex. 1 at 16 (Resp. to Rog 8).

13.    In late 2017, RavenWhite Cybersecurity participated in a marketing campaign, sending out a mass mailer to different technology companies to promote interest in the patented cache cookies technology, but no service was ever implemented. Ex. 3 (Holmes Depo) at 178:12-17; Ex. 1 at 2-3 (RW 5/12/26 Resp. to Rog. 1).

14.    RavenWhite's Chief Executive Officer, Mark Holmes testified that, despite using the industry nomenclature "product(s)" on the RavenWhite Cybersecurity website to refer to its technology, such as technology related to cache cookies, RavenWhite Cybersecurity has never made, sold, or distributed any tangible product. Ex. 3 (Holmes Depo) at 158:23-159:3, 160:7-11, 160:17-19, 161:3-162:23, 173:3-7. Dr. Jakobsson testified that any characterization of the '823 patent as being a "product" is "more of a marketing attempt where the features are described." Ex. 2 (Jakobsson Depo) at 96:2-13.

15.    The '823 Patent was never embodied, commercialized, or implemented in any authorized product, system, or patented article. The '823 patent was not incorporated into any RavenWhite products, and no RavenWhite products practice the claims of the '823 patent *See* Ex.

4

███████████████████████████████████████████

3 (Holmes Depo) at 49:18-20, 158:23-159:3, 160:7-11, 160:17-19, 161:3-162:23; Ex. 2 (Jakobsson Depo) at 94:15-22; 99:21-100:9; 100:20-101:6.

16.    The technology claimed by the '823 Patent was "not actually an implemented technique that [RavenWhite] offer[ed] people to download" or as "off the shelf" software because they "aren't consumer products." Ex. 3 (Holmes Depo) at 162:19-22; 163:3-9; 163:16-164:4; Ex. 2 (Jakobsson Depo) at 96:2-13. If the third-party wants to implement the patented technology, they would receive a patent license to use the technology. Ex. 3 (Holmes Depo) at 166:2-15.

17.    Walmart has not identified or articulated any unmarked product(s) that it believes practices or embodies the '823 Patent.  Ex. 7 (Kramer Decl) ¶ 4.

**The '402 Patent**

18.    Between August 2014 and December 2022, RightQuestion, LLC was the assignee of the '402 patent. Ex. 1 at 17 (RW 5/12/26 Resp. to Rog 8). The patent was then assigned to Security Innovation LLC, and then to Security Technology LLC, who is the current owner of the '402 patent. Ex. 1 at 17. On August 15, 2024, Plaintiff RavenWhite was granted an exclusive licensee to the '402 patent. *Id.* at 16.

19.    The '402 patent was never embodied or commercialized in any product, system, or patented article for sale. The '402 patent was not incorporated into any RavenWhite products and no RavenWhite products practice the claims of the '402 patent. *See* Ex.3 (Holmes Depo) at 49:18-20; Ex. 2 (Jakobsson Depo) at 224:2-6, 225:3-226:19.

20.    ██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



21.

22.    Fact discovery in this case closed on May 13, 2026. Dkt. 145 (2nd DCO). Opening Expert Reports were served on May 19, 2026. Dkt. 145 at 3. And expert discovery closed on June 24, 2026. *Id.*

23.    On June 9, 2026, Walmart identified for the first time "products" it claims belong ████████████, which Walmart alleges is a licensee to the '402 Patent and subject to the notice requirements of § 287(a).  Ex. 5 (6/9/26 Walmart Letter to RavenWhite Counsel). Walmart's letter describes the unmarked product as: " ████████████████████████████████████████ " *Id.*

24.    Walmart submitted three expert reports in this matter. None of the expert reports alleges ████████ practices the '402 patent.

6

III.    **LEGAL STANDARDS**

A.    **Summary Judgment**

Summary judgment is proper if there is no genuine dispute of material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1375–76 (Fed. Cir. 2003). A genuine dispute exists where a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

IV.    **ARGUMENT**

A.    **The Marking Requirement Under Section § 287(a) Does Not Apply Because There Are No Tangible Patented Products That Practice the '823 Patent**

The record shows that RavenWhite did not make, sell, or offer for sale any physical product associated with the '823 Patent. The marking obligation under §287(a) is only triggered when the patentee, its assignees, or exclusive licensees actually makes or sells a physical article that embodies the patent. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.,* 950 F.3d 860, 864 (Fed. Cir. 2020) (The notice provisions of § 287 do not "apply when a patentee never makes or sells a patented article.") Thus, "a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer." *Id.* Here, the marking statute does not apply to the '823 patent, and RavenWhite is not precluded from pursuing pre-suit damages.

