**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case) |

**PLAINTIFF'S MOTION TO STRIKE OPINIONS OF
<u>EXPERT KEVIN C. ALMEROTH, PH.D</u>**

████████████████████████████████████

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  LEGAL STANDARD ........................................................................................... 1

III.  ARGUMENT ........................................................................................................ 2

    A.  Dr. Almeroth's NIA Opinions are untimely, incomplete and unreliable, and irrelevant ................................................................................................. 2

        1.  Rebuttal Report ¶¶540-554 should be stricken for presenting new opinions about non-infringing alternatives .................................................. 3

        2.  Opening Report ¶¶516-519 should be stricken as incomplete and unreliable .. 4

        3.  All NIA opinions should be stricken as irrelevant, because they are not relied upon by Walmart's damages expert to calculate a reasonable royalty ............. 5

    B.  Dr. Almeroth's Opinions about the Home Depot Agreement and related IPR proceedings should be stricken as unreliable, irrelevant, and untimely ................. 6

        1.  Opening Report ¶¶214, 485 and 542 should be stricken as unreliable and irrelevant ................................................................................................. 6

        2.  Rebuttal Report ¶¶434-438 should be stricken as irrelevant, unreliable and untimely ................................................................................................. 9

    C.  Dr. Almeroth's Opinions about ██████████████████████ should be stricken as irrelevant and unreliable ................................................................................. 11

IV.  CONCLUSION.................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barco, Inc. v. Yealink (USA) Network Tech. Co., Ltd.*,
  2:23-cv-00521-JRG-RSP, Dkt. No. 220 (E.D. Tex. Oct. 14, 2025) ...................................2, 3, 4

*CLO Virtual Fashion Inc. v. Zhejiang Lingdi Digital Technology Co., Ltd.*,
  2:23-cv-00274-JRG-RSP (E.D. Tex. July 9, 2025) ......................................................2, 3, 4, 10

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
  No. 2:22-cv-00343-JRG-RSP, Dkt. No. 244 (E.D. Tex. Mar. 26, 2024) ......................2, 3, 4, 8

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993).....................................................................................................................2, 10

*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999).........................................................................................................................2

*Longhorn HD LLC v. NetScout Sys., Inc.*,
  2022 WL 991696 (E.D. Tex. Mar. 31, 2022) .....................................................................2, 5

*SK Nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*,
  2:23-CV-00539-JRG-RSP, 2026 WL 933528 (E.D. Tex. Mar. 15, 2026) ...............................9

**Rules**

Fed. R. Evid. 702 ......................................................................................................................1

████████████████████████████████

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| A | Opening Invalidity Expert Report of Kevin C. Almeroth, Ph.D, May 21, 2026 |
| B | Rebuttal Expert Report of Dr. Kevin Almeroth, June 18, 2026 |
| C | Complaint for Patent Infringement, Dkt. 1, 2:23-cv-00423 (E.D. Tex. Sept. 18, 2023) |
| D | Order, Dkt. 96, 2:24-cv-00688-JRG-RSP (E.D. Tex. June 18, 2025) |
| E | Order, Dkt. 100, 2:24-cv-00688-JRG-RSP (E.D. Tex. Oct. 24, 2025) |
| F | Order, Dkt. 103, 2:24-cv-00688-JRG-RSP (E.D. Tex. Nov. 17, 2025) |
| G | Rebuttal Expert Report of David A. Haas, June 18, 2026 |
| H | Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement |
| I | Corrected Fifth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-28), May 13, 2026 |
| J | ████████████████████ |

## TABLE OF ABBREVIATIONS

| RavenWhite | Plaintiff RavenWhite Licensing LLC |
|---|---|
| Walmart | Defendants Walmart Inc. and Walmart Stores Texas, LLC |
| Home Depot | The Home Depot, Inc. and Home Depot U.S.A., Inc. |
| Opening Report | Opening Invalidity Expert Report of Dr. Kevin C. Almeroth, Ph.D. |
| Rebuttal Report | Rebuttal Expert Report of Dr. Kevin C. Almeroth, Ph.D. |
| Haas Report | Rebuttal Expert Report of David A. Haas |

iv

## I.    INTRODUCTION

RavenWhite moves to strike portions of the Opening and Rebuttal Reports of Walmart's technical expert, Dr. Kevin Almeroth, and exclude testimony and evidence concerning the stricken subject matter on the following grounds:

1. Paragraphs 516-519 of Dr. Almeroth's Opening Report and paragraphs 535-554 of his Rebuttal Report provide incomplete, unreliable, and/or irrelevant opinions about non-infringing alternatives.  These paragraphs are inadmissible under the applicable rules and precedent.  The opinions in paragraphs 540-554 of the Rebuttal Report are also untimely.

