# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00688-JRG-RSP |
| | § | |
| THE HOME DEPOT, INC and HOME | § | |
| DEPOT U.S.A., INC, | § | |
| | § | |
| *Defendants*. | § | |

Before the Court is the Motion to Stay Pending *Inter Partes* Review, filed by Defendants The Home Depot, Inc. and The Home Depot U.S.A., Inc..[1] **Dkt. No. 65**. After consideration, the Court **GRANTS** the Motion to Stay.

## I.    BACKGROUND

Plaintiff Ravenwhite LLC filed a complaint against Defendants on August 21, 2024, asserting infringement of U.S. Patent Nos. 10,594,823 and 11,562,402. Dkt. No. 1. On November 22, 2024, the Court issued a Docket Control Order. Dkt. No. 43. Pursuant to that Order, the claim construction hearing is set for October 8, 2025, fact discovery closes on November 14, 2025, expert discovery ends on January 8, 2026, and trial is set to begin on April 20, 2026, among other deadlines. *Id.*

On September 17, 2024, Defendants filed petitions for *inter partes* review on all asserted claims of all Asserted Patents. *See generally* IPR 2024-01316; IPR2024-01420. On March 24, 2025, the Patent Trial and Appeal Board instituted trials for all patents. *Id.* Final written decisions for the IPRs are expected by March 24, 2026. On March 31, 2025, Defendants filed the instant

---

[1] On April 7, 2025, member Defendants Walmart Inc. and Wal-Mart Texas Stores, LLC sought leave to join the instant Motion. Dkt. No. 66. The Court subsequently granted them leave to do so.

Motion to Stay, requesting that the Court stay this case until the Board has concluded IPRs of the Asserted Patents. Dkt. No. 65. The matter is now fully briefed.[2]

## II.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at \*1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at \*3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at \*1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at \*2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

## III.    ANALYSIS

### a.  Undue Prejudice

---

[2] After Defendants filed the instant Motion on March 31, 2025, Plaintiff responded on April 14, 2024. Dkt. No. 74. Defendants then replied on April 22, 2025, with Plaintiff filing its Sur-Reply on May 1, 2025. Dkt. No. 79; Dkt. No. 84.

Defendants argue that Plaintiff will not suffer any undue prejudice if the Court grants a stay because Plaintiff does not make any products or compete with Defendants and, therefore, Plaintiff can be sufficiently compensated through monetary relief for any damages. Dkt. No. 65 at 11.

Plaintiff counters by arguing that a stay would delay its interest in the timely enforcement of its patent rights. *See* Dkt. No. 74 at 8-9.

Plaintiff's concern is entitled to some weight. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). However, this factor is present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay. *Id.* (citing *NFC Tech.*, 2015 WL 1069111, at *2); *see also Trover*, 2015 WL 1069179, at *2 (collecting cases). Where, as here, a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Id.* (quoting *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)) (citing *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Further, final written decisions for the IPRs are expected before the scheduled trial, and so, this factor weighs slightly in favor of a stay.

### b.  Stage of the Proceedings

Defendants argue a stay is warranted because this case is still in its early stages, with significant pre-trial events yet to occur, including in particular the *Markman* hearing. *See* Dkt. No. 65 at 10.

3

Plaintiff counters that this case "is at an advanced stage" with infringement contentions and later amended infringement contentions served. Dkt. No. 74 at 14.

"Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317).

The instant Motion was filed on March 21, 2025. Dkt. No. 65. At that point, a trial date had been set (*see* Dkt. No. 43); a Discovery Order had been entered (Dkt. No. 44); and, as Plaintiff asserts, infringement contentions had been served (Dkt. No. 46; *see also* Dkt. No. 92). However, Defendants are correct in asserting that this case is still in its early stages; Plaintiff's assertion that the case is "at an advanced stage" is unconvincing. Accordingly, this factor weighs in favor of a stay.

### c. Issue Simplification

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Defendants contend that the IPR proceedings currently pending against Plaintiff's asserted patents will greatly simplify the issues for this Court. Dkt. No. 65 at 6. To demonstrate this, Defendants need to show that every asserted claim has a reasonable likelihood of being invalidated

by the Board for the Court to grant the Motion. Here, the Board has instituted a trial covering all asserted claims. *See supra* Section I. Accordingly, the simplification factor weighs in favor of a stay.

## IV.    CONCLUSION

The Court finds that, overall, the situation here merits a stay.  Accordingly, for the reasons stated above, the Court **GRANTS** Defendants' Motion.  This case is hereby **STAYED** pending final written decision by the PTAB in the various IPRs identified above.  The parties are directed to file a joint notice within 10 days of the last final written decision, advising the Court of their positions on lifting the stay.

**SIGNED this 18th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE