# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ,<br><br>*Plaintiff,*<br><br>v.<br><br>,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  2: -CV-00-JRG |

**STANDING ORDER ON MOTIONS *IN LIMINE* IN CASES INVOLVING
ALLEGATIONS OF PATENT INFRINGEMENT AND/OR BREACH OF FRAND
OBLIGATIONS, AS WELL AS DECLARATORY JUDGMENT ACTIONS WHICH
RELATE TO THE SAME**

This Order is effective upon filing and supersedes any previous Order as to the same topic. The Court imposes the following set of standard *limine* rulings to be applied to all parties. In addition to these limine orders, each side[1] will be permitted to propose and argue (if opposed)[2] up to, but not more than, five (5) of each sides' own motions *in limine* at the Pretrial Conference.

## I.    STANDARD *LIMINE* ORDERS

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

Court MIL No. 1:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes, dispositive motion practice, or dropped claims or defenses.**

---

[1] The term "side" as used herein shall mean all parties named as or otherwise aligned with the plaintiff or the defendant. For example, if a case has three named defendants and an intervenor principally aligned with one or more of the named defendants, all such entities/persons shall collectively be deemed one "side" for purposes of this Order.

[2] This Order anticipates only opposed *limine* matters being submitted to the Court. Any agreed *limine* matter should be preserved through a filed stipulation acknowledging the Court's power to enforce the same. Without leave, any such *limine* stipulation must be filed not later than 48 hours prior to the beginning of the pre-trial conference.

| Court MIL No. 2: | The parties shall be precluded from introducing evidence, testimony, or argument that raises religious or political beliefs, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) of a party, witness, attorney, or law firm. |
| --- | --- |
| Court MIL No. 3: | The parties shall be precluded from introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation. |
| Court MIL No. 4: | The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions. |
| Court MIL No. 5: | The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable issues or defenses (*i.e.*, evidence that does not also serve another evidentiary purpose relevant to jury issues). |
| Court MIL No. 6: | The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court. |
| Court MIL No. 7: | The parties shall be precluded from introducing evidence, testimony, or argument suggesting that there is anything legally improper in filing a patent application or writing patent claims to cover an adverse party's product. |
| Court MIL No. 8: | The parties shall be precluded from introducing any argument, evidence, testimony, insinuation, reference, or assertion regarding a witness' choice to testify in his or her native or chosen language (being any language other than English). |
| Court MIL No. 9: | The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms. |
| Court MIL No. 10: | The parties shall be precluded from introducing evidence, testimony, or argument bolstering or disparaging the U.S. Patent Office, its examiners, or the process for prosecuting patent applications or granting patents in the United States. This does not preclude factual evidence as to the operations of the USPTO. |

Court MIL No. 11:    **The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted.**

Court MIL No. 12:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation or regarding any comment on attorney-fee compensation including amounts or structure.**

Court MIL No. 13:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.**

Court MIL No. 14:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding the size of the parties' law firms or the number of attorneys representing the parties.**

Court MIL No. 15:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.**

Court MIL No. 16:    **The parties shall be precluded from introducing evidence, testimony, or argument referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings to assist with trial preparation, jury selection, or trial.**

Court MIL No. 17:    **The parties shall be precluded from introducing evidence, testimony, or argument relating to the Court's Claim Construction Order other than the Court's actual adopted constructions, including the Court's reasoning or the parties' agreements.**

Court MIL No. 18:    **The parties shall be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method.**

Court MIL No. 19:    **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that a verdict in one party's favor would impact the cost of goods or services or would have other commercial impacts.**

Court MIL No. 20:    **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the Eastern District of Texas is an improper or inconvenient venue in which to try this case.**

3

Court MIL No. 21:    **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been.**

Court MIL No. 22:    **Neither party shall ask questions or make statements to invoke a privileged or protected answer.**

Court MIL No. 23:    **No expert witness may testify to expert opinions outside the established parameters of her/his expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes.**

Court MIL No. 24:    **Neither party shall reference the presence or absence of any party's corporate representative, employee, or other witness.**

Court MIL No. 25:    **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the opposing party failed to call any witness. The parties shall also be precluded from making any mention or statement of probable testimony of a witness who is absent, unavailable, or will not be called or allowed to testify live or by deposition in this case. In short, neither party shall "try the empty chair."**

Court MIL No. 26:    **Neither party shall reference the presiding judicial officer in any hearing or proceeding by name. All references to the rulings, orders, or policies of the Court shall only be attributed to the Court institutionally but not to any judge or justice by name or individual identity.**

**So ORDERED and SIGNED this 11th day of August, 2023.**

_____
RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE

4