IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT
TO JOIN PATENT OWNERS RAVENWHITE SECURITY, INC. AND
SECURITY TECHNOLOGY, LLC AS CO-PLAINTIFFS**

██████████████████████████

## TABLE OF CONTENTS

I.      Introduction.................................................................................................................... 1

II.     Statement of Facts........................................................................................................... 2

      A.   This Action ............................................................................................................ 2

      B.   RavenWhite, the Proposed Co-Plaintiffs, and the Licenses ....................................... 3

      C.   The Purported Terminal-Disclaimer-Related Standing Defect Raised by Walmart ... 4

III.    Argument ....................................................................................................................... 5

      A.   Good Cause Under Rule 16(b)(4) Exists to Extend the Deadline and Allow
Amendment of the First Amended Complaint to Join the Proposed Co-Plaintiffs ..... 6

      B.   The Court Should Grant RavenWhite Leave to Amend Under Rule 15(a) ............... 10

      C.   Joinder of the Proposed Co-Plaintiffs is Warranted Under Rules 19(a) and 21 ........ 11

IV.     Conclusion ................................................................................................................... 13

████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. S&B Eng'rs & Constructors LLC,*
No. 1:14-cv-38, 1:14-cv-50, 1:14-cv-62, 2014 WL 12906440 (E.D. Tex. Sept. 19, 2014) ........................................................................................................8

*Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.,*
604 F.3d 1354 (Fed. Cir. 2010)..........................................................................4, 11

*Good Sportsman Marketing LLC v. Testa Assocs., LLC,*
No. 6:05CV90, 2005 WL 2850302 (E.D. Tex. Sept. 1, 2005) .......................6, 7, 8, 9

*Immunex Corp. v. Sandoz Inc.,*
964 F.3d 1049 (Fed. Cir. 2020).................................................................................4

*Independent Wireless Telegraph Co. v. Radio Corp. of Am.,*
269 U.S. 459 (1926)....................................................................................11, 12

*Lone Star Silicon Innovations LLC v. Nanya Technology Corporation,*
925 F.3d 1225 (Fed. Cir. 2019)...................................................2, 11, 12, 13

*SB IP Holdings LLC v. Vivint Smart Home, Inc.,*
No. 4:20-cv-00886, 2022 WL 3331254 (E.D. Tex. Aug. 11, 2022) ................5, 6, 10

**Statutes**

28 U.S.C. § 1331................................................................................................12

28 U.S.C. § 1338(a) ............................................................................................12

**Rules**

Fed. R. Civ. P. 15................................................................................................5

Fed. R. Civ. P. 15(a) .............................................................................1, 2, 5, 10

Fed. R. Civ. P. 16................................................................................................5

Fed. R. Civ. P. 16(b)(4).................................................................................passim

Fed. R. Civ. P. 19............................................................................5, 11, 12, 13

Fed. R. Civ. P. 19(a) ....................................................................................passim

Fed. R. Civ. P. 19(a)(1)........................................................................................5

ii

Fed. R. Civ. P. 19(a)(2) ...................................................................................................5

Fed. R. Civ. P. 19(a)(1)(A) ............................................................................................12

Fed. R. Civ. P. 19(a)(1)(B) ............................................................................................12

Fed. R. Civ. P. 19(b) ......................................................................................................13

Fed. R. Civ. P. 21 .....................................................................................................*passim*

## TABLE OF EXHIBITS

| Ex. | Description |
|-----|-------------|
| A | RavenWhite's proposed Second Amended Complaint (with redlines) |
| B | Excerpts of the Exclusive Patent License Agreement relating to U.S. Patent No. 11,562,402, bearing Bates numbers RW00006994-7003 |
| C | Excerpts of the First Amended and Restated Exclusive Patent License Agreement relating to U.S. Patent No. 10,594,823, bearing Bates numbers RW00007544-7553 |
| D | Email chain between counsel for RavenWhite and counsel for Walmart, dated from June 10, 2026 to June 20, 2026 |
| E | Excerpts of a letter from Henry Fildes to Robert Mattson, dated December 12, 2024 |

Pursuant to Rules 15(a), 16(b)(4), 19(a), and 21 of the Federal Rules of Civil Procedure, Plaintiff RavenWhite Licensing LLC ("RavenWhite" or "RavenWhite Licensing") respectfully submits this Motion for Leave to Amend First Amended Complaint to Join RavenWhite Security, Inc. and Security Technology, LLC as Co-Plaintiffs (the "Motion"), as follows.

## I.    INTRODUCTION

Almost two years after the filing of this case, Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart") (RavenWhite and Walmart are the "Parties"), belatedly filed a standing motion based on terminal disclaimers made during the prosecution of U.S. Patent No. 10,594,823 (the "'823 Patent") and U.S. Patent No. 11,562,402 (the "'402 Patent") (collectively, the "asserted patents"). The terminal disclaimers are in the public Patent Office records and Walmart could and should have presented this defense two years ago.

Without making any admissions as to the merits of Walmart's argument and related motion for summary judgment, RavenWhite files this Motion to moot the purported standing defect. In particular, RavenWhite seeks leave to amend the First Amended Complaint to add, as co-plaintiffs, the patent owners RavenWhite Security, Inc. and Security Technology, LLC (the "Proposed Co-Plaintiffs"). RavenWhite's proposed Second Amended Complaint (redlined to show changes from the First Amended Complaint) is attached to the Declaration of Robert F. Kramer ("Kramer Decl.") as Exhibit A.

There is good cause under Rule 16(b)(4) to amend the First Amended Complaint. Any delay in seeking leave to amend was reasonable and justifiable; Walmart only first raised the purported defect on June 10, 2026, and RavenWhite timely sought leave to amend shortly after. The amendment is important to dispense with the alleged standing issue raised by Walmart. Walmart will not be prejudiced by amendment, which will join parties affiliated with RavenWhite and not add any new claims or factual allegations related to the claims. In contrast, RavenWhite

1

will be prejudiced if the Court denies this Motion because RavenWhite will be forced to expend resources litigating Walmart's theory. A continuance is unnecessary because Walmart has sought, and RavenWhite has provided, discovery from the Proposed Co-Plaintiffs as though they were already parties to the case.

Given that there is good cause for amendment, the more liberal standard under Rule 15(a) also warrants granting leave to amend. RavenWhite did not unduly delay filing this Motion once Walmart raised the issue, and it is not acting in bad faith or with dilatory motive. This Motion is RavenWhite's first attempt to cure this alleged terminal-disclaimer-related standing issue. As discussed above, Walmart will not be prejudiced. Finally, amendment will not be futile because joining the Proposed Co-Plaintiffs will completely moot the alleged standing issue.

Joinder is warranted under Rule 19(a) because, although the Proposed Co-Plaintiffs transferred the right to enforce the asserted patents for a limited term, they did not transfer all substantial rights in the asserted patents and thus are necessary parties under applicable Federal Circuit law. *See, e.g., Lone Star Silicon Innovations LLC v. Nanya Technology Corporation*, 925 F.3d 1225, 1236-37 (Fed. Cir. 2019). Finally, Rule 21 allows the Court to add the Proposed Co-Plaintiffs "at any time, on just terms."

Accordingly, the Court should grant this Motion because it is warranted under Rules 15(a), 16(b)(4), 19(a), and 21.

## II. STATEMENT OF FACTS

### A. This Action

On August 21, 2024, RavenWhite filed claims against Walmart in *RavenWhite Licensing LLC v. Walmart Inc.*, Civil Action No. 2:24-cv-00689, for infringement of the asserted patents. On October 22, 2024, the Court ordered consolidation into this Action. Dkt. 23. On October 25, 2024, RavenWhite filed its First Amended Complaint against Walmart. Dkt. 26. This Action then

proceeded according to the Court's Docket Control Order and amendments thereto. The deadline for joinder of additional parties was November 14, 2024, and for filing amended pleadings without leave was December 24, 2025. Dkt. 43, at 5; Dkt. 105, at 4.

**B.    RavenWhite, the Proposed Co-Plaintiffs, and the Licenses**

RavenWhite and the Proposed Co-Plaintiffs are affiliated entities, with common management. █████████████████████████████ are the managers of RavenWhite Licensing, the current plaintiff in this Action. Dkt. 167-1 ¶¶ 1, 8.

The '402 Patent is owned by Security Technology, LLC ("Security Technology"). *Id*. ¶ 3. Security Technology is ███████ owned by ████████████████████████████████ is in turn ████ owned ████████████████████. *Id*. Similarly, the '823 Patent is owned by RavenWhite Security, Inc. ("RavenWhite Security"). *Id*. ¶ 5. RavenWhite Security is ████████████████████████████████████ . *Id*.

Prior to this Action, Security Technology granted RavenWhite Licensing an exclusive license to the '402 Patent, *id*. ¶ 4, and RavenWhite Security granted RavenWhite Licensing an exclusive license to the '823 Patent, *id*. ¶ 6. Under these exclusive licenses for the asserted patents (the "Licenses"), certain rights were transferred to RavenWhite Licensing, and certain rights were retained by the licensors. For example, the Proposed Co-Plaintiffs did not transfer to RavenWhite the right to assign its rights under the Licenses, including the transferred patent rights. Ex. B § 12.1; Ex. C § 12.1. The Proposed Co-Plaintiffs also retained rights to receive from RavenWhite royalties ███████████████████████████████████████████████ … ." Ex. B §§ 3.3, 4.1; Ex. C §§ 3.3, 4.1. The Licenses also include provisions allowing the Proposed Co-Plaintiffs the right to terminate the Licenses ███████████████████████████████████ . Ex. B § 6.1(a); Ex. C § 6.1(a). Furthermore, RavenWhite Licensing's exclusive license (under § 2.1) and

3

enforcement rights (under § 3.1) do not survive termination and thus revert back to the Proposed Co-Plaintiffs in such case. Ex. B § 6.2; Ex. C § 6.2. The Proposed Co-Plaintiffs are, and always have been, the owners of the asserted patents over the course of this litigation.

### C. The Purported Terminal-Disclaimer-Related Standing Defect Raised by Walmart

On June 10, 2026, counsel for Walmart emailed counsel for RavenWhite asserting that there was "an uncurable defect for purposes of Article III standing which Walmart intends to raise with the Court," alleging:

> Both of the asserted patents are subject to terminal disclaimers expressly stating that each patent 'shall be enforceable' only during the period that each Asserted Patent and specifically identified 'prior patents' are commonly owned. However, the asserted patents and corresponding prior patents are no longer 'commonly owned' under the relevant case law in view of the relevant provisions of the underlying exclusive licensing agreements and RavenWhite Licensing's repeated assertions that it holds 'all right, title, and interest' in the asserted patents (including the sole rights to practice, enforce and license the patents). *See, e.g., Immunex Corp. v. Sandoz Inc.*, 964 F.3d 1049, 1059 (Fed. Cir. 2020); *Alfred E. Mann Foundation for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1358 (Fed. Cir. 2010).

Ex. D.[1] RavenWhite's counsel responded on June 12, 2026, to explain that it disagreed with Walmart's position and argument. *Id.* RavenWhite followed up on June 18, stating it intended to file this Motion to cure the purported defect. *Id.* Walmart then filed a Motion for Summary Judgment of Non-Enforceability of the Asserted Patents and Lack of Article III Standing ("MSJ"). Dkt. 176. The MSJ generally argues, incorrectly, that terminal disclaimers filed during the prosecution of the asserted patents, and the subsequent licensing of the asserted patents, results in unenforceability of the asserted patents and a lack of standing for RavenWhite because: (1) RavenWhite Licensing is the effective owner of the asserted patents; (2) RavenWhite Licensing is not the effective owner of patents and patent applications identified by the terminal disclaimers

---

[1] Unless otherwise noted, all exhibits referred to herein are attached to the Declaration of Robert F. Kramer, filed herewith.

4

("prior patents"); (3) that the asserted patents and prior patents are not commonly owned; and (4) RavenWhite Licensing does not have Article III standing. *See id.* at 7, 10-12. Counsel for the Parties met and conferred telephonically on June 25, 2026, and could not resolve the disputes.

## III.  ARGUMENT

Leave to amend the First Amended Complaint and join the "Proposed Co-Plaintiffs" is warranted under Rules 15(a), 16(b)(4), 19(a), and 21. "When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 4:20-cv-00886, 2022 WL 3331254, at *2 (E.D. Tex. Aug. 11, 2022) (internal citation omitted). "Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes," and requires a showing of good cause. *Id*. Once movant has demonstrated good cause, the court applies "the more liberal standard of Rule 15(a) … to a party's request for leave to amend." *Id*. (internal citation omitted).

Furthermore, joinder of necessary parties is governed by Rule 19. According to Rule 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(2) then states that "[i]f a person has not been joined as required, the court must order that the person be made a party." Finally, Rule 21 allows the Court to "at any time, on just terms, add or drop a party." Here, there is good cause to amend the First Amended Complaint to join the Proposed Co-Plaintiffs, who are necessary parties, for the reasons set forth below.

5

**A.**    **Good Cause Under Rule 16(b)(4) Exists to Extend the Deadline and Allow Amendment of the First Amended Complaint to Join the Proposed Co-Plaintiffs**

Under Rule 16(b)(4), "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *SB IP*, 2022 WL 3331254, at *2 (internal quotes and citations omitted). A four-part test applies to the good cause determination: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal citation and brackets omitted).

This District has previously found good cause to allow plaintiffs to amend their complaint to add co-plaintiffs after the deadlines for amendment have passed, in similar circumstances; *i.e.*, to address standing issues. For example, in one patent infringement action, the court granted plaintiff exclusive licensee's motion for leave to amend complaint to add the patent owner after defendants filed a motion to dismiss plaintiff's claims based on lack of standing as a licensee. *Good Sportsman Marketing LLC v. Testa Assocs., LLC*, No. 6:05CV90, 2005 WL 2850302, at *1 (E.D. Tex. Sept. 1, 2005). The amendment was allowed even though the court also found the plaintiff exclusive licensee had standing to sue for infringement without joining the patent owner, and denied defendant's motion to dismiss. *Id.* at *2.

In another patent infringement lawsuit, *Mars, Inc. v. Trurx LLC*, the court granted plaintiff's motion to add its subsidiary, an exclusive licensee of the asserted patents, as a co-plaintiff to seek recovery for lost profits. No. 6:13-cv-526-RWS-KNM, 2016 WL 4034803, at *1, 11 (E.D. Tex. Mar. 14, 2016). Plaintiff filed both a second amended complaint (without leave) adding the exclusive licensee as co-plaintiff, and, separately, a motion for leave seeking the same. *Id.* Defendants filed several motions, including a motion to strike the second amended complaint

6

and to dismiss the exclusive licensee for lack of standing. *Id.* Holding all four Rule 16(b)(4) factors favored allowing amendment, the court determined that there was good cause to add the exclusive licensee as co-plaintiff, and denied defendant's motions to dismiss and strike. *Id.* at *3

Here, all factors favor a finding of good cause. *First,* the delay in moving to amend is reasonable and justifiable. RavenWhite has not sought leave to join the Proposed Co-Plaintiffs until now because it was not put on notice of Walmart's theory until well after the passing of the deadlines to amend the pleadings and add parties. *See Good Sportsman Marketing,* 2005 WL 2850302, at *6 (plaintiff's explanation for delay was "reasonable" because it "claim[ed] that it [wa]s moving to add [the patent owner] to moot [d]efendants' argument that it lacks standing to bring this suit, which [d]efendants made in their motion to dismiss filed after the deadline to add parties had passed"). On June 10, 2026, Walmart first raised its terminal-disclaimer-related standing theory with RavenWhite, and on June 18, RavenWhite proposed to Walmart that the Proposed Co-Plaintiffs be joined, to moot the issue. *Id.* Instead of agreeing to RavenWhite's proposal, Walmart filed its MSJ that same day. Dkt. 176. Shortly thereafter, RavenWhite filed this Motion. Accordingly, RavenWhite did not request leave to amend the complaint until after the docket control deadlines because it was not aware of Walmart's terminal-disclaimer-related standing theory until June 10. As soon it was put on notice of Walmart's intent to raise this issue with the Court, RavenWhite sought leave to amend and join the Proposed Co-Plaintiffs. The first factor therefore weighs in RavenWhite's favor.

*Second,* the proposed amendment is critically important. Joinder of the Proposed Co-Plaintiffs will moot Walmart's MSJ and dispense with the purported terminal-disclaimer-related standing defect, conserving judicial resources. Thus, the second factor weighs in RavenWhite's favor.

*Third*, there is no prejudice to Walmart if the Court allows amendment. The Proposed Co-Plaintiffs "will be [] nominal part[ies] in this suit, as [they] and [RavenWhite] are affiliated entities." *See Good Sportsman Marketing*, 2005 WL 2850302, at *6 (granting plaintiff exclusive licensee's motion to add patent owner as co-plaintiff to cure standing defect raised by defendant in part because patent owner and exclusive licensee were "closely related entities" owned by Timothy Schnell and Schnell Family Trust, respectively). The Proposed Co-Plaintiffs have overlapping management with RavenWhite—Dr. Jakobsson. Dkt. 167-1 ¶¶ 8-9. All parties are represented by the same counsel, Kramer LLP. Kramer Decl. ¶ 2. "This supports granting the motion for leave to amend because adding [Proposed Co-Plaintiffs] as [] co-plaintiff[s] will not substantively or procedurally prejudice [Walmart]." *See Good Sportsman Marketing*, 2005 WL 2850302, at *6. Proposed Co-Plaintiffs and RavenWhite "will have to prove the same infringement claims on the same patents and [Walmart] will assert the same invalidity, noninfringement, and unenforceability defenses." *Id*. The core infringement and invalidity issues remain identical—the addition of the Proposed Co-Plaintiffs does not alter the asserted patents, accused products, or infringement contentions. And, because Walmart and RavenWhite have conducted discovery as though the Proposed Co-Plaintiffs were already parties to the litigation, Walmart faces no additional discovery burdens or shifting legal theories.

The Proposed Co-Plaintiffs are not seeking to add any new causes of action against Walmart. *See Aguirre v. S&B Eng'rs & Constructors LLC*, No. 1:14-cv-38, 1:14-cv-50, 1:14-cv-62, 2014 WL 12906440, at *1 (E.D. Tex. Sept. 19, 2014) (finding good cause to amend complaint to add four new plaintiffs where "plaintiffs [we]re not seeking to add new causes of action"). This district has granted similar motions where "the complexion of this case will not change as a result of [co-plaintiff's] joinder." *See, e.g., Mars*, 2016 WL 4034803, at *3 (granting motion to amend

8

complaint to add parties in part because "[d]efendants will not be faced with materially different claims …"). The facts weigh even stronger in favor of granting this motion than in *Mars*, because there, the addition of co-plaintiffs was related to "an alternative legal theory for recovery on the same underlying facts," while RavenWhite does not seek to add any new theories of recovery. *Id.* (internal brackets and citation omitted).

The Court should reject any argument by Walmart that adding the Proposed Co-Plaintiffs will prejudice it due to expiration of the discovery deadline, because RavenWhite is not seeking to add any new claims. *See, e.g., Good Sportsman Marketing*, 2005 WL 2850302, at *6. Moreover, Walmart knew the identity of the Proposed Co-Plaintiffs throughout this Action and could have sought discovery from them at any time. *See, e.g., Mars*, 2016 WL 4034803, at *3 (granting motion to add parties where defendant already sought discovery about the proposed new parties). Indeed, Walmart did exactly that by including Security Technology and RavenWhite Security in its discovery requests to RavenWhite. *See* Ex. E, at 1, n.4 (treating Security Technology, RavenWhite Security, and RavenWhite Licensing as a single entity for discovery purposes). And, RavenWhite provided discovery from the Proposed Co-Plaintiffs as though they were already parties to the lawsuit.

In contrast, if the Court denies this Motion, RavenWhite could be severely prejudiced, at the very least by having to expend resources litigating this issue that Walmart belatedly raised but could have been addressed by simple joinder of the Proposed Co-Plaintiffs. Accordingly, the third factor also weighs in RavenWhite's favor.

*Fourth*, the last factor also weighs in RavenWhite's favor. Because the joinder of the Proposed Co-Plaintiffs has no effect on discovery and will not alter the parties' claims and defenses, there is no need for a continuance.

9

There is thus good cause for the Court to grant leave to amend to add the Proposed Co-Plaintiffs, because all four factors weigh in RavenWhite's favor.

### B.    The Court Should Grant RavenWhite Leave to Amend Under Rule 15(a)

Leave to amend is also warranted under the "more liberal" Rule 15(a) standard. *See SB IP*, 2022 WL 3331254, at *2. "After a responsive pleading is served, a party may amend only with the opposing party's written consent or the court's leave." Rule 15(a). Rule 15(a) requires courts to "freely give leave when justice so requires." This "evinces a bias in favor of granting leave to amend." *SB IP*, 2022 WL 3331254, at *2 (internal citations omitted). Granting leave to amend "lies within the sound discretion of the district court." *Id.* (internal citation omitted). Five factors are relevant to a Rule 15(a) analysis: "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment." *Id.* at *2.

Here, the Rule 15(a) factors also weigh in favor of granting leave to amend. As explained above, there is a reasonable and justifiable explanation for the delay in seeking leave. *See supra* section III.A. Walmart will be unable to show any bad faith or dilatory motive since the purpose behind RavenWhite's request is clear—to moot Walmart's MSJ and dispense with the purported terminal-disclaimer-related standing defect. RavenWhite has not previously made any attempts to cure the purported terminal-disclaimer-related standing defect because Walmart did not raise the issue until June 10, 2026. As discussed above, allowing joinder of the Proposed Co-Plaintiffs will result in no undue prejudice to Walmart. *See supra* section III.A.

Finally, amendment will not be futile because it will moot the purported terminal-disclaimer-related standing defect. RavenWhite's forthcoming opposition to Walmart's MSJ will present its full reasoning, which at a high level is as follows. RavenWhite does not have all substantial rights in the asserted patents, because the "totality" of the Licenses show retention of

10

certain substantial rights by the Proposed Co-Plaintiffs, including at least: (i) the right to assign; (ii) the right to a portion of net revenue proceeds, including from enforcement; (iii) the right to terminate upon RavenWhite's breach; and (iv) the reversion of the license and enforcement rights back to Proposed Co-Plaintiffs upon termination.[2] Under Federal Circuit case law, such retention of rights by the patent owner can result in a lack of "all substantial rights" by the licensee. *See Lone Star*, 925 F.3d at 1229-33; *Alfred E. Mann Found. for Sci. Resch. V. Cochlear Corp.*, 604 F.3d 1354, 1360-61 (Fed. Cir. 2010). Because of the Proposed Co-Plaintiffs' retention of certain substantial rights, common ownership of the asserted patents and the prior patents remains intact with respect to the terminal disclaimers. Allowing amendment will definitively moot the alleged standing defect and serve the interests of judicial economy.

### C.    Joinder of the Proposed Co-Plaintiffs is Warranted Under Rules 19(a) and 21

Joinder of the Proposed Co-Plaintiffs is required because they are necessary parties under Rule 19(a). As the Federal Circuit recognized in *Lone Star*, the Supreme Court has "concluded that an exclusive licensee should be able to join the patent owner, involuntarily if need be, to maintain suit," because joinder "secur[es] justice to the exclusive licensee." 925 F.3d at 1236 (citing *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459, 466-68 (1926)). It continued, "[w]e have interpreted Rule 19 and *Independent Wireless* as directing courts to join patentees along with licensees who otherwise have standing." *Lone Star*, 925 F.3d at 1237.

---

[2] To the extent RavenWhite's opposition to Walmart's Motion to Compel Plaintiff's Production of Litigation Funding Agreements ("Litigation Funding Agreement Motion") asserted that "RavenWhite is the exclusive licensee of the Asserted Patents having all substantial rights in the patents …" (Dkt. 167, at 1), this referred to RavenWhite's right to sue for infringement of the Asserted Patents (which did not affect the issues in the Motion to Compel Plaintiff's Production of Litigation Funding Agreements, *i.e.* whether the funders had any right to control the litigation, settlement, or the Asserted Patents). Similarly, the First Amended Complaint's allegations that RavenWhite "is the exclusive licensee of all right, title, and interest in and to" the Asserted Patents relates to RavenWhite's right to enforce the Asserted Patents. Dkt. 26 ¶¶ 31, 34.

Whether or not joinder is requested by the patentee or the licensee, "the patentee must be joined, if feasible, when it is a necessary party." *Id.* ("As a general rule, in accordance with *Independent Wireless*, this court adheres to the principle that a patent owner should be joined, either voluntarily or involuntarily, in any patent infringement suit brought by an exclusive licensee having fewer than all substantial patent rights.") (internal citation omitted).

Here, the Proposed Co-Plaintiffs are necessary parties under Rule 19. They would voluntarily join this Action, as required by the Licenses, and would be subject to service of process. *See* Ex. B § 3.3 ("Insofar as required by law, Licensor shall permit any such Proceeding to be brought in its name, including being joined as a party-plaintiff, and shall execute and/or take such actions as may be reasonably necessary or desirable to enable Licensee to conduct such Proceeding…"); Ex. C § 3.3 (same). Their joinder would not deprive the Court of subject-matter jurisdiction, which is based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

Satisfaction of only one prong of Rule 19(a) is required for joinder (as indicated by the disjunctive use of "or" in the statutory language), though more than one is satisfied here. The rights and interests of Proposed Co-Plaintiffs and RavenWhite are directly related and intertwined, and any decision by the Court will impact Walmart's rights as accused infringer. Thus, under Rule 19(a)(1)(A), the Proposed Co-Plaintiffs are necessary parties because "complete relief" cannot be afforded among the existing Parties if they are not joined. *See Lone Star*, 925 F.3d at 1237 (joinder under Rule 19 "ensure[d] that the resulting judgment affords complete relief between" patent owner, licensee, and defendants). Joinder would "help 'secur[e] justice' for [RavenWhite] so [it] can vindicate [its] rights." Moreover, under Rule 19(a)(1)(B), failing to join the Proposed Co-Plaintiffs in this Action, when they have retained certain substantial rights in the asserted patents, results in a "substantial risk" of multiple litigations and multiple liabilities and recoveries against

12

Walmart. "[T]he purpose of Rule 19 … is best served by joinder of the patentee, which would permit the relationships between the licensee, the defendant, and the patentee to all be resolved at the same time as well as solve the [alleged] standing problem." *See Lone Star*, 925 F.3d at 1237 (internal brackets and citation omitted).

Rule 19(a) is accordingly satisfied and the Proposed Co-Plaintiffs must be joined. Walmart has not, and cannot, make any argument that joinder would not be feasible under Rule 19(b). And the Court is permitted, under Rule 21, to "at any time, on just terms, add or drop a party." Therefore, the Court should join the Proposed Co-Plaintiffs.

## IV. CONCLUSION

The Court should grant this Motion and allow RavenWhite leave to amend to join the Proposed Co-Plaintiffs, thereby mooting Walmart's motion for summary judgment on the issue of standing.

Dated: July 1, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065

13

Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

14

███████████████████████████████████████████████

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that the undersigned complied with the meet and confer requirement of Local Rule CV-7(h). A telephonic meeting was held on June 25, 2026. The parties could not agree on a resolution to the issues discussed above. Further, this motion is opposed.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 1, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer