# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., et al<br><br>Defendants. | Case No.  2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., et al<br><br>Defendants. | Case No.  2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**Formatted:** French (France)

**~~FIRST~~ SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST
DEFENDANTS WALMART INC. AND WAL-MART STORES TEXAS, LLC**

Plaintiffs RavenWhite Licensing LLC ("RavenWhite Licensing" ~~or "Plaintiff"~~), RavenWhite Security, Inc. ("RavenWhite Security"), and Security Technology, LLC ("Security Technology") (collectively, "RavenWhite" or "Plaintiff") brings this patent infringement action against Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart" or "Defendants") based on information and belief, as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of U.S. Patent Nos. 10,594,823 ("the '823 patent") and U.S. Patent No. 11,562,402 ("the '402 patent") (collectively, the "patents-in-suit"), attached hereto as Exhibit 1 and Exhibit 2, under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2.      RavenWhite brings this patent infringement action to protect its valuable patented technology relating to (1) an advanced machine-to-machine authentication technique that stores encoded information at a client device on the basis of network resource requests determined by a server; and (2) improved advertising systems that enable tiered bidding, cross-selling, and retargeting in online marketing systems.

## THE PARTIES

3.      Plaintiff RavenWhite Licensing is a Delaware limited liability company with a principal place of business at 145 La Sandra Way, Portola Valley, CA 94028.

4.      Plaintiff RavenWhite Security is a Delaware corporation with a principal place of business at 145 La Sandra Way, Portola Valley, CA 94028.

3.5.      Plaintiff Security Technology is a Delaware limited liability company with a principal place of business at 7 East 20th Street #12f, New York, NY 10003.

4.6.    Defendant Walmart Inc. is a company organized under the laws of the State of Delaware with a principal place of business at 702 SW 8th St., Bentonville, AR 72716. Walmart Inc. may be served with process through its registered agent CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

5.7.    Defendant Wal-Mart Stores Texas, LLC is a company organized under the laws of the State of Delaware with a principal place of business at 702 SW 8th St., Bentonville, AR 72716. Wal-Mart Stores Texas, LLC may be served with process through its registered agent CT Corporations System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6.8.    Wal-Mart Stores Texas, LLC is controlled and managed by Walmart Inc. in connection with Defendants' infringing activities pleaded herein. Defendants function as an integrated organization and a single business enterprise in connection with those activities. Defendants hold themselves out as a single business enterprise in their advertising and in

-2-

connection with the trademark "Walmart" in promoting the sale of products through Walmart retail stores and walmart.com, without any apparent distinction regarding which Defendant is offering or would deliver those products and services.

7.9.    Defendants control, participate in the commission of, and have a direct financial interest in the infringing acts set forth herein.

**JURISDICTION AND VENUE**

8.10.    RavenWhite incorporates by reference and re-alleges the foregoing paragraphs as fully set forth herein.

9.11.    This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

10.12. In 2000, Walmart started its eCommerce initiative through the creation of walmart.com. As Walmart states in its Annual Report, its eCommerce presence continues to grow. In 2007, Walmart, using its physical stores, started its "Site to Store" service, allowing "customers to make a purchase online and pick up merchandise in stores." Walmart 2023 Annual Report, at 6 (2023),   https://s201.q4cdn.com/262069030/files/doc_financials/2023/ar/Walmart-10K-Reports-Optimized.pdf.

11.13.  As the Report further indicates, Walmart has "heavily invested in omni-channel and eCommerce innovation" to "leverage technology, talent and expertise" to grow its service and product offerings both through the Walmart website and physical stores. *Id*. at 6.

12.14.  Walmart maintains an omni-channel sales and marketing strategy:

[Walmart] integrat[es] retail stores and eCommerce, through services such as pickup and delivery, in-home delivery, ship-from-store, and digital pharmacy fulfillment options. As of January 31, 2023, we had more than 4,600 pickup locations and more than 3,900 same-day delivery locations. Our Walmart+ membership offering provides enhanced omni-channel shopping benefits including

> unlimited free shipping on eligible items with no order minimum, unlimited delivery from store, fuel discounts, access to Paramount+ streaming service, and mobile scan & go for a streamlined in-store shopping experience. We have several eCommerce websites, the largest of which is walmart.com. We define eCommerce sales as sales initiated by customers digitally and fulfilled by a number of methods including our dedicated eCommerce fulfillment centers and leveraging our stores, as well as certain other business offerings that are part of our flywheel strategy, such as our Walmart Connect advertising business....

*Id*. at 7.

13.15.  Walmart describes how it controls and directs its physical stores and fulfillment centers in relation to its eCommerce business and omni-channel marketing and sales strategy:

> We continue to invest in supply chain automation and utilize a total of 163 distribution facilities which are located strategically throughout the U.S. For fiscal 2023, the majority of Walmart U.S.'s purchases of store merchandise were shipped through these facilities, while most of the remaining store merchandise we purchased was shipped directly from suppliers. General merchandise and dry grocery merchandise is transported primarily through the segment's private truck fleet; however, we contract with common carriers to transport the majority of our perishable grocery merchandise. We ship merchandise purchased by customers on our eCommerce platforms by a number of methods from multiple locations including from our 34 dedicated eCommerce fulfillment centers, as well as leveraging our ability to ship or deliver directly from more than 3,900 stores.

*Id*. at 8.

14.16.  As an example, when a customer residing in the Eastern District of Texas, Tyler, Texas, shops on the Walmart website, the website directs the customer to a specific Walmart store in the Eastern District of Texas that is geographically close to the customer. In image below, the webpage recommends the Tyler Supercenter in Tyler, Texas as the physical Walmart store where the customer's online shopping choices will be fulfilled.



15.17. Another screenshot from the same online transaction shows that the Walmart website will provide the specific address of the store, in this case, 6801 S Broadway Ave, Tyler, Texas 75703.



-5-

16.18.  Moreover, when the customer selects a specific product, the website directs the customer to a local store (the Tyler Supercenter in this example) where the customer can pick up that item. The website even informs the customer of the specific location within the store (Aisle H28 in the image below) where that item is located.



17.19.  As another example, the Walmart website runs a web page specifically dedicated to "Walmart in Texas." *See* https://corporate.walmart.com/about/location-facts/united-states/texas. That web page details and describes Walmart's operations in Texas. Further, the Walmart website also has a "Texas Walmart Stores" listing all of the Walmart stores in Texas. *See* https://www.walmart.com/store-directory Walmart has stores across the Eastern District of Texas in Allen, Denton, Frisco, Lewisville, Longview, Marshall, McKinney, Plano, Sherman, and Tyler. The Walmart in Marshall, Texas is located at 1701 E End Blvd N, Marshall, Texas 75670.

18.20.  Walmart has and maintains substantial contacts with the State of Texas by maintaining its physical retail operations, which includes retail stores and fulfillment centers. These are managed in conjunction with Walmart's direction and control of the Walmart website.

In total, Walmart has more than 500 retail stores and 25 distribution and fulfillment centers in Texas. In addition, Walmart's Global Tech corporate operation conducts business out of an office in Plano, Texas. This department develops and manages technology synonymous with Walmart's intricate and extensive supply chain infrastructure, which is used in managing and maintaining the business through the Walmart website. Upon information and belief, this office is located at 5830 Granite Pkwy, Suite 300, Plano, TX 75024.

19.21.  The Court has personal jurisdiction over Walmart Inc. consistent with the Texas Long Arm Statute. This Court has personal jurisdiction over Walmart Inc. in this action because, among other reasons, Walmart Inc. has committed infringing acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with the forum state of Texas. Walmart Inc. conducts business in this District.

20.22.  Further, this Court has personal jurisdiction over Walmart Inc. because Walmart Inc. has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271. Walmart Inc. has purposefully availed itself of the privileges of conducting business in the State of Texas, and Walmart Inc. regularly conducts business within the State of Texas. Moreover, this Court has general jurisdiction over Walmart Inc., including due to its continuous and systematic contacts with the State of Texas. Further, on information and belief, Walmart Inc. is subject to the Court's jurisdiction, including because Walmart Inc. has committed patent infringement in the State of Texas.

21.23.  Walmart Inc. is subject to the specific personal jurisdiction of this Court because RavenWhite's patent infringement claims against Walmart Inc. specifically arise from Walmart Inc.'s acts of infringement in the State of Texas. Among these acts of infringement include directing and controlling the operation of the walmart.com interactive website using the patented

inventions, and specifically targeting residents of Texas with this website to further the sale of products and services to those customers. Walmart's customers include retail customers, advertisers, vendors, merchants, end-users, users of Walmart's mobile aps, and visitors to Walmart's websites.

22.24. This includes but is not limited to Walmart Inc.'s directing and controlling the operation of the Walmart website so customers can find a Walmart retail store in Texas where the customer can shop, pick up products ordered through Walmart's website, or visit the Website for some other commercial purpose. Walmart Inc. generates immense revenue through making the Walmart website available to customers in the State of Texas.

23.25. The Court has personal jurisdiction over Wal-Mart Stores Texas LLC consistent with the Texas Long Arm Statute. This Court has personal jurisdiction over Wal-Mart Stores Texas LLC in this action because, among other reasons, Wal-Mart Stores Texas LLC has committed infringing acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with the forum state of Texas. Wal-Mart Stores Texas LLC conducts business in this District.

24.26. Further, this Court has personal jurisdiction over Wal-Mart Stores Texas LLC because Wal-Mart Stores Texas LLC has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271. Wal-Mart Stores Texas LLC has purposefully availed itself of the privileges of conducting business in the State of Texas, and Wal-Mart Stores Texas LLC regularly conducts business within the State of Texas. Moreover, this Court has general jurisdiction over Wal-Mart Stores Texas LLC, including due to its continuous and systematic contacts with the State of Texas.

25.27. Wal-Mart Stores Texas LLC is subject to the specific personal jurisdiction of this

Court because RavenWhite's patent infringement claims against Wal-Mart Stores Texas LLC specifically arise from Wal-Mart Stores Texas LLC's acts of infringement in the State of Texas. Among these acts of infringement include directing and controlling the physical store and fulfillment center locations where customers who order products through Walmart's website can pick up their purchased items.

26.28.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). Walmart maintains a continuous physical presence within the District. On information and belief, venue is proper in this District, including because Walmart has committed patent infringement in this District. Pursuant to 25 U.S.C. § 271, Walmart infringes the patents-in-suit by the infringing acts described herein. For example, Walmart directly infringes the patents-in-suit in this District, and Walmart solicits customers in this District and induces those customers to directly infringe the patents-in-suit in this District.

27.29.  Plaintiff incorporates the allegations stated throughout this Amended Complaint, including the paragraphs above and paragraphs below in support of its allegation that Walmart infringes the patents-in-suit in this District and venue is proper in this District to address Walmart's infringement in this lawsuit in this Court.

**PATENTS-IN-SUIT**

28.30.  U.S. Patent No. 10,594,823, titled "Method and Apparatus for Storing Information in a Browser Storage Area of a Client Device," duly and legally issued on March 17, 2020, from U.S. Patent Application No. 15/706,556, filed on September 15, 2017.

29.31.  Plaintiff RavenWhite Security, Inc. is the owner by assignment of tThe '823 patent is owned by RavenWhite Securityand joins this action as a co-Plaintiff for the purpose of enforcing the '823 patent against Defendants under the patent laws of the United States, including 35 U.S.C. § 281. , Inc., a Delaware corporation located at 145 La Sandra Way, Portola Valley, CA 94028.

RavenWhite Security is a research-oriented cybersecurity company. It develops technologies that address consumers' technical and ease-of-use demands. RavenWhite Security's mission is to make e-commerce safer for consumers.

~~30.~~32.   Plaintiff RavenWhite Licensing LLC is a Delaware limited liability company, located at 145 La Sandra Way, Portola Valley, CA 94028.

~~31.~~33.   Plaintiff RavenWhite Licensing LLC is the exclusive licensee of ~~all right, title, and interest in and to~~ the '823 patent with certain limited rights in the '823 patent, including the right to assert infringement~~, including the right to assert all causes of action arising under said patent and to seek damages and all other remedies for the infringement thereof~~.

~~32.~~34.   U.S. Patent No. 11,562,402, titled "Advertising Model," duly and legally issued on January 24, 2023, from U.S. Patent Application No. 17/201,306, filed on March 15, 2021.

~~33.~~35.   Plaintiff Security Technology, LLC is the owner by assignment of t~~T~~he '402 patent ~~is owned by Security Technology~~ and joins this action as a co-Plaintiff for the purpose of enforcing the '402 patent against Defendants under the patent laws of the United States, including 35 U.S.C. § 281~~, LLC, a Delaware limited liability company located at 7 East 20th Street #12f, New York, NY 10003~~.

~~34.~~36.   Plaintiff RavenWhite Licensing LLC is the exclusive licensee of ~~all right, title, and interest in and to~~ the '402 patent with certain limited rights in the '823 patent, including the right to assert infringement~~, including the right to assert all causes of action arising under said patent and to seek damages and all other remedies for the infringement thereof~~.

**'823 Patent Background**

~~35.~~37.   The '823 patent relates generally to client-server communications and causes a browser to store information in a browser storage area of a client device. More specifically, the '823 patent discloses an advanced machine-to-machine authentication technique that stores

encoded information at a client device on the basis of network resource requests determined by a server. Authentication has grown significantly in importance as e-commerce has shifted retail sales online and customers have a growing need to create online accounts.

### '402 Patent Background

36.38. The '402 patent relates to improved advertising systems that enable tiered bidding, cross-selling, and retargeting in online marketing systems. Cross-selling is the notion of offering a second product based on a believed purchase of a first product. Retargeting (also known as remarketing) is the notion of reaching out to a user in response to a non-purchase and offering them a product.

### <u>COUNT I</u>

(Walmart's Infringement of U.S. Patent No. 10,594,823)

37.39. RavenWhite incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

38.40. Walmart has infringed and continues to infringe one or more claims of the '823 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a) *et seq.* by or through making, using, selling, or offering for sale within the U.S., or importing into the U.S., systems and components thereof for online shopping and advertising. For example, Walmart creates, maintains, and operates its system of physical stores and computer networks ("the Walmart System") including the servers through which it operates the Walmart website and allows customers to make online shopping selections that can be fulfilled at physical stores. Walmart has infringed and continues to infringe the '823 patent through its provision of the Walmart System.

39.41. Exhibit 3 is an exemplary claim chart, demonstrating on an element-by-element basis, how the Walmart System infringes claims 1 and 6 of the '823 patent.

40.42. Upon information and belief, Walmart has indirectly infringed and continues to

indirectly infringe at least claim 1 of the '823 patent in violation of 35 U.S.C. §271(b). From at least the time Walmart received notice of the '823 patent, Walmart has induced others to infringe at least claim 1 of the '823 patent under 35 U.S.C. §271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Walmart's customers, whose use of the Walmart system constitutes direct infringement of at least one claim of the '823 patent. By using the Walmart System, which infringes at least claim 1 of the '823 patent, Walmart's customers directly infringe at least claim 1 of the '823 patent under 35 U.S.C. § 271(a).

41.43. Walmart aids, instructs, or otherwise acts with the intent to cause customers to perform acts of direct infringement by, for example, (1) hosting websites and providing mobile apps for customers to interact with and use the Walmart System and (2) providing instruction materials, support training, and services, and actively inducing its customers to sign up for online accounts and use the Walmart System. *See, e.g.*,



https://www.walmart.com/help/article/create-or-edit-an-account/147a20c9cada4d75b8e0128b16fb6fda; *See also:* https://www.walmart.com/account/login?vid=oaoh&tid=0&returnUrl=%2Fhelp%2Farticle%2Fcreate-or-edit-an-account%2F147a20c9cada4d75b8e0128b16fb6fda%3FchatBot%3Dopen; https://www.walmart.com/help;       https://corporate.walmart.com/askwalmart/what-if-i-have-a-question-about-customer-support;       https://one.walmart.com/content/walmartethics/tr_tr/contact-us.html; https://corporate.walmart.com/about/contact; and https://sellerhelp.walmart.com/s/contact?language=en_US.

42.44.  Additionally, Walmart touts the features and benefits that customers gain access to when they create an online account with the Walmart System.

**With an account you can check:**

- Order Status
  - We'll send email confirmations when your items have shipped.
  - Email notifications in case our Customer Service needs to contact you about your order.
- Address Book
  - Store unlimited names and addresses and access them for easy checkout.
- Photo Center
  - Upload, store and share your photos online.
- Wish Lists & Registries
  - Keep a running list of your favorite items and planned purchases.

https://www.walmart.com/help/article/create-or-edit-an-account/147a20c9cada4d75b8e0128b16fb6fda.

43.45.  Walmart also gives instructions as to how to maintain the account once created, such as editing personal information or delivery address.

-13-

**Changing or removing delivery addresses**

1. Select **Account**.
2. Select **Delivery addresses**.
3. Select **Add new address** next to "Add delivery address" or **Edit** or **Remove** next to the delivery address you wish to change.

https://www.walmart.com/help/article/create-or-edit-an-

account/147a20c9cada4d75b8e0128b16fb6fda.

44.46. Walmart knew that its customers' use of the Walmart System would directly infringe at least claim 1 of the '823 patent. Walmart has knowledge of the '823 patent as a result of RavenWhite filing this lawsuit, as well as a previous lawsuit, *RavenWhite Licensing LLC v. Walmart Inc. et al.*, Case No. 2-23-cv-00418 (E.D. Tex.), accusing Walmart of infringing the '823 patent. Despite its knowledge of the '823 patent, Walmart continues to make the Walmart System available to customers, specifically intending for and inducing its customers to infringe the '823 patent.

45.47. Alternatively, and upon information and belief, Walmart is liable as a contributory infringer of the '823 patent under 35 U.S.C. §271(c) by having offered to sell, sold, and/or imported and continuing to offer to sell, sell, and/or import into the United States the software that implements the Walmart System, including the server-side and/or client-side software, mobile app and/or web-browser code. The software constitutes a material part of the claimed invention because it implements the functionalities set forth in claim 1 of the '823 patent. Specifically designed for this purpose, Walmart's software lacks a substantial non-infringing use, and Walmart has been aware of its infringing nature since receiving notice of the '823 patent.

## COUNT II

(Walmart's Infringement of U.S. Patent No. 11,562,402)

-14-

46.48.  RavenWhite incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

47.49.  Walmart has infringed and continues to infringe one or more claims of the '402 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a) *et seq.* by or through making, using, selling, or offering for sale within the U.S., or importing into the U.S., systems and components thereof for online shopping and advertising, including the Walmart System. For example, Walmart Connect is an advertising platform and service provided by Walmart within the Walmart System. Walmart has infringed and continues to infringe the '402 patent through its provision of Walmart Connect.

48.50.  Exhibit 4 is an exemplary claim chart, demonstrating on an element-by-element basis, how Walmart Connect infringes claims 1, 10, and 19 of the '402 patent.

49.51.  Upon information and belief, Walmart has indirectly infringed and continues to indirectly infringe at least claims 10 and 19 of the '402 patent in violation of 35 U.S.C. §271(b). From at least the time Walmart received notice of the '402 patent, Walmart has induced others to infringe at least claims 10 and 19 of the '402 patent under 35 U.S.C. §271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Walmart's customers (including but not limited to retail customers, advertisers, vendors, merchants, end-users, users of Walmart's mobile aps, and visitors to Walmart's websites), whose use of the Walmart System including Walmart Connect constitutes direct infringement of at least one claim of the '402 patent.  By using the Walmart System, including the Walmart Connect platform and the computer program for implementing Walmart Connect, which infringes at least claims 10 and 19 of the '402 patent, Walmart's customers (including at least vendors, advertisers, and end-users), directly infringe claims 10 and 19 of the

-15-

'402 patent under U.S.C. § 271(a).

50.52. Walmart aids, instructs, or otherwise acts with the intent to cause customers to perform acts of direct infringement by, for example, (1) hosting websites and providing mobile apps for customers to interact with and use the Walmart System, including Walmart Connect, and (2) providing instruction materials, support training, and services, and actively inducing its customers to sign up for online accounts and use the Walmart System, including Walmart Connect. *See, e.g.*,



https://www.walmart.com/help/article/create-or-edit-an-account/147a20c9cada4d75b8e0128b16fb6fda; *See also:*

https://www.walmart.com/account/login?vid=oaoh&tid=0&returnUrl=%2Fhelp%2Farticle%2Fcreate-or-edit-an-account%2F147a20c9cada4d75b8e0128b16fb6fda%3FchatBot%3Dopen;

https://www.walmart.com/help; *see also* https://corporate.walmart.com/askwalmart/what-if-i-have-a-question-about-customer-support;

https://one.walmart.com/content/walmartethics/tr_tr/contact-us.html;

-16-

https://corporate.walmart.com/about/contact; and

https://sellerhelp.walmart.com/s/contact?language=en_US.

51.53.  Additionally, Walmart aids, instructs, or otherwise acts with the intent to cause customers, such as advertisers and vendors, to perform acts of direct infringement by, for example, inducing advertisers and vendors to use Walmart Connect to display advertisements to end-user customers. For example, Walmart Connect advertises its "Brand Shop & Shelf," feature to "help boost awareness and sales of your items," "Display," for "display ads," which are shown both "onsite on our digital properties" and "in our stores," and "Sponsored Search," which helps to "increase product sales and visibility and defend your market share with cost-effective ads that reach customers as they search and browse Walmart.com." Walmart provides a login for both "Seller Center" and "Supplier Center" for third-party advertisers to manage these elements of Walmart Connect. *See* Walmart Connect Ad Center, available at https://advertising.walmart.com/signin?adtechClientId=d8e4dc23-caef-4401-9e36-fa89422644a2. Further details are advertised for the "Brand Shop & Shelf" to advertisers, noting that the Shelf can serve as a landing page for advertisers' media activations, and encouraging advertisers to "get started." *See* Walmart Connect Brand Shop and Shelf. Available at https://www.walmartconnect.com/brand-shop.

52.54.  Walmart also advertises the availability of a self-serve template for third parties with built-in SEO optimizations for the Walmart Connect Brand Shop or Shelf. Walmart encourages third parties to use its Walmart Connect Ad Center Shop Builder to access this template. *See* Walmart Connect Brand Shop and Shelf. Walmart further advertises that its Brand Shop and Shelf will "amplify your media campaigns, help boost brand and item awareness and drive sales." *See* Walmart Connect Brand Shop and Shelf. Walmart also advertises that its Brand

Shop provides access to "performance metrics to identify additional optimization opportunities." *See* Walmart Connect Brand Shop and Shelf. Similarly, Walmart advertises that its Onsite Display Ads provide further benefits to advertisers, such as allowing third parties to "influence customers on our site and app," "precisely target customers," and "help increase sales" in both "Walmart's digital properties and in our stores." *See* Onsite Display Ads, available at https://www.walmartconnect.com/display.

53.55. Further, Walmart advertises its ad-targeting ability, describing that its Onsite Display Ads use in-store and online purchase history, search behavior, and current activity to serve "precisely targeted ads to customers." *See* Onsite Display Ads. Walmart also describes that third-party advertisers will be able to "reach new customers or existing," showing targeted ads at the search and browse page, the item page, and the thank you page. *See* Onsite Display Ads. *See* Walmart also encourages third parties to purchase Homepage Feature ads to "ensure your brand reaches Walmart customers…while in a shopping mindset." *See* Onsite Display Ads. Walmart also encourages third parties to purchase ads based on "your category," including search, browse, category, and item pages. *See* Onsite Display Ads. Walmart encourages third party advertisers to "launch and manage your own campaign, work with an adtech partner or get the white-glove treatment" when purchasing ads through Walmart Connect. *See* Onsite Display Ads. Walmart further describes to third parties that Sponsored Search will allow them to "connect with Walmart customers who are actively searching and browsing for products like yours." Sponsored Search, available at https://www.walmartconnect.com/sponsored-search. Walmart advertises that Sponsored Search boosts conversion rates and product visibility, including across both digital properties (including search results, browse, category, item, and pre-checkout pages) and Walmart stores. *See* Sponsored Search. Walmart also advertises that its advertisers see a 30% higher

-18-

conversion rate with Sponsored Brands at the top of the search results page. *See* Sponsored Search. Walmart also advertises Sponsored Videos for targeting keywords within search results. *See* Sponsored Search. Walmart also encourages third party advertisers to "Start Advertising," including providing instructions to sign in to Walmart Connect Ad Center, Sponsored Search Account and Onboarding Guide, Become a Walmart Marketplace seller, get help with an existing advertising account, and find a Walmart Connect advertising partner. *See* https://www.walmartconnect.com/contact. Walmart also provides more details, such as the Sponsored Search Account and Onboarding Guide: https://advertisinghelp.walmart.com/s/guides?channel=Sponsored%20Products&article=000009 952. *See also* "Start selling with Walmart." https://seller.walmart.com/signup?locale=en-US; Advertising Account help: https://advertisinghelp.walmart.com/s/contact; Walmart Connect advertising partners: https://www.walmartconnect.com/partners/partner-directory.

54.56.  Additionally, Walmart touts the features and benefits that customers gain access to by creating an online account with the Walmart System.

**With an account you can check:**

- Order Status
    - We'll send email confirmations when your items have shipped.
    - Email notifications in case our Customer Service needs to contact you about your order.
- Address Book
    - Store unlimited names and addresses and access them for easy checkout.
- Photo Center
    - Upload, store and share your photos online.
- Wish Lists & Registries
    - Keep a running list of your favorite items and planned purchases.

https://www.walmart.com/help/article/create-or-edit-an-account/147a20c9cada4d75b8e0128b16fb6fda.

-19-

55.57.  Walmart also gives instructions as to how to maintain the account once created, such as editing personal information or delivery address.

**Changing or removing delivery addresses**

1. Select **Account**.
2. Select **Delivery addresses**.
3. Select **Add new address** next to "Add delivery address" or **Edit** or **Remove** next to the delivery address you wish to change.

https://www.walmart.com/help/article/create-or-edit-an-account/147a20c9cada4d75b8e0128b16fb6fda.

56.58.  Walmart knew that its customers' use of the Walmart System and/or Walmart Connect would directly infringe at least claims 10 and 19 of the '402 patent. Walmart has knowledge of the '402 patent as a result of RavenWhite filing this lawsuit, as well as a previous lawsuit, *RavenWhite Licensing LLC v. Walmart Inc. et al.*, Case No. 2-23-cv-00418 (E.D. Tex.), accusing Walmart of infringing the '402 patent. Despite its knowledge of the '402 patent, Walmart continues to make the Walmart System, including Walmart Connect, available to customers, specifically intending for and inducing its customers to infringe the '402 patent.

57.59.  Alternatively, and upon information and belief, Walmart is liable as a contributory infringer of the '402 patent under 35 U.S.C. §271(c) by having offered to sell, sold, and/or imported and continuing to offer to sell, sell, and/or import into the United States the software that implements the Walmart System (including Walmart Connect), including the server-side and/or client-side software, mobile app and/or web-browser code. The software constitutes a material part of the claimed invention because it implements the functionalities set forth in claims 10 and 19 of the '402 patent. Specifically designed for this purpose, Walmart's software lacks a substantial non-infringing use, and Walmart has been aware of its infringing nature since receiving notice of the

'402 patent.

### PRAYER FOR RELIEF

WHEREFORE, RavenWhite requests the following relief from this Court:

(A) A judgment that each defendant is liable for infringement of one or more claims of the '823 patent and the '402 patent.

(B) Compensatory damages in an amount according to proof, and in any event no less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

(C) Pre-judgment interest;

(D) Post-judgment interest; and

(E) A judgment granting RavenWhite such further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, RavenWhite demands a trial by jury for all issues so triable.

Dated: July 1, 2026

Respectfully submitted,

/s/ draft
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705
jarmstrong@kramerllp.com
Rachael Chan (*pro hac vice*)
CA Bar No. 265002
rchan@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
CA Bar No. 329126
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com

-22-

Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiffs*
RavenWhite Licensing, LLC;
RavenWhite Security, Inc.
and Security Technology, LLC

**Formatted: Left**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 1, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

-23-