# EXHIBIT E



**DLA Piper LLP (US)**
500 Eight Street, NW
Washington, DC 20004
www.dlapiper.com

Henry Fildes
Henry.Fildes@dlapiper.com
T  202.799-4309
F  202-799-5309

December 12, 2024
*VIA E-MAIL*

Robert Mattson
Kramer Alberti Lim & Tonkovich LLP
950 Tower Lane, Suite 1725
Foster City, CA 94404

**Re:**  *RavenWhite Licensing LLC v. Walmart Inc. et al.***, Case No. 2:24-cv-689-JRG-RSP (E.D. Tex.)**

Dear Mr. Mattson:

We write on behalf of Walmart regarding production of documents by RavenWhite Licensing LLC ("RavenWhite") in the above-referenced case. Part 3 of the Court's Discovery Order (*RavenWhite Licensing LLC v. The Home Depot Inc., et al.*, Case No. 2:24-cv-688-JRG (Lead Case), Dkt. 44) requires the automatic production of all documents, electronically stored information ("ESI"), and tangible things in RavenWhite's possession, custody, or control that are relevant to the pleaded claims and defenses involved in this litigation.[1] As you collect documents for production in this matter, please keep in mind the following categories of documents that Walmart requests to see in RavenWhite's production. This list is not meant to be exhaustive. Walmart requests to receive a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of RavenWhite that are relevant to the pleaded claims or defenses involved in this action.

**Categories**

1.    All documents[2] and things[3] used, considered, consulted, reviewed, referred to, or relied upon in the preparation of any document filed or served by RavenWhite[4] in this litigation,

---

[1] "Litigation" includes related cases, including without limitation Case No. 2:24-cv-689.

[2] "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations or other electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

[3] "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, including any tangible object, of any kind and nature, other than a document as defined herein.

[4] "RavenWhite," "You," and "Your" include RavenWhite Licensing LLC, RightQuestion, LLC, Security Technology, LLC, RavenWhite Security Inc. its parents, subsidiaries' parents, subsidiaries, divisions, branches, affiliates, predecessors, or successors in business, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including, without limitation, any past or present agents, members, employees, officers, directors, trustees, and attorneys of any of the foregoing.

1615428519



Robert Mattson
Kramer Alberti Lim & Tonkovich LLP
*RavenWhite Licensing LLC v. Walmart Inc. et al.*, Case No. 2:24-cv-689-JRG-RSP (E.D. Tex.)
December 12, 2024
Page Two

including, without limitation, any complaint or answer served by you and any defenses raised therein and all documents and things concerning or reviewed or relied upon by you when preparing any written response to any interrogatory or request for admission served by any party in this litigation (including related cases).

2.    All documents relating to the asserted patents[5], any related patents[6], and any other RavenWhite technology (whether patented or not) similar to or in any way relating to the alleged invention(s) of the asserted patents. This includes, without limitation, for all asserted patents and related patents: all prior art identified during prosecution of the asserted patents, related patents, and RavenWhite technology in front of any foreign patent office; all correspondence with a foreign patent office, including the file wrapper or prosecution history of each related patent and RavenWhite technology; and documentation identifying why prosecution of any related patent is abandoned, failed, or stalled for cases in which such related patent is abandoned, failed, or stalled.

3.    Copies of certified and complete file wrappers for the asserted patents and related patents.

4.    All documents and things substantiating and/or refuting your claims and/or defenses in this litigation, which includes but is not limited to: (i) all documents and things upon which you intend to rely to support any claim or defense made in this matter; (ii) all documents and things that you rely on or intend to rely on in this action for any belief or contention relating to the patentability, validity, or enforceability of the asserted patents, including, but not limited to, all prior art searches, investigations, or analyses conducted, prepared, received, or considered by, or on behalf of RavenWhite, and all patents, publications, prior uses, prior inventions, prior experiments, prior sales or offers for sale that were found in any search, cited in any opinion, or that were obtained by or for RavenWhite as a result of any search or opinion or that were otherwise known or obtained by RavenWhite; and (iii) all documents and things related to your position or contention regarding the level of ordinary skill in the art of the asserted patents.

5.    All documents and things substantiating and/or refuting your contentions, if any, that the asserted patents are valid under any section of Title 35 of the United States Code or any other legal basis, including without limitation patentability under Section 101 and validity under Sections 102, 103, and 112.

---

[5] "Asserted patents" means any patent that RavenWhite alleges that Walmart infringes, including without limitation U.S. Patent Nos. 10,594,823 and 11,562,402.

[6] "Related patent(s)" means any U.S. patent, non-U.S. patent, continuation, continuation-in-part, divisional, reexamination, reissue, counterpart patent, or patent application that shares all, or substantially all, of its specification with the asserted patents, or claims priority to the asserted patents, or from which the asserted patents claim priority.

1615428519



Robert Mattson
Kramer Alberti Lim & Tonkovich LLP
*RavenWhite Licensing LLC v. Walmart Inc. et al.*, Case No. 2:24-cv-689-JRG-RSP (E.D. Tex.)
December 12, 2024
Page Ten


      We look forward to your prompt attention to the above categories and look forward to a timely production of responsive documents by RavenWhite.


            Very truly yours,

            */s/ Henry Fildes*

            Henry Fildes

            **DLA Piper LLP (US)**

1615428519