# EXHIBIT 9

 Outlook

---

## Re: Raventwhite v. Walmart

---

**From** Rob Kramer <rkramer@kramerllp.com>

**Date** Sat 6/20/2026 5:42 AM

**To** Scott Clark <sclark@aatriallaw.com>; Robert Mattson <rmattson@kramerllp.com>; Amir Alavi <aalavi@aatriallaw.com>; jw-walmart-ip@jw.com <jw-walmart-ip@jw.com>; WMT_Raven-AATeam <WMT_Raven-AATeam@aatriallaw.com>; rw_waltt@hpcllp.com <rw_waltt@hpcllp.com>; efindlay@findlaycraft.com <efindlay@findlaycraft.com>; bcraft@findlaycraft.com <bcraft@findlaycraft.com>

**Cc** KramerLLP-RavenWhite-Walmart <kramerllp-ravenwhite-walmart@kramerllp.com>; andrea@millerfairhenry.com <andrea@millerfairhenry.com>; garrett@millerfairhenry.com <garrett@millerfairhenry.com>

We understand, and disagree with your position and understanding of the law. And we will file a motion. Thanks, Rob

**Robert Kramer** | Managing Partner
**Kramer LLP**
1133 Broadway
Suite 1510
New York, NY 10010
(D) 415.419.1895
rkramer@kramerllp.com  |  kramerllp.com  |  biography
Silicon Valley  •  New York  •  Austin  •  Boston  •  Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

---

**From:** Scott Clark <sclark@aatriallaw.com>
**Date:** Saturday, June 20, 2026 at 12:14 AM
**To:** Robert Mattson <rmattson@kramerllp.com>; Amir Alavi <aalavi@aatriallaw.com>; jw-walmart-ip@jw.com <jw-walmart-ip@jw.com>; WMT_Raven-AATeam <WMT_Raven-AATeam@aatriallaw.com>; rw_waltt@hpcllp.com <rw_waltt@hpcllp.com>; efindlay@findlaycraft.com <efindlay@findlaycraft.com>; bcraft@findlaycraft.com <bcraft@findlaycraft.com>
**Cc:** KramerLLP-RavenWhite-Walmart <kramerllp-ravenwhite-walmart@kramerllp.com>; andrea@millerfairhenry.com <andrea@millerfairhenry.com>; garrett@millerfairhenry.com <garrett@millerfairhenry.com>
**Subject:** RE: Raventwhite v. Walmart

Robert and Counsel,

Since the beginning of this case, RavenWhite Licensing ("RavenWhite") has maintained that it holds all right, title, and interest in and to the Asserted Patents.  This is not only asserted in RavenWhite's Complaint, as a binding judicial admission (*see* Dkt. 26 at ¶¶ 31 and 34), but RavenWhite Licensing recently reiterated this fact to the Court in a sworn affidavit (*see* Dkt. 167-1 at ¶¶ 4 and 6).  This is further confirmed by the underlying transfers themselves which give RavenWhite not only the "sole discretion" to enforce the patents, but also the right to do so "in its own name and under its own control."  Given that RavenWhite cannot now dispute that it holds "all substantial rights" to the Asserted

Patents, we do not fail to see how the addition of third parties at this late stage would be either necessary or proper.

As for the issue of non-enforceability, the language of the relevant Terminal Disclaimers—and the corresponding case law—*requires* "common ownership" of the Asserted Patents with the cited Prior Patents.  Under controlling Federal Circuit case law addressing both ownership and the doctrine of obviousness-type double patenting, RavenWhite is the effective owner of the Asserted Patents.  In contrast, RavenWhite holds no rights whatsoever to the Prior Patents, thus breaking the Terminal Disclaimers' common ownership requirement.   As a result, the Asserted Patents are not enforceable.

More importantly, common ownership cannot be restored merely by joining additional parties to this litigation; hence, we respectfully disagree that such a joinder can cure this fundamental defect.  Additionally, as we explained in our pending motion (Dkt. 176), because the Asserted Patents were not enforceable at the time of filing, RavenWhite held no enforceable rights that would support a cognizable injury under Article III of the Constitution.  Under the law, such defects in Constitutional Standing deprive the Court of jurisdiction and cannot be cured.

Accordingly, we are opposed to any motion to amend the complaint to add these third parties, given a lack of good cause to do so. Please let us know if you wish to discuss this issue further.

Thanks,

Scott W. Clark

ALAVI & ANAIPAKOS PLLC, Partner

T 713.751.2366 | F 713.751.2341 | W aatriallaw.com

This electronic message has been sent by Alavi & Anaipakos, PLLC and any files transmitted with it may contain sensitive, privileged, and/or confidential material intended only for the use of the named recipient(s). If you have received this email in error, please notify the sender immediately and do not disclose the contents or make copies thereof. Please note that any unauthorized disclosure, copying, distribution, or use of the contents of this message is prohibited.

**From:** Robert Mattson <rmattson@kramerllp.com>
**Sent:** Thursday, June 18, 2026 10:48 AM
**To:** Amir Alavi <aalavi@aatriallaw.com>; jw-walmart-ip@jw.com; WMT_Raven-AATeam <WMT_Raven-AATeam@aatriallaw.com>; rw_waltt@hpcllp.com; efindlay@findlaycraft.com; bcraft@findlaycraft.com
**Cc:** KramerLLP-RavenWhite-Walmart <kramerllp-ravenwhite-walmart@kramerllp.com>; andrea@millerfairhenry.com; garrett@millerfairhenry.com
**Subject:** RE: Raventwhite v. Walmart

***This message originated outside of Alavi & Anaipakos***

Amir and Walmart Counsel,

The issue that Walmart raises can be cured by joining the patent owners, RavenWhite Security, Inc. and Security Technology, LLC, as co-plaintiffs. This is apparent from the cases that Walmart cites below, as well as *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,* 925 F.3d 1225, 1234 (Fed. Cir. 2019) and the more recent case of *A.L.M. Holding Co. v. Zydex Indus. Private Ltd.*, No. 2025-1317 (Fed. Cir. May 19, 2026). These cases all affirm that a plaintiff may have constitutional standing without satisfying the additional statutory requirement of possessing "all substantial rights." Here, because the patent owners retained title to both the asserted patents and the prior patents, common ownership remains intact.

Please let us know by Monday if Walmart will not oppose a motion to amend the complaint and join parties RavenWhite Security, Inc. and Security Technology, LLC as co-plaintiffs.

Regards,
Robert Mattson

---

**From:** Rob Kramer <rkramer@kramerllp.com>
**Sent:** Friday, June 12, 2026 6:00 PM
**To:** Amir Alavi <aalavi@aatriallaw.com>; jw-walmart-ip@jw.com; WMT_Raven-AATeam <WMT_Raven-AATeam@aatriallaw.com>; rw_waltt@hpcllp.com; efindlay@findlaycraft.com; bcraft@findlaycraft.com; KramerLLP-RavenWhite-Walmart <kramerllp-ravenwhite-walmart@kramerllp.com>; andrea@millerfairhenry.com; garrett@millerfairhenry.com
**Subject:** Re: Raventwhite v. Walmart

Counsel,

We disagree with your position and argument.

**Robert Kramer** | Managing Partner
**Kramer LLP**
1133 Broadway
Suite 1510
New York, NY 10010
(D) 415.419.1895
rkramer@kramerllp.com  |  kramerllp.com  |  biography
Silicon Valley • New York • Austin • Boston • Washington, D.C.

Confidentiality Notice: This communication is for the intended recipient only and may be privileged. Unauthorized use is prohibited.

---

**From:** Amir Alavi <aalavi@aatriallaw.com>
**Date:** Wednesday, June 10, 2026 at 6:51 PM
**To:** jw-walmart-ip@jw.com <jw-walmart-ip@jw.com>; WMT_Raven-AATeam <WMT_Raven-AATeam@aatriallaw.com>; rw_waltt@hpcllp.com <rw_waltt@hpcllp.com>; efindlay@findlaycraft.com <efindlay@findlaycraft.com>; bcraft@findlaycraft.com <bcraft@findlaycraft.com>; KramerLLP-RavenWhite-Walmart <kramerllp-ravenwhite-walmart@kramerllp.com>; andrea@millerfairhenry.com <andrea@millerfairhenry.com>; garrett@millerfairhenry.com <garrett@millerfairhenry.com>
**Subject:** Raventwhite v. Walmart

Counsel,

Both of the Asserted Patents are subject to terminal disclaimers expressly stating that each patent "shall be enforceable" only during the period that each Asserted Patent and specifically identified 'Prior Patents' are commonly owned.  However, the Asserted Patents and

corresponding Prior Patents are no longer "commonly owned" under the relevant case law in view of the relevant provisions of the underlying exclusive licensing agreements and RavenWhite Licensing's repeated assertions that it holds "all right, title, and interest" in the Asserted Patents (including the sole rights to practice, enforce and license the patents).  *See, e.g., Immunex Corp. v. Sandoz Inc.*, 964 F.3d 1049, 1059 (Fed. Cir. 2020); *Alfred E. Mann Foundation for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1358 (Fed. Cir. 2010).

This creates an uncurable defect for purposes of Article III standing which Walmart intends to raise with the Court. However, before doing so, please let us know your position by close of business on Friday, June 12th.  Otherwise, we will proceed to get our motion on file.

Regards,
Amir

# AmirAlavi

ALAVI & ANAIPAKOS PLLC, Partner

609 Main Street, Suite 3200

Houston, Texas 77002

T 713.751.2363 | F 713.751.2341 | W aatriallaw.com

**Please notice our change of  address**

This electronic message has been sent by Alavi & Anaipakos, PLLC and any files transmitted with it may contain sensitive, privileged, and/or confidential material intended only for the use of the named recipient(s). If you have received this email in error, please notify the sender immediately and do not disclose the contents or make copies thereof. Please note that any unauthorized disclosure, copying, distribution, or use of the contents of this message is prohibited.