IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § | CASE NO. 2:24-CV-00688-JRG-RSP |
| Plaintiff, | § § | *(Lead Case)* |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | § § § | |
| Defendants. | § § | |
| | § | |
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00689-RWS-RSP |
| Plaintiff, | § § | *(Member Case)* |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | § § § | |
| Defendants. | § § | |
| | § | |

**WALMART'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WALMART'S FIFTH DEFENSE ON THE
LIMITATION OF DAMAGES UNDER 35 U.S.C. § 287(a) (Dkt. 184)**

████████████████████████████████████

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................1

III.    RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS (NOS. 1-24).................................................................................................................2

IV.     WALMART'S ADDITIONAL UNDISPUTED MATERIAL FACTS (NOS. 25-39) .......2

V.      LEGAL ARGUMENT.........................................................................................5

        A.      Section 287(a) Applies to the '402 Patent. ................................................5

        B.      Walmart Has Carried its Burden of Production Under *Arctic Cat*. ...........7

                1.      Walmart's Notice Was Timely. .......................................................8

                2.      Walmart's Notice Satisfied the "Low Bar" to Put Plaintiff on Notice. ...........10

        C.      Plaintiff Cannot Claim Surprise or Prejudice Regarding Products ████ ██████. ......................................................................................12

VI.     CONCLUSION.....................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ..................................................................................... 11

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................. passim

*Biedermann Tech. GmbH & Co. KG v. K2M, Inc.*,
  No. 2:18-cv-585, 2021 WL 8444744 (E.D. Va. Oct. 22, 2021) ............................................. 13

*IMX, Inc. v. Lendingtree, LLC*,
  No. 03-1067-SLR, 2005 WL 3465555 (D. Del. 2005) ............................................................ 11

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021) ....................................................................... 1, 5, 7, 8

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996) ....................................................................................... 6

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*,
  No. 2:23-cv-00495-JRG-RSP, 2025 WL 2970536 (E.D. Tex. Oct. 19, 2025)........................... 8

*Semcon IP Inc. v. Huawei Device USA Inc.*,
  No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771 (E.D. Tex. Dec. 12, 2017) ................ 8, 9, 10

*Soverain Software LLC v. Amazon.com, Inc.*,
  383 F. Supp. 2d 904 (E.D. Tex. 2005) (Davis, J.) .................................................................. 11

*Ultravision Tech., LLC v. Govision LLC*,
  No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956 (E.D. Tex. May 23, 2021), *report and recommendation adopted*, 2021 WL 2212227 (E.D. Tex. Jun. 1, 2021).................................... 9

**Statutes**

35 U.S.C. § 287........................................................................................................... passim

I.      INTRODUCTION

The Court should deny Plaintiff's motion for partial summary judgment on the limitation of damages under 35 US.C. § 287 as to the '402 Patent.[1] ***First***, Plaintiff's claim that "Walmart has no admissible evidence" to show that Section 287 applies, or that Plaintiff failed to comply with its marking obligations, cannot support summary judgment because the burden of ***proving*** compliance "is and at all times remains on" Plaintiff—not Walmart.[2] *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). ***Second***, Walmart's *Arctic Cat* notice was both timely and sufficient to satisfy the "low bar" to put Plaintiff on notice that a '402 Patent licensee, ████, practices the claims of the '402 Patent and does not comply with the marking requirements of Section 287. ***Third***, Plaintiff should not be entitled to summary judgment where it failed to provide a substantive response to Walmart's Interrogatory No. 9, which asked Plaintiff to identify "all efforts RavenWhite or any predecessor-in-interest undertook to ensure compliance with the licensee's marking obligations." ***Fourth***, Plaintiff has inexplicably ignored Walmart's *Arctic Cat* notice, failing to confirm that ████ is marked or does not practice the claims of the '402 Patent. Plaintiff cannot meet its burden of proving compliance because, even now, it takes no position as to whether ████ is marked or does not practice the claims of the '402 Patent in its motion. ***Finally***, Plaintiff cannot claim surprise or prejudice because Plaintiff had both the obligation and opportunity to investigate ████ compliance with Section 287 through independent means—which it failed to do.

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Walmart's *Arctic Cat* notice was timely? It was.

---

[1] Walmart has not provided an *Arctic Cat* notice as to the '823 Patent. *See* Dkt. 182, Ex. D. Therefore, Plaintiff's motion is moot as to the '823 Patent.

[2] Plaintiff has filed what is effectively a "no evidence" summary judgment motion on an issue for which Plaintiff—not Walmart—bears the burden of proof. This is an improper use of Rule 56.

1

■■■■■■■■■■■■■■■

2. Whether Plaintiff satisfied its burden of proving compliance with Section 287(a)? It did not.

3. Whether Plaintiff is entitled to summary judgment as to the limitation of damages on the '402 Patent? It is not.

## III.   RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS (NOS. 1-24)

Walmart provides a response to Plaintiff's Statement of Undisputed Materials Facts enumerated below, using the corresponding paragraph numbers from Plaintiff's motion.[3]

5.      Plaintiff's statement that Walmart has not responded to Plaintiff's May 26, 2026 request that Walmart "confirm which defenses Walmart intends to maintain" is inaccurate. *See* Dkt. 184, Ex. 6. First, Walmart was under no obligation via the Court's Scheduling Order, Pretrial Order, any Federal or Local Rules, or otherwise, to respond to Plaintiff's request by a date certain. Second, Walmart's *Arctic Cat* notice expressly confirmed that Walmart maintains its position that Plaintiff has failed to comply with Section 287 as to the '402 Patent. Dkt. 184, Ex. 5.



19.      Plaintiff's statement that ■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■ is unsupported by evidence. The cited deposition testimony from Mr. Holmes and Dr. Jakobsson only confirms that ■■■■■■ ■■■ and that ■■■■■■■■■■ that practice the claims of the '402 Patent. The cited testimony does not address whether ■■■■■■■■■ practices the claims of the '402 Patent or provide evidence that it does not.

## IV.   WALMART'S ADDITIONAL UNDISPUTED MATERIAL FACTS (NOS. 25-39)

Walmart provides additional Undisputed Materials Facts below, using what would be the next corresponding paragraph numbers from Plaintiff's motion.

---

[3] Walmart has no comments to non-listed numbered facts.

██████████████████████████████████████

25.     In accordance with Paragraph 1 of the Court's Discovery Order (Dkt. 44), on December 6, 2024, Walmart disclosed Plaintiff's failure to comply with 35 U.S.C. § 287 as a limitation on Plaintiff's recovery of damages in this case. Ex. A at 3 (Walmart Initial Disclosures).

26.     Plaintiff sought no written discovery regarding Walmart's disclosure that Plaintiff's damages recovery is limited under Section 287.

27.     Walmart served an interrogatory on Plaintiff seeking information regarding its compliance with Section 287, including Interrogatory No. 9, which asked Plaintiff to identify "all efforts RavenWhite or any predecessor-in-interest undertook to ensure compliance with the █████████ marking obligations." Ex. B at 18-19.

28.     On March 30, 2026, Plaintiff responded to Interrogatory No. 9, identifying ████ ████████████████████████ as potentially responsive, without providing any substantive response regarding efforts to ensure compliance with marking obligations. Ex. B[4] at 1, 19.

29.     On March 6, 2026, Plaintiff served a Rule 30(b)(6) deposition notice on Walmart, which included Topic No. 82, covering "[t]he facts and circumstances relating to any affirmative defenses asserted by [Walmart]…." Ex. C at 14.

30.     On April 28, 2026, Walmart presented Shankara Bhargava for deposition on behalf of Walmart on Topic No. 82. Ex. D, Bhargava Tr. 12:4-17. Plaintiff declined to question Mr. Bhargava on Topic No. 82, including any questions regarding Walmart's position on marking relating to the '402 Patent.

31.     Following the Court's March 30, 2026 Order (Dkt. 131) denying Walmart's motion to dismiss (Dkt. 33), on May 6, 2026, Walmart again raised Plaintiff's failure to comply with

---

[4] Walmart attaches Plaintiff's May 12, 2026 First Supplemental Responses to Walmart's Interrogatories and notes that Plaintiff did not supplement its March 30, 2026 response to Interrogatory No. 9.



Section 287 as a limitation on Plaintiff's recovery of damages in this case. Dkt. 154 at 31 (Fifth Defense).

32.    On February 26, 2025, Plaintiff served its Supplemental Disclosure of Asserted Claims and Infringement Contentions to Walmart Defendants. Ex. E. Plaintiff's Infringement Contentions identified ███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████. Ex. F, Ex. 2 to Plaintiff's Supplemental Infringement Contentions, at 34-104. As part of these contentions, ███████████████████████████

█████████████████████████████████. *Id.* at 117-118, 124-125, 128, 132-133, 139-140, 145-146, 159-160, 164-165.

33.    On May 21, 2026, Plaintiff served the infringement report of its technical expert, Dr. Hugh Smith. Dr. Smith's infringement analysis of the '402 Patent unexpectedly shifted its focus from ███████████████████████████████████████

███████████████ materially changing the scope of Plaintiff's infringement case. Ex. G, Smith Rpt. Ex. G.

34.    Dr. Smith's broader infringement analysis mapped the asserted claims of the '402 Patent to ███████████████████████████████████

█████████████████████████████████████████████████ Ex. G, Smith Rpt. Ex. G; Ex. H, Bhardwaj Tr. 35:18-24.

35.    On June 9, 2026, Walmart sent a letter to Plaintiff RavenWhite Licensing in which "Walmart identifie[d] the following product(s) ████████████ that may be an unmarked patented article for U.S. Patent No. 11,562,402 ('the '402 Patent'), subject to the notice requirements of 35 U.S.C. § 287: ████████████████████████████

4

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████ Dkt. 184,

Ex. 5.

36.     In its June 9, 2026 letter, Walmart requested that Plaintiff "provide relevant information to substantiate any" contention that the identified "product is marked or does not practice claims of the '402 Patent." *Id.*

37.     Plaintiff did not include any analysis of ███████████ in the rebuttal report of its technical expert, Dr. Bernard Jansen, served on June 18, 2026.

38.     To date, Plaintiff has not responded to Walmart's June 9, 2026 letter or acknowledged receipt thereof.

39.     To date, Plaintiff has not sought leave to take discovery related to ████████ ██████████ or sought additional time for its expert to address marking compliance.

## V.    LEGAL ARGUMENT

### A.    Section 287(a) Applies to the '402 Patent.

Plaintiff does not dispute that Section 287(a) would apply to patented articles made by ███ ██████████████████████. *See, e.g., Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("A patentee's licensees must also comply with § 287…."). Rather, Plaintiff argues that Section 287 "does not apply" because Plaintiff "does not contend— and there is no evidence to suggest otherwise— ███████████ sold a product or system that embodies any claims of the '402 Patent." Dkt. 184 at 9. Plaintiff is wrong for several reasons.

**First**, Walmart is not required to present "evidence" that ███████████ embodies the claims of the '402 Patent. "The burden of proving compliance with marking is and at all times remains on the patentee." *Lubby,* 11 F.4th at 1359. Thus, Plaintiff's argument that Walmart's

5

███████████████████████████████████████████████████

experts should have offered opinions that ████████████ practices the '402 Patent, Dkt. 184 at 9, is legally irrelevant. Simply put, the burden lies with Plaintiff—not Walmart.

*Second*, marking is required to recover pre-suit damages regardless of the patentee's "contentions" about a licensee's activities because a patentee's subjective beliefs (or willful blindness) regarding licensed activities are irrelevant to Section 287's obligations. Instead, the Federal Circuit has held "that where third parties are involved, courts may consider 'whether the patentee made reasonable efforts to ensure compliance with the marking requirements,'" meaning the onus is on the patentee not only to consider whether its licensees' activities implicate the marking requirement, but also to make efforts to ensure compliance therewith. *Arctic Cat*, 876 F.3d at 1366 (quoting *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996)).

Here, Plaintiff cites SUF 8, 11, 19, and 20 to support its statement that "the undisputed evidence establishes that the ████████████████████████████████████████ ███████████████ *See* Dkt. 184 at 9. But Plaintiff's SUF 8, 11, 19, and 20 are not ***evidence*** that ███████████████████ does not practice the claims of the '402 Patent. At most, those statements merely show that █████████████████████████████████████████████, ███████████████████ ████████████████████████████ (Plaintiff's SUF 8) and that █████████████████████ ████████████████████████████ required to be marked (Plaintiff's SUF 11, 19[5]). Furthermore, Dr. Jakobsson's testimony that ████████████████████████████████ (Plaintiff's SUF 20) is not evidence that ████████████████ does not infringe; it is not even evidence that Plaintiff made ***any effort to determine*** whether ████████████████ practices the claims of the '402 Patent. It is,

---

[5] As discussed in Walmart's Response to Plaintiff's SUF 19, Plaintiff's statement that ████████ █████████████████████████" is not supported by evidence because the cited deposition testimony relates only to ██████████████████████. Therefore, Walmart disputes this alleged "fact."

6

however, a tacit admission that there were no "***efforts to ensure*** ▮▮▮▮ compliance with the marking requirements" in the event that ▮▮▮▮▮ does practice one or more claims of the '402 Patent. *See Arctic Cat*, 876 F.3d at 1366 (emphasis added). Because ▮▮▮▮▮ ▮▮▮▮ is entirely silent on marking, Dkt. 184, Ex. 4, Plaintiff must police ▮▮▮ compliance. Plaintiff's SUF 8, 11, 19, and 20 are insufficient to satisfy Plaintiff's burden of compliance. The patentee's failure to make any effort to ensure marking ▮▮▮▮▮ under the '402 Patent precludes damages prior to Walmart's actual notice of alleged infringement. *See Arctic Cat*, 876 F.3d at 1366-67.

### B.     Walmart Has Carried its Burden of Production Under *Arctic Cat.*

After initially (and incorrectly) framing the issue before the Court, Plaintiff does at least correctly articulate its burden of proof under Section 287(a)—because Plaintiff concedes that Walmart need only satisfy a burden of "production" by "articulat[ing] the products it believes are unmarked 'patented articles' subject to § 287." Dkt. 184 at 9 (citing *Arctic Cat*, 876 F.3d at 1368). Plaintiff also concedes that Plaintiff "bears the burden to prove the products [identified by Walmart] do not practice the patented invention." *Id.* (citing *Arctic Cat*, 876 F.3d at 1368; *Lubby* 11 F.4th at 1359).

However, Plaintiff's motion thereafter misstates the law under *Arctic Cat* by positing that the timing of Walmart's "*Arctic Cat*" notice somehow relieves Plaintiff of its burden to prove compliance with Section 287(a) by a preponderance of the evidence. But the timing of Walmart's notice is legally irrelevant because that burden "is and at all times remains on the patentee." *See Lubby*, 11 F.4th at 1359. Moreover, Walmart's notice was timely and satisfied Walmart's "low bar" burden of production. *Arctic Cat*, 876 F.3d at 1368. Finally, any perceived "lateness" does not "relieve" Plaintiff "of its duty to prove compliance with the marking statute at trial." *See Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771, at

7

███████████████████████████████████████

*3 (E.D. Tex. Dec. 12, 2017) (finding marking issue "important" and prejudice to plaintiff from late disclosure "minimal" where co-defendant timely moved for summary judgment on marking defense). Plaintiff "must prove compliance with the marking statute at trial—in other words, that ██████████████████ do not infringe" the '402 Patent. *See id.*

### 1.    Walmart's Notice Was Timely.

Plaintiff accuses Walmart of "sandbagging," arguing that Walmart's June 9 letter is untimely. Not so. As explained in more detail below (Section V.C, *infra*), Walmart's June 9, 2026 *Arctic Cat* notice—identifying ████████████—was in direct response to new, broader infringement theories advanced by Dr. Smith's May 21, 2026 Report, which included, for the first time, ██████████████████████████████████████ ████████████████ Walmart SUF 32, 33 & 34. In similar circumstances, this Court and others have allowed such *Arctic Cat* notice letters, even on the eve of trial. *See, e.g., Lubby*, 11 F.4th at 1359-60 (finding defendant met his burden of production under *Arctic Cat* one day before trial).

In *Pictiva*, this Court allowed defendants leave to amend their answer after the pleadings deadline to assert a marking defense on damages "under the facts of the case," demonstrating that the timeliness of an *Arctic Cat* notice is case-specific and fact-dependent, i.e., there is not a "one size fits all" deadline. *See Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00495-JRG-RSP, 2025 WL 2970536, at *7 (E.D. Tex. Oct. 19, 2025). Here, Walmart first raised the marking issue in December 2024, sought discovery from Plaintiff regarding its efforts to ensure compliance with the licensee's marking obligation, asserted failure to mark in its Answer, and served its *Arctic Cat* letter after it received Plaintiff's expert report on infringement but before the close of expert discovery. Plaintiff's SUF 22, 23; Walmart's SUF 25, 27, 33, 34 & 35. As discussed in Section V.C, *infra*, Walmart first learned of the broad scope of Plaintiff's infringement theories

8

[REDACTED]

when it received Plaintiff's expert report on May 21, 2026. Walmart's SUF 32, 33 & 34. Walmart's *Arctic Cat* letter followed just two weeks later. Walmart's SUF 35. To date, Plaintiff still has not provided a response. Walmart's SUF 37 & 38. Under the facts of the case, and based on the May 21 disclosure of Plaintiff's broad infringement theories, Walmart's notice was timely.

In *Ultravision*, this Court found the defendant's first identification of specific marked products in a motion for summary judgment was sufficient to put plaintiff on notice because the information was already in plaintiff's possession. *See Ultravision Tech., LLC v. Govision LLC*, No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956, at *3 (E.D. Tex. May 23, 2021), *report and recommendation adopted*, 2021 WL 2212227 (E.D. Tex. Jun. 1, 2021). Here, Walmart served its *Arctic Cat* letter after it received Plaintiff's infringement report, prior the rebuttal deadline for expert reports (June 18, 2026), and three weeks before summary judgment motions were filed on June 30, 2026. Plaintiff's SUF 23. Moreover, had Plaintiff made any effort to ensure [REDACTED] compliance with the marking obligation—(a) through independent means, as Section 287 and case law require (particularly since [REDACTED] ), or (b) as part of an investigation in responding to Walmart's Interrogatory No. 9, which asked Plaintiff to identify any such efforts—that information would already be in Plaintiff's possession, diminishing any purported prejudice. *See infra*, § V.C.

Plaintiff argues that, while "Walmart has known about [REDACTED] the '402 Patent, it did not provide any facts regarding the unmarked [REDACTED] products before its *Arctic Cat* letter. Dkt. 184 at 10. But this neither diminishes the importance of Walmart's position on Plaintiff's failure to mark nor excuses Plaintiff from satisfying its burden to prove compliance with Section 287. In *Semcon*, this Court allowed defendant Huawei to join its co-defendant's timely motion for summary judgment of no presuit

9

damages, even though the license agreement that "could have formed the basis for a timely" summary judgment motion was produced to Huawei "well before the dispositive motions deadline." *Semcon*, 2017 WL 6343771, at *2. The Court found Huawei's "late motion" filed about a month before trial was "unquestionably important" because it related to Huawei's exposure to presuit damages. *Id.* at *3. The Court found Huawei "met its initial burden of production of notifying [plaintiff] of products covered by the [asserted] patent" that it believed were not marked and ruled that the plaintiff "must satisfy its burden of showing compliance with the marking statute at trial." *Id.* at *1. The Court also found prejudice to the patentee was "minimal" because co-defendant TI had filed a timely motion for summary judgment of no presuit damages. *Id.* at *2. While the Court found Huawei was not entitled to summary judgment, it also found the plaintiff was "not entitled to insulation from the marking issue." *Id.* at *3. Here, Walmart's *Arctic Cat* notice predated the June 30 deadline for the filing of summary judgment motions by several weeks. Walmart's SUF 35 & 36. Thus, "if [Plaintiff] asserts the ['402 Patent] at trial, [Plaintiff] must carry the burden of proving compliance with the marking statute for ███████████████████████ " Walmart identified in its *Arctic Cat* notice. *See Semcon*, 2017 WL 6343771, at *3.

### 2.    Walmart's Notice Satisfied the "Low Bar" to Put Plaintiff on Notice.

Plaintiff's argument that Walmart's *Arctic Cat* identification of ████████████ ██████████████████████████████████ ████████ fails to identify a "product" (Dkt. 184 at 11) cannot be reconciled with Plaintiff's analogous infringement allegations against ████████████████ described by Dr. Smith as ████████████████████████████████████████████ ███████████████████████ Ex. I, Smith Report ¶ 55 (emphasis added). It is also contrary to case law finding no meaningful distinction between a patented method that results in a product that can be marked and a patented system that results in a service through a website that

█████████████████████████████████████████

can be marked. *See IMX, Inc. v. Lendingtree, LLC*, No. 03-1067-SLR, 2005 WL 3465555, at *4 (D. Del. 2005) (website providing access to the patented invention "is intrinsic to the patented system and constitutes a 'tangible item to mark by which notice of the asserted method claims can be given'") (internal citation omitted); *see also Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 909 (E.D. Tex. 2005) (Davis, J.) (rejecting patentee's argument "that a website is an intangible object that cannot be marked" and stating that "the Court does not divorce an item's status as tangible or intangible from its ability to be marked, but rather defines 'tangible item[s],'… as those items that can be marked and intangible items as those that cannot be marked.").

There is no dispute that the '402 Patent expressly requires an interface ███████████ to display an advertisement to a user. Dkt. 26-2, col. 19, ll. 26-28 (penultimate element of claim 10[6] requires "display[ing] an advertisement to the user…"; *id.*, col. 20, ll. 47-49 (final element of claim 19 requires "displaying an advertisement to the user…"). ████████████ is intrinsic to the '402 Patent's claims and thus is properly identified by Walmart as a markable product/tangible item under *Arctic Cat*. "When a patent includes both method and apparatus claims, if there is an item that can be marked, a party must mark it to give constructive notice." *Soverain Software LLC*, 383 F. Supp. 2d at 909 (citing *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993)). Moreover, because the purpose of the marking statute is to "provide notice" and "prevent innocent infringement," *Arctic Cat*, 876 F.3d at 1366, the patentee's obligation to mark should be construed broadly, not narrowly as Plaintiff suggests.

---

[6] Elements from the asserted claims of the '402 Patent are provided to illustrate that ███████ ██████ is intrinsic to the patented technology; however, nothing in governing Federal Circuit law requires Walmart to demonstrate the ██████ is intrinsic to the patented technology on a claim-by-claim basis.

11

██████████████████████████████████████████████████████████

**C.      Plaintiff Cannot Claim Surprise or Prejudice Regarding Products ████████ ████████.**

Plaintiff complains that the timing of Walmart's *Arctic Cat* identification of ████████ ████████████ is prejudicial because it cannot now take third-party discovery of ████████. Setting aside Plaintiff's failure to respond to Walmart's letter or seek leave to take discovery, any "prejudice" is of Plaintiff's own creation. Walmart identified non-compliance with Section 287 as an impediment to Plaintiff's damages recovery in December 2024. Walmart's SUF 25. At that time, Plaintiff (but not Walmart) undoubtedly knew ████████████████████████ ████████████████. Plaintiff's SUF 20 & 21. Plaintiff (but not Walmart) also undoubtedly knew in December 2024 that ████████████████████████████████████████. Nevertheless, Plaintiff buried its head in the sand and sought no written or deposition discovery from Walmart on its Section 287 non-compliance assertion. Walmart's SUF 26 & 30.

Additionally, Plaintiff stymied Walmart's discovery efforts on marking. In late March 2026, in response to Walmart Interrogatory No. 9, Plaintiff identified ██████████████ as "potentially relevant" to marking but provided no response regarding its marking compliance efforts, leaving Walmart to connect the dots. Walmart's SUF 27 & 28. Plaintiff also strategically narrowed its interrogatory responses to disclose facts about ***Plaintiff's*** practice of the '402 Patent, while failing to disclose its unique and undoubted knowledge about ██████████████. Plaintiff's SUF 6, 7, 8.

Finally, Dr. Smith's report also broadened the scope of Plaintiff's infringement theory in a way that matters to the timing of Walmart's *Arctic Cat* notice. Plaintiff's infringement contentions focused on ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████. Walmart's SUF 32. Dr. Smith's report mapped the

12

███████████████████████████████████████

asserted claims of the '402 Patent ████████████████████████████████

████████████████████████████. Walmart's SUF 33 & 34. In other words, Dr. Smith's report did

not limit Plaintiff's theory to ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████. *Id.* That broader theory prompted Walmart's June 9, 2026 *Arctic Cat* notice

identifying █████████████████████████████████████████ as an unmarked

patented article. Walmart's SUF 35.

Plaintiff had the opportunity and the obligation under Section 287 to investigate and police

████████████ compliance with marking obligations through independent means, regardless of

any notice from Walmart. Yet, Plaintiff chose to hide from the issue and simply rely on its self-

serving "belief" that ██████████████ do not infringe. Plaintiff's SUF 20 (stating "we do not

believe they're infringing" but failing to confirm, or identify any efforts to police, █████████

compliance with marking statute). Thus, any alleged prejudice Plaintiff suffered from Walmart's

alleged late disclosure "results at least in part from the fact that [Plaintiff] apparently does not track

which licensed products practice which" licensed patents. *See Biedermann Tech. GmbH & Co. KG*

*v. K2M, Inc.*, No. 2:18cv585, 2021 WL 8444744, at *3 n.5 (E.D. Va. Oct. 22, 2021); *Arctic Cat*,

876 F.3d at 1366 ("when third parties are involved, courts may consider whether the patentee made

reasonable efforts to ensure compliance with the marking requirements").

## VI.    CONCLUSION

For the reasons set forth herein, Walmart respectfully requests that the Court deny

Plaintiff's motion for partial summary judgment as to the limitation of damages under Section 287.

13

███████████████████████████████████████████

Dated:  July 14, 2026

Respectfully submitted,

/s/  Amir H. Alavi
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

14

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

15



Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Counsel for Defendants Walmart Inc. and*
*Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi

16