**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case) |

**PLAINTIFF'S OPPOSITION TO WALMART'S MOTION FOR PARTIAL
SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES
<u>UNDER U.S. PATENT NO. 11,562,402</u>**

**TABLE OF CONTENTS**

I.      Response to Statement of the Issues ...................................................................... 1

II.     Response to Statement of Undisputed Material Facts ("SUFs") ........................................ 1

III.    Plaintiff's Statement of Additional Material Facts ("AMFs")............................................ 2

IV.     Walmart's Untimely June 9th Disclosure Constitutes a Failure to Carry Its Initial Burden Under *Arctic Cat* ...................................................................................... 2

████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)..................................................................................1, 2, 3, 4

*Freeny v. Fossil Grp., Inc.*,
    No. 2:18-CV-00049-JRG, 2019 WL 8688587 (E.D. Tex. July 24, 2019)........................2, 3, 4

*Lake Cherokee Hard Drive Techs. v. Marvell Semiconductor*,
    964 F. Supp. 2d 653 (E.D. Tex. 2013) .......................................................................4

*Lubby Holdings LLC v. Chung*,
    11 F.4th 1355 (Fed. Cir. 2021) ..................................................................................2

*Packet Intelligence v. NetScout Sys.*,
    965 F.3d 1299 (Fed. Cir. 2020)..................................................................................4

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
    No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022)....................2, 3, 4

*Ultravision Techs v. GoVision*,
    No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956 (E.D. Tex. May 24, 2021) ..................4

**Statutes**

35 U.S.C. § 287(a) ..........................................................................................................1

**Rules**

Fed. R. Civ. P. 37...........................................................................................................4

ii

Plaintiff RavenWhite Licensing LLC ("RavenWhite") submits this opposition to Defendants Walmart Inc. and Walmart Stores Texas, LLC's (collectively, "Walmart") motion for partial summary judgment of no pre-suit damages under U.S. Patent No. 11,562,402. Dkt. 182 ("Motion"). RavenWhite has separately moved for partial summary judgment on Walmart's Fifth Defense limiting damages under 35 U.S.C. § 287(a)'s marking requirements. *See* Dkt. 184. The arguments and supporting authorities set forth in RavenWhite's Motion apply with equal force here. Walmart is not entitled to a favorable summary judgment on its marking defense because of its failure to satisfy its *Arctic Cat* burden and the substantial prejudice RavenWhite has suffered because of Walmart's unjustifiably flagrant delinquency.

## I.    RESPONSE TO STATEMENT OF THE ISSUES

Whether Walmart is entitled to partial summary judgment of no pre-suit damages for infringement of the '402 patent pursuant to 35 U.S.C. § 287(a) when Walmart failed to timely and sufficiently satisfy its burden under *Arctic Cat* resulting in prejudice to RavenWhite.

## II.    RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUFs")

RavenWhite does not dispute SUFs 1–6 and 8, but provides additional context for SUFs 4–6 and 8 and disputes SUF 7, as follows:

SUF 4: Walmart's answer did not make any allegations from which RavenWhite could ascertain the basis for Walmart's marking defense. Dkt. 154 at 31. On May 26, 2026, after Walmart filed its answer, RavenWhite pointed out to Walmart that its answer raised numerous boilerplate defenses, including failure to mark, and asked Walmart if it intended to maintain those defenses. (Dkt. 184-6).

SUFs 5, 6, and 7: After receiving Walmart's letter of June 9, 2026, RavenWhite prepared and filed a motion for summary judgment on the issue of marking. Dkt. 184. The motion acknowledges Walmart's June 9 *Arctic Cat* letter, and thus, SUF 7 is disputed.

1

SUF 8: Because Walmart waited until after the May 13 close of fact discovery and after the May 21 exchange of burden-of-proof expert reports to send an *Arctic Cat* letter (Dkt. 163-1), there was no factual record relevant to the issue of marking from which Dr. Jansen could form opinions.

### III.    PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS ("AMFs")

AMF 1: Dr. Markus Jakobsson testified at his deposition, in response to questions from counsel for Walmart, that he does not believe                    practiced the '402 patent. Ex. 1 (Jakobsson Dep.) at 251:18-24.

AMF 2: Dr. Jakobsson's testimony is the only record evidence potentially relevant to the issue of whether                made, offered for sale, sold, or imported a licensed, patent-practicing article in the United States.

### IV.    WALMART'S UNTIMELY JUNE 9TH DISCLOSURE CONSTITUTES A FAILURE TO CARRY ITS INITIAL BURDEN UNDER *ARCTIC CAT*

To invoke § 287, Walmart bears the "initial burden of production to articulate the products it believes are unmarked 'patented articles'" to thereby "put [RavenWhite] on notice that [RavenWhite] or [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). "Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *Lubby Holdings LLC v. Chung,* 11 F.4th 1355, 1359 (Fed. Cir. 2021). In implementing the *Arctic Cat* framework, this Court has held that the burden on an alleged infringer "is to *timely* identify unmarked products it believes practiced [Asserted] Patent." *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022); s*ee also Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3

2

(E.D. Tex. July 24, 2019).[1] Walmart failed to timely carry its preliminary burden, prejudicing RavenWhite, and the burden has not shifted to RavenWhite to prove anything. This Motion should be denied.

**First**, Walmart's untimely June 9, 2026 disclosure does not satisfy its *Arctic Cat* notice requirement. Walmart sent, for the first time, an *Arctic Cat* letter nearly a month *after* fact discovery closed on May 13 and *after* opening expert reports were already served on May 21, leaving only 13 days before expert discovery closed on June 24. Dkt. 145 (2nd DCO).

Walmart's delay is unreasonable and especially egregious given the fact that it has known ▮▮▮▮▮▮ was a licensee since last year: (1) Walmart knew at least by March 25, 2025, when RavenWhite produced ▮▮▮▮▮▮▮▮▮▮ Agreement during discovery (Dkt. 184-7, ¶ 5), and (2) Walmart also knew since April 2026 when Walmart deposed Dr. Jakobsson about that Agreement. Dkt. 182-4. Now, with hardly a month between its disclosure and this Motion, well after fact discovery closed, Walmart audaciously asserts that it is entitled to judgment as a matter of law because RavenWhite has not proven that ▮▮▮▮▮▮ does not practice the '402 patent. This Court has admonished this type of "trial by ambush," and has precluded defendants from even raising a marking defense under less flagrant delays. *See, e.g., Solas Oled,* 2022 WL 1912873, at *1 (identifying unmarked products one day after close of fact discovery); *Freeny*, 2019 WL 8688587, at *3 (identifying unmarked products in rebuttal reports).

**Second**, Walmart's letter fails to identify any unmarked patented articles with sufficient specificity, pointing to an undefined ▮▮▮▮▮▮▮▮ whatever that means, that apparently includes "Server infrastructure," "servers that allow users to access ▮▮▮▮▮▮▮▮" and the "system accessible" on a ▮▮▮▮ website. Dkt. 182-5. Moreover, Walmart's disclosure identifies

---

[1] Herein, all emphases in quotations have been added, unless otherwise noted.

a system belonging to                                                          despite the actual

licensee being                   entity. Dkt. 182-3 at 1. This vague and overbroad disclosure

constitutes insufficient notice. *See Arctic Cat,* 876 F.3d at 1368 (without sufficient specificity, the

"universe of products for which [plaintiff] would have to establish compliance would be

unbounded"). Walmart misplaces its reliance on *Packet Intelligence* where, unlike here, "[it was]

***undisputed*** that [defendant] ***adequately*** identified [the allegedly unmarked] product." *Packet

Intelligence v. NetScout Sys.,* 965 F.3d 1299, 1313 (Fed. Cir. 2020). Accordingly, the burden to

prove that the products do not practice the patent has not yet shifted to RavenWhite because

Walmart has failed to meet its initial burden. *Arctic Cat*, 876 F.3d at 1368; *Ultravision Techs v.

GoVision*, No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956, at *3 (E.D. Tex. May 24, 2021)

(burden does not shift where defendant failed to identify "specific unmarked products").

**Finally**, Walmart's untimely disclosure has incurably prejudiced RavenWhite.

RavenWhite did not design, manufacture, operate, or maintain, and is not privy to details regarding

any            systems and servers. Walmart's inexplicable decision to delay disclosing the factual

basis of its marking theory has stripped RavenWhite of any meaningful opportunity to seek

*international* discovery from its South Korean-based licensee, and to perform the technical and

expert analysis required to carry its burden. *See, e.g., Lake Cherokee Hard Drive Techs. v. Marvell

Semiconductor*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (precluding marking defense under

Rule 37 due to late disclosure that "deprive[d] [plaintiff] of a meaningful opportunity to conduct

fact discovery to test [defendant's] marking theory"); *Freeny*, 2019 WL 8688587, at *3 (plaintiff

"could have developed the factual evidence and expert opinion needed to carry its burden of proof

at trial"); *Solas Oled*, 2022 WL 1912873, at *2 (delay prevented plaintiff from developing

evidence from third parties). The remedy here is not to re-open discovery at this late date with trial

approaching. And ordering that would send a troubling message to other parties in ongoing or future cases pending in this court.

Given this late stage with avenues for additional discovery closed due to Walmart's delinquency, RavenWhite respectfully requests that the Court deny Walmart's Motion, and grant RavenWhite's Motion (Dkt. 184) to dismiss Walmart's marking defense as a matter of law.

Dated: July 14, 2026

Respectfully submitted,

/s/ Robert F. Kramer
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705
jarmstrong@kramerllp.com
Rachael Chan (*pro hac vice*)
CA Bar No. 265002
rchan@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645

5

rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
CA Bar No. 329126
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 14, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. No. 51) entered in this case on December 10, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer