**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED**<br><br>██████████████ |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE JULY 14, 2026,
SUPPLEMENTAL EXPERT REPORT OF ROY WEINSTEIN**

**TABLE OF CONTENTS**

I.      Introduction.................................................................................................................. 1

II.     Statement of Facts....................................................................................................... 1

III.    Argument ..................................................................................................................... 4

IV.     Conclusion .................................................................................................................. 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cassidian Commc'ns, Inc. v. microdata GIS, Inc.*, No. 2:12-cv-00162-JRG,
    2013 WL 12148459 (E.D. Tex. Dec. 10, 2013)............................................................. 4, 5, 6

**Rules**

Fed. R. Civ. P. 26(e)(1)................................................................................................... 1, 4

**TABLE OF EXHIBITS**

| Ex. | Description |
|-----|-------------|
| A | Expert Report of Roy Weinstein ("Initial Report") |
| B | July 14, 2026, Supplemental Report of Roy Weinstein ("Supplemental Report") |
| C | Exclusive Patent License Agreement between RavenWhite Security, Inc. and RavenWhite Licensing LLC |
| D | Patent Assignment for '402 Patent (RW00007510 – RW00007515) |
| E | First Amended and Restated Exclusive Patent License Agreement between Security Technology, LLC and RavenWhite Licensing LLC |
| F | Declaration of Bjorn Markus Jakobsson in Support of Plaintiff's Opposition to Walmart's Motion to Stike Mr. Weinstein's Opinions ("Jakobsson Decl.") |
| G | Rebuttal Expert Report of David A. Haas ("Haas Report") |
| H | Deposition of David A. Hass ("Haas Dep.") |
| I | Deposition of Roy Weinstein ("Weinstein Dep.") |

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| RavenWhite | Plaintiff RavenWhite Licensing LLC |
| Walmart | Defendants Walmart Inc. and Walmart Stores Texas, LLC |
| '823 patent | U.S. Patent No. 10,594,823 |
| '402 patent | U.S. Patent No. 11,562,402 |
| Asserted Patents | '823 and '402 patents |

Pursuant to Fed. R. Civ. P. 26(e)(1), Plaintiff RavenWhite Licensing LLC ("RavenWhite" or "RavenWhite Licensing") respectfully submits this Motion for Leave to Serve July 14, 2026, Supplemental Report of Roy Weinstein, as follows. Walmart opposes this motion.

## I.   INTRODUCTION

On May 21, 2026, RavenWhite served the Expert Report of Roy Weinstein, which presents his opinions related to damages adequate to compensate RavenWhite for infringement of the Asserted Patents by Walmart. Ex. A (Initial Report). On June 30, 2026, Walmart filed a motion to strike this report, including on the basis that Mr. Weinstein allegedly used the incorrect parties to a hypothetical negotiation for each of the Asserted Patents. Dkt. 181. RavenWhite opposed that motion, because Mr. Weinstein did not confuse the parties to the negotiations. Dkt. 204. He instead determined that the outcome would be the same regardless of which one of three entities would have negotiated the license, and then for simplicity referred to the negotiating party as "RavenWhite." Dkt. 204 at 5.

For purposes of clarity, Mr. Weinstein has prepared a Supplemental Report that corrects any inaccuracies in his Initial Report and affirms that the substance of his opinions does not change as a result. Ex. B (Supplemental Report). Under the four-factor test applied by this Court when considering whether to allow supplemental expert testimony after the close of discovery, each factor weighs in favor of allowing the Supplemental Report. Accordingly, the Court should grant this Motion.

## II.   STATEMENT OF FACTS

When the '823 patent issued on March 17, 2020, it was owned by RavenWhite Security, Inc., which continues to own the patent today. On June 30, 2023, RavenWhite Security, Inc. granted RavenWhite an exclusive license for the '823 patent. Ex. C (Exclusive Patent License Agreement).

Mr. Weinstein's Initial Report says that "*RavenWhite* and Walmart would participate in the hypothetical negotiation" for the '823 patent. Ex. A (Initial Report) ¶ 32. In accompanying footnote 51, Mr. Weinstein explains that he "refer[s] to RavenWhite as a party to the hypothetical negotiation," even though it was not the owner of the patent at the time. He also explains that there would be no difference in his opinions if the party to the negotiation were RavenWhite or RavenWhite Security, Inc. Ex. A ¶ 32. In his Supplemental Report, Mr. Weinstein revises paragraph 32 of his Initial Report to state that "*RavenWhite Security, Inc.* and Walmart would participate in a hypothetical negotiation for a license to the '823 patent." Ex. B (Supplemental Report) ¶ 4.

When the '402 patent issued on January 24, 2023, it was owned by SecurityInnovation LLC. SecurityInnovation LLC assigned the '402 patent to Security Technology, LLC, its current owner, on August 21, 2023. Ex. D (Patent Assignment). On August 15, 2024, Security Technology, LLC granted RavenWhite an exclusive license to the '402 patent. Ex. E (First Amended and Restated Exclusive Patent License Agreement).

Mr. Weinstein's Initial Report says that "*RavenWhite* and Walmart would participate in the hypothetical negotiation" for the '402 patent. Ex. A (Initial Report) ¶ 33. In accompanying footnote 53, Mr. Weinstein explains that he "refer[s] to RavenWhite as party to the hypothetical negotiation," even though it was not the owner of the patent at the time. Ex. A n.53. He also explains that there would be no difference in his opinions if the party to the negotiation were RavenWhite or RavenWhite Security, Inc., which was a typo. Ex. A n.53. The footnote should have stated that there would be no difference in his opinions if the party to the negotiation were RavenWhite or SecurityInnovation LLC. The Supplemental Report corrects this typo, and revises

paragraph 33 to state that "*SecurityInnovation LLC* and Walmart would participate in a hypothetical negotiation for a license to the '402 patent." Ex. B (Supplemental Report) ¶ 6.

Accompanying footnotes 51 and 53 of his Supplemental Report explain that, for simplicity, Mr. Weinstein refers to the licensor for all hypothetical negotiations as "RavenWhite," rather than specifying RavenWhite Security, Inc. as the patentee for the '823 patent and SecurityInnovation LLC as the patentee for the '402 patent. Ex. B (Supplemental Report) ¶¶ 5, 7. This short-hand reference is consistent with his opinion that the negotiation would be the same, regardless of which of these three entities conducted the negotiation. Ex. B ¶ 8.

This opinion is supported by the testimony of Dr. Jakobsson, who manages each of these entities and, as the inventor of the Asserted Patents, has the best understanding of their technical merits and is in the best position relative to anyone else at the companies to conduct the negotiations. Ex. F (Jakobsson Decl.) ¶¶ 4, 7; Ex. B (Supplemental Report) ¶¶ 9-12. As such, Dr. Jakobsson would have conducted the hypothetical negotiations on behalf of RavenWhite, RavenWhite Security, Inc. and SecurityInnovation LLC. Ex. F ¶ 8. And, because all three of the entities are similarly situated in that their primary assets are Dr. Jakobsson's patents, and in that they are non-practicing entities with no products or competitors, it would not have mattered to the outcome of any licensing negotiations for the Asserted Patents which entity was the negotiating party, or whether any other person from those entities conducted those negotiations with Dr. Jakobsson. Ex. F ¶ 8; Ex. B ¶¶ 9-12. Further, Walmart's own damages expert, David Haas, acknowledges that "RavenWhite Licensing is

. Ex. G (Haas Report) ¶ 150.

### III.  ARGUMENT

Under F.R.C.P. 26(e)(1), "[a] party who has made a disclosure under Rule 26(a)...must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ..." Courts determine whether to exclude expert testimony if it is not timely disclosed by examining the following factors (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to disclose. *Cassidian Commc'ns, Inc. v. microdata GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 WL 12148459 (E.D. Tex. Dec. 10, 2013).

In *Cassidian*, the defendants' damages expert used an incorrect hypothetical negotiation date. 2013 WL 12148459 at *1. While the court initially excluded the expert's testimony on this basis, it later reversed course and allowed defendants to serve a corrected report. *Id*. at *2. Key to the Court's decision was the fact that defendants' expert "largely incorporated his original damage assessment in the supplemental report," leading to a lack of substantial prejudice. *Id*. While the fourth factor favored excluding the supplemental report, because defendants had no explanation for waiting until two weeks before trial before attempting to cure the mistake, the court granted the motion anyway. *Id*. Here, each of the four factors favors granting RavenWhite's motion.

***First***, Mr. Weinstein's testimony is significantly important to RavenWhite's damages case. He is the only expert witness who will apply the *Georgia-Pacific* factors to the facts of this case and calculate a reasonable royalty based on Walmart's infringement. This factor weighs in favor of granting RavenWhite's motion. *Cassidian*, 2013 WL 12148459 at *2.

***Second***, there is little – if any – prejudice to Walmart. The Supplemental Report states that Mr. Weinstein's opinions about the hypothetical negotiation have not changed, which was a key factor in the Court's decision in *Cassidian*. *Id*. In addition, Walmart's damages expert Mr. Haas

provided rebuttal opinions on the issue of which parties would attend the hypothetical negotiations. Ex. G (Haas Report) ¶¶ 146-154. Although his report specifically opines that, in his opinion, RavenWhite was situated differently from RavenWhite Security, Inc. or SecurityInnovation, LLC, Ex. G ¶¶ 149-153, he admitted at his deposition that his reasonable royalty calculation in Table 8 of his report would not change, even if RavenWhite were the correct counterparty to the hypothetical negotiation, Ex. H (Haas Dep.) at 117:8-118:1. Walmart also questioned Mr. Weinstein about this issue at his deposition. Ex. I (Weinstein Dep.) at 100:25-101:24; 119:9-23; 120:6-21; 140:1-142:19; 146:14-147:16. Walmart has therefore had the opportunity to fully develop its position on who should be parties to the hypothetical negotiation and to rebut Mr. Weinstein's opinion that RavenWhite would have negotiated the same agreements as RavenWhite Security, Inc. and SecurityInnovation, LLC. The second factor weighs in favor of granting RavenWhite's motion.

*Third*, there is no need to grant a continuance because Mr. Weinstein's opinions about the hypothetical negotiation have not changed. And, as described for the second factor, Walmart has already addressed this issue through the rebuttal report of Mr. Haas and deposition of Mr. Weinstein. This factor weighs in favor of granting RavenWhite's motion.

*Fourth*, RavenWhite has not delayed in seeking to supplement Mr. Weinstein's report. Walmart filed its motion to strike on June 30, 2026, and RavenWhite has promptly filed this motion in response. This timing is significantly different from what the court considered in *Cassidian*, where the defendants did not attempt to serve the supplemental report until two weeks before trial. *Cassidian*, 2013 WL 12148459 at *2. The court found that "Defendants have not, and cannot, provide any justification for their failure to cure the defect of [the expert's] original report at an earlier date." *Cassidian*, 2013 WL 12148459 at *2. Here, RavenWhite is promptly attempting to

cure any defect in Mr. Weinstein's Initial Report. The fourth factor weighs in favor of granting RavenWhite's motion.

## IV. CONCLUSION

The Court should grant this Motion and allow RavenWhite leave to serve the Supplemental Report of Mr. Weinstein.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**

1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that the undersigned complied with the meet and confer requirement of Local Rule CV-7(h). A telephonic meeting was held on July 16, 2026. The parties could not agree on a resolution to the issues discussed above. Further, this motion is opposed.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 17, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer