# EXHIBIT Q

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff, | § § | CASE NO. 6:20-cv-01164-ADA |
| vs. | § § | CASE NO. 6:20-cv-01165-ADA |
| SALESFORCE.COM, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § § | |

## OMNIBUS PRETRIAL ORDER

Before the Court are Defendant's Motion to Strike Untimely Disclosed Expert Testimony and Opinions of Roy Weinstein (ECF No. 423),[1] Plaintiff's Renewed Motion to Exclude Certain Opinions and Testimony of Expert Dr. Matthew Shoemake (ECF No. 432), Defendant's Motion for Summary Judgment of Non-Infringement of the '928 Patent (ECF No. 433), Plaintiff's Motion to Exclude Opinions of Drs. Martinez and Reibstein (ECF No. 434), Defendant's Motion to Exclude Expert Opinions and Testimony of Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman (ECF No. 435), and Defendant's Motions *in Limine* (ECF No. 445). The Court held a Final Pretrial Conference concerning these motions on April 22, 2025. Afterwards, Plaintiff filed a Notice of Intent to Proceed and Proffer of Expert Testimony (ECF No. 462). Defendant then filed a Corrected Motion to Strike Plaintiff's Proffer of Expert Testimony (ECF No. 464). Plaintiff timely filed a Response in Opposition to Defendant's Corrected Motion to Strike (ECF No. 470). The Court rules on the foregoing motions as follows:

---

[1] Unless otherwise noted, all ECF references are to Case No. 6:20-cv-01165-ADA.

| Motion and ECF No. | Ruling |
|---|---|
| Defendant's Motion to Strike Untimely Disclosed Expert Testimony and Opinions of Roy Weinstein (ECF No. 423; ECF No. 413 in -1164 Case) | **DENIED AS MOOT** in light of the Court's below ruling on Defendant's Motion to Exclude Expert Opinions and Testimony of Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman (ECF No. 435). |
| Plaintiff's Renewed Motion to Exclude Certain Opinions and Testimony of Expert Dr. Matthew Shoemake (ECF No. 432) | **DENIED.** The Court finds that Defendant has met its burden to demonstrate that Dr. Shoemake's opinions-at-issue are admissible under Fed. R. Evid. 702. |
| Defendant's Motion for Summary Judgment of Non-Infringement of the '928 Patent (ECF No. 433) | **DENIED.** The Court finds that there are material factual questions that preclude the entry of summary judgment pursuant to Rule 56. |
| Plaintiff's Motion to Exclude Opinions of Drs. Martinez and Reibstein (ECF No. 434) | **DENIED.** The Court finds that Defendant has met its burden to demonstrate that Drs. Martinez and Reibstein's opinions-at-issue are admissible under Fed. R. Evid. 702. |
| Defendant's Motion to Exclude Expert Opinions and Testimony of Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman (ECF No. 435) | **GRANTED.** The Court finds that Plaintiff has failed to demonstrate by a preponderance of the evidence that Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman's opinions-at-issue are admissible under Fed. R. Evid. 702—particularly that, more likely than not, the opinions are the products of reliable principles and methods. Mr. Weinstein's reasonable royalty opinion regarding U.S. Patent No. 8,280,928 is especially unreliable because it uses the wrong parties to the hypothetical negotiation. <br><br> The Court **STRIKES AND EXCLUDES** the January 29, 2025 Report of Dr. Andreas Groehn in its entirety. <br><br> The Court **STRIKES AND EXCLUDES** ¶¶ 285-366 of the March 31, 2025 Corrected Expert Supplemental Report of Robert Stillerman. <br><br> **IT IS ORDERED** that Mr. Weinstein is precluded from testifying, in any form whatsoever, regarding damages owed to Plaintiff for Defendant's alleged infringement of the '928 Patent. For absolute clarity of the Court's rulings-to-date, the Court **STRIKES AND EXCLUDES** the following: |

|  | <ul><li>The April 12, 2023 Expert Report of Roy Weinstein and accompanying exhibits (ECF No. 257-2) in their entirety.</li><li>The following from the July 17, 2024 Supplemental Expert Report of Roy Weinstein (ECF No. 364-3):<ul><li>All references to the '928 Patent in ¶¶ 1–2, 16, and 17;</li><li>¶¶ 4–15 in their entirety;</li><li>Reasonable Royalties for the '928 Patent in Table 1;</li><li>Supplemental Exhibit 1;</li><li>Supplemental Exhibit 2;</li><li>Supplemental Exhibit 2-2;</li><li>Supplemental Exhibit 2-3;</li><li>Supplemental Exhibit 2-4;</li><li>Supplemental Exhibit 2-5;</li><li>Supplemental Exhibit 2-6;</li><li>Supplemental Exhibit 2-7;</li><li>Supplemental Exhibit 4;</li><li>Supplemental Exhibit 6;</li><li>Supplemental Exhibit 7;</li><li>Supplemental Exhibit 7-1; and</li><li>Supplemental Exhibit 7-2.</li></ul></li><li>The following from the July 17, 2024 Second Supplemental Expert Report of Roy Weinstein (ECF No. 435-4):<ul><li>All references to the '928 Patent in ¶¶ 1–2, 5, and 31;</li><li>¶¶ 4, and 6–33 in their entirety;</li><li>Tables 1, 2, and 3 in their entirety;</li><li>Second Supplemental Exhibit 4;</li><li>Second Supplemental Exhibit 5;</li><li>Second Supplemental Exhibit 5-1;</li><li>Second Supplemental Exhibit 5A;</li><li>Second Supplemental Exhibit 5B;</li><li>Second Supplemental Exhibit 6;</li><li>Second Supplemental Exhibit 6-1;</li><li>Second Supplemental Exhibit 6A;</li><li>Second Supplemental Exhibit 6B;</li><li>Second Supplemental Exhibit 7;</li><li>Second Supplemental Exhibit 7-1;</li><li>Second Supplemental Exhibit 7A;</li><li>Second Supplemental Exhibit 8;</li><li>Second Supplemental Exhibit 9;</li></ul></li></ul> |

3

| | |
|---|---|
| | o    Second Supplemental Exhibit 10;<br>o    Second Supplemental Exhibit 12;<br>o    Second Supplemental Exhibit 12-1;<br>o    Second Supplemental Exhibit 12-2; and<br>o    Second Supplemental Exhibit 12-3.<br><br>The foregoing list is not meant to be exclusive and is merely the Court's best attempt to make clear that Mr. Weinstein will not be allowed to testify regarding damages for the '928 Patent. |
| Defendant's MIL No. 1: TO PRECLUDE WSOU FACT WITNESS SHEYANNA PIETRAS FROM TESTIFYING ABOUT THE SUBSTANCE, NEGOTIATIONS, OR BUSINESS DECISIONS LEADING UP TO THE PATENT PURCHASE AGREEMENT (AND ANY AMENDMENTS THERETO) FOR LACK OF PERSONAL KNOWLEDGE | **GRANTED.** |
| Defendant's MIL No. 2: TO PRECLUDE WSOU FACT WITNESSES FROM PROVIDING GENERAL TESTIMONY ABOUT ALCATEL-LUCENT AND NOKIA THAT IS NOT SPECIFICALLY RELATED TO THESE PATENTS OR THE PATENT PURCHASE AGREEMENT AND THAT THEY LACK PERSONAL KNOWLEDGE TO TESTIFY ON | **DENIED.** However, the Court will allow Defendant to take the witnesses-at-issue on voir dire. |
| Defendant's MIL No. 3: TO PRECLUDE WSOU AND WEINSTEIN FROM SHOWING PROFITS FROM SALES OUTSIDE THE DAMAGES PERIOD (AGAIN). | **GRANTED.** |

| | |
|---|---|
| Defendant's MIL No. 4: TO PRECLUDE MR. STILLERMAN FROM TESTIFYING ABOUT NON-ACCUSED FEATURES AND FUNCTIONALITY AS PART OF HIS INFRINGEMENT OPINIONS, INCLUDING CONTACT RECORDS PAGES, ACCOUNT RECORD PAGES, AND ANY "OTHER ELEMENTS/OBJECTS OF THE LIGHTNING EXPERIENCE VERSION OF SALESFORCE SALES AND SERVICE CLOUD" OUTSIDE OF THE ACCUSED CONTACT HIERARCHY | **DENIED.** |
| Defendant's MIL No. 5: TO PREVENT WSOU FROM VIOLATING COURT MIL NO. 1 BY HAVING MR. WEINSTEIN TESTIFY REGARDING PURPORTED UNAVAILABILITY OF LEGIBLE VERSION OF PRESENTATION USED IN HIS NEW DAMAGES ANALYSIS OR FROM USING STANDING MIL 1 TO PREVENT SALESFORCE FROM IMPEACHING MR. WEINSTEIN ON THAT INACCURATE TESTIMONY | **DENIED AS MOOT** in light of the Court's above ruling on Defendant's Motion to Exclude Expert Opinions and Testimony of Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman (ECF No. 435). |
| Defendant's Corrected Motion to Strike Plaintiff's Proffer of Expert Testimony (ECF No. 464) | **DENIED AS MOOT** in light of the Court's above ruling on Defendant's Motion to Exclude Expert Opinions and Testimony of Dr. Andreas Groehn, Mr. Roy Weinstein, and Mr. Robert Stillerman (ECF No. 435). |

**SIGNED** this 25th day of April, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

5