IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § § § § § § § § § § | CASE NO. 2:24-CV-00688-JRG-RSP *(Lead Case)* |
| *Plaintiff,* | | |
| v. | | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | | |
| *Defendants.* | | |
| RAVENWHITE LICENSING LLC | § § § § § § § § § § § § § | CASE NO. 2:24-CV-00689-RWS-RSP *(Member Case)* |
| *Plaintiff,* | | |
| v. | | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | | |
| *Defendants.* | | |

**WALMART'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES UNDER U.S. PATENT NO. 11, 562,402 (Dkt. 182)**

## I.    SUMMARY OF THE REPLY

The burden of ***proving*** compliance with Section 287(a) "is and at all times remains on" Plaintiff—not Walmart. *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). All that was required of Walmart to meet the "low bar" of production via an *Arctic Cat* notice was to identify an unmarked patented product—here, the '402 Patent licensee's ▉▉▉▉▉▉▉▉ Walmart did so. Plaintiff's Opposition argues "prejudice" allegedly due to Walmart's "delay" in sending an *Arctic Cat* notice, but this argument rings hollow because Plaintiff had both the opportunity and obligation under Section 287 to police its licensee's ▉▉▉▉▉▉ marking compliance through independent means, without a notice from Walmart. Yet, even now, Plaintiff provides ***no evidence*** that the ▉▉▉▉▉▉▉▉▉▉ (1) is marked, or (2) does not practice the claims of the '402 Patent, solely relying on Dr. Jakobsson's irrelevant, subjective "belief" for the latter point. Because Plaintiff has not shown marking compliance, the Court should find Plaintiff is not entitled to recover damages for Walmart's alleged infringement of the '402 Patent prior to September 15, 2023.[1]

## II.    LEGAL ARGUMENT

### A.    Walmart's *Arctic Cat* Notice was Timely Under the Facts of the Case.

Walmart's *Arctic Cat* notice was timely because it was in response to ***new, broader infringement theories*** first advanced by Plaintiff's expert, Dr. Smith, in his May 21, 2026 Report. *See* Dkt. 202 at 4-5, 8-10, 12-13. Whereas Plaintiff's infringement contentions focused on ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, Dr. Smith's Report swept in Walmart's broader ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] Walmart refers the Court to its additional briefing regarding Plaintiff's failure to demonstrate compliance with its marking obligations under Section 287(a) (Dkt. 202), submitted in response to Plaintiff's cross-motion for partial summary judgment (Dkt. 184).

███████████████████████████████████████████████

*See id.* This new infringement read prompted Walmart's June 9 *Arctic Cat* identification of the

████████████████████████████████████████, as an unmarked patented article.

*See id.* In similar circumstances, this Court and others have found *Arctic Cat* notice letters timely.

*See, e.g., Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00495-JRG-RSP, 2025 WL 2970536, at *7 (E.D. Tex. Oct. 19, 2025) (allowing leave to amend after pleadings deadline "under the facts of the case"); *Lubby*, 11 F.4th at 1359-60 (finding burden of production under *Arctic Cat* satisfied one day before trial due to plaintiff's late disclosure).

Plaintiff is not relieved from satisfying its burden to prove compliance with Section 287 simply because it produced the ███████████████████ *some time* during the course of this case. Prior to bringing this lawsuit, Plaintiff undoubtedly knew its predecessor-patentee had licensed the '402 Patent to ████████ and that the license ███████████████.[2] Yet, when Walmart asked Plaintiff to identify "all efforts RavenWhite or any predecessor-in-interest undertook to ensure compliance with the licensee's marking obligations," Plaintiff identified licenses by bates number as "potentially relevant" but gave no information on its marking compliance efforts. *See* Dkt. 202 at 3, 9, 12. Plaintiff also narrowed its interrogatory responses to disclose facts about ***Plaintiff's*** practice of the '402 Patent, while failing to disclose its unique knowledge about its licensee, ████████. *See id.* Given these circumstances, the Court should find Walmart's notice, served shortly after Walmart learned of Dr. Smith's expanded infringement theory, was timely "under the facts of the case." *See Pictiva*, 2025 WL 2970536, at *7.

---

[2] *See Ultravision Tech., LLC v. Govision LLC*, No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956, at *3 (E.D. Tex. May 23, 2021), *report and recommendation adopted*, 2021 WL 2212227 (E.D. Tex. Jun. 1, 2021) (identification of marked products in summary judgment motion was sufficient, and prejudice to plaintiff was minimal, because information was in plaintiff's possession).

██████████████████████████████████████████████████████████

**B.      Walmart's Notice Satisfied Walmart's "Low Bar" Burden of Production and Shifted the Burden of Compliance to Plaintiff.**

Plaintiff's claim that Walmart's *Arctic Cat* identification of the licensed ████████████

lacks "sufficient specificity" and did not satisfy Walmart's "initial burden" (Dkt. 199 at 3-4) lacks

merit. First, Walmart's notice described the ████████████ as ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████ and was

sufficient to satisfy Walmart's "low bar." *See Arctic Cat Inc. v. Bombardier Recreational Prods.*

*Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Second, Plaintiff's expert Dr. Smith used similar

language to describe ████████████ as ████████████

██████████████████████████████████████████████████ *See*

Dkt. 202 at 10-11. Third, courts have found no meaningful distinction between a patented method

that results in a product that can be marked and a patented system that results in a service through

a website that can be marked. *See Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d

904, 909 (E.D. Tex. 2005) (Davis, J.) (rejecting patentee's argument "that a website is an intangible

object that cannot be marked").

Finally, Plaintiff's suggestion that Walmart's disclosure is insufficient because it identifies

a system belonging to ████████████, rather than the ████████████ is

belied by the plain language of the ████████████, which (i) specifically

references ██████████████████████████████████ (ii) ██████

██████████████████████████████████████████████████

██████████████████████████, and (iii) ████████████████████

██████    *See* SUF 1; *see also* Dkt. 182-3 at 1, 2. Because ████████████ is

3

██████████████████████████████████████████

(presumably) an ████████ and licensed, its website must be properly marked.[3]

### C.    Plaintiff Cannot Claim Prejudice Regarding Products of its Own Licensee.

Plaintiff cannot complain of "incurable prejudice" due to the timing of Walmart's *Arctic Cat* notice and its own inability to take third-party discovery of its licensee, ████████ because any "prejudice" is of Plaintiff's own creation. *See* Dkt. 202 at 12-13. Plaintiff had the opportunity and obligation under Section 287 to investigate—and police—████████ compliance with marking obligations through independent means, regardless of any notice from Walmart. As the Federal Circuit has held, "when third parties are involved, courts may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Arctic Cat*, 876 F.3d at 1366. Here, Plaintiff implicitly concedes it made no efforts to ensure compliance and instead chose to rely on its uninformed "belief" that ████████████ do not infringe. *See* Plaintiff's AMF 1 (stating "we do not believe they're infringing" but failing to confirm, or identify any efforts to police, ████████ compliance with marking statute). Thus, any alleged prejudice Plaintiff suffered from Walmart's alleged late disclosure "results at least in part from the fact that [Plaintiff] apparently does not track which licensed products practice which" licensed patents. *See Biedermann Tech. GmbH & Co. KG v. K2M, Inc.*, No. 2:18cv585, 2021 WL 8444744, at *3 n.5 (E.D. Va. Oct. 22, 2021). Plaintiff cannot use prejudice of its own making as an excuse for its failure to demonstrate compliance with Section 287.

### III.    CONCLUSION

For the reasons set forth herein, Walmart respectfully requests that the Court grant its motion for partial summary judgment as to the limitation of damages under Section 287.

---

[3] Because the purpose of the marking statute is to "provide notice" and "prevent innocent infringement," *Arctic Cat*, 876 F.3d at 1366, the patentee's obligation to mark should be construed broadly, not narrowly as Plaintiff suggests.

███████████████████████████████████████████

Dated:  July 21, 2026

Respectfully submitted,

/s/  Amir H. Alavi
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

5

███████████████████████████████████

Facsimile:  (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley N. Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

6



Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Counsel for Defendants Walmart Inc. and*
*Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi

7