## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case) |

**PLAINTIFF'S REPLY IN SUPPORT OF THEIR MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WALMART'S FIFTH DEFENSE ON THE
<u>LIMITATION OF DAMAGES UNDER 35 U.S.C. § 287(a)</u>**

████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Massachusetts Inst. of Tech. v. Abacus Software, Inc.*,
       No. 5:01-cv-344, 2004 WL 5268123 (E.D. Tex. Aug. 4, 2004)........................................ 3

*New Medium v. Barco*,
       2007 WL 2403208 (N.D. Ill. Aug. 15, 2007) ....................................................... 3

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*,
       No. 2:23-cv-00495-JRG-RSP, 2025 WL 2970536 (E.D. Tex. Oct. 19, 2025) ................... 4

*Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP,
       2017 WL 6343771 (E.D. Tex. Dec. 12, 2017)................................................... 3, 4

*Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-cv-105-JRG-RSP,
       2022 WL 1912873 (E.D. Tex. May 30, 2022)................................................... 2, 4

*Ultravision Tech., LLC v. Govision LLC*, No. 2:18-cv-00100-JRG-RSP,
       2021 WL 2213956 (E.D. Tex. May 23, 2021)....................................................... 4

████████████████████████████████████

## TABLE OF EXHIBITS

**Exhibits Filed with RavenWhite's Motion (Dkt. 184):**

| | |
|---|---|
| 1 | Plaintiff's First Supplemental Responses and Objections to the Walmart Defendants' First Set of Interrogatories (Nos. 1-23], May 12, 2026 |
| 2 | Deposition Transcript of Bjorn Markus Jakobsson, April 7, 2026 ("Jakobsson Dep.") |
| 3 | Deposition Transcript of Mark Holmes, May 13, 2026 ("Holmes Dep.") |
| 4 | The RightQuestion/Samsung Agreement produced to Walmart on March 25, 2025, and used as Exhibit 23 during Dr. Jakobsson's deposition - RW00007584-7615 |
| 5 | Letter from Walmart counsel, Amir Alavi to RavenWhite counsel, Robert Kramer, June 9, 2026 |
| 6 | Email from Robert Mattson to counsel for Walmart, May 26, 2026 |
| 7 | Declaration of Robert F. Kramer in Support of Plaintiff's Motion for Partial Summary Judgment on Walmart's Fifth Defense on the Limitation of Damages Under 35 U.S.C. § 287(a). |

**Exhibits Filed with this Reply Brief:**

| | |
|---|---|
| 8 | Infringement Contentions served February 26, 2025, Ex. 2, Claim Chart for '402 Patent ("Infringement Contentions") |
| 9 | Expert Report of Dr. Hugh Smith Relating to Infringement by Walmart of U.S. Patent Nos. 10,594,823 and 11,562,402 ("Smith Report") |

Walmart's Opposition (Dkt. 202) does not identify any genuine dispute of material fact. Instead, Walmart attempts to excuse its untimely and prejudicial *Arctic Cat* disclosure by trying to shift its burden to RavenWhite, prematurely. None of Walmart's arguments defeat summary judgment, and no reasonable jury could find in favor of Walmart on this record.

**First**, Walmart cannot satisfy its burden by retroactively creating a justification for its untimeliness. Walmart contends that its untimely *Arctic Cat* disclosure was prompted by Dr. Smith's May 21, 2026 expert report, which it now claims materially broadened RavenWhite's infringement theories by including personalization logic. Dkt. 202 at 13. If this were true, then this argument necessarily implies that, before May 21, Walmart lacked any basis to believe or suspect the "Samsung System" practiced the '402 Patent and, consequently, that they had no basis to even assert a marking defense. Taking Walmart's excuse at face value, neither its *Arctic Cat* letter (Dkt. 184-5) nor Walmart's summary judgment motion (Dkt. 182) contained any reference to Dr. Smith's report as the catalyst giving rise to that belief, nor did it articulate how the Samsung System could possibly practice the '402 Patent or "personalization logic." The letter referred broadly to infrastructure, servers, and the "system accessible at www.samsung.com/us/ by clicking on the 'Shop' tab or icon." It did not articulate and provided no notice that "the Samsung.com shop functionality" was the unmarked patented article as Walmart claims it did. Dkt. 202 at 13. Further, to the extent there was a dispute regarding the scope of RavenWhite's infringement theories, that issue was resolved through claim construction and has no bearing on whether or not Walmart timely carried its initial burden under *Arctic Cat*.

Additionally, Walmart's description of its surprise regarding Dr. Smith's identification of P13N strains credulity. Dkt. 202 at AMF 32-34. The February 26, 2025 Infringement Contentions identify the P13N code, including the code responsible for Persona Affinities and Category

1

Affinities, which are the basis for Dr. Smith's Persona (UNPA) and PT[1] Affinity (UNCA) flows. Ex. 8 (Infringement Contentions) at 118-119, 125-126, 128-129, 133-134, 140, 146-147, 160, 165-167 (identifying at 118 and 166 ContentAggregator.java, ContentSelector.java, and SelectionEngineFactory.java files as just three examples); Ex. 9 (Smith Report) Ex. E at 10, 14 (identifying same files).

**Second**, blaming its delinquent disclosure on RavenWhite for not producing enough evidence establishing Samsung or its products as practicing the '402 Patent reverses the burden imposed by *Arctic Cat*. Dkt. 202 at 12. As the Court reiterated in *Sola OLED*, "[t]he *Arctic Cat* burden of production is a low bar predicated upon **belief, not proof**. The burden on [the accused infringer] is to **timely** identify unmarked products it **believes** practiced the [asserted patent]. **It is not necessary to wait**" for additional discovery to confirm or to investigate that belief. *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-cv-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022). Walmart acknowledges that RavenWhite identified the Samsung license as "potentially relevant" to marking in its March 30, 2026 interrogatory response. Dkt. 202 at 12. If Walmart was unsatisfied with that response, it certainly had the time (over a month before close of fact discovery) to meet and confer and/or file a motion to compel further discovery. Walmart pursued neither avenue, as was its prerogative. In any event, it is undisputed that Walmart had the Samsung license and knew Samsung's identity for more than a year before serving its *Arctic Cat* letter. Dkt. 184 (SUF 21, 22). The Court in *Semcon IP* (a case Walmart relies on) found the motion asserting failure to mark based on a licensee's products untimely because the underlying license agreement was produced "well before the dispositive motions deadline." *Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2017 WL 6343771, at *2 (E.D. Tex. Dec. 12, 2017).

---

[1]Walmart uses the term "Product Type" or "PT" to refer to Categories.

2

Likewise, here, the Samsung license "alone could have formed the basis for a timely" *Arctic Cat* disclosure. *See id.* There was no justification to wait for validation or confirmation.

**Third**, contrary to Walmart's assertion, RavenWhite is not required to "police" a licensee's compliance, and none of Walmart's cited cases establish otherwise. *See, e.g., Massachusetts Inst. of Tech. v. Abacus Software, Inc.*, No. 5:01-cv-344, 2004 WL 5268123, at *38 (E.D. Tex. Aug. 4, 2004) ("Neither the statute nor any cited cases impose an obligation on patentees to 'police' marking."). Nor does a license agreement lacking a marking provision establish a violation of § 287. *See, e.g., New Medium v. Barco*, 2007 WL 2403208, at *3 (N.D. Ill. Aug. 15, 2007) (assumption that "the mere existence of license agreements lacking marking provisions" demonstrates licensee's failure to mark is improper).

Assuming *arguendo* that Walmart even identified the correct Korean-based licensee, an issue Walmart does not address, there was also no basis for RavenWhite to suspect Samsung infringed. *See* Dkt. 184 (SUF 20); Dkt. 184-2 (Jakobsson Dep.) at 251:18-24; 252:19-253:7. Walmart's reliance on *Semcon IP* is again misplaced. There, the licensee's unmarked product had previously been accused of infringing the patents-in-suit by plaintiff's predecessor, which resulted in the relevant license agreement, providing a concrete basis for believing the licensee. *Semcon IP*, 2017 WL 6343771, at *2-3. In contrast, here, the Samsung license resulted from accusations that Samsung was "infringing on patents related to biometrics," technology unrelated to the '402 Patent's claims, and the '402 Patent application was included solely because Samsung wanted a portfolio license. Dkt. 184 (SUF 20); Dkt. 184-2 (Jakobsson Dep.) at 251:18-24; 252:19-253:7.

**Fourth**, Walmart misplaces its reliance on cases that have little factual resemblance to the facts here. *See Semcon IP*, 2017 WL 6343771, at *2 (permitting Huawei's late and prejudicial marking defense because co-defendant had already provided timely notice that the plaintiff's

3

licensee products—which were accused of infringing the patent in prior litigation—were at issue, such that plaintiff "should have been preparing to confront the marking issue); *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:23-cv-00495-JRG-RSP, 2025 WL 2970536 (E.D. Tex. Oct. 19, 2025) (*Arctic Cat* letter sent "with almost a full month left in discovery" and unmarked products referenced in expert reports); *Ultravision Tech., LLC v. Govision LLC*, No. 2:18-cv-00100-JRG-RSP, 2021 WL 2213956 (E.D. Tex. May 23, 2021), *report and recommendation adopted*, 2021 WL 2212227 (E.D. Tex. Jun. 1, 2021) (finding minimal prejudice despite late disclosure where unmarked products belonged to plaintiff and all information about the products was already in plaintiff's possession). Further, in *Solas Oled*, this Court observed that the day-before-trial disclosure in *Lubby Holding* was not untimely because it came ***after*** plaintiff disclosed its damages computation for the first time also the day before trial. *Solas Oled*, 2022 WL 1912873, at \*2. No comparable circumstances exist here: (1) RavenWhite's damages disclosure was timely under the court's Docket Control Order; (2) Walmart sent its *Arctic Cat* letter over a month after discovery closed; (3) none of Walmart's three expert reports allege Samsung practices the '402 patent; (4) RavenWhite has no information about the "Samsung System" in its possession, custody, or control; and (5) there is no co-defendant whose timely efforts Walmart can piggyback on to shift its burden or to mitigate the clear prejudice against RavenWhite.

Finally, Walmart asserts that "Samsung's server structure and the 'shop' functionality" on Samsung's website is a markable product because "Samsung's website is intrinsic to the '402 Patent's claims." Dkt. 202 at 10-11. Even if that were true, Walmart's *Arctic Cat* letter does not even articulate or allege the specific website functionality as practicing the '402 patent, much less identify what the Samsung website does in a manner that put RavenWhite notice. *See* Dkt. 184-5

4

(identifying server infrastructure and "servers that allow users to access Samsung's system including the system accessible at" Samsung's website by clicking on the "Shop" icon).

There is no genuine dispute that Walmart's *Arctic Cat* disclosure was untimely, that the burden to prove compliance had not shifted to RavenWhite, and that no countervailing circumstances minimize the resulting, incurable prejudice. RavenWhite is entitled to summary judgment precluding Walmart from asserting a marking defense or arguing no pre-suit damages.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
KRAMER LLP
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 21, 2026. A confidential version of this filing was served upon all counsel of record by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer

7