# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:15-cv-01366-JRG-RSP |
| APPLE INC., | § § | |
| *Defendant.* | § | |

## ORDER ON MOTIONS *IN LIMINE*

The Court heard argument at the Pretrial Conference in the above-captioned case on February 24, 2021, regarding motions *in limine* filed by Plaintiff Personalized Media Communications, LLC ("PMC"), (Dkt. No. 429) and Defendant Apple Inc. ("Apple"), (Dkt. No. 430). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

### A.  PMC's Motions *in Limine* (Dkt. No. 429)

1. Plaintiff's MIL No. 1: Motion to Exclude Prior Patents-in-Suit and Accused Instrumentalities and Post-Issuance Proceedings or Cases Involving Other PMC Patents.

A. Evidence or Reference to Prior Patents-in-Suit or Accused Instrumentalities

This motion *in limine* is **GRANTED** to the extent that the *fact* that other patents were asserted or other products were accused, and no longer are, shall not be referenced.

B. Evidence or Reference to IPR Proceedings for Non-Asserted PMC Patents

1

to testify mathematically how he derived the damages value he arrived at but not the dollar amount of the entire market value itself.

8. Defendant's MIL No. 8: ==Preclude PMC from Presenting any PMC License Agreement PMC's Damages Expert Admits are Not Comparable to the Hypothetical License==

==This motion *in limine* is **GRANTED** to the extent that the dollar value of license agreements that no expert found technologically comparable are excluded.== If a license is technologically comparable, but the expert deems it not economically comparable, the expert may still disclose the amount of the license and explain how it can be adjusted to help determine a reasonable royalty. The Court clarifies that these agreements may be permitted for other purposes such as identifying payment structure (lump sum or running royalty) as long as the financial terms are redacted. This ruling applies to licenses offered by both sides.

9. Defendant's MIL No. 9: Preclude PMC from Presenting the Four "Public Licenses" Involving Third Parties Relied on by Mr. Dansky

This motion *in limine* is **MOOT**.

10. Defendant's MIL No. 10: Preclude PMC from Presenting Evidence, Testimony, or Argument Regarding Discovery Disputes or Allegedly "Missing" Discovery in this Case

This motion *in limine* is **GRANTED** as to any claims of intentional withholding but does not prevent a witness from simply stating that they did not have access to certain records.

11. Defendant's MIL No. 11: Preclude Testimony from PMC's Experts Outside the Scope of Their Reports

This motion *in limine* is **DENIED** as unnecessary.

12. Defendant's MIL No. 12: Preclude PMC from Presenting Apple Past or Present Executive Statements Unrelated to the Accused Technology

This motion *in limine* is **MOOTED** by Agreement. Dkt. No. 493.

**SIGNED this 2nd day of March, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE