████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00688-JRG-RSP |
| | (Lead Case) |
| THE HOME DEPOT, INC., *et al.*, | |
| Defendants. | |
| | |
| RAVENWHITE LICENSING LLC, | |
| Plaintiff, | Case No. 2:24-cv-00689-JRG-RSP |
| | (Member Case) |
| v. | **JURY TRIAL DEMANDED** |
| WALMART INC., *et al.*, | ████████████████ |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND
FIRST AMENDED COMPLAINT TO JOIN PATENT OWNERS RAVENWHITE
SECURITY, INC. AND SECURITY TECHNOLOGY, LLC AS CO-PLAINTIFFS**

████████████████████████████████████████

## TABLE OF CONTENTS

I.      The Court should reject Walmart's attempts to divert its attention away from the Fifth Circuit's good-cause analysis. ........................................................................... 1

II.     There is good cause to grant RavenWhite leave to amend. ..................................................... 4

III.    Walmart concedes RavenWhite's arguments under Rules 15(a), 19(a), and 21. .................... 5

████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.L.M. Holding Co. v. Zydex Industries Private Ltd.*,
176 F.4th 1326 (Fed. Cir. 2026) ........................................................................... 4

*Fontenot v. McCraw*,
777 F.3d 741 (5th Cir. 2015) .............................................................................. 1

*Genetics Inst., LLC v. Novartis Vaccines., Inc.*,
655 F.3d 1291 (Fed. Cir. 2011).......................................................................... 3

*SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 4:20-cv-00886,
2022 WL 3331254  (E.D. Tex. Aug. 11, 2022) ............................................... 1, 5

*Speedplay, Inc. v. Bebop, Inc.*,
211 F.3d 1245 (Fed. Cir. 2000)........................................................................... 4

*Thompson Street Capital Partners IV, L.P. v. Sonova U.S. Hearing Instruments, LLC*,
340 A.3d 1151 (Del. 2025) ................................................................................. 3

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
944 F.2d 870 (Fed. Cir. 1991)............................................................................. 4

██████████████████████████

## TABLE OF EXHIBITS

The following exhibits were filed with RavenWhite's Motion (Dkt. 187):

| Ex. | Description |
|-----|-------------|
| A | RavenWhite's proposed Second Amended Complaint (with redlines) |
| B | Excerpts of the Exclusive Patent License Agreement relating to U.S. Patent No. 11,562,402, bearing Bates numbers RW00006994-7003 |
| C | Excerpts of the First Amended and Restated Exclusive Patent License Agreement relating to U.S. Patent No. 10,594,823, bearing Bates numbers RW00007544-7553 |
| D | Email chain between counsel for RavenWhite and counsel for Walmart, dated from June 10, 2026 to June 20, 2026 |
| E | Excerpts of a letter from Henry Fildes to Robert Mattson, dated December 12, 2024 |

The following exhibits are filed with this Reply:

| Ex. | Description |
|-----|-------------|
| F | Excerpts of the Exclusive Patent License Agreement relating to U.S. Patent No. 11,562,402, bearing Bates numbers RW00006994-7003 |
| G | Excerpts of the First Amended and Restated Exclusive Patent License Agreement relating to U.S. Patent No. 10,594,823, bearing Bates numbers RW00007544-7553 |

███████████████████████████████████████████

RavenWhite respectfully submits this reply in support of its motion to amend the complaint to add patent owners as co-plaintiffs. Dkt. 187.

## I.    The Court should Reject Walmart's Attempts to Divert its Attention Away from the Fifth Circuit's Good-Cause Analysis.

Walmart's opposition primarily argues the merits of its motion for summary judgment of no standing, (Dkt. 176 "MSJ"), but that is not the question in front of the court. The issue for the court to decide here is whether RavenWhite should be granted leave to amend its First Amended Complaint to add the Proposed Co-Plaintiffs. The threshold test for that where the deadline to amend has passed is whether good cause exists, using the factors set forth by the Fifth Circuit. *See SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 4:20-cv-00886, 2022 WL 3331254, at *2 (E.D. Tex. Aug. 11, 2022) (citations omitted). Whether a plaintiff has Article III standing is not a factor in the Fifth Circuit's good-cause analysis, and Walmart provides no support for its insistence otherwise, or that leave to amend should be denied on this basis. *Fontenot*, which Walmart cites, is inapposite. It concerned a motion to *dismiss* an existing co-plaintiff, not a motion to amend a complaint to *add* a co-plaintiff, did not apply a good-cause test, and had nothing to do with a patent-infringement cause of action. *Fontenot v. McCraw*, 777 F.3d 741, 746-47 (5th Cir. 2015) (lawsuit against state officials dismissed). As in *Fontenot*, if Walmart believes the Proposed Co-Plaintiffs lack standing, it can bring a properly noticed motion to dismiss after they are joined.

Nonetheless, Walmart is wrong that the Proposed Co-Plaintiffs lack Article III standing. Dkt. 207 at 3. Its argument depends on its assertion that the ████████████████████████ ████████████████, and that RavenWhite is the "effective owner" of, the asserted patents. *Id*.; *see also* Dkt. 176 at 7-10. As RavenWhite explained in its opposition to Walmart's MSJ, no "effective owner" analysis applies here. *See* Dkt. 196 at 6-7. Rather, the proper question in analyzing common ownership of the asserted patents and the terminally disclaimed patents is *who*

1

████████████████████████████████████████

*holds legal title* to the patents. The answer is the patent owners, RavenWhite Security and Security Technology. Dkt. 187 at 3-4; Dkt. 196 at 6-7.

Even applying Walmart's chosen analysis, it is still wrong. Walmart argues RavenWhite is the effective owner of the patents-in-suit and did not retain any exclusionary rights such as "any right to enforce or license the Asserted Patents or any right to control any litigation." Dkt. 207 at 3-4. But RavenWhite's enforcement rights *are* constrained. ████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ Dkt. 187-3 § 3.3, Dkt. 187-4 § 3.3 (emphasis added). ███████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████ Ex. F at § 4.1.1; Ex. G at § 4.1.1. It is thus incorrect to assert the Proposed Co-Plaintiffs ███████████████████████████████

████████ Dkt. 207 at 4.

Moreover, as previously shown, the Proposed Co-Plaintiffs ████████████████

████████████████████████████████████████████████████████████████████

████████████ Dkt. 187 at 3-4, 10-11; Dkt. 196 at 9-10. Walmart is wrong in its assertions to the contrary. Dkt. 207 at 6-8. On its first point, Walmart cherry picks provisions of the Licenses to argue the Proposed Co-Plaintiffs ████████████████████████. Dkt. 207 at 6. But the ████████

███████████████████████████████████████████" Dkt. 187-3 § 12.1; Dkt. 187-4 § 12.1 (emphasis in original). The parties specifically negotiated and drafted this provision

---

[1] Walmart alleges the Proposed Co-Plaintiffs gave up substantial rights because they "did not want to be compelled to join a lawsuit." Not only is Walmart incorrect that all substantial rights were transferred, but this is baseless speculation, especially when plainly contradicted by the requirements that the Proposed Co-Plaintiffs ███████████████████████████████. *See* Dkt. 187 at 12 (citing Dkt. 187-3 § 3.3; Dkt. 187-4 § 3.3).



to ███████████████████████████████████

███████████████████. Conversely, no language—including the non-specific language

Walmart applies—expressly ████████████████████████████████████

███████. *See Thompson Street Capital Partners IV, L.P. v. Sonova U.S. Hearing Instruments,*

*LLC*, 340 A.3d 1151, 1166 (Del. 2025) ("[W]here specific and general provisions conflict, the

specific provision ordinarily qualifies the meaning of the general one.").[2] Allowing other

provisions to trump the ████████ provision would render the latter "entirely meaningless." *See*

*Thompson*, 340 A.3d at 1167 ("Contracts will be interpreted to give each provision and term effect

and not render any terms meaningless or illusory.") (cleaned up). Indeed, RavenWhite's ███████

███████████████████████████████████████████████ Ex. F

at § 1.7; Ex. G at § 1.7 ████████████████████████████████

███████████████████. *Genetics Inst., LLC v. Novartis Vaccines., Inc.*, 655 F.3d 1291, 1299

(Fed. Cir. 2011) ("[A]n expired patent may form the basis of an action for past damages ….").

Through its second through fourth points (Dkt. 207 at 6-8), Walmart misconstrues

RavenWhite's argument, which is not that each of those rights independently is an exclusionary

right, but that by retention of the totality of those rights, the Licenses illustrate that the Proposed

Co-Plaintiffs retained certain substantial rights, rendering intact common ownership of the asserted

patents and prior patents with respect to the terminal disclaimers. *See* Dkt. 187 at 10-11. Indeed,

the cases cited by Walmart (Dkt. 207 at 6-8) highlight that it is the "totality" of retained rights that

matters, and retention of the right to assign is key. Walmart omits a critical portion of the *ALM*

court's words on totality: "[a] right to royalties, while not itself an exclusionary right, can further

evidence an exclusionary right, ***particularly when paired with other provisions that 'involve the***

---

[2] The Licenses ████████████████████████. Ex. F § 14.7, Ex. G § 14.7.

███████████████████████████████████████

***ability to exclude others from practicing an invention***.'" *A.L.M. Holding Co. v. Zydex Industries Private Ltd.*, 176 F.4th 1326, 1334 (Fed. Cir. 2026) (emphasis added) (patent owner had Article III standing because it retained right to sue, sublicensing veto, and royalty interests). And, ███ ███, the court's list of retained rights in *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875-76 (Fed. Cir. 1991) included no provision █████████ ████████████████████. Dkt. 207 at 7-8. Finally, in ruling that the patent owners retained no substantial rights, the *Speedplay, Inc. v. Bebop, Inc.* court noted that the "the licensee's inability to assign its interest was a factor important to the holding in *Abbott*" (where licensor retained rights and was a necessary party). 211 F.3d 1245, 1251-52 (Fed. Cir. 2000). The court then distinguished *Abbott* because its licensor had an absolute right to veto any assignment, whereas the *Speedplay* licensor's consent could "not be withheld unreasonably"— ███████████████████. *Id.*

Walmart argues that RavenWhite contradicts its Complaint, declaration, and the agreements, and purportedly "claims…that it was wrong all along" and is "attempt[ing] to recant." Dkt. 207 at 2, 5-6. But RavenWhite already explained the limited nature of its standing allegations, and the Court should reject Walmart's attempt to misrepresent the record. *See* Dkt. 187 at 11, n.2.

## II.    There is Good Cause to Grant RavenWhite Leave to Amend.

Walmart's response to RavenWhite's showing of "good cause" misses the mark. First, Walmart presents a convoluted argument that "Plaintiff's explanation for its delay is meritless." Dkt. 207 at 9-10. But the type of standing that Walmart decided to dispute in its MSJ splits hairs and ignores the real issue, which is simply one of notice. Walmart informed RavenWhite of the purported standing issue on June 10, 2026, and immediately afterwards, RavenWhite filed its Motion. That is the explanation for the delay in seeking to amend. Notably, Walmart offers no explanation for it delay in raising this terminal disclaimer/standing issue. Walmart does not even address RavenWhite's case law, where this Court granted leave to amend after other defendants

4

raised a standing issue. Dkt. 187 at 6-7 (citing *Good Sportsman Marketing*).

Second, Walmart's argument that it would be prejudiced by joinder is disingenuous at best. Dkt. 207 at 11-12. Apparently forgetting that it has already sought discovery from the Proposed Co-Plaintiffs (*see* Dkt. 187 at 8-9 & Ex. E), Walmart asserts it would need to depose the corporate representatives and conduct discovery into the patent owners (Dkt. 207 at 12). Walmart already had a full opportunity to obtain this discovery. It did, and RavenWhite produced it. *See* Dkt. 187 at 8-9 & Ex. E. Then Walmart raises a red herring, arguing it relied upon RavenWhite's statements therein in deciding to withdraw its motion to compel funding agreements. Dkt. 207 at 12. This is nonsensical, given that Walmart filed its motion to withdraw on June 9 and then emailed RavenWhite on June 10 about the purported standing issue—in other words, when Walmart withdrew its motion to compel, it must have known it was about to raise the purported standing issue, which would predictably draw a motion to add co-plaintiffs. Walmart does not even attempt to address the case law cited by RavenWhite. Dkt. 187 at 8-9.

## III. Walmart Concedes RavenWhite's Arguments Under Rules 15(a), 19(a), and 21.

Given that Walmart has not rebutted RavenWhite's showing of "good cause," the Court should freely grant leave to amend because justice warrants it. *See* Dkt. 187 at 10-11. "When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *SB IP Holdings*, 2022 WL 3331254, at *2 (internal citation omitted). Walmart does not even attempt to address Rule 15(a), and thus concedes RavenWhite's arguments on the Rule 15(a) factors, which all apply after a showing of "good cause." Nor does Walmart address RavenWhite's "necessary party" argument pursuant to Rule 19(a) and Rule 21. *See* Dkt. 187 at 11-13.

5

███████████████████████████████████

Dated: July 23, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile:  (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

6

███████████████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 23, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 41) entered in this case on October 15, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer

7