████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| `<br>RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>████████████████ |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO WALMART'S
MOTION FOR SUMMARY JUDGMENT OF NON-ENFORCEABILITY
OF THE ASSERTED PATENTS AND LACK OF ARTICLE III STANDING**

██████████████████████████████████

## TABLE OF CONTENTS

I.     *Immunex* should be narrowly construed, not extended. ........................................... 1

II.    RavenWhite has not received all substantial rights to the Asserted Patents. ........................ 2

III.   Constitutional standing only requires enforceable title. .......................................... 4

███████████████████████████████████

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Pages**

*Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995)...................................................... 4

*Fall Line Patents, LLC v. Zoe's Kitchen, Inc.*, No. 6:18-cv-00407-RWS, Dkt. 106 (E.D. Tex.
      July 26, 2019)............................................................................................................. 5

*Fall Line. Integrity Worldwide, Inc. v. Rapid-EPS Ltd.,* No. 3:17-CV-00055,
      2021 WL 3130082 (N.D. Tex. July 22, 2021) ...................................................... 5

*Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*,
      655 F.3d 1291, 1299 (Fed. Cir. 2011)................................................................. 3

*Immunex Corp. v. Sandoz, Inc.*,
      964 F.3d 1049 (Fed. Cir. 2020)................................................................. 1, 2, 3

*Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*,
      11 F. 4th 345, 350-51 (5th Cir. 2021) ................................................................. 5

*Speedplay, Inc. v. Bebop, Inc.*,
      211 F.3d 1245 (Fed. Cir. 2000)............................................................................ 4

*Thompson Street Capital Partners IV, L.P. v. Sonova U.S. Hearing Instruments, LLC*,
      340 A.3d 1151 (Del. 2025) ................................................................................. 2

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
      944 F.2d 870 (Fed. Cir. 1991)............................................................................. 3

**Statutes**

35 U.S.C. § 281.......................................................................................................................... 2

████████████████████████████

## TABLE OF EXHIBITS

The following exhibits were filed with RavenWhite's Opposition (Dkt. 196):

| Ex. | Description |
|-----|-------------|
| 1 | Exclusive Patent License Agreement between RavenWhite Security, Inc. and RavenWhite Licensing LLC |
| 2 | First Amended and Restated Exclusive License Agreement between Security Technology, LLC and RavenWhite Licensing LLC |

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| RavenWhite | Plaintiff RavenWhite Licensing LLC |
| Walmart | Defendants Walmart Inc. and Walmart Stores Texas, LLC |
| RavenWhite Security | RavenWhite Security, Inc. |
| Security Technology | Security Technology LLC |
| '823 patent | U.S. Patent No. 10,594,823 |
| '402 patent | U.S. Patent No. 11,562,402 |
| Asserted Patents | '823 and '402 patents |
| Terminal Disclaimer Patents | U.S. Patent Nos. 8,930,549; 10,438,246; and 10,977,696 |
| Exclusive License Agreements | The Exclusive License Agreement between RavenWhite Security, Inc. and RavenWhite Licensing LLC and the First Amended and Restated Exclusive Patent License Agreement between Security Technology, LLC and RavenWhite Licensing LLC |

Walmart asks this court to create two new rules: one for determining common ownership of patents subject to a terminal disclaimer, and another for assessing Constitutional standing under Article III. The court does not need to decide either issue if it concludes that RavenWhite is not the effective owner of the Asserted Patents. Conversely, if the court determines that common ownership depends on who holds title, then it does not need to assess whether RavenWhite is an effective owner. Walmart's motion can, and should, be denied on either basis. Should the court reach the issue of Constitutional standing, then Walmart's motion should be denied because unenforceability of the Asserted Patents is an affirmative defense to infringement, not a standing issue under Article III.

## I.    *Immunex* should be narrowly construed, not extended.

Walmart characterizes *Immunex* as holding that the "all substantial rights" test "applies equally in 'determining common ownership in the obviousness-type double patenting context.'" Dkt. 208 at 1 (quoting *Immunex*). But the Federal Circuit expressly avoided making such a broad new rule. Instead, it stated:

> We conclude *only* that where one of the rights transferred is **the right to prosecute the patent at issue**, identification of the effective "patentee" is informative in evaluating whether the patents are "commonly owned" for purposes of obviousness-type double patenting.

*Immunex Corp. v. Sandoz Inc*. 964 F.3d 1049, 1059 (Fed. Cir. 2020) (italics in original). Not only did the Federal Circuit explicitly limit the scope of its ruling to facts that do not apply here, it also made the "all substantial rights" test informative, not dispositive.[1] And, even under that test, the court found that the licensee did *not* receive all substantial rights because the licensor retained the right to veto any assignment of the licensee's rights under the agreement. *Id*. at 1062. *Immunex*,

---

[1] The Asserted Patents issued before the parties entered into the Exclusive License Agreements. RavenWhite therefore had no influence over prosecution of the Asserted Patents, which was a key fact to the court's decision in *Immunex*. ████████ of the agreements relied on by Walmart (Dkt. 208 n.1) is irrelevant and inapplicable for this same reason.

██████████████████████████

properly construed, does not compel a finding of common ownership in this case.

Moreover, the policy concerns relied on by Walmart (Dkt. 208 at 2, 6) are addressed by the statutory standing requirements of 35 U.S.C. § 281, not by stretching the Federal Circuit's ruling in *Immunex*. RavenWhite has moved to join the title owners of the Asserted Patents in order to resolve any issues of statutory standing. *See* Dkt. 187. Accordingly, there is no possibility here that the title owners can later sue Walmart for infringement of these same patents.

## II.    RavenWhite has not received all substantial rights to the Asserted Patents.

Walmart mischaracterizes RavenWhite's position on which rights have been transferred or retained by the patent owners. It also applies the wrong standard for assessing whether all substantial rights have been transferred to RavenWhite.

Specifically, Walmart claims that "Plaintiff argues that the Prior Patent Owners retained…the right to assign the Asserted Patents." Dkt. 208 at 3. Walmart has missed the point, which is that ██████████████████████████████████. Dkt. 176 at 8-9. The Exclusive License Agreements ████████████████████████ ████████████████████████████████████████. Ex. 1, 2 Section 12.1. Whatever rights RavenWhite did not receive, ████████████████ are necessarily retained by the owners.

Conversely, there is no language—including the non-specific language of Section 2.1 that Walmart applies—███████████████████████████████ ███████. *See Thompson Street Capital Partners IV, L.P. v. Sonova U.S. Hearing Instruments, LLC*, 340 A.3d 1151, 1166 (Del. 2025) ("[W]here specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one."). Rather, Section 12.2 ████████████████████████████████. Allowing Section 2.1 to trump ████ ████████ would render Section 12.2 "entirely meaningless." *See id*. at 1167 ("Contracts

2

███████████████████████████████████████

will be interpreted to give each provision and term effect and not render any terms meaningless or illusory.") (cleaned up).

Walmart also fails entirely to address the point that RavenWhite's enforcement rights are constrained because any agreement it enters into ████████████████████████████. Dkt. 176 at 9. Moreover, those enforcement rights ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ *Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286.").

Walmart also uses the wrong legal standard by focusing on each individual right retained by the owners. Dkt. 208 at 4-5. A proper inquiry examines the totality of rights transferred and retained under the agreements. *Immunex*, 964 F.3d at 1059. Under the proper standard, the cases cited by Walmart (Dkt. 208 at 4-5) confirm that RavenWhite has not received all substantial rights to the Asserted Patents.[2]

In *Vaupel*, the court concluded that the licensee's rights to sue and sublicense constituted all substantial rights, even though the licensor retained reversionary rights and the right to infringement damages, much like the patent owners here. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). It did not, however, consider the impact of alienation rights, which limits its applicability. *Speedplay* considered that issue and

---

[2] *ALM* (Dkt. 208 at 4) is not a statutory standing case. It is a Constitutional standing case that considers whether the licensee has at least one exclusionary right. The court stated that "a right to royalties, while not itself an exclusionary right, **can further evidence an exclusionary right,** particularly when paired with other provisions." *A.L.M. Holding Co. v. Zydex Industries Private Ltd.*, 176 F.4th 1326, 1329 (Fed. Cir. 20026) (emphasis added). *ALM* does not support Walmart's isolated consideration of the right to receive royalties in the context of effective ownership.

3

███████████████████████████████████████████████████

found it significant. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000). The court concluded that the licensee received all substantial rights even though it could only assign the agreement with the licensor's consent, which could not unreasonably be withheld. It noted, however, that the outcome could have been different if the prohibition was ██████████████ ████████ *Id.* (distinguishing *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995)).

The cases cited by RavenWhite in its Opposition confirm the court's inclination in *Speedplay* that a prohibition on assignment precludes a finding that all substantial rights have been transferred. Dkt. 176 at 8-9. Walmart makes no effort to distinguish these cases, choosing instead to ignore them.[3] Under a correct application of this precedent, the totality of rights transferred to RavenWhite and retained by the owners shows that RavenWhite has not received all substantial rights to the Asserted Patents. *Id.* at 9-10.

## III.    Constitutional standing only requires enforceable title.

If the court determines that title ownership is the proper standard to apply to common ownership of patents subject to a terminal disclaimer, or if the court finds that RavenWhite has not received all substantial rights to the Asserted Patents, then it does not need to decide the issue of standing under Article III. But if the court does take up this issue, then its analysis should start with *Lone Star*, which holds that "whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." Dkt. 176 at 15. From *Lone Star*, the district courts in *Integrity* and *Fall Line* correctly determined that unenforceability based on a break in common ownership with terminal disclaimer patents does not implicate standing. *Id.* at 14-15. Walmart makes no effort to distinguish *Lone Star* and instead continues to rely on *Paradise*, which is no longer valid authority and distinguishable on its facts. *Id.* at 15-16.

---

[3] Walmart also ignores Section C of RavenWhite's Opposition (Dkt. 176 at 10-13) which explains why Walmart's reliance on extrinsic evidence and statements taken out of context is improper.

Walmart also argues, incorrectly, that there is no case law "supporting the conclusory assertion that non-enforceability due to improper ownership is merely an *equitable* defense." Dkt. 208 at 6 (emphasis in original). That is precisely what the courts said in *Integrity* and *Fall Line*. *Integrity Worldwide, Inc. v. Rapid-EPS Ltd.,* No. 3:17-CV-00055, 2021 WL 3130082 (N.D. Tex. July 22, 2021) at *5 ("enforceability concerns equitable issues that may preclude or limit recovery"); *Fall Line Patents, LLC v. Zoe's Kitchen, Inc.*, No. 6:18-cv-00407-RWS, Dkt. 106 (E.D. Tex. July 26, 2019) at 6. In any event, RavenWhite's position does not depend on unenforceability being an equitable defense. Dkt. 176 at 16-17. The point is that unenforceability is a defense to infringement, not an Article III standing issue.

Walmart also argues, incorrectly and without any cited authority, that "a purported injury cannot be 'cognizable' under Article III if the very instrument giving rise to the alleged injury is not enforceable." Dkt. 208 at 6. In *Maxim*, the Fifth Circuit considered whether a contract assignment left the plaintiff with "no remaining cognizable rights," noting that the issue is one of contractual standing, which "speaks to a party's right to relief for breach of contract," *not* one of Article III standing, which "speaks to the power of a court to adjudicate a controversy." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co*., 11 F. 4th 345, 350-51 (5th Cir. 2021). The Court relied on *Lexmark*—the same Supreme Court opinion relied on by the Federal Circuit in *Lone Star*—to conclude that Maxim had the right to invoke the federal judicial power under Article III even without any cognizable rights under the assignment at issue. *Id*. at 351. The same is true here for RavenWhite in the context of standing to sue for patent infringement.

███████████████████████████████████

Dated: July 23, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
rxie@kramerllp.com
Rachael Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

6

<br>

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 23, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. No. 51) entered in this case on December 10, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer

7