IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff,*<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>(*Lead Case*)<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff,*<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-cv-00689-JRG-RSP<br>(*Member Case*)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION
TO STRIKE OPINIONS OF DR. KEVIN ALMEROTH**

█████████████████████████████████████████

## TABLE OF CONTENTS

I.      Dr. Almeroth's Opinions Regarding Various Non-Infringing Alternatives Should Not be Excluded...................................................................................................................................1

        A.      Rebuttal Paragraphs 535-539 ......................................................................................1

        B.      Rebuttal Paragraphs 540-551 ......................................................................................1

        C.      Rebuttal Paragraphs 552-554 ......................................................................................1

        D.      Dr. Almeroth's Opening Report (¶¶516-519) .............................................................2

        E.      All Non-Infringing Alternatives in Both of Dr. Almeroth's Reports ...............................2

II.     Dr. Almeroth's Opinions Regarding the Home Depot Covenant Not to Sue Should Not be Excluded...................................................................................................................................2

        A.      Opening Report (¶¶214, 485, 542)...............................................................................2

        B.      Rebuttal Report (¶¶431-438)........................................................................................3

        C.      RavenWhite's Corporate Representative and Damages Expert Have Opened the Door to Discuss the PTAB Proceedings.............................................................................5

III.    Dr. Almeroth's Opinions Regarding the ████████████ Should Not be Struck....................5

IV.     CONCLUSION .....................................................................................................................5

██████████████████████████████

## TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*,
 694 F.3d 1312 (Fed. Cir. 2012) ..............................................................................................4

*Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*,
 25 F.4th 1354 (Fed. Cir. 2022) ..............................................................................................3

*Barco, Inc. v. Yealink Network Tech.*,
 2025 U.S. Dist. LEXIS 202556 (E.D. Tex. Oct. 13, 2025..........................................................1

*Demaco Corp. v. F. Von. Langsdorff Licensing, Ltd.*,
 851 F.2d 1387 (Fed. Cir. 1988) ..............................................................................................2

*Finjan, Inc. v. Secure Computing Corp.*,
 626 F.3d 1197 (Fed. Cir. 2010) ..............................................................................................4

*Iron Grip Barbell Co. v. USA Sports, Inc.*,
 392 F.3d 1317 (Fed. Cir. 2004) ..............................................................................................3

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
 694 F.3d 51 (Fed. Cir. 2012) ..................................................................................................4

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
 2024 U.S. Dist. LEXIS 95790 (E.D. Tex. May 29, 2024)..........................................................4

*Mars, Inc. v. Coin Acceptors, Inc.*,
 527 F.3d 1359 (Fed. Cir. 2008) ..............................................................................................2

*VirnetX, Inc. v. Cisco Sys.*,
 767 F.3d 1308 (Fed. Cir. 2014) ...........................................................................................3, 4

████████████████████████████████████████████

## I.    Dr. Almeroth's Opinions Regarding Various Non-Infringing Alternatives Should Not be Excluded

### A.    Rebuttal Paragraphs 535-539

These paragraphs provide additional detail regarding an alternative that was fully disclosed in Dr. Almeroth's opening report. *See* Ex. A at ¶¶516-519. And RavenWhite's primary case, *Barco, Inc. v. Yealink Network Tech.*, 2025 U.S. Dist. LEXIS 202556 (E.D. Tex. Oct. 13, 2025), is easily distinguishable. In *Barco*, the defendant did not identify any NIAs in its opening report. Here, Dr. Almeroth stated in his opening report that "Walmart could modify its existing website and app to ensure that any cookies it uses do not differ in how they are accessed by a server," and "Walmart could also easily modify its website to store any cookies in a single browser area." Ex. A at ¶517. Indeed, *Barco* suggests a defendant's expert may bolster their opening report with additional analysis in a rebuttal report. *Barco*, 2025 U.S. Dist. LEXIS 202556, at *6 ("To the extent that Defendants wanted to offer opinions vitiating [Plaintiff's experts'] NIA positions, Defendants must first have included their own NIA positions in [Defendants' expert's] opening report.").

### B.    Rebuttal Paragraphs 540-551

Dr. Smith's opening report contains opinions that the prior art cited in Walmart's invalidity contentions does not constitute an acceptable NIA. Ex. K at ¶¶124-129, 136-138. Dr. Almeroth properly *rebuts* those opinions in these paragraphs. Ex. B at ¶¶540-551. They should not be excluded.

### C.    Rebuttal Paragraphs 552-554

RavenWhite admittedly did not cite the ████████████ in its infringement contentions. Ex. 6. Dr. Almeroth could not appreciate the significance of that ████████████ until after reviewing Dr. Smith's infringement report. After learning of its significance, Dr. Almeroth included it as a NIA in his rebuttal report. Thus, this purported disclosure problem is one of RavenWhite's own making.

1

### D.    Dr. Almeroth's Opening Report (¶¶516-519)

RavenWhite argues these paragraphs fail to establish acceptability to Walmart. Rep. at 3. Not so. Dr. Almeroth explains that Walmart achieves "much of the claimed improvements of the '823" patent using other methods, so Walmart does not need the patented technology. Ex. A at ¶518. For example, "Walmart already uses user accounts and logins to identify users, which allows Walmart's website to know if a visitor returns." *Id*. This shows the NIA is acceptable to Walmart. RavenWhite also criticizes Dr. Almeroth for failing to discuss NIAs with any Walmart employees, yet cites no caselaw requiring this.

### E.    All Non-Infringing Alternatives in Both of Dr. Almeroth's Reports

RavenWhite argues Dr. Almeroth's NIA analysis is irrelevant because "Mr. Haas [Walmart's damages expert] does not use any NIA in his analysis of what constitutes a reasonable royalty." Rep. at 3. But this argument is based on a mischaracterization of Mr. Haas's report—Mr. Haas addressed the availability of NIAs in connection with his critiques of Mr. Weinstein's approach to *Georgia-Pacific* Factors 9 and 10. Ex. G at ¶¶256-259; Ex. 7 (Haas Rep.) at ¶282. RavenWhite also invites legal error by suggesting Mr. Haas was required to use NIAs as direct economic inputs into his royalty analysis. *See Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008) (NIAs do not cap reasonable royalty damages as a matter of law).

## II.    Dr. Almeroth's Opinions Regarding the Home Depot Covenant Not to Sue Should Not be Excluded

### A.    Opening Report (¶¶214, 485, 542)

"The patentee in the first instance bears the burden of coming forward with evidence sufficient to constitute a prima facie case of the requisite nexus" between the patented invention and purported commercial success. *Demaco Corp. v. F. Von. Langsdorff Licensing, Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988). Here, RavenWhite seemingly faults Walmart for addressing lack of

commercial success when RavenWhite itself does not rely on commercial success to show non-obviousness. Rep. at 4. But Walmart is entitled to tell the jury about the lack of secondary considerations—even if RavenWhite does not address them. *See Adapt Pharma Operations Ltd. v. Teva Pharms. USA, Inc.*, 25 F.4th 1354, 1373 (Fed. Cir. 2022) ("Objective indicia must **always** when present be considered in the overall obviousness analysis." (emphasis added)).

RavenWhite cites *Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317 (Fed. Cir. 2004), for the well-known proposition that "commercial success is only relevant if there is affirmative evidence of a nexus between the claimed invention and marketplace success." Rep. at 4. The Home Depot $0 CNS covers **only** the Asserted Patents. Dr. Almeroth explains (in great detail) the similarities between the accused Walmart system and the licensed Home Depot system. *See* Ex. B at ¶¶431-438. He then opines there is a lack of commercial success of the Asserted Patents because Walmart's competitor received a free license to implement a similar targeted advertising system. This analysis easily satisfies the *Iron Grip* standard; no one can credibly dispute nexus for a license to one of Walmart's competitors (implementing similar technology) that covers the Asserted Patents.

## B.    Rebuttal Report (¶¶431-438)

There is an inherent tension in RavenWhite's argument. RavenWhite admits the Home Depot $0 CNS is technically comparable (Mot. at 10), but contends that Dr. Almeroth should be precluded from offering further opinions on the technical comparability of the CNS. Rep. at 4. That is not a proper basis for exclusion under *Daubert*. The "degree of comparability" of license agreements is "a factual issue best addressed by cross examination and not by exclusion." *VirnetX, Inc. v. Cisco Sys.*, 767 F.3d 1308, 1331 (Fed. Cir. 2014). RavenWhite does not cite any case supporting its position.

Nor does RavenWhite challenge any of Dr. Almeroth's substantive analysis comparing Home Depot and Walmart technology. Instead, RavenWhite contends that Dr. Almeroth cannot discuss the technical comparability of the Home Depot and Walmart systems because RavenWhite

3

does not dispute that the Home Depot CNS is technically comparable. Resp. at 4-5. In other words, RavenWhite argues that by admitting to some comparability, it can preclude the jury from learning the extent of Home Depot's comparability. This argument runs afoul of clear Federal Circuit precedent. *Finjan* states that discussion of past licenses under *GP* factors 1 and 2 "***must*** account for differences in the technologies and economic circumstances ***of the contracting parties***." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (emphasis added). It is not enough to say "the patents are the same;" the analysis must include a discussion of the technologies and economic circumstances "of the contracting parties," which includes Home Depot. Thus, any discussion of the Home Depot $0 CNS must address the "differences in the technologies" between Home Depot and Walmart.

RavenWhite seeks to downplay this language because the *Finjan* patentee attempted to distinguish prior licenses on economic grounds (Resp. at 5), but this does not change the Federal Circuit's "must" language. The Federal Circuit has repeatedly permitted evidence of technical comparability (or lack thereof) of licenses covering asserted patents. *See, e.g.*, *VirnetX*, 767 F.3d at 1330-31; *ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012). Similarly, this Court has relied on additional evidence of comparability (beyond the patents themselves) when determining whether to admit testimony regarding a prior license that included the asserted patents. *See Lionra Techs. Ltd. v. Fortinet, Inc.*, 2024 U.S. Dist. LEXIS 95790, at *7-8 (E.D. Tex. May 29, 2024). Moreover, the Federal Circuit has cautioned that "alleging a loose or vague comparability between different technologies does not suffice." *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). Dr. Almeroth did the work to provide a thorough technical comparability analysis; he should be allowed to present it to the jury.

4

██████████████████████████████████████████████████

**C.      RavenWhite's Corporate Representative and Damages Expert Have Opened the Door to Discuss the PTAB Proceedings**

Walmart included an entire section in its Response addressing how RavenWhite will likely open the door to discussing PTAB proceedings. Resp. at 10-11. RavenWhite's Reply ignores this. RavenWhite does not dispute: (1) that it gave Home Depot a $0 license to the Asserted Patents; (2) that this license is technically comparable; or (3) that it willingly licensed the Asserted Patents to Home Depot ████████████████████████████████████. Under the law, it is hard to envision a license that is more directly relevant to the determination of a reasonable royalty. Based on RavenWhite's own testimony and damages report, Walmart anticipates that RavenWhite will seek to peel the license back at trial and offer alleged underlying justifications, including arguing that it wanted to avoid a stay of the case. However, neither Walmart nor the jury is obligated to accept such unchallenged testimony as truth, and given RavenWhite's intent to open the door to its subjective justifications, Walmart should be permitted to impeach that testimony by informing the jury of the complete circumstances of any alleged justification.

**III.     Dr. Almeroth's Opinions Regarding the ███████████ Should Not be Struck**

Dr. Almeroth correctly opined that the ███████████ is technically comparable to the Asserted Patents, and RavenWhite does not dispute *any* of his technical analysis. *See* Rep. at 5. The fact that there was a miscommunication between Dr. Almeroth and Mr. Haas (who relied on Dr. Almeroth) does not change the accuracy or relevance of Dr. Almeroth's opinion. This is an issue for cross examination, not *Daubert*.

**IV.     CONCLUSION**

For all these reasons, the Court should deny RavenWhite's motion to strike Dr. Almeroth.

███████████████████████████████████████

DATED:  July 24, 2026

Respectfully submitted,

By:  */s/ Blaine A. Larson*

Michael F. Heim
Texas State Bar No. 09380923
mheim@hpcllp.com
Eric J. Enger
Texas State Bar No. 24045833
eenger@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
Blaine A. Larson
Texas State Bar No. 24083360
blarson@hpcllp.com
William B. Collier, Jr.
State Bar No. 24097519
wcollier@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420

6

███████████████████████████████████

bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

***Counsel for Defendants Walmart Inc. and
Wal-Mart Stores Texas, LLC***

7

████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record by electronic mail on July 24, 2026.

/s/ Blaine A. Larson
Blaine A. Larson

*Via E-mail*

Robert F. Kramer
CA Bar No. 181706
rkramer@kramerllp.com
Robert C. Mattson *(pro hac vice)*
VA Bar No. 43568
rmattson@kramerllp.com
KRAMER LLP
1133 Broadway, Suite 1510
New York, New York 10010
Telephone: (415) 419-1895

Nicole E. Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
KRAMER LLP
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 791-9250

Zachariah A. Higgins *(pro hac vice)*
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong *(pro hac vice)*
CA Bar No. 253705
jarmstrong@kramerllp.com
Ryan Dooley *(pro hac vice)*
CA Bar No. 321645
rdooley@kramerllp.com
Robert Xie
CA Bar No. 329126
rxie@kramerllp.com
Rachael Catherine Chan *(pro hac vice)*
CA Bar No. 265002
rchan@kramerllp.com
KRAMER LLP
303 Twin Dolphin Dr., Suite 600
Redwood City, California 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Counsel for Plaintiff RavenWhite Licensing LLC*

8

