████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>████████████████ |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO WALMART'S MOTION TO EXCLUDE OR STRIKE CERTAIN OF MR. WEINSTEIN'S OPINIONS UNDER *DAUBERT* OR RULE 702**

█████████████████████████████████

**TABLE OF CONTENTS**

I.    Mr. Weinstein's Hypothetical Negotiation Analysis Is Proper ............................................... 1

II.   Mr. Weinstein's Use of ROIC Is Proper ................................................................................... 2

III.  Mr. Weinstein Applies an Apportionment Factor for the '402 Patent That Is Tied to the Facts of the Case ..................................................................................... 3

IV.   Mr. Weinstein Does Not Improperly Include Revenue from Non-Infringing Activities .................................................................................................................................... 3

      A.    Mr. Weinstein does not improperly include revenue from the ██████ for the '823 Patent. ................................................................................................. 3

      B.    Mr. Weinstein does not improperly include ██████████ revenue for the '402 Patent. ............................................................................................................ 4

V.    Mr. Weinstein's Calculations Using GMV Lift are Supported and Tied to the Facts of the Case ......................................................................................................................... 4

      A.    Mr. Weinstein properly supports his use of ██████ GMV lift as a proxy for the benefits of the '823 Patent functionality ............................................................... 4

      B.    Mr. Weinstein Properly Applied a GMV Lift Using ROAS ██ for the '402 Patent ............................................................................................................................... 5

VI.   Conclusion .................................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anonymous Media Res. Holdings, LLC v. Samsung Elecs. Am. Inc.*,
   No. 2:23-cv-00439 (E.D. Tex. Sept. 17, 2025)...............................................................................2

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970).............................................................................................2

*Nanoco Techs Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 2:20-cv-00038-JRG (E.D. Tex. Sept. 21, 2022) ....................................................................2

████████████████████████████████

## TABLE OF EXHIBITS

**The following exhibits were filed with RavenWhite's opposition brief (Dkt. 204):**

| Ex. | Description |
| --- | --- |
| A | Deposition Transcript of David A. Haas, dated June 30, 2026 (excerpts) ("Haas Dep.") |
| B | Deposition Transcript of Bhanu Bhardwaj, dated April 14, 2026 (excerpts) ("Bhardwaj Dep.") |
| C | Rebuttal Expert Report of David A. Haas, dated June 18, 2025, Exhibit 22 ("Haas Report") |
| D | Expert Report of Dr. Hugh Smith Relating to Infringement by Walmart of U.S. Patent Nos. 10,594,823 and 11,562,402, dated May 21, 2026 ("Smith Report") |
| E | Declaration of Roy Weinstein in Support of Plaintiff's Opposition to Walmart's Motion to Exclude or Strike Certain of Mr. Weinstein's Opinions Under Daubert and Rule 702 ("Weinstein Decl.") |
| F | Expert Report of Roy Weinstein ("Weinstein Report") |
| G | Declaration of Bjorn Markus Jakobsson in Support of Plaintiff's Opposition to Walmart's Motion to Strike Mr. Weinstein's Opinions ("Jakobsson Decl.") |
| H | RW00007522-7539 - Limited Liability Company Operating Agreement of RavenWhite Licensing LLC ("RavenWhite Agreement") |
| I | RW00008178-8199 - Management Agreement between RavenWhite Security and Jakobsson ("RavenWhite Security Agreement") |
| J | RW00008260-8273 – Operating Agreement of SecurityInnovation, LLC ("SecurityInnovation Agreement") |

**The following exhibits are newly added in this Sur-Reply**

| Ex. | Description |
| --- | --- |
| K | Additional excerpts from RavenWhite Security Agreement |
| L | Additional excerpts from SecurityInnovation Agreement |
| M | Deposition Transcript of Bjorn Markus Jakobsson dated April 7, 2026 (excerpts) |
| N | Additional excerpts from Weinstein Report |

Plaintiff RavenWhite Licensing LLC ("RavenWhite" or "RavenWhite Licensing") submits this sur-reply in opposition to Defendants Walmart Inc. and Walmart Stores Texas, LLC's (collectively, "Walmart") motion to exclude or strike certain of Mr. Weinstein's opinions.

## I.    MR. WEINSTEIN'S HYPOTHETICAL NEGOTIATION ANALYSIS IS PROPER

Walmart makes several flawed arguments to support its contention that Mr. Weinstein used the wrong parties to a hypothetical negotiation. Dkt. 214 at 1-3. *First*, it draws incorrect inferences from Mr. Weinstein's deposition testimony. *Id*. at 1 (citing Weinstein Dep. 141:25-146:13). In these excerpts Mr. Weinstein confirms that counsel for Walmart correctly read parts of his report. When pressed on whether he identified RavenWhite Licensing as the party to the hypothetical negotiation, he demurred, stating that RavenWhite Licensing is the plaintiff. Dkt. 214-2 at 142:12-19. During the same line of questioning, he also stated that "the point is that Dr. Jakobsson would be the negotiator regardless of the entity that you're talking about here." *Id*. at 142:8-10. If anything, Mr. Weinstein's deposition shows that he did not agree with Walmart that RavenWhite Licensing was a party to the negotiations, and in any event these excerpts go to the weight of Mr. Weinstein's testimony, not its admissibility. As for Walmart's footnote about *WSOU*, Dkt. 214 n.4, the point made in RavenWhite's Opposition, Dkt. 204 n.1, is that the Omnibus Pretrial Order does *not* reveal whether Mr. Weinstein's opinions used an inaccurate party name, as happened here, or the wrong party altogether.

*Next*, Walmart has no basis for complaining that Dr. Jakobsson's declaration establishes new facts to frame the hypothetical negotiation. Dkt. 214 at 2. Walmart could have fully explored the hypothetical negotiation at Dr. Jakobsson's deposition but did not. Moreover, Dr. Jakobsson's financial interests in RavenWhite Security, Inc. and SecurityInnovation, LLC, discussed in paragraphs 5 and 7 of his declaration, are stated in his Management Agreement (Ex. K) and the Operating Agreement of SecurityInnovation, LLC (Ex. L), which also ▮▮▮▮▮▮

███████████████████████████████████████████████████

███████████. Both of these agreements were produced during discovery.  In addition, at his deposition Dr. Jakobsson identified Mr. Gerber as a Board member of RavenWhite Security and ███████ co-owner of SecurityInnovation.  Ex. M (59:7-11, 197:9-198:22).

*Finally*, Walmart's interpretation of Dr. Jakobsson's declaration as establishing that he does not have sole authority to bind either of these entities is irrelevant, as is its related argument that Dr. Jakobsson cannot be a party to the negotiations. Dkt. 214 at 2-3. The relevant point is that Dr. Jakobsson is the individual who would have represented any of the entities that were parties to the negotiations. Dkt. 204 at 2-3.

## II.   MR. WEINSTEIN'S USE OF ROIC IS PROPER

Critically, Walmart does not—and cannot—rebut the case law cited by both Mr. Weinstein and RavenWhite, which illustrates that courts, including this Court, have already accepted Mr. Weinstein's use of ROIC as a basis for bargaining split. Dkt. 204-6 ¶ 136 n.372; Dkt. 204 at 6-7. Contrary to Walmart's argument, Dkt. 214 at 3, Mr. Weinstein's use of ROIC to inform the bargaining split does not reduce the *Georgia-Pacific* analysis to two steps. Walmart admits that Mr. Weinstein ties the ROIC to Walmart and concedes that he apportions profits down to the patented technology. *Id*. That is what courts require. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Walmart's complaints about Mr. Weinstein's methodology go to weight, not admissibility. *See Nanoco Techs Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00038-JRG (E.D. Tex. Sept. 21, 2022) (complaints about use of defendant's ROIC, "when considered with Mr. Weinstein's Georgia-Pacific factor analysis and in light of the facts of this case" can "be adequately addressed through robust cross examination"); Memorandum Order (Dkt. 247), at 5, *Anonymous Media Res. Holdings, LLC v. Samsung Elecs. Am. Inc.*, No. 2:23-cv-00439 (E.D. Tex. Sept. 17, 2025) ("using ROIC is not sufficiently unreliable so as to warrant exclusion," and defendant's complaints about Mr. Weinstein's ROIC-based bargaining split "go

2

to weight, not admissibility"). Therefore, Mr. Weinstein's use of ROIC does not require exclusion.

## III. MR. WEINSTEIN APPLIES AN APPORTIONMENT FACTOR FOR THE '402 PATENT THAT IS TIED TO THE FACTS OF THE CASE

Without addressing the problems RavenWhite raised with the underlying Bhardwaj testimony, Dkt. 204 at 10, or explaining why its own expert could not support the figures proposed by Walmart, *id*. at 9, Walmart rehashes its nonsensical argument that Mr. Weinstein fails to properly apportion for the '402 Patent. Dkt. 214 at 3-4. In doing so, Walmart's argument actually concedes the high importance of purchase history information to Walmart ad sales, the use of which is enhanced by the asserted patents. Walmart also mischaracterizes RavenWhite's argument—there is no "tacit admi[ssion]" and RavenWhite is not arguing it has satisfied any specific required number of apportionment steps. *Id*.

Indeed, Mr. Weinstein's apportionment is proper and tied to the facts of the case. As explained in RavenWhite's opposition, Dkt. 204 at 8-9, Mr. Weinstein begins the damages calculations for the '402 Patent by isolating *only* ███████████████████████ ████████████ associated *only* with ads that have used the accused technology—rather than applying an apportionment factor to all of Walmart's ad revenue. Exhibit 8 of Mr. Weinstein's report, at line 28, reflects his isolation of ████████████████████████████, to which Mr. Weinstein applies the ████████████ factor from Dr. Smith. In fact, starting with the ████████ figure is significantly less than ████████████████████████████████, which total more than ████████ from January 24, 2023 to September 14, 2026. *See* Ex. N (Weinstein Report) Ex. 6 at row 1, col. 5-8.

## IV. MR. WEINSTEIN DOES NOT IMPROPERLY INCLUDE REVENUE FROM NON-INFRINGING ACTIVITIES

### A. Mr. Weinstein does not improperly include revenue from the ████████ for the '823 Patent.

Walmart's Reply does not salvage its argument that ████████ revenues were purportedly

3

████████████████████████████████████████████

improperly included. It has no rebuttal to the economic benefit points raised by RavenWhite. Dkt. 204 at 11. Furthermore, while it argues that Mr. Weinstein "claimed" Walmart did not produce the information he needed to provide an alternative '823 damages calculation to remove █████ revenues (even if that were appropriate), Dkt. 214 at 4, it provides no evidence to refute that Mr. Weinstein was correct. In other words, it cites no such produced information separating the share of ████████ GMV ████████████. The potential inclusion of GMV revenues from Walmart's ██████ does not require exclusion of Mr. Weinstein's analysis.

**B. Mr. Weinstein does not improperly include ████████ Ad revenue for the '402 Patent.**

Walmart argues, in passing, that RavenWhite "effectively concedes Dr. Smith did not analyze infringement for ████████████." Dkt. 214 at n.6. RavenWhite concedes no such thing. As already shown, Dr. Smith's opinion includes █████ "Walmart still infringes the Asserted Claims even if ████████████████████████████████," *i.e.*, █████ ████████████████ Dkt. 204 at 11 (citing Dkt. 204-4 ¶ 86). And as RavenWhite stated in its Opposition, Mr. Weinstein properly included ████████ in his damages calculation for the '402 Patent based on Ms. Bhardwaj's testimony that ████████████—which Walmart does not address. Dkt. 204 at 11-12 (citing Dkt. 204-6 ¶ 82 n.177 & Ex. 8 at 3, n.1).

**V. MR. WEINSTEIN'S CALCULATIONS USING GMV LIFT ARE SUPPORTED AND TIED TO THE FACTS OF THE CASE**

**A. Mr. Weinstein properly supports his use of ████ GMV lift as a proxy for the benefits of the '823 Patent functionality**

As explained in the Opposition, Mr. Weinstein's GMV lift calculations using ████████ ████████████ as a proxy were proper and relied on his conversations with Dr. Smith and other sources. Dkt. 204 at 12-13. RavenWhite does not ask the Court to "disregard its own technical expert." Dkt. 214 at 5. Walmart overstates Dr. Smith's testimony. He did not "disavow[] any technical relationship" between "████████████████████" and "████████████

4



," nor did Walmart ask Dr. Smith about whether the former is a proper proxy for the latter. Instead, the actual question Dr. Smith responded to in the cited testimony was: █████ ███████████████████████████████████████████████, does it?" Dkt. 181-11 at 166:7-9. No one disputes that ████████████████████████ are different (a proxy, by definition, is different), and Dr. Smith simply responded by describing an aspect of ████████. *Id.* at 166:10-12. Mr. Weinstein's use of █████ GMV lift as a proxy is properly supported.

**B.     Mr. Weinstein Properly Applied a GMV Lift Using ROAS ███ for the '402 Patent**

Walmart is wrong in arguing RavenWhite "misses the point." Dkt. 214 at 5. As RavenWhite has shown, Mr. Weinstein used Walmart's own data for the ROAS, took the most conservative measurement, and cited sources from Walmart making clear that ROAS equates to ███████████████. Dkt. 204 at 13-15. As just one example—which Walmart ignores in its Reply—Mr. Weinstein (and RavenWhite) cited support from Walmart's own document (WMT-RW0420332-359 at 349) showing that ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████." Dkt. 204 at 14-15 (emphasis added). Indeed, Mr. Weinstein considers increased GMV sales resulting from the accused functionalities, and applies ███████GMV margin—not the ████████ margin. As RavenWhite has shown, ROAS relates to increased sales by the ██████ █████████. *Id.* (citing Dkt. 204-6 ¶ 112). Notably, Walmart has not argued that it does not make money when it sells products on its platforms simply because a █████████████████████████.

**VI.   CONCLUSION**

For the reasons herein and in the Opposition, the Court should deny Walmart's Motion to exclude or strike certain of Mr. Weinstein's opinions.

5

Dated: July 24, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
KRAMER LLP
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
Robert Xie (*pro hac vice*)
rxie@kramerllp.com
KRAMER LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
KRAMER LLP
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*RavenWhite Licensing, LLC*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 24, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer