IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § § § § § § § § § § | CASE NO. 2:24-CV-00688-JRG-RSP *(Lead Case)* |
| *Plaintiff,* | | |
| v. | | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | | |
| *Defendants.* | | |
| RAVENWHITE LICENSING LLC | § § § § § § § § § § § § § § | CASE NO. 2:24-CV-00689-RWS-RSP *(Member Case)* |
| *Plaintiff,* | | |
| v. | | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | | |
| *Defendants.* | | |

**WALMART'S SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WALMART'S FIFTH DEFENSE ON THE LIMITATION OF DAMAGES UNDER 35 U.S.C. § 287(a) (Dkt. 184)**

Plaintiff's reply brief fails to salvage its motion for summary judgment for at least five reasons.

***First***, Plaintiff's statement that Walmart's Opposition "does not identify any genuine dispute of material fact," Dkt. 222 at 1, is incorrect. Walmart disputed Plaintiff's SUF 19 as unsupported by evidence; the deposition testimony cited by Plaintiff does not address whether the ███████████████ practices the claims of the '402 Patent or provide evidence that it does not. *See* Dkt. 202 at 2. On this basis alone, Plaintiff's motion should be denied.

***Second***, there is a genuine dispute of material fact as to whether Dr. Smith's expert report broadens Plaintiff's infringement read (it does), as Walmart contends in AMF 32-24, or is consistent with Plaintiff's infringement contentions (it is not), as Plaintiff contends, *see* Dkt. 222 at 1. This is another independent basis for denying Plaintiff's motion.

***Third***, contrary to Plaintiff's assertion, Walmart could not have formed a credible belief that an *Arctic Cat* notice regarding ███████████ was proper merely from Plaintiff's oblique reference to ████████ agreement in an interrogatory response served on March 30, 2026. *See* Dkt. 222 at 3. Indeed, a mere eight days later, on April 7, 2026, Plaintiff's Rule 30(b)(6) corporate representative, Dr. Jakobsson, testified that Plaintiff did not believe ████████████. *See* Dkt. 184, Ex. 2 at 251:22-24. Having so testified, Plaintiff cannot fault Walmart for not having the requisite "belief" that ████████████ practiced the '402 Patent before it received Dr. Smith's May 21, 2026 report, asserting, for the first time, its broader infringement read for the '402 Patent that would encompass ███████████. The Court should reject Plaintiff's improper effort to shift the burden of disproving marking compliance onto Walmart; it is well-established that the burden "is and at all times remains on" Plaintiff—not Walmart. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021).

1

███████████████████████████████████████████████

**Fourth**, Plaintiff's discussion of case law does not move the needle. Walmart cites *Semcon* for the proposition that any perceived "lateness" in Walmart's *Arctic Cat* notice does not relieve Plaintiff "of its duty to prove compliance with the marking statute," and that any prejudice was "minimal" due to the "unquestionable" importance of the marking issue. Walmart cites *Pictiva* for the proposition that the timeliness of an *Arctic Cat* notice is fact-dependent. And Walmart cites *Ultravision* for the proposition that the disclosure of unmarked products in a motion for summary judgment was found timely where, as here, the information was in Plaintiff's possession. However, each of these cases actually supports Walmart given: (1) the inconsistencies between Plaintiff's infringement contentions, Plaintiff's discovery responses, Plaintiff's deposition testimony regarding ███████ and Dr. Smith's broadened infringement read (all of which is, at a minimum, are questions of fact); (2) Plaintiff's unique knowledge about, and its contractual relationship with, ████████████████ and (3) Plaintiff's failure to take reasonable efforts to ensure ██████████ compliance. These facts, and the "unquestionable" importance of the marking issue, outweigh any "minimal" prejudice to Plaintiff. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017); *see also Biedermann Tech. GmbH & Co. KG v. K2M, Inc.*, No. 2:18cv585, 2021 WL 8444744, at *3 n.5 (E.D. Va. Oct. 22, 2021) ("[T]he fact that any prejudice [Plaintiff] suffered from [Walmart's alleged late disclosure] results at least in part from the fact that [Plaintiff] apparently does not track which licensed products practice which licensed patents" is "relevant to the analysis."). Plaintiff, therefore, cannot rely on the excuse that information about ██████████████ was not in its "possession, custody, or control," Dkt. 222 at 4, or claim surprise.

**Finally**, under the facts of the case, Walmart's notice was both timely and sufficient. Walmart identified ████████ products through a website link and instructions to click on the

2

██████████████████████████████████████

"Shop" tab or icon, which allowed Plaintiff to access the specific website functionality that practices the '402 Patent. Dkt. 184, Ex. 5. This was sufficient detail to satisfy the "low bar" to put Plaintiff on notice. And the notice was provided more than two weeks **before expert discovery closed** and shortly after receipt of Dr. Smith's May 21 expanded infringement read. Conversely, Plaintiff's rebuttal expert reports were silent on the marking issue, and Plaintiff to date has made no effort to provide any arguments or evidence to show that the ████████████████ is marked or does not practice the '402 Patent claims (nor made any effort to mitigate any perceived prejudice). Plaintiff, therefore, has failed to demonstrate the absence of any genuine dispute of material fact to support summary judgment in its favor. *See Correct Transmission, LLC v. Nokia of America*, No. 2:22-cv-0343-JRG-RSP, Dkt. 235 at 6 (E.D. Tex. Mar. 21, 2024) (recommending denial of plaintiff's motion for summary judgment on marking where plaintiff presented "no arguments that the [accused] products complied with § 287 **other than to allege [defendant] failed to meet its burden of production**" and "no evidence to show it has met its affirmative burden") (emphasis added), *report and recommendation adopted*, Dkt. 291 (E.D. Tex. May 22, 2024).

Based on the summary judgment record, which must be viewed in the light most favorable to non-movant Walmart, Plaintiff's motion for summary judgment should be denied. *See id.*

██████████████████████████████████

Dated:  July 24, 2026

Respectfully submitted,

/s/  Amir H. Alavi
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

4

█████████████████████████████

Facsimile:  (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

5



Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Counsel for Defendants Walmart Inc. and
Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi

6