**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No.  2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No.  2:24-cv-00689-JRG-RSP<br>(Member Case) |

**Joint Proposed Pretrial Order[1]**

Plaintiff[2] RavenWhite Licensing LLC, ("Plaintiff," "or "RavenWhite") and Defendants

Walmart Inc. and Walmart Stores Texas, LLC ("Defendants" or "Walmart") (collectively, "the

Parties"), jointly submit this proposed Joint Pretrial Order pursuant to the Court's Second

---

[1] Submissions that are agreed to by both Plaintiff and Defendants are not highlighted.

Submissions proposed by Plaintiff that are not agreed to by Defendants are bracketed and in **green, bold** font. Submissions proposed by Defendants that are not agreed to by Plaintiff are bracketed and in **blue, bold** font. The parties have entered their objections, explanations, and citations, and commentary in footnotes only.

[2] Plaintiff has filed an opposed motion for leave to amend the first amended complaint to add RavenWhite Security, Inc., and Security Technology, LLC as co-plaintiffs. Dkt. 187.

1

Amended Docket Control Order (Dkt. 145). The Pretrial Conference is scheduled for August 19, 2026, at 9:00 a.m. in Marshall, Texas.

## I.    Appearance of Counsel

**Attorneys for Plaintiff**

Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
rxie@kramerllp.com
Rachael Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com

2

**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**Attorneys for Defendants**

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
**Alavi & Anaipakos PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519

wcollier@hpcllp.com
**Heim Payne & Chorush LLP**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley N. Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
**Jackson Walker LLP - Dallas**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
**Jackson Walker LLP - Houston**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

4

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
**Findlay Craft, P.C.**
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

## II.      Statement of Jurisdiction

This is an action under the patent laws of the United States, 35 U.S.C. § 271, et seq.

Plaintiff contends that this Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1338(a), and venue pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

Defendants contend that Plaintiff lacks standing under Article III of the U.S. Constitution,

thereby depriving the Court of subject matter jurisdiction over this action. *See* Dkt. 176.  The

parties do not dispute personal jurisdiction or venue for purposes of this Action only.

## III.     Nature of Action

This is a patent infringement case arising under the patent law of the United States.

RavenWhite contends that Defendants have infringed and/or infringe claims 1 and 2 of

U.S. Patent No. 10,594,823 ("the '823 Patent") and claims 10-15, 18, and 19 of U.S. Patent No.

11,562,402 ("the '402 Patent").  The '832 Patent and '402 Patent are collectively referred to as

the "Asserted Patents" or "Patents-in-Suit," and the claims are referred to as the "Asserted

Claims."  [[**RavenWhite alleges that Defendants have directly infringed and indirectly**

**infringed (by inducing infringement of) the '823 and '402 Patents. RavenWhite seeks**

**damages representing a reasonable royalty for Defendants' infringement of the Asserted**

**Patents, plus pre-judgment and post-judgment interest.**]][3]  RavenWhite accuses [[**the**

---

[3] Walmart objects to the inclusion of this language because it improperly interjects unnecessary details of RavenWhite's contentions regarding infringement and damages into the description of

**following system, and use of that system by Walmart or its advertisers/customers, of infringing claims 1 and 2 of the '823 Patent and claims 10-15, 18, and 19 of the '402 Patent (collectively, the "Asserted Claims"):**]][4][5] Walmart's e-commerce platform of infringement, which includes Walmart's website, the Walmart Connect platform, and Walmart's related systems for attributing online activity to its customers and selecting targeted advertisements.

Walmart denies that it infringes the Asserted Claims of the Asserted Patents and also contends that the Asserted Claims are invalid, ineligible, and not enforceable.

## IV.    Contentions of the Parties

The parties provide the following statement of contentions without waiver of any right, affirmative defense, response given during discovery, or opinion expressed by their experts. By providing these contentions, the parties do not waive any of their motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, or any other relevant motion.

### A.    RavenWhite's Statement of its Contentions against Defendants

1.  Plaintiff is the owner by assignment and/or exclusive licensee of the Asserted Patents and collectively possesses all right, title, and interest to the Asserted Patents, including the right to seek past and future damages for infringement by Defendants.

2.  Plaintiff has standing to sue for infringement.

3.  Defendants infringe, directly and indirectly, claims 1 and 2 of the '823 Patent, and claims

---

the Nature of the Action, which should be a neutral statement of the case.

[4] Walmart objects to the inclusion of this language because it improperly interjects unnecessary details of RavenWhite's contentions regarding infringement into the description of the Nature of the Action, which should be a neutral statement of the case.

[5] RavenWhite's position is that the Nature of the Action already contains the parties' contentions: "RavenWhite contends …." and "Walmart denies … and also contends …."

6

10-15, 18, and 19 of the '402 Patent, by making, using, selling, offering for sale (including licensing), and/or importing into the United States the Walmart accused system, including Walmart's e-commerce platform, which includes Walmart's website, the Walmart Connect platform, and Walmart's related systems for attributing online activity to its customers and generating audiences for targeted advertisements, and/or inducing the infringement of such claims by their advertisers/customers who use Walmart accused system, under 35 U.S.C. § 271 (a) and (b).

4. RavenWhite is entitled to reasonable royalty damages for Defendants' infringement of the Asserted Patents (plus pre-judgment and post-judgment interest).

5. In addition to any damages awarded by the jury, RavenWhite contends it is entitled to post-trial supplemental damages including (1) damages for any pre-verdict infringement not included in the jury's damages award, (2) damages for post-verdict infringement through the entry of final judgment, and (3) damages for post-judgment infringement through the Asserted Patents' expirations.

6. RavenWhite seeks its costs and expenses for this action, plus any further and additional relief that the Court deems just and proper.

7. The Asserted Patents are valid, patent-eligible, and enforceable, and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Defendants.

8. Defendants' defenses are without merit.

9. Defendants are not entitled to attorney's fees.

10. RavenWhite denies each of Defendants' contentions.

## B. Defendants' Statement of its Contentions

1. Defendants contend that Plaintiff lacks standing under Article III of the U.S.

7

Constitution, thereby depriving the Court of subject matter jurisdiction over this action. *See* Dkt. 176.

2. Defendants contend that each of the Asserted Patents is not enforceable given a lack of common ownership between each Asserted Patent and its respective predecessor patents, as each Asserted Patent is subject to a terminal disclaimer requiring common ownership to be enforceable. *See* Dkt. 176.

3. Defendants contend that they have not infringed any of the Asserted Claims whether directly (under 35 U.S.C. § 271(a)), indirectly (under 35 U.S.C. § 271(b), *see also* Dkt. 180), literally or under the doctrine of equivalents.

4. Defendants contend that Plaintiff did not provide any pre-suit notice of any alleged infringement of the Asserted Patents. Defendants deny that they received notice of either Asserted Patent before Plaintiff filed suit. Defendants deny that they knew or should have known of any risk that they were infringing the Asserted Patents.

5. Defendants contend that all Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. §101 as not patentable subject matter. *See* Dkt. 186.

6. Defendants contend that all Asserted Claims of the '823 Patent are invalid as obvious under 35 U.S.C. § 103 under the following references/combinations:

   a. U.S. Patent App. Pub. No. 2003/0115267 ("Hinton") in conjunction with knowledge of one of ordinary skill in the art.

   b. U.S. Patent No. 7,908,645 ("Varghese") in conjunction with knowledge of one of ordinary skill in the art.

      i. With respect to Claim 2, Varghese in view of Hinton and in conjunction with knowledge of one of ordinary skill in the art.

8

7. Defendants contend that all Asserted Claims of the '402 Patent are invalid as obvious under 35 U.S.C. § 103 under the following references/combinations:

a. U.S. Patent App. Pub. 2007/0244750 ("Grannan") in view of Segmenting Customer Transactions Using a Pattern-Based Clustering Approach, Yinghui Yang and Balaji Padmanabhan ("Yang").

b. Grannan in view of U.S. Patent No. 7,809,740 ("Chung") and Yang.

8. Defendants contend that Plaintiff is not entitled to any of the recovery it seeks.

9. Defendants contend that Plaintiff's claims for relief are limited or barred in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

10. Defendants contend that Plaintiff is limited in its right to seek damages due to a failure to mark products covered by the '402 Patent and because it failed to provide actual notice before serving the complaint. *See* Dkt. 182.

11. Defendants contend that Plaintiff is not entitled to damages under 35 U.S.C. § 284, including but not limited to a reasonable royalty, on its claims of infringement of the Asserted Patents. To the extent that damages are to be awarded based on infringement of its claims of infringement of the Asserted Patents, Plaintiff's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and Plaintiff has failed to provide a suitable basis on which damages may be properly calculated. Defendants contend in particular, as detailed in Defendants' motion to exclude certain expert testimony of Mr. Roy Weinstein, Dkt. 181, that Plaintiff's damages theories are legally deficient and methodologically unsound and thus should be excluded from trial.

12. Defendants contend that Plaintiff is not entitled to pre-judgment or post-judgement interest or costs, including under 35 U.S.C. § 284.

9

13. Defendants contend that Plaintiff is not entitled to an award of its attorneys' fees under 35 U.S.C. § 285 or otherwise.

14. Defendants contend that Defendants are entitled to an award of their attorneys' fees under 35 U.S.C. § 285 or as otherwise authorized by law.

15. Defendants contend that Plaintiff is not entitled to an accounting for damages.

16. Defendants contend that Plaintiff is not entitled to any damages, including supplemental damages post-verdict.

17. Defendants contend that Plaintiff is not entitled to supplemental and/or ongoing royalties.

18. Defendants contend that Plaintiff is not entitled to a compulsory ongoing licensing fee.

19. Defendants contend that Plaintiff is not entitled to declaratory, injunctive, or equitable relief of any kind.

20. Defendants contend that Plaintiff is not entitled to any other relief.

21. Defendants contend that they are not liable to Plaintiff under any cause of action or legal theory Plaintiff asserts.

22. Defendants object to any of Plaintiff's contentions that were not properly pleaded and disclosed pursuant to the Federal Rules of Civil Procedure and this Court's rules and orders.

23. Defendants object to any contention that is subject to a currently pending motion in this matter.

## V.    Stipulations and Uncontested Facts

The Parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the Parties.

### A.    Trial Stipulations

1.   The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.  The parties otherwise reserve all rights to object to any demonstrative exhibit.

2.   The parties agree that each party's corporate representative may remain in the courtroom during sealed portions of the trial, subject to the right of either party to make a specific request that the corporate representative of either or both parties exit the courtroom for the discussion of specific matters. The parties agree to use their best efforts to notify one another the night before they anticipate making any such request, the basis for which may be known or anticipated by the disclosures that precede each day of trial.

3.   The parties have otherwise provided their proposed trial management procedures below.

### B.    Uncontested and Stipulated Facts

1.   For purposes of this action, the Court has personal jurisdiction over the parties and that venue is proper in this district for this action.

2.   U.S. Patent No. 10,594,823 issued on March 17, 2020, from U.S. Patent Application No. 15/706,556, filed on September 15, 2017.

3.   The named inventors listed on the '823 Patent are Bjorn Markus Jakobsson and Ari Juels.

4.   U.S. Patent No. 11,562,402 issued on January 24, 2023, from U.S. Patent Application No. 17/201,306, filed on March 15, 2021.

5.   The named inventor listed on the '402 Patent is Bjorn Markus Jakobsson.

6.   On August 21, 2024, RavenWhite filed its Complaint against Defendants asserting infringement of the Asserted Patents.

7.   The accused system is made and used by Walmart in the United States.

11

## VI.     Trial Management Procedures

### A.     Witness Identification and Deposition Testimony

#### 1.     Witness Identification

1.   [[**RavenWhite: The Parties will identify to each other by email the witnesses each Party will call live within twenty-four (24) hours of this case being first on the Court's Order of Trials, provided that the Parties shall not be required to disclose will call live witnesses more than seven (7) calendar days prior to jury selection.**]][6] [7]

2.   The parties will identify by email to the opposing party the witnesses they intend to call and the sequence by which they expect to call the witnesses by 7 pm two calendar days before the witnesses will be called to testify.

3.   The identification of the witnesses shall include both live witnesses and witnesses whose testimony is provided by deposition.

4.   Any objection to the witness must be made by 8 pm two calendar days before the intended testimony, and the parties will meet and confer by **8:30** pm that same day.

5.   By no later than **9:30 pm** that same day, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form. By no later than 10 pm that same day, the objecting party shall submit any remaining disputes to the Court in a joint chart form via email (two days before the witness is to be called).

---

[6] Walmart objects to this provision as unnecessary and to the extent that it seeks to impose additional witness disclosure requirements beyond those set forth by the Local Rules, the Docket Control Order and/or the Federal Rules of Civil Procedure, which should control.

[7] RavenWhite seeks this provision to avoid "trial by ambush" and so the parties do not waste time and resources preparing for the cross-examination of witnesses who will not be called live.

12

### 2.    Deposition Testimony

1.   Unless otherwise agreed between the parties, the party offering deposition testimony (other than for purposes of impeachment) shall identify the deposition testimony to be offered from previously exchanged designations by 7 pm at least three calendar days prior to the testimony being offered into the record.

2.   The party receiving the designations shall inform the opposing party of any objections/counter-designations by 7 pm two calendar days prior to the testimony being offered into the record, including by identifying each objected-to designation by page and line number and the ground or basis for each objected-to designations, and the parties will meet and confer by **8:30** pm that same day.

3.   By no later than **9:30**  pm that same day, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form.

4.   Any unresolved objections must be emailed by the objecting party to the Court's law clerks in a joint chart form, along with a copy of the relevant portions of deposition transcript, by 10 pm two calendar days before the deposition will be played, to permit the Parties to address any such objections with the Court the next morning (i.e., the day before the testimony is to be played).

5.   Deposition excerpts with relevant highlighting should be attached to the email or otherwise provided to the Court.

### 3.    Deposition Exhibits

The parties may not use deposition testimony to expand the number of exhibits beyond those appearing on the exhibit lists. To reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute

the trial Exhibit for the deposition exhibit.

### 4. Deposition Testimony Chronology

1. No objections, preambles, or exchanges between counsel and/or the court reporter will be played or read, unless the parties agree they are necessary context for the witness's answer.

2. If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the chronological order in which designations occurred during the deposition unless another order is agreed to by the parties or ordered by the Court.

### 5. Deposition Testimony Preparation

1. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, removing any attorney objections, and providing a timed report of deposition designations for each party (i.e., initial and counter-designations), as well as a "clip report" identifying both sides' designations and an estimate of the time required to play them, prior to the designations being played at trial.

2. The introducing party shall provide the edited video clip and "clip report" to the opposing party as soon as practicable but no later than 8 pm the calendar day before the deposition is to be played.

### 6. Deposition Testimony Time

1. Only the deposition testimony designated by each party will be subtracted from that party's trial time.

2. The other party's responsive designations shall be deducted from that party's trial time (i.e., affirmative designations will be deducted from the designating party's trial time and counter-designations will be subtracted from the counter-designating party's trial time).

14

**7.     Impeachment**

1.    Subject to the Court's rules and procedures, any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

2.    Deposition testimony used for impeachment purposes does not need to be disclosed pursuant to paragraph (2) above prior to its use.

**B.     Exhibits**

1.    **Pre-Admitted Exhibits**. Each party may use an exhibit that is pre-admitted, whether it is listed on the joint exhibit list or on either party's exhibit list.

2.    **Objections to Exhibits**. A party's inclusion of an exhibit on its exhibit list does not waive any evidentiary or other objections to that exhibit if the opposing party attempts to offer it into evidence, unless that exhibit has been preadmitted or is on the joint list.

3.    **Disclosure of Exhibits for Direct Examination**.

a.    Each party will provide a list of trial exhibits to be used in connection with direct examination of each witness whether live or by designation, on a witness-by-witness basis, by 7 pm the calendar day before their intended use.

b.    The parties will exchange objections to exhibits by 8 pm the calendar day before their intended use and will meet and confer by **8:30** pm that same day.

c.    By no later than **9:30** pm that same day, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form.

a.    The objecting party will provide an email to the Court with any remaining disputes in joint chart form by 10 pm that same day.

4.    **Exhibits for Impeachment or Cross Examination**. Any exhibits to be used for

15

impeachment or during cross-examination or examination of a witness a party calls adversely need not be disclosed in advance.

5. **Exhibit List Descriptions and Dates**. The parties agree that any description of an exhibit or date listed on an exhibit list is provided for convenience only and shall not be used as an admission by the applicable party, or otherwise as evidence regarding that exhibit. The parties further agree that failing to list a date is not evidence or an admission of whether the document is dated.

6. The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' exhibit lists that have been produced, cited, considered, or marked during this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

7. A legible copy of an exhibit may be offered and received into evidence in lieu of the original, subject to all foundational requirements and other objections that might be made to the admissibility of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

8. Each Party may use an exhibit that is preadmitted, including in opening statements, whether it is listed on the joint exhibit list or either Party's exhibit list. Each Party may use an exhibit that is listed on the other Party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to objections. A Party's failure to introduce any Exhibit appearing on its list shall not be commented on during trial except that a comment may be made if the exhibit was used in opening and then not explained to the jury by a witness at trial.

9. For exhibits that are Excel spreadsheets, PowerPoint presentations, images, or video files,

16

the Parties may use electronic versions of such exhibits in their native format. For demonstratives, the Parties may copy-and-paste portions from original native versions of exhibits that are included on the Parties' exhibit lists.

**C.       Interrogatories and Requests for Admission**

1.   Discovery responses can be read into the record and shall count against the time of the offering party.

2.   [[**RavenWhite: The Parties agree that written answers to interrogatories and requests for admission (excluding objections with the associated answers) in this case shall be treated as having been given under oath, whether the answers were contemporaneously signed or verified by the party making them.**]][8] [[**Walmart: The parties agree that they will not object to the reading of written answers to interrogatories and requests for admission (excluding objections with the associated answers) in this case into the record whether or not the answers were contemporaneously signed or verified by the party making them.**]][9]

3.   The parties otherwise do not waive any rights or objections with respect to such evidence.

a.   If a party seeks to read responses to interrogatories or requests for admission from the other parties, the party seeking to read the discovery into the record shall disclose the discovery it proposes to read into the record by 7 pm two calendar days before such a reading.

---

[8] Although such agreements are customary, RavenWhite alternatively requests that the Court order the parties to verify their responses to interrogatories and requests for admission, thereby mooting this dispute.

[9] Walmart does not object to the reading of discovery responses into the record at trial (whether verified or not), but objects to an agreement or stipulation that deems responses to be verified when they were not. Walmart objects to RavenWhite's alternative request to order verification at this late stage of the case. To the extent that RavenWhite sought verification, the time to do so was when the responses were served during fact discovery.

b.   By **7:30** pm on the next day, the other side shall provide its objections and counter designations, and the parties will meet and confer by **8:30** pm that same day. By no later than **9:30** pm that same day, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form. The objecting party will provide an email to the Court with any remaining disputes in joint chart form by 10 pm that same day.

**D.      Demonstratives**

1.   "Demonstratives" are documents and materials specifically created for illustrative purposes at trial and do not include (1) demonstratives or exhibits created in the courtroom during testimony or opening at trial (such as by writing on a white board or flip chart); (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony or transcripts of deposition testimony for which objections have been cleared; or (3) demonstratives previously displayed in the court at trial.

2.   Demonstratives include non-documentary things, such as physical items that are not admitted into evidence.

3.   A party's intended use of blowups (enlargements) of exhibits (or portions thereof) and of highlighting or "real-time" marking up of such exhibits need not be given and need not be exchanged, so long as the underlying exhibit is pre-admitted or the party has identified its intention to use the Exhibit according to the exchange process herein and any objections thereto have been resolved.

4.   Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party. The disclosing party will supply the opposing party with the "As-Used" demonstratives by 8 pm on the day that the demonstratives were first used.

5.   A party who has a demonstrative created in the courtroom must provide the other party with a photograph of the demonstrative within two hours of the Court adjourning that same day.

18

6. **Disclosure of Demonstratives for Use in Direct Examinations**. Absent further agreement of the parties, the parties will provide Demonstratives for use in direct examinations of their own witnesses by 7 pm the calendar day before their intended use (except for physical demonstratives, which is addressed below). The parties will provide any objections to such Demonstratives by 8 pm the calendar day before their intended use. The parties will meet and confer by **8:30** pm that same day. By no later than **9:30** pm that same day, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form. The objecting party will provide to the Court an email with any remaining disputes in joint chart form by 10 pm that same day.

7. **Numbering and Format for Demonstrative Disclosures**. The disclosing party will provide any demonstratives in a format that allows the receiving party to view the demonstrative as it is intended to be presented to the jury. Demonstrative slides must be numbered, exchanged in the order that the Party in good faith intends to use them, and may not be renumbered after they are exchanged. However, nothing in this Pretrial Order shall require counsel to use all demonstrative slides or shall prevent counsel from exercising their judgment at trial as to the content and order of any examination, including the order of the demonstrative slides. Neither side shall reference or highlight that the other side skipped or did not present slides in a demonstrative.

8. **Edits and Corrections to Demonstrative Disclosures**. Reasonable, non-substantive edits or corrections of typographical and similar errors may be made after the disclosure deadlines set forth above provided that the corrected Demonstrative are disclosed reasonably in advance of its first use.

9. Demonstratives previously displayed in the course of the trial need not be disclosed

19

again.

10. **Disclosure of Demonstratives for Cross-Examination**. The parties agree that they need not provide a copy of demonstratives to be used during cross-examination or a party's examination of a witness that it calls adversely.

E.    **Inspection of Physical Exhibits or Demonstratives**

1.   Any physical exhibits or demonstratives may be inspected by the other party.

2.   Any such physical exhibits or demonstratives must be made available for inspection at a mutually convenient time and place at least 48 hours before their intended use, and again (if requested) no later than 7 pm the calendar day before their intended use at trial.

3.   By no later than 8 pm the day before their intended use at trial, the party receiving the physical exhibits or physical demonstratives shall inform the offering party of any objections by identifying each objected-to exhibit or demonstrative, and the ground or basis for each objected-to exhibit or demonstrative.

4.   By no later than **8:30**  pm, the parties shall meet and confer to resolve any objections.

5.   By no later than **9:30**  pm, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form.

6.   By no later than 10 pm, the objecting party shall submit any remaining disputes to the Court in a joint chart form via email.

F.    **Source Code and Confidential Material**

1.   The parties anticipate that highly confidential and competitively sensitive information, including source code, financial data, and license information will be presented at trial.

2.   The parties agree to confer regarding what confidential materials of each side that the producing party believes require a request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business

20

documents, testimony, or information, is expected to be presented.

3.    The parties agree that, as a rule, each party's corporate representative may remain in the courtroom during sealed portions of the trial, subject to the right of any party to make a specific request that the corporate representatives be required to exit the courtroom for the discussion of matters. Each party retains the right to oppose the other party's request to seal the courtroom.

### G.    Opening Statements

1.    Any exhibit pre-admitted or not subject to an unresolved objection at the time of opening statements may be shown to the jury during opening statements.

2.    The parties will exchange demonstratives that will be shown to the jury during opening statements by 4 pm the calendar day before Opening Statements.

3.    Any objections to the opening statement exhibits must be provided by 5 pm the calendar day the disclosures are received. The parties will meet and confer on any objections to the exhibits by 6 pm on the calendar day before openings.

4.    By no later than 7:30 pm on the calendar day before openings, the parties shall simultaneously exchange their respective position statements for each remaining dispute in chart form.

5.    The objecting party will provide any remaining disputes to the Court in a joint chart form via email by 8 pm on the calendar day before openings.

### H.    Closing Arguments

1.    Should closing arguments take place on a business day after evidence closes, the parties shall exchange Demonstratives (to the extent not previously disclosed) for use in closing argument by **8:00** pm the night before closing arguments are held, objections will be raised by **8:30** pm the same night, the parties will meet and confer by **9:00** pm, and the parties will notify the Court of any remaining objections by **10:00** pm.

21

2.    Should closing arguments take place on the same day that evidence closes, the parties agree to discuss a time to exchange Demonstratives (to the extent not previously disclosed), which shall be at least 2 hours before closing arguments begin if feasible.

3.    In no event will newly-created or modified demonstratives be used in closing arguments that have not been provided to the other party. Excerpts of trial testimony do not constitute newly-created Demonstratives under this provision.

### I.    Witness Binders and Juror Notebooks

1.    **Witness Binders**. The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at the same time at least one copy to each of the opposing side and the Court.

2.    **Juror Notebooks**.  The parties agree that they will jointly prepare and provide a notebook for each juror in accordance with the Court's instructions.

### J.    Notice of Intent to Rest

1.    A party will provide to the Court and the other party a good-faith notice that it expects to rest by 7:00 pm or prior to leaving court, whichever is later, the court day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

### K.    Exchange of Admitted Exhibits

1.    Before submitting to the Court as requested, the parties agree to exchange lists of "Admitted Exhibits" and to discuss the timing of the exchange based upon the applicable Court deadlines.

## VII.    Contested Issues of Fact and Law

The parties identify the following issues of fact and law that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is expressly

22

designated as such, and vice versa. The parties do not waive any of their pending or anticipated motions, and each party incorporates by reference the contested issues raised in its respective pending motions. The parties reserve the right to revise the factual or legal issues based upon the Court's rulings on any pending motion or ruling made at the pretrial conference or otherwise in this action.  By providing this statement, the parties do not concede that all these issues are appropriate for presentation to the jury.  Each party does not agree with and reserves objections to the other party's list of contested issues (including statements/footnotes therein).

### A.    RavenWhite's Statement of Contested Issues of Fact and Law

1.    Whether Walmart infringes claims 1 and 2 of the '823 Patent.

2.    Whether Walmart infringes claims 10-15, 18, and 19 of the '402 Patent.

3.    Whether the Asserted Claims are not invalid under 35 U.S.C. §§ 101 and/or 103.

4.    If Walmart infringes one or more Asserted Claims and any such Asserted Claim is not invalid, the amount of damages RavenWhite is entitled to, including any pre-judgment and post-judgment interest.

5.    Whether the form of license should be a running royalty.

### B.    Defendants' Statement of Contested Issues and Fact of Law

1.    Whether Plaintiff has proven by a preponderance of the evidence that Defendants have infringed any Asserted Claim of the '823 Patent.

2.    Whether Plaintiff has proven by a preponderance of the evidence that Defendants have infringed any Asserted Claim of the '402 Patent.

3.    Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '823 Patent are ineligible patent subject matter under 35 U.S.C. § 101.

4.    Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '402 Patent are ineligible patent subject matter under 35 U.S.C. § 101.

5.   Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '823 Patent are invalid as obvious under 35 U.S.C. § 103.

6.   Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '402 Patent are invalid as obvious under 35 U.S.C. § 103.

7.   Whether Plaintiff substantially complied with the marking requirement under 35 U.S.C. § 287 with respect to the '402 Patent.

8.   Whether Plaintiff is limited in its right to seek damages related to the '402 Patent because it failed to mark patented articles covered by the '402 Patent.

9.   Whether any damages related to the '823 Patent should commence on March 17, 2020 or January 9, 2024.

10. Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '823 Patent are not enforceable for failure to satisfy the common ownership requirement of the corresponding terminal disclaimer.

11. Whether Defendants have proven by clear and convincing evidence that the Asserted Claims of the '402 Patent are not enforceable for failure to satisfy the common ownership requirement of the corresponding terminal disclaimer.

12. Whether Plaintiff is limited in its right to seek damages related to the '402 Patent because it failed to provide actual notice before the filing of the complaint.

13. Whether Plaintiff is entitled to a reasonable royalty under 35 U.S.C. § 284 for Defendants' alleged infringement of the Asserted Claims of the Asserted Patents, and if proven, the form and total amount of such royalty.

14. Whether Plaintiff has proven that it is entitled to costs.

15. Whether Plaintiff has proven that it is entitled to a post-trial award of ongoing royalties.

24

16. Whether Plaintiff has proven that it is entitled to an accounting for damages.

17. Whether Plaintiff has proven that it is entitled to supplemental damages post-verdict.

18. Whether Plaintiff has proven that it is entitled to a compulsory ongoing licensing fee.

19. Whether Plaintiff has proven that it is entitled to equitable relief.

20. Whether Plaintiff is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

21. Whether Defendants are entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. §§ 284 and 285.

## VIII.    Pretrial Disclosures

1.    RavenWhite's Witness List, including Defendants' objections, is attached as **Exhibit 1**.

2.    Defendants' Witness List, including RavenWhite's objections, is attached as **Exhibit 2**.

3.    The Joint Exhibit List is attached as **Exhibit 3**.

4.    RavenWhite's individual Exhibit List, including Defendants' objections, is attached as **Exhibit 4**.

5.    Defendants' individual Exhibit List, including RavenWhite's objections, is attached as **Exhibit 5**.

6.    RavenWhite's deposition designations, along with respective rebuttal designations and objections, is attached as **Exhibit 6**.

7.    Defendants' deposition designations, along with respective rebuttal designations and objections, is attached as **Exhibit 7**.

8.    RavenWhite's Objection Key is attached as **Exhibit 8**.

9.    Defendants' Objection Key is attached as **Exhibit 9**.

The parties are continuing to confer to narrow their objections and will exchange amended exhibit lists and objections in advance of the pretrial conference.

25

**IX.     Jury Instructions and Verdict Form**

The Parties' Proposed Final Jury Instructions are attached as **Exhibit 10**.

The Parties' Proposed Verdict Forms are attached as **Exhibit 11**.

**X.     List of any Pending Motions**

**RavenWhite's Pending Motions**

| Dkt # | Date | Motion |
|---|---|---|
| 155 | May 7, 2026 | Plaintiff's Motion to Compel Defs' Production of Documents and Complete Responses to Interrogatory Nos. 23 and 24 |
| 159 | May 13, 2026 | Plaintiff's Motion to Compel Deposition Testimony |
| 160 | May 13, 2026 | Plaintiff's Motion to Compel Technical Documents |
| 183 | Jun. 30, 2026 | Plaintiff's Motion for Summary Judgment of No Invalidity of the '823 and '402 Patents Under 35 U.S.C. § 101 |
| 184 | Jun. 30, 2026 | Plaintiff's Motion for Partial Summary Judgment on Walmart's Fifth Defense on the Limitation of Damages Under 35 U.S.C. § 287(a) |
| 185 | Jun. 30, 2026 | Plaintiff's Motion to Strike Opinions of Expert Kevin C. Almeroth, Ph.D |
| 187 | Jul. 1, 2026 | Plaintiff's Motion for Leave to Amend First Amended Complaint to Join Patent Owners RavenWhite Security, Inc. and Security Technology, LLC as Co-Plaintiffs |
| 209 | Jul. 17, 2026 | Plaintiff's Opposed Motion for Leave to Serve July 14, 2026, Supplemental Expert Report of Roy Weinstein |
| 223 | Jul. 21, 2026 | Plaintiff's Motions in Limine |

**Defendants' Pending Motions**

| Dkt # | Date | Motion |
|---|---|---|
| 176 | Jun. 18, 2026 | WM MSJ of Non-Enforceability and Lack of Standing |
| 180 | Jun. 30, 2026 | WM MPSJ Non-Infringement '402, '832 |
| 181 | Jun. 30, 2026 | WM MTS Weinstein Under Daubert and Rule 702 |
| 182 | Jun. 30, 2026 | WM MPSJ No Pre-suit Damages '402 |
| 186 | Jun. 30, 2026 | WM MSJ Ineligibility of Patents Under 35 USC Section 101 |
| 217 | Jul. 21, 2026 | WM Omnibus Motion in Limine |

**XI.     Probable Length of Trial**

The parties estimate the probable length of trial is 24 hours (exclusive of *voir dire*, opening,

and closing), with 12 hour per side.

The parties request 30 minutes per side for *voir dire* sessions, 30 minutes per side for

26

opening statements, and 45 minutes per side for closing arguments.

## XII.    Management Conference Limitations

The parties agree to work together and continue to meet and confer to narrow the issues for trial, including asserted claims, accused instrumentalities, prior art references, affirmative defenses, deposition designations, exhibits, and potential stipulations and to narrow all objections, including the objections to exhibits found in this Pretrial Order.

## XIII.    Applicable Docket Entries

Pursuant to the Court's Standing Order Regarding Pretrial Procedures in Consolidated Cases, a list identifying all docket entries from the lead case that related to the applicable member case is attached hereto as **Exhibit 12**.

## XIV.    Certifications

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein, is in existence, will be numbered, and has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorney for RavenWhite Licensing LLC

_____

Attorney for Walmart Inc. and Walmart

_____

27

Stores Texas, LLC

_____

_____

August 3, 2026

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
rxie@kramerllp.com
Rachael Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
**Alavi & Anaipakos PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**Heim Payne & Chorush LLP**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

30

Facsimile:  (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley N. Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
**Jackson Walker LLP - Dallas**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
**Jackson Walker LLP - Houston**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
**Findlay Craft, P.C.**
7270 Crosswater Ave., Suite B

31

Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Attorneys for Defendants*
Walmart Inc. and Wal-Mart Stores Texas,
LLC