# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| RAVENWHITE LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC., *et al.*, <br><br> Defendants. | Case No.  2:24-cv-00688-JRG-RSP <br> (Lead Case) |
| RAVENWHITE LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., *et al.*, <br><br> Defendants. | Case No.  2:24-cv-00689-JRG-RSP <br> (Member Case) |

**[Proposed] Verdict Form[1]**

In answering these questions and completing this Verdict Form, you are to follow all the instructions I have given you in the Court's Final Jury Instructions and follow the directions provided throughout this form.  Your answers to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

---

[1] Submissions that are agreed to by both RavenWhite and Walmart are not highlighted. Submissions proposed by RavenWhite that are not agreed to by Walmart are bracketed and in green font. Submissions proposed by Walmart that are not agreed to by RavenWhite are bracketed and in blue font. The parties have entered their objections, explanations, and citations,  and commentary in footnotes only.

1

In this Verdict Form, the following terms have the following meanings:

- "Plaintiff" or "RavenWhite" refers to RavenWhite Licensing LLC.

- "Defendants" or "Walmart" refers to Walmart Inc. and Walmart Stores Texas, LLC.

- The "'823 Patent" refers to U.S. Patent No. 10,594,823.

- The "'402 Patent" refers to U.S. Patent No. 11,562,402.

- The "Asserted Claims" collectively refers to claims 1 and 2 of the '823 Patent and claims 10-15, 18, and 19 of the '402 Patent.

3

**It is Very Important that You Follow the Instructions Provided in this Verdict Form**

**Read Them Carefully and Ensure that Your Verdict Complies with Them**

4

## Question No. 1

Did RavenWhite prove **by a preponderance of the evidence** that Walmart [directly][2, 3]

infringes the Asserted Claims of the following patents?

**Check "Yes" or "No" for EACH Asserted Patent listed below.**

**(A "Yes" is a finding for RavenWhite, and a "No" is a finding for Walmart.)**

**The '823 Patent**

Claim 1              YES____      NO____

Claim 2              YES____      NO____


**The '402 Patent**

Claim 10             YES____      NO____

Claim 11             YES____      NO____

Claim 12             YES____      NO____

Claim 13             YES____      NO____

Claim 14             YES____      NO____

---

[2] RavenWhite objects to the addition of the term "directly." RavenWhite also alleges indirect infringement which is omitted from the Verdict Form by the addition of the term "directly." First Amended Complaint ¶¶ 40, 49. RavenWhite's proposal is adopted from the Court's verdict form in various cases, which present direct and indirect infringement of the claims as a single issue of infringement. *See, e.g., Headwater Rsch. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:23-CV-103, Tr. 1195:20-24, Dkt. 456 at 47 (E.D. Tex. Jul. 14, 2025), Dkt. 426 at 4; *Navico Inc. v. Garmin Int'l*, Inc., No. 2:16-cv-0190-JRG-RSP, Verdict, Dkt. 222 at 2 (E.D. Tex. Sep. 8, 2017); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, Verdict Form, Dkt. 276 at 2 (E.D. Tex. June 9, 2017). Combining the types of infringement into a single issue reduces the likelihood of an inconsistent verdict, and the jury instructions adequately inform the jury of the differences between direct and indirect infringement.

[3] Direct and induced infringement are subject to separate standards and should be decided by the jury separately so that the verdict reflects the basis for infringement.  If RavenWhite intends to present an induced infringement theory to the jury, RavenWhite should propose a separate verdict form entry.  *See Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1374 (Fed. Cir. 2025) (explaining that the defendant has a "right to jury unanimity on each legal claim against it").

Claim 15          YES____          NO____

Claim 18          YES____          NO____

Claim 19          YES____          NO____

**Question No. 2**

Did Walmart prove **by clear and convincing evidence** that the Asserted Claims of the Asserted Patents are invalid as obvious?

**Check "Yes" or "No" for EACH Asserted Claim listed below.**

**(A "Yes" is a finding for Walmart, and a "No" is a finding for RavenWhite.)**

**The '823 Patent**

Claim 1          YES____      NO____

Claim 2          YES____      NO____


**The '402 Patent**

Claim 10         YES____      NO____

Claim 11         YES____      NO____

Claim 12         YES____      NO____

Claim 13         YES____      NO____

Claim 14         YES____      NO____

Claim 15         YES____      NO____

Claim 18         YES____      NO____

Claim 19         YES____      NO____

**Question No. 3**

[Did Walmart prove **by clear and convincing evidence** that any of the Asserted Claims of the Asserted Patents are invalid for failure to claim patent-eligible subject matter?][4]

**[Question No. 3A: The '823 Patent]**

[Did Walmart prove **by clear and convincing evidence** that—apart from the claims' use of the ineligible abstract idea of [[_____ to be inserted _____]]—the other claim elements of the Asserted Claims of the '823 Patent were well-understood, routine and conventional to a person having ordinary skill in the art?][5]

**Check "Yes" or "No" for EACH Asserted Claim listed below.**

**(A "Yes" is a finding for Walmart, and a "No" is a finding for RavenWhite.)**

**[The '823 Patent]**

Claim 1          YES_____     NO_____

Claim 2          YES_____     NO_____

**[Question No. 3B: The '402 Patent]**

[Did Walmart prove **by clear and convincing evidence** that—apart from the claims' use of the ineligible abstract idea of [[_____ to be inserted _____]]—the other claim elements of the Asserted Claims of the '823 Patent were well-understood, routine and conventional to a person

---

[4] RavenWhite objects to the language proposed by Walmart because it imports the jury instructions into the verdict, which will confuse the jury and does not inform the jury that it is deciding an issue of invalidity.

[5] Walmart's proposed instruction is limited to the fact question underlying *Alice* step two (the only question the jury is deciding) and is consistent with recent Federal Circuit guidance. *See Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1380 n.11 (Fed. Cir. 2025); *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, 177 F.4th 1343 (Fed. Cir. 2026) (finding that both jury instructions and verdict form on ineligibility failed to identify the abstract idea).

having ordinary skill in the art?]

**[The '402 Patent]**

Claim 10          YES____     NO____

Claim 11          YES____     NO____

Claim 12          YES____     NO____

Claim 13          YES____     NO____

Claim 14          YES____     NO____

Claim 15          YES____     NO____

Claim 18          YES____     NO____

Claim 19          YES____     NO____

**Answer Question No. 4A & 4B ONLY if you have found at least one claim to be BOTH infringed and not invalid (i.e., you answered "YES" in Question No. 1 AND "NO" in Question Nos. 2-3 for the '823 and/or '402 Patent)).**

**Question No. 4A**

What sum of money, if paid now in cash as a reasonable royalty, has RavenWhite proven

by a preponderance of the evidence would compensate RavenWhite for its damages for Walmart's

infringement [of the '823 Patent][6, 7]?

**Amount, in United States Dollars and Cents, if any:**

$ _____

**[Question No. 4B**

What sum of money, if paid now in cash as a reasonable royalty, has RavenWhite proven

---

[6] RavenWhite objects to breaking out the reasonable royalty amounts by patent, into Question Nos. 4A and 4B.  The reasonable royalty on Verdict Forms in this Court often ask the jury to provide a single figure.  *See, e.g.*, Verdict Form (Dkt. 395) at 9, *SK Necilis Co. v. Solus Advanced Materials Co.*, No. 2:23-CV-00539-JRG-RSP (E.D. Tex. May 22, 2026); Verdict Form (Dkt. 332) at 9, *Cyandia, Inc. v. SAP Am., Inc.*, No. 2:24-CV-00096-JRG (E.D. Tex. Apr. 16, 2026); Verdict Form (Dkt. 367) at 8, *Westport Fuel Sys. Canada, Inc. v. Robert Bosch LLC*, No. 2:23-CV-00038-JRG-RSP (E.D. Tex. Mar. 23, 2026); Verdict Form (Dkt. 199) at 7, *Unilin BV v. Vilox Sweden AB*, No. 2:24-cv-00040-JRG (E.D. Tex. Mar. 3, 2026); Verdict Form (Dkt. 235) at 5, *Barco, Inc. v. Yealink (USA) Network Tech. Co.*, No. 2:23-CV-00521-JRG-RSP (E.D. Tex. Nov. 19, 2025).

[7] Walmart proposes separating any damages verdict by patent because separate findings promotes an overall more efficient use of resources in the event only one patent is found to be valid, eligible, enforceable, and infringed and/or a later determination is made that there was an error as to one of the patents.  *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) ("where the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial as to damages").  Accordingly, this Court has provided the jury with verdict forms requesting an assessment of damages on a patent-by-patent basis.  *E.g.*, *Netlist, Inc. v. Micron Tech. Texas, LLC*, 2:22-cv-00294-JRG, Dkt. No. 135 (E.D. Tex. May 23, 2024); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:29-cv-00152-JRG, Dkt. No. 341 (E.D. Tex. Mar. 8, 2021).

by a preponderance of the evidence would compensate RavenWhite for its damages for Walmart's infringement of the '402 Patent?

**Amount, in United States Dollars and Cents, if any:**

$_____ ]

**[Question No. 4C**

What date did you determine damages began for each Asserted Patent?

'823 Patent:          Date_____

'402 Patent:          Date_____ ][8, 9]

**Question No. 4D**

Did you calculate the sum listed in response to Question No. 4A based on a running royalty for past damages or a one-time lump sum for past and future damages (**please check only one per patent**)?

'823 Patent:          Running Royalty____          Lump Sum____

'402 Patent:          Running Royalty____          Lump Sum____

---

[8] RavenWhite objects to the inclusion of Question No. 4C and is unaware of any precedent for including questions about the start date for damages in the Verdict Form. Asking the jury to provide priority dates for the patents is an invitation for juror error.

[9] Walmart's position is that this question on the verdict form is necessary.  The parties dispute the start date for patent damages and have left the start date for patent damages as a fact question for the jury, including based on determinations regarding compliance with the patent marking statute.  The jury instructions provide guidance on determining the appropriate start date.

**Question No. 6[10, 11]**

**[Question No. 6A**

Did RavenWhite prove **by a preponderance of the evidence** that Plaintiff RavenWhite

Licensing LLC owns either Asserted Patent?

**Check "Yes" or "No" for EACH Asserted Patent listed below.**

**(A "Yes" is a finding for RavenWhite, and a "No" is a finding for Walmart.)**

'823 Patent:            YES____      NO____

'402 Patent:            YES____      NO____]

**[Question No. 6B**

Did Walmart prove **by clear and convincing evidence** that the Asserted Patents are

unenforceable?

**Check "Yes" or "No" for EACH Asserted Patent listed below.**

---

[10] RavenWhite objects to the inclusion of Question No. 6. The patent ownership and enforceabilty issues raised by Walmart will be resolved by the Court's interpretation of RavenWhite's exclusive licenses to the Asserted Patents in the parties' pending motions (Dkt. 176 and Dkt. 187). These issues are therefore a question of law for the Court—not the jury—to resolve. *See, e.g.*, *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447-JRG-KNM, 2015 WL 11072177, at *7-8 (E.D. Tex. Feb. 3, 2015) (granting motion in limine to preclude argument and evidence that plaintiffs did not own the patents-in-suit because the "issues of standing [we]re not intertwined with the merits such that a jury should receive the disputed facts"); *Script Security Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016) (factual questions bearing on the issue of standing would be heard by and decided by the court because the "case [wa]s not one in which a merits-based issue such as inventorship [wa]s inextricably intertwined with the factual questions necessary to resolve the issue of standing"). Here, as framed in the record, the question of ownership involves purely questions of law. Therefore, it is not so intertwined with the merits that it should go to the jury. Indeed, it is the subject of Walmart's pending MSJ of Non-Enforceability and Lack of Standing (Dkt. 176), which the Court will decide prior to trial.

[11] If the issues of ownership and unenforceability are resolved before trial, Walmart agrees to remove this question from the jury form. If, however, the question of ownership remains for the jury, that question should be listed first (as Question 1) because ownership is a prerequisite to asserting infringement. *See Schwendimann v. Arkwright Advanced Coasting, Inc.*, 959 F.3d 1065, (Fed. Cir. 2020). The jury should then proceed to answering questions of infringement, invalidity, ineligibility, and unenforceability if the jury answers "YES" to ownership.

12

**(A "Yes" is a finding for Walmart, and a "No" is a finding for RavenWhite.)**

'823 Patent:          YES_____     NO_____

'402 Patent:          YES_____     NO_____]

13

**Final Page of Jury Verdict Form**

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your **unanimous** determinations. After you are satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the space below. Once this is done, notify the Court Security Officer that you have reached a verdict.  The Jury Foreperson should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

I certify that the jury unanimously concurs in every element of the above verdict.

Signed this ____ day of _____ 2026.

_____

**Jury Foreperson**

14