IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00688-JRG-RSP |
| *Plaintiff,* | § § | *(Lead Case)* |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | § § § | |
| *Defendants.* | § § | |
| | § | |
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00689-RWS-RSP |
| *Plaintiff,* | § § | *(Member Case)* |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | § § | |
| *Defendants.* | § § | |
| | § | |

**WALMART'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT TO JOIN RAVENWHITE SECURITY, INC. AND SECURITY TECHNOLOGY, LLC AS CO-PLAINTIFFS (Dkt. 187)**

## I. INTRODUCTION

Nearly two years ago, Plaintiff initiated this lawsuit on its own and in its own name. This was by design. Specifically, the Prior Patent Owners gave Plaintiff all rights to the Asserted Patents such that it ████████████████████████████████████████████ ████████████████████████████████████ *See* Ex. 1 and 2 at ¶ 3.3 (emphasis added). To accomplish this goal, Plaintiff received all substantial rights—including all exclusionary rights—such as the right to ████████████████████████████████████████ ████████████████████████████████████ *Id.* at ¶ 3.1 (emphasis added).

Explicitly and unequivocally, the agreements grant Plaintiff the ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████ *Id.* at ¶ 3.3 (emphasis added).[1]

Over the last two years, Plaintiff has fully understood the effect of these provisions. At every turn, Plaintiff affirmatively stated—in its Complaint, in a sworn declaration, and in briefing to this Court—that it held "all rights" in the Asserted Patents. *See* Dkt. 26 at ¶¶ 31 and 34; Dkt. 167-1 at ¶¶ 4 and 6; and Dkt. 167 at 1 (stating that it has "all substantial rights in the patents").

---

[1] Plaintiff's attempt to distinguish *Immunex* on the basis that it focused on "the right to prosecute the patent at issue" is also meritless. In addition to the reasons detailed in Walmart's prior briefing (*see* Dkt. 208 at 2-3), the underlying agreements also state that Plaintiff ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ Exs. 1 and 2 at ¶ 3.1 (emphasis added)

Plaintiff's sudden reversal and baseless attempt to now join the Prior Patent Owners under the pretense of a prudential standing defect is motivated by one single fact: because the Prior Patent Owners retained their full rights to *other* "Prior Patents" cited in a set of Terminal Disclaimers, the Asserted Patents are not enforceable as a matter of statutory law.  *See* Dkt. 176 and Exs. A and B (stating that each patent "shall be enforceable only for and during such period that it and the [Prior Patents] are commonly owned").  Contrary to Plaintiff's attempt to muddy the issue, joinder of the Prior Patent Owners cannot restore this "common ownership" requirement and adding two new parties to this case on the eve of trial is as unnecessary as it is improper.

## II.    ARGUMENT

Plaintiff must show that "good cause" exists under Rule 16 for its failure to meet the Court's joinder deadline and that joinder is warranted under Rule 15, which involves the Court's consideration of five factors: "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment."  *See SB IP Holdings LLC v. Vivint Smart Home, Inc.*, No. 4:20-cv-886, 2022 WL 3331254, at *2 (E.D. Tex. Aug. 11, 2022).  Plaintiff's motion fails under both rules.

### A.    The Lack of Constitutional Standing Makes Joinder Futile.

As detailed in Walmart's response, because the Prior Patent Owners did not retain any exclusionary rights, they lack standing under Article III to be joined as co-plaintiffs.  Plaintiff's dismissive remark that "if Walmart believes that Proposed Co-Plaintiffs lack standing, it can bring a properly noticed motion to dismiss after they are joined" misunderstands the law.  *See* Dkt. 228 at 1.  Because the Prior Patent Owners lack constitutional standing, amending the complaint to add them would be *futile* under the fifth factor.  For the same core reason, Plaintiff also cannot claim there is "good cause" under Rule 16 to extend the pleading deadline to add them to this case.

The cases cited in Walmart's response are clear: each of the Prior Patent Owners must

show that they have constitutional standing, which requires an ***exclusionary*** right in the patents. However, the Prior Patent Owners have no such rights because Plaintiff has all of them. Setting aside Plaintiff's admissions, the agreements ███████████████████████████████ ████████████████████████████████, ████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████ *See* Exs. 1 and 2 at ¶¶ 2.1, 3.1, and 3.3.

In response, Plaintiff argues that its own exclusive right to enter into settlements ████ ██████████████████████████████████████████████████████████████ ██████ means that the Prior Patent Owners (*i.e.*, "the Licensors") retained an exclusionary right in the Asserted Patents. *See* Dkt. 228 at 2 (citing ¶ 3.3). Ignoring the first half of that provision, Plaintiff incorrectly claims that █████████████████████████████████████████ █████████████ *Id.* But the agreements literally say the opposite: █████████████████████ ███████████ ██████████████████████████████████ *See* Exs. 1 and 2 at ¶ 3.3 (emphasis added). The mere fact that Plaintiff cannot ████████████████████ ██████████████████████████████████████████████████████████ or any actual rights (including any exclusionary rights) in the Asserted Patents themselves.

For example, highlighting the problem with Plaintiff's argument, although Plaintiff claims that the Prior Patent Owners █████████████████████████████████████████████ █████████████████████████ *See* Dkt. 228 at 2. Nothing in the agreements—including ██ ██████████████████████████—████████████████████████████████████ █████████████████████████████████████████████████████. And because the Prior Patent Owners have no such right, they cannot complain that this fictional right to ██████████████████████████████████████████████████. In fact, ████████

3

███████████████

███████████████████████████████████████, which refutes any notion that the Prior Patent Owners can insist on even a minimum amount of compensation.  *See* Ex. 3.

Similarly, Plaintiff's assertion that the Prior Patent Owners retained ████████ the patents is false.  The Prior Patent Owners expressly agreed that they ███████████

████████████████████████████████████████████████████

████████████████  *See* Exs. 1 and 2 at ¶ 2.1 (emphasis added).  They cannot ████████

██████████████ ████████████████████████████████████

██████  Instead, if a ██████████████████████████████████████, who has the ████████████████████████████████████  *Id.* at ¶¶ 2.1. Plaintiff's reliance on Section 12.1 of the underlying agreements does not change this fact or ████

████████████████████████████████████████.  As that provision affirmatively states, ██████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████  *Id.* at ¶ 12.1 (emphasis added).

Thus, in addition to the exclusive rights to practice and enforce the Asserted Patents, the

████████████████████████████████████████████████████

████████████.  *See Luraco Health & Beauty, LLC v. Tran*, No. 4:19-cv-051, 2020 WL 2747233, at *8 (E.D. Tex. May 27, 2020) (stating that "exclusionary rights in a patent include an exclusive license, the exclusive right to license, and the right to sublicense" and holding that plaintiff lacked constitutional standing because it had "none of these rights under the Agreement").  Because Plaintiff has not shown that the Prior Patent Owners retained any "ability to exclude others from practicing an invention," Plaintiff cannot show that the Prior Patent Owners would have constitutional standing under Article III.  *See A.L.M. Holding Co. v. Zydex Indus. Private Ltd.*, 176 F.4th 1326, 1334 (Fed. Cir. 2026).  As a result, joinder is entirely futile.

### B.      None of the Other Factors Favor Joinder.

Under either Rule 15 or Rule 16, the core analysis is the same.  Adding two new parties—on the eve of trial—is unduly prejudicial and would require additional discovery, depositions, and motion practice.  Indeed, Walmart previously withdrew its motion to compel discovery into Plaintiff's funding agreements based on Plaintiff's sworn declaration that it had ██████████ ████████.  *See* Dkt. 174 and Dkt. 167-1.  Given the history of this case and the explicit language in the agreements, Plaintiff's attempt to now disavow that declaration is not an act of "good faith" and would only serve to delay this Court's resolution of the parties' other pending disputes.  Similarly, despite being a party to the underlying agreements and the corresponding negotiations, Plaintiff offers no explanation for its 2-year delay in seeking to join the Prior Patent Owners.  Indeed, the only logical conclusion—echoed in Plaintiff's repeated representations to the Court—is that Plaintiff concluded (correctly) that joining the Prior Patent Owners was unnecessary because Plaintiff held all substantial rights in the Asserted Patents.  *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (holding that "the right to sue" was "particularly dispositive here because the ultimate question confronting us is whether Vaupel can bring suit on its own or whether Marowsky must be joined as a party").

## III.   CONCLUSION

The Asserted Patents are not enforceable because Plaintiff and the Prior Patent Owners split ownership of two sets of patents that claim "essentially the same patented invention," exposing the public (not just Walmart) to the risk of multiple litigations.  *In re Hubbell*, 709 F.3d 1140, 1145 (Fed. Cir. 2013).  Because joinder does not restore "common ownership" as required by the relevant Terminal Disclaimers, Plaintiff's motion does not cure that problem.  And because the Prior Patent Owners lack exclusionary rights in the Asserted Patents, adding them at this late stage is not just prejudicial and unwarranted, it is futile as a matter of constitutional standing.

███████████████

Dated:  July 30, 2026

Respectfully submitted,

/s/  Amir H. Alavi
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile:  (713) 221-2021

6

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100

7



Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and*
*Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record whom have consented to electronic service.

/s/ Amir H. Alavi
Amir H. Alavi