In this case, the undisputed evidence shows that the '823 Patent has not been embodied or commercialized in any product or tangible article. SUF 8, 11, 14, 15. RavenWhite never manufactured, sold, or distributed any product embodying or practicing the '823 Patent. SUF 8, 11, 14, 15.  The same is true of the current patent owner, RavenWhite Security, Inc. and any prior owner or licensee. SUF 8, 11, 14, 15.

7

███████████████████████████████████████████

Walmart may point to RavenWhite's past efforts to promote interest in the technology covered by the '823 patent through its mass mailing solicitations to various companies. SUF 13. But mere marketing communications seeking interest in a technology do not constitute tangible patented articles. Moreover, RavenWhite's corporate representatives have testified that those solicitations did not materialize into licenses, patented articles, or patented services that would have triggered the marking obligations. SUF 13.

Further, even if § 287 could apply to RavenWhite's offering of its "permanent cache cookies" technology, the technology itself would not have been a tangible article capable of being marked. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993) (concluding § 287 applied where "both apparatus and method claims of the '765 patent were asserted and there was a *physical device produced* by the claimed method that was capable of being marked"). In this case, if the '823 technology were to have been implemented or delivered to user, it would not have been delivered to customers in a manner permitting marking or an off-the-shelf product installed by customers. As Mr. Holmes testified, the "technology that [RavenWhite] offer[s] . . . does not mean off the shelf software in this type of market," because they "aren't consumer products."  SUF 16. Dr. Jakobsson testified that any characterization of the '823 patent as being a "product" is "more of a marketing attempt where the features are described" because "it's not actually an implemented technique that we offer people to download." SUF 14, 16. Thus, with respect to the '823 patent, because no patented article existed, there was nothing to mark nor would there have been an article capable of being marked. SUF 6, 11. Moreover, Walmart has never identified any unmarked product(s) that it believes practices the '823 patent. SUF 18. Section 287(a), therefore, does not apply to the '823 patent as a matter of law, and RavenWhite is not precluded from seeking pre-suit damages.

8

**B.** **RavenWhite Is Not Precluded From Pre-Suit Damages for the '402 Patent**

**1.** **The Marking Statute Does Not Apply to the '402 Patent**

In this case, the undisputed evidence establishes that the '402 Patent has not been embodied or commercialized in any product or tangible article. SUF 8, 11, 20. RavenWhite never manufactured, sold, or distributed any product embodying or practicing the '402 Patent. SUF 8, 11, 20. The same is true of the patent owners, Security Technology, LLC. SUF 8, 11, 19, 20. Moreover, contrary to any unsubstantiated allegations by Walmart regarding ███████████ ███████████ RavenWhite does not contend—and there is no evidence to suggest otherwise—that any licensee sold a product or system that embodies any of the claims of the '402 Patent either. SUF 8. ████████████████████████████████████████████ ███████████████████████ Regardless, Walmart has had actual notice of the '402 Patent and its infringement since at least September 18, 2023, when RavenWhite accused Walmart of infringement. SUF 1. Thus, with respect to the '402 Patent, because no patented article existed, there was nothing to mark. Section 287(a), therefore, does not apply as a matter of law.

**2.** **Walmart Has Not Met its Initial Burden Under *Arctic Cat***

On June 9, 2026, Walmart notified RavenWhite for the first time of its belief that "product(s) of ████████████ may be an unmarked patented article for [the '402 Patent], subject to the notice requirements of 35 U.S.C. § 287." Ex. 5; SUF 24. However, to invoke § 287, Walmart bears the "initial burden of production to articulate the products it believes are unmarked 'patented articles'" thereby "put[ting] [RavenWhite] on notice that [RavenWhite] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). "Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *Lubby*

9

████████████████████████████████████████████████████

*Holdings LLC v. Chung,* 11 F.4th 1355, 1359 (Fed. Cir. 2021). Walmart has failed to carry its burden, warranting summary judgment, dismissing its marking defense.

**First**, Walmart's June 9th disclosure is untimely. In implementing the *Arctic Cat* framework, this court has held that the burden on Walmart "is to *timely* identify unmarked products it believes practiced the [Asserted] Patent." *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022); s*ee also, Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019). Here, Walmart chose to delay and wait weeks until *after* the close of fact discovery and *after* opening expert reports have been served to identify—for the first time—the allegedly unmarked product(s) belonging ███████████████. This court has consistently admonished and rejected this sandbagging strategy where an accused infringer attempted to rely on untimely, newly disclosed products. *See, e.g., Solas Oled,* 2022 WL 1912873, at *1 (identifying unmarked products one day after close of fact discovery); *Freeny*, 2019 WL 8688587, at *3 (identifying unmarked products in rebuttal expert reports).

Walmart has known about ████████████████████████████, and consequently, ██████████ licensee to the '402 patent, since at least March 25, 2025, when RavenWhite produced it during discovery. SUF 21, 22. Yet, it never supplemented its initial disclosures to provide any factual basis regarding its marking defense or the alleged unmarked ███████ ██████. SUF 3, 4, 5, 24. More egregious still is the fact that Walmart deposed Dr. Jakobsson on April 7th and asked him about ██████████████████████████ but elected to *wait over two months* until after the close of fact discovery before notifying RavenWhite on June 9th. SUF 9, 21, 22, 23. This is exactly the gamesmanship situation the Federal Circuit sought to avoid. *Arctic*

10

████████████████████████████████████████

*Cat,* 876 F.3d at 1368 ("Permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship.")

**Second**, Walmart's June 9th disclosure fails to identify any specific unmarked patented article. For instance, Walmart broadly points to ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████ SUF 24. Walmart's disclosure does not identify any particular product, device, software application, or service offering other than "servers that allows users to access ████████████████" *Id.* Such an overly broad and undefined description creates the type of "unbounded universe" the Federal Circuit has rejected. *Arctic Cat,* 876 F.3d at 1368 ("Without some notice of what market products BRP believes required marking, Arctic Cat's universe of products for which it would have to establish compliance would be unbounded."); *CXT Sys., Inc. v. Acad., Ltd.,* No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135, at *3 (E.D. Tex. Jan. 28, 2020) ("By having the alleged infringer identify the products it believes are 'unmarked patented articles subject to § 287,' the patentee's universe of products for which it would have to establish compliance becomes bounded.")

**Third**, Walmart's untimely and unbounded disclosure is especially problematic and prejudicial because the "system and server infrastructure" belongs to a third-party. Specifically, Walmart's disclosure clearly identified systems belonging to ██████████████████ ████████████████████████████████████████████████ ██████████. SUF 21, 22, 24. Nevertheless, RavenWhite did not design, manufacture, operate, or maintain, and is not privy to details regarding any ██████████████████████. In fact, when ████████████████████ portfolio that included the '402 application, there was no belief that it

11

was practicing or even interested in the underlying technology because it was interested in patents related to biometrics. SUF 21. It was not RavenWhite's responsibility but Walmart's *initial* burden to put RavenWhite "on notice that [RavenWhite] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent" by *timely* "articulat[ing] the products it believes are unmarked 'patented articles.'" *Arctic Cat,* 876 F.3d at 1368; *Solas Oled,* 2022 WL 1912873, at *2.

Walmart's decision to delay disclosing the factual basis of its marking theory also runs afoul of Rule 37(c)(1), which provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, by waiting until well after the close of fact discovery and service of opening expert reports to articulate, for the first time any alleged unmarked patented articles, Walmart has stripped RavenWhite of any meaningful opportunity to seek third-party discovery

.

Not only was there no justification for Walmart's late disclosure but there is no possibility of curing the prejudice to RavenWhite. "Had [Walmart] put [RavenWhite] on notice of its marking contentions, [RavenWhite] could have developed the factual evidence and expert opinion needed to carry its burden of proof at trial." *Freeny,* 2019 WL 8688587, at *3; *Solas Oled,* 2022 WL 1912873, at *2 (delay precluded plaintiff from developing evidence from third-parties to meet burden of proof). As this Court stated, "[t]he rules do not countenance trial by ambush." *Freeny,*

---

[1]

2019 WL 8688587, at *3. Walmart has not only failed its *Arctic Cat* burden but also Rule 37, and RavenWhite would be prejudiced if Walmart is allowed to proceed on its marking defense. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (precluding defendant under Rule 37 from presenting a failure to mark theory at trial due to late disclosure that "deprive[d] [plaintiff] of a meaningful opportunity to conduct fact discovery to test [defendant's] marking theory").

## V.    CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's Motion for Summary Judgment on Walmart's Fifth Defense precluding damages under 35 U.S.C. § 287.

███████████████████████████████████████

Dated: June 30, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
KRAMER LLP
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

14

████████████████████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 30, 2026. A confidential version of this filing was served upon all counsel of record by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer

15