2. Paragraphs 214, 485, and 542 of Dr. Almeroth's Opening Report and paragraphs 434-438 of his Rebuttal Report provide incorrect, unreliable, and/or irrelevant opinions related to an agreement between RavenWhite and Home Depot. These opinions are inadmissible under the applicable rules and precedent.   The opinions in paragraphs 434-438 of the Rebuttal Report are also untimely.

3. Paragraphs 524-534 of Dr. Almeroth's Rebuttal Report provide incorrect, unreliable and irrelevant opinions related to a license agreement between ███████████████. These opinions are inadmissible under the applicable rules and precedent.

## II.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied

1

with regard to a particular expert's proposed testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993).

Even if expert testimony is reliable, it may still be excluded if it relies on information that violates the Federal Rules of Civil Procedure or applicable Local Rules, including information that was not timely disclosed. *CLO Virtual Fashion Inc. v. Zhejiang Lingdi Digital Technology Co., Ltd.*, 2:23-cv-00274-JRG-RSP, at p. 3 (E.D. Tex. July 9, 2025). District courts consider four factors when determining whether to exclude evidence that was not timely disclosed: (1) the explanation for the failure to identify the information; (2) the importance of the information; (3) potential prejudice in allowing the information; and (4) the availability of a continuance to cure such prejudice. *Id.*, at p. 5.

## III.   ARGUMENT

### A.   Dr. Almeroth's NIA Opinions are untimely, incomplete and unreliable, and irrelevant

Defendants have the burden of establishing any non-infringing alternatives that they intend to present at trial. *Barco, Inc. v. Yealink (USA) Network Tech. Co., Ltd.*, 2:23-cv-00521-JRG-RSP, Dkt. No. 220 at p. 3 (E.D. Tex. Oct. 14, 2025), *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-00343-JRG-RSP, Dkt. No. 244, at pp. 8-9 (E.D. Tex. Mar. 26, 2024). As such, "a defendant is not permitted to withhold its NIA opinions until rebuttal…NIA opinions must appear in a technical expert's opening report." *Barco*, Dkt. No. 220, at p. 3.

In addition, a reliable opinion on whether a product is a non-infringing alternative is incomplete if it does not opine on whether the product is both available and acceptable. *CLO Virtual Fashion,* 2025 WL1900674, at *12; *Longhorn HD LLC v. NetScout Sys., Inc.*, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022).

2

Dr. Almeroth's Opening Report includes less than two pages on the topic of non-infringing alternatives. And, his opinions are limited to the '823 patent. Opening Report, ¶¶ 516-519. In his Rebuttal Report, Dr. Almeroth presents nearly ten pages of opinions about NIAs for both asserted patents. Ex. B (Rebuttal Report) at pp. 263-272 (¶¶535-554). The new opinions in Dr. Almeroth's Rebuttal Report should be stricken as untimely. In addition, many of the NIA opinions in both reports should be stricken as incomplete and unreliable, and all of the opinions should be stricken as irrelevant because Walmart's damages expert Mr. Haas does not rely on them in his calculation of a reasonable royalty.

### 1. Rebuttal Report ¶¶540-554 should be stricken for presenting new opinions about non-infringing alternatives

This Court routinely strikes NIA opinions that are presented by an expert for the first time in a rebuttal report. *See, e.g., Barco,* Dkt. No. 220 at p. 4, *Correct Transmission,* Dkt. No. 244, at p. 9, *CLO Virtual Fashion*, 2025 WL1900674, at *6.

Paragraphs 541 and 547-554 of Dr. Almeroth's Rebuttal Report present, for the first time, his opinions about non-infringing alternatives specific to the '402 patent. Ex. B (Rebuttal Report) at ¶¶ 541, 547-554. Dr. Almeroth's Opening Report provides no opinions whatsoever about NIAs for the '402 patent. *See id.* at ¶535 (identifying ¶¶516-519 of his Opening Report as relevant to NIAs); Ex. A (Opening Report) at ¶¶516-519 (providing opinions for the '823 patent only).

Similarly, paragraphs 540-551 of Dr. Almeroth's Rebuttal Report present, for the first time, his opinions about non-infringing alternatives based on the Hinton, Kou, Varghese, Felten, Grannan, Chung, Ramaiyer and Yang references. Ex. B (Rebuttal Report) at ¶¶540-51. Dr. Almeroth's Opening Report provides no NIA opinions based on any of these references. *See* Ex. A (Opening Report) at ¶¶ 516-519.

3

Given this court's clear precedent that NIAs must be presented in a defendant's opening expert report, there is no valid explanation for Walmart's failure to do so here. In addition, as a result of its untimely disclosure of these NIAs opinions, Walmart has deprived RavenWhite of a meaningful opportunity to address Dr. Almeroth's new opinions. On balance, the factors relevant to a district court's decision to exclude untimely evidence favor excluding Dr. Almeroth's opinions, just as the court has done in many other cases. *See, e.g., Barco,* Dkt. No. 220 at p. 4, *Correct Transmission,* Dkt. No. 244, at p. 9, *CLO Virtual Fashion*, 2025 WL1900674, at *6. Paragraphs 540-554 of Dr. Almeroth's Rebuttal Report should be stricken.

### 2. Opening Report ¶¶516-519 should be stricken as incomplete and unreliable

For the non-infringing alternatives proposed by Dr. Almeroth in paragraphs 517-518 of his Opening Report, he fails to aver that, much less explain how, any NIAs are both available and acceptable. Ex. A (Opening Report) at ¶¶517-18.  As for paragraph 519, Dr. Almeroth broadly opines, without explanation, that not engaging in the conduct identified in RavenWhite's infringement contentions is "an available and acceptable non-infringing alternative that would cost nothing to implement." *Id.*, at ¶519. The only specific NIA he then proposes is either removing the Firefox browser from its list of compatible browsers or implementing unspecified techniques used by other unspecified browsers. *Id*. But he provides no explanation for how this proposal is both available and acceptable. Notably, Dr. Almeroth does not rely on discussions with anyone at Walmart as to whether the alleged NIAs in paragraphs 516-519 would have been possible to implement, feasible, or acceptable to Walmart's customers, which include both online retail customers and advertisers.  *See, id.* at ¶¶516-519 (materials cited).

The NIA opinions in Dr. Almeroth's Opening Report are therefore incomplete for failing to explain how or why any NIAs are both acceptable and available. *See CLO Virtual Fashion,*

2025 WL1900674, at *12; *Longhorn HD*, 2022 WL 991696, at *4. As a result, his opinions are not sufficiently reliable to be helpful to the jury. *Id*. Paragraphs 516-519 of Dr. Almeroth's Opening Report should be stricken.

> **3.    All NIA opinions should be stricken as irrelevant, because they are not relied upon by Walmart's damages expert to calculate a reasonable royalty**

The purpose of a non-infringing alternative is to limit a defendant's damages. *See Correct Transmissions*, Dkt. 244, at p. 8. As such, if a defendant's damages expert fails "to provide any financial analysis of the impact of a non-infringing alternative to a reasonable royalty—i.e. rather than infringe [the defendant] would implement a non-infringing alternative at a certain cost—presenting these alternatives will only operate to confuse the jury." *Id*., at p. 9 (striking technical expert's NIA opinions as irrelevant).

Mr. Haas does not use any NIAs in his financial analysis of what constitutes a reasonable royalty. Rather, Mr. Haas makes several "corrections" to Dr. Weinstein's analysis in order to arrive at his proposed reasonable royalty for each patent. Ex. G (Haas Report) at ¶¶293-302. None of these corrections or calculations is based on a non-infringing alternative. *See, id.* Likewise, earlier in his report Mr. Haas criticizes Mr. Weinstein for failing to account for Walmart's purported ability to utilize non-infringing alternatives, but without providing any analysis of either the cost involved or the impact any NIA would have on a reasonably royalty. *Id.* ¶¶ 256-59.

Absent Mr. Haas's reliance on Dr. Almeroth's NIA opinions, those opinions are irrelevant and will only serve to confuse the jury. *See Correct Transmissions*, Dkt. 244, at p. 9. Paragraphs 516-519 of Dr. Almeroth's Opening Report and paragraphs 535-554 of his Rebuttal Report should be stricken.

███████████████████████████████████████████████

**B.    Dr. Almeroth's Opinions about the Home Depot Agreement and related IPR proceedings should be stricken as unreliable, irrelevant, and untimely**

On September 18, 2023, RavenWhite sued Home Depot for infringement of the '823 and '402 patents. Ex. C, Complaint for Patent Infringement, Dkt. 1, 2:23-cv-00423 (E.D. Tex. Sept. 18, 2023). Home Depot subsequently challenged the validity of certain claims of these patents through inter partes review proceedings. The PTAB instituted trial on March 24, 2025, and the pending district court cases against both Home Depot and Walmart were subsequently stayed on June 18, 2025. Ex. D, Order, Dkt. 96, 2:24-cv-00688-JRG-RSP (E.D. Tex. June 18, 2025). ██ ██████████ RavenWhite and Home Depot entered into ███████████████ ██████████████████ (the "Home Depot Agreement"), resulting in termination of the IPR proceedings and the district court proceedings against Home Depot. Ex. E, Order, Dkt. 100, 2:24-cv-00688-JRG-RSP (E.D. Tex. Oct. 24, 2025). The case against Walmart was then reinstated on November 17, 2025. Ex. F, Order, Dkt. 103, 2:24-cv-00688-JRG-RSP (E.D. Tex. Nov. 17, 2025)

In his Opening and Rebuttal Reports, Dr. Almeroth opines about both the Home Depot Agreement and the related IPR proceedings. All of these opinions, but for one, should be stricken.[1]

**1.    Opening Report ¶¶214, 485 and 542 should be stricken as unreliable and irrelevant**

Dr. Almeroth speculates in paragraphs 214 and 542 of his Opening Report that "*[d]ue to the strength of Home Depot's invalidity positions in the IPR[s]*, Ravenwhite agreed to provide Home Depot ███████████████████████████ provided that Home Depot would

---

[1] In paragraph 433 of his Rebuttal Report, Dr. Almeroth opines that the patents in the Home Depot Agreement are technically comparable to the asserted patents because the patents are identical. Ex. B (Rebuttal Report) at ¶433. This point is not disputed and RavenWhite does not move to strike this paragraph.

dismiss its IPR[s]." Ex. A (Opening Report) at ¶¶ 214, 542. In support of this unfounded assertion, Dr. Almeroth cites only the agreement itself. *See id.* (citing RW00007629-49).

There is no basis in the agreement for drawing such a conclusion about ██████████ ███████████████████████████. Nor is Dr. Almeroth's opinion about RavenWhite's intent an appropriate one for a technical expert to make. In fact, Walmart's damages expert Mr. Haas shows that Dr. Almeroth's speculative statement is incorrect. *See* Ex. G (Haas Report) at ¶¶77, 80-81.  Mr. Haas acknowledged RavenWhite's concern that there could be a multi-year delay in the district court litigation pending resolution of the IPR proceedings, and that this delay – not a concern about invalidity – was the reason for entering into the Home Depot Agreement. *Id.* at ¶ 80-81.

Dr. Almeroth's incorrect and incompetent opinion about RavenWhite's intent is not sufficiently reliable to be helpful to the jury. If anything, his opinion would create confusion given Mr. Haas's contrary statements. Paragraphs 214 and 542 of Dr. Almeroth's Opening Report should be stricken.

These paragraphs should be stricken for the additional reason that they are not part of any relevant opinion that Dr. Almeroth could offer at trial.  These paragraphs are included in sections of his Opening Report that purportedly describe the IPR proceedings for the asserted patents. *See* Ex. A (Opening Report) at ¶¶209-215 ("'823 IPR History"), and ¶¶538-544 ("'402 IPR History"). His reason for describing the IPR proceedings is both explicit and improper: he intends to testify that "the Patent Office agrees with me that the [asserted patents are] likely invalid." *Id.*, at ¶¶215, 544. Such testimony violates this Court's standing order on motions in limine in patent cases,

7

████████████████████████████████████████████████

Court MIL No. 6, and is highly prejudicial.[2] Ex. H, Standing Order, Court MIL No. 6. Because Dr. Almeroth has no admissible opinion to offer at trial based on paragraphs 214 and 542 of his Opening Report, these paragraphs should be stricken as irrelevant.

Paragraph 485 of Dr. Almeroth's Opening Report contains further unwarranted speculation based on the Home Depot Agreement, this time that Home Depot lacks respect for the '823 patent ██████████████████████████. Ex. A (Opening Report) at ¶485. This conclusion ignores the fact that ██████████████████████████████████████████████ ██████████████████████████████████████████████████████. No reasonable party in Home Depot's position would ████████████████████████████ ████████████████████████████████. Dr. Almeroth's speculation should be stricken as not sufficiently reliable to be helpful to the jury.

Paragraph 485 includes a similar assumption ████████ does not respect the '823 patent because ██████████████████████████████████████████████. Ex. A (Opening Report) at ¶485. Dr. Almeroth has no factual basis for making any assumptions about ████████████████. This portion of paragraph 485 should be stricken along with the rest.

---

[2] Dr. Almeroth discusses or refers to the IPR proceedings throughout his reports, including at least paragraphs 209-216, 311, 416, 520, 538-544, 559-560, 575, 578, 679, 681 and 683 of his Opening Report, and in paragraph 431 of his Rebuttal Report. Dr. Almeroth's Opening Report also discusses pending *ex parte* reexamination proceedings in paragraphs 216-221 and 545-549. RavenWhite objects to these paragraphs as improper. But given the court's standing Court MIL No. 6, does not move to strike these paragraphs at this time based solely on their references to the IPR and re-exam proceedings. *See Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-00343-JRG-RSP, Dkt. No. 244 (E.D. Tex. March 26, 2024) (declining to strike IPR-related paragraphs of an expert report because of a standing motion in limine).

███████████████████████████

### 2.  Rebuttal Report ¶¶434-438 should be stricken as irrelevant, unreliable and untimely

In paragraphs 434-438 of his Rebuttal Report, Dr. Almeroth compares the Walmart accused products and services to publicly available information that he has gathered about the accused Home Depot products and services. His reason for doing so is explicit: "if Home Depot did not infringe the '402 and '823 Patents, then Walmart does not either." Ex. B (Rebuttal Report) at ¶438.

This opinion is flawed on multiple levels. First, Dr. Almeroth incorrectly assumes that Home Depot's products and services do not practice any of the asserted claims. There is no factual basis for this assumption, and it contradicts the similarly unsupported opinion in his Opening Report that the Home Depot Agreement was entered into due to *invalidity* concerns, not noninfringement concerns. Ex. A (Opening Report) at ¶¶214, 542. In addition, the foundation for his opinion lacks relevant confidential information about Home Depot's products and services, which is something he should not have access to as Walmart's technical expert.

His methodology is also entirely inappropriate and strictly forbidden by precedent. Walmart's infringement (or noninfringement) is determined only by comparing Walmart's products and services to the asserted claims, not by comparing them to a third party's products or services. *See SK Nexilis Co., Ltd. v. Solus Advanced Materials Co., Ltd.*, 2:23-CV-00539-JRG-RSP, 2026 WL 933528 (E.D. Tex. Mar. 15, 2026) at *3 ("As repeatedly held by the Federal Circuit and this Court, the only proper comparison for the purposes of establishing or rebutting infringement is between the language of the asserted claim and the accused product."); Ex. H, Standing Order, Court MIL No. 18 ("The parties shall be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement comparing the accused product or method to…any non-accused product or method.").

These paragraphs also are irrelevant to the issue for which they are offered, which is whether the Home Depot Agreement "is technically comparable to any license that would have been agreed to at the hypothetical negotiation in this case." Ex. B (Rebuttal Report) at ¶433. There is no dispute that the patents covered by the Home Depot Agreement are technically comparable to the asserted patents, as they are, in fact, the same patents. As a result, Dr. Almeroth's comparison of Walmart's accused functionality to Home Depot's accused functionality does not tend to prove or disprove an undisputed fact or issue related to technical comparability. The opinions in paragraphs 434-438 are therefore irrelevant.  *See Daubert*, 509 U.S. at 592 (relevance depends on whether an expert's testimony "will assist the trier of fact to understand or determine a fact in issue").

Finally, these paragraphs provide a new non-infringement defense that Walmart did not disclose in its interrogatory responses. *See* Ex. I (Corrected Fifth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-28)) at pp. 13-32 (Responding to Interrogatory No. 3).  Walmart has known since at least August 21, 2024—the day that RavenWhite filed complaints against both Walmart and Home Depot—that RavenWhite accused Home Depot of infringing the asserted patents.  There is no valid explanation for Walmart's failure for more than a year to include this non-infringement theory in its interrogatory responses.  In addition, as a result of its untimely disclosure of these new opinions, Walmart deprived RavenWhite of a meaningful opportunity to address it through fact discovery or in its own technical expert's reports.  On balance, the factors relevant to a district court's decision to exclude untimely evidence favor excluding Dr. Almeroth's new and untimely noninfringement theory. *See generally CLO Virtual Fashion*, 2025 WL 1900674, at *6.

████████████████████████████████████████████

For at least these reasons, paragraphs 434-438 of Dr. Almeroth's Rebuttal Report should be stricken as untimely, and as neither sufficiently relevant nor reliable to be helpful to the jury.

**C.     Dr. Almeroth's Opinions about** ████████████████████ **should be stricken as irrelevant and unreliable**



██████     This agreement includes a license to any patent that issues from U.S. Patent Application No. ████████████████████████████████ ████ ████████████████ is unrelated to either of the patents asserted against Walmart in this case.

In paragraphs 524-534 of his Rebuttal Report, Dr. Almeroth opines that ████████ is technically comparable to the inventions claimed in the asserted patents. Ex. B (Rebuttal Report) at ¶524. This opinion is only relevant if Walmart's damages expert relies upon it. *See Correct Transmissions*, Dkt. No. 244, at p. 9-10 (technical expert's opinion is not relevant if it is not used by damages expert).

Mr. Haas does the opposite by rejecting ██████████████████ as technically comparable. *See* Ex. G (Haas Report) at ¶267 ("Although ***not technically comparable***, ██ ████████████████████████████ provides relevant context about RavenWhite's willingness to license its technology."), ¶262, Table 7 (listing agreements that are technically comparable).

Dr. Almeroth's incorrect opinions about technical comparability based on ████████ ██████████ are therefore both irrelevant and unreliable based on Mr. Haas's conflicting statements, and they would only serve to confuse the jury.  Paragraphs 524-534 of Dr. Almeroth's Rebuttal Report should be stricken.

11

■■■■■■■■■■■■■■■■■■■■■■■■■■

## IV.    CONCLUSION

For all the foregoing reasons, RavenWhite requests that the Court:

1.      Strike paragraphs 516-519 of Dr. Almeroth's Opening Report and paragraphs 535-554 of his Rebuttal Report and prohibit Dr. Almeroth from offering any opinion about the existence (or effect) of non-infringing alternatives to the asserted patents;

2.      Strike paragraphs 214, 485, and 542 of Dr. Almeroth's Opening Report and paragraphs 434-438 of his Rebuttal Report and prohibit Dr. Almeroth from offering any opinion related to the Home Depot Agreement beyond what is stated in paragraph 433 of his Rebuttal Report.

3.      Strike paragraphs 524-534 of Dr. Almeroth's Rebuttal Report and prohibit Dr. Almeroth from offering any opinion about ■■■■■■■■■■■■■■■ or about whether ■ ■■■■■■ is technically comparable to the asserted patents.

Dated: June 30, 2026                         Respectfully submitted,

                                             /s/ Robert F. Kramer
                                             Robert F. Kramer (Admitted E.D. Texas)
                                             rkramer@kramerllp.com
                                             Robert C. Mattson (*pro hac vice*)
                                             rmattson@kramerllp.com
                                             KRAMER LLP
                                             1133 Broadway, Suite 1510
                                             New York, NY 10010
                                             Telephone: (212) 755-6475
                                             Facsimile: (212) 730-8885

                                             Zachariah A. Higgins (*pro hac vice*)
                                             zhiggins@kramerllp.com
                                             Jeremiah A. Armstrong (*pro hac vice*)
                                             jarmstrong@kramerllp.com
                                             Ryan Dooley (*pro hac vice*)
                                             rdooley@kramerllp.com
                                             Robert Xie (*pro hac vice*)

rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

13

████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 30, 2026. A confidential version of this filing was served upon all counsel of record by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that the undersigned complied with the meet and confer requirement of Local Rule CV-7(h). A telephonic meeting was held on June 25, 2026, and correspondence was exchanged on June 26, 2026. The parties could not agree on a resolution to the issues discussed above. Further, this motion is opposed.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer