IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00688-JRG-RSP |
| Plaintiff, | § | (Lead Case) |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC. | § § § | |
| Defendants. | § § § | |
| RAVENWHITE LICENSING LLC | § § § | CASE NO. 2:24-CV-00689-RWS-RSP |
| Plaintiff, | § | (Member Case) |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WALMART INC. and WAL-MART STORES TEXAS, LLC | § § § | |
| Defendants. | § § § | |

**WALMART'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE JULY 14, 2026, SUPPLEMENTAL EXPERT REPORT OF ROY WEINSTEIN (Dkt. 209)**

████████████████████████████████

## TABLE OF CONTENTS

I.      Introduction ...............................................................................................................1

II.     Relevant Factual and Procedural Background ......................................................1

III.    Legal Standards .........................................................................................................7

IV.     Argument ....................................................................................................................8

        A.      Plaintiff has provided no explanation for its untimely disclosures ............................9

        B.      Plaintiff fails to demonstrate the importance of Mr. Weinstein's testimony ............10

        C.      Walmart will be significantly prejudiced if Mr. Weinstein's supplement and testimony are allowed. ..................................................................................11

        D.      A Continuance Cannot Cure the Prejudice to Walmart from Plaintiff's Violations of the Court's Discovery Order, Second Amended Docket Control Order, or Rules 26(a) and (e) ..........................................................................15

V.      Conclusion ..............................................................................................................15

████████████████████████████████████████

## TABLE OF AUTHORITIES

**Cases**

*AVM Techs., LLC v. Intel Corp.*,
No. 15-33-RGA, 2017 WL 1753999 (D. Del. Apr. 30, 2017)............................................. 10, 11

*Bradley v. U.S.*,
866 F.2d 120 (5th Cir. 1989) ................................................................................................ 8

*Cassidian Comms., Inc. v. microDATA GIS, Inc.*,
No. 2:12-cv-00162-JRG, 2013 WL 12148459 (E.D. Tex. Dec. 10, 2013)........................... 8, 9

*Geiserman v. MacDonald*,
893 F.2d 787 (5th Cir. 1990) ....................................................................................... 8, 9, 15

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
361 F.3d 875 (5th Cir. 2004) ........................................................................................... 8, 15

*Kao v. Snow Monster, Inc.*,
No. CV 17-08934-RSWL-GJS, 2019 WL 13031928 (C.D. Cal. Nov. 1, 2019) ..................... 10

*Shure Inc. v. ClearOne, Inc.*,
No. 19-1343-RGA, 2021 WL 5014770 (D. Del. Oct. 28, 2021) ............................................ 11

*Thorne Res., Inc. v. Xymogen*,
No. 2:13-cv-784 TS, 2018 WL 1136079 (D. Del. Feb. 28, 2018).......................................... 10

**Statutes**

35 U.S.C. § 284............................................................................................................................ 10

**Rules**

FED. R. CIV. P. 26(a)(1)(A)(i) ............................................................................................. 1, 7, 12

FED. R. CIV. P. 26(a)(2)(B)(i)........................................................................................................ 7

FED. R. CIV. P. 26(a)(2)(B)(ii) ...................................................................................................... 7

FED. R. CIV. P. 26(e)(1)(A) .......................................................................................................... 7

FED. R. CIV. P. 26(e)(2)............................................................................................................ 3, 8

FED. R. CIV. P. 37(c)(1)............................................................................................................ 1, 8

FED. R. CIV. P. 37(c)(1)(A) .......................................................................................................... 8

FED. R. CIV. P. 37(c)(1)(B) .......................................................................................................... 8

████████████████████████████████

FED. R. CIV. P. 37(c)(1)(C) ....................................................................................................... 8

## I. INTRODUCTION

Mr. Weinstein's supplemental report is a material rewrite of his legally- and methodologically-flawed opening report to avoid exclusion as required by *Daubert* and Rule 702. *See* Dkt. 181. But Mr. Weinstein's supplemental report must also be excluded. It is untimely under Rule 26(e)(2), reveals Plaintiff's violation of the Court's Discovery Order, Dkt. 44 at 2 (1. Initial Disclosures),[1] and contradicts his original report through a post-discovery, speculative declaration signed by inventor Dr. Jakobsson. Plaintiff can show neither substantial justification for its untimely disclosures nor lack of harm to Walmart. *See* FED. R. CIV. P. 37(c)(1) (exclusionary sanctions absent substantial justification or lack of harm). Nor can Plaintiff satisfy the Fifth Circuit's four-factor test to allow Mr. Weinstein's supplement. For these reasons, Walmart requests that the Court deny Plaintiff's Opposed Motion for Leave to Serve July 14, 2026, Supplemental Expert Report of Roy Weinstein (the "Motion," Dkt. 209).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. Fact discovery closed on May 13, 2026. Dkt. 145 at 3.

2. The deadline for opening expert reports was May 19, 2026. *Id.*

3. On May 17, 2026, counsel for Plaintiff emailed counsel for Walmart stating that Dr. Smith, Plaintiff's technical expert, was ill and needed additional time to finalize his opening report. Ex. 1 (5/17/26 Mattson email). Plaintiff's counsel did not indicate that Mr. Weinstein needed additional time to finalize his damages report but requested a two-day extension for all opening reports. *Id.*

4. On May 18, 2026, counsel for Walmart agreed to Plaintiff's requested, mutual two-

---

[1] As compared with Rule 26(a)(1), this Court's order is broader, in that it requires disclosure of "persons having knowledge of relevant facts," not just individuals "that the disclosing party may use to support its claims or defenses." *Compare* Dkt. 44 at 2 *with* FED. R. CIV. P. 26(a)(1)(A)(i).

1

███████████████████████████████████████████

day extension. Ex. 2 (5/18/26 Clark email).

5.    On May 20, 2026, Mr. Weinstein spoke to Dr. Markus Jakobsson for the first (and only) time prior to signing and serving his May 21, 2026, damages report in this case. *See, e.g.,* Ex. 3, nn.3, 51, 53, 58, 61.

6.    In his May 21, 2026, damages report, Mr. Weinstein identified Plaintiff RavenWhite Licensing as the hypothetical licensor for both the '823 and '402 Patents. Ex. 3 at ¶ 4 (defining "RavenWhite" as RavenWhite Licensing LLC[2]); *id.* at ¶ 32 ("I have determined that RavenWhite and Walmart would participate in a hypothetical negotiation for a license to the '823 patent in March 2020, when infringement began."); *id.* at n.51 ("I refer to RavenWhite as party to the hypothetical negotiation involving the '823 patent."); *id.* at ¶ 33 ("I have determined that RavenWhite and Walmart would participate in a hypothetical negotiation for a license to the '402 patent in January 2023, when infringement commenced."); *id.* at n.53 ("I refer to RavenWhite as party to the hypothetical negotiation involving the '402 patent.").

7.    Additionally, in his opening report, Mr. Weinstein disclosed a discussion he had with Dr. Jakobsson for the following predicate "facts" upon which he relied to identify RavenWhite Licensing as the hypothetical licensor:

   a.    RavenWhite Licensing and RavenWhite Security are ████, Ex. 3, nn.51, 53;

   b.    RavenWhite Licensing is ████████████████████ *id.*; and

   c.    RavenWhite Security is ████████████████████ *id.*

8.    Walmart served the rebuttal report of its damages expert, Mr. Haas, on June 18, 2026. Therein, Mr. Haas discussed Mr. Weinstein's legally- and methodically-flawed use of

---

[2] Plaintiff fails to acknowledge this definitional constraint when arguing Mr. Weinstein used all names interchangeably for "simplicity." *See* Dkt. 209 at 2-3.

2

████████████████████████████████████████████

RavenWhite Licensing as the hypothetical licensor in his *Georgia-Pacific* analysis. Ex. 4, 58-67.

9.      Mr. Haas's rebuttal report also addressed Mr. Weinstein's misstatements regarding the ████████ of different "RavenWhite" entities, and his misidentification of Dr. Jakobsson as ██████" *Id.*

10.     Mr. Weinstein was deposed by Walmart on June 23, 2026. During his deposition, Mr. Weinstein confirmed that he had identified RavenWhite Licensing as the hypothetical licensor for both the '823 and '402 Patents (Ex. 5, Weinstein Tr. 141:25-146:13), even though he had, by then, (1) had an opportunity to review Mr. Haas's report criticizing his misidentification of the hypothetical licensor, (2) had time to discuss Mr. Haas's report with Plaintiff's counsel, and (3) acknowledged, during the same deposition, that RavenWhite Licensing ████████ at the time of the hypothetical negotiation for either Asserted Patent, *id.* 120:6-21.

11.     On June 26, 2026, further to the parties' meet and confer on motions practice, Walmart disclosed to Plaintiff that it "intend[ed] to move to strike certain opinions offered by RavenWhite's damages expert, Mr. Roy Weinstein, on the following grounds: 1. Use of the wrong hypothetical licensor (Asserted Patents)." Ex. 6 (6/26/26 Clark email).

12.     On June 30, 2026, the parties exchanged their pretrial disclosures under Rule 26(a)(3) and the Court's Second Amended Docket Control Order, Dkt. 145 at 2.

13.     Under Rule 26(e)(2), any Rule 26(e)(1) supplementation of Mr. Weinstein's report was due by June 30, 2026. FED. R. CIV. P. 26(e)(2).

14.     On June 30, 2026, Walmart filed its Motion to Exclude or Strike Certain of Mr. Weinstein's Opinions Under *Daubert* and Rule 702.[3] Dkt. 181 ("Walmart's Motion to Exclude");

---

[3] Plaintiff effectively concedes that Walmart's Motion to Exclude should be granted by acknowledging Mr. Weinstein's report requires extensive supplementation to survive *Daubert*. *See, e.g.*, Dkt. 204 at 1; Dkt. 209 at Ex. B.

3

████████████████████████████████████████████

*see also* Dkt. 145 at 3. Therein, Walmart challenged Mr. Weinstein's misidentification of the parties to the hypothetical negotiation as a fatal legal and methodological error that rendered his analysis excludable on this basis alone. Dkt. 181 at 2-5.

15.   Walmart's Motion to Exclude also argued that Mr. Weinstein's "opinion" that ██████████ or █████████████████████████ mooted the requirement to identify the correct parties must be rejected because the "facts" disclosed were provably false. *Id.* at 3-4.

16.   On July 14, 2026, Plaintiff filed its opposition to Walmart's Motion to Exclude, claiming, for the first time, "obvious inaccuracies" in Mr. Weinstein's report regarding his misidentification of the parties to the hypothetical negotiation. Dkt. 204 at 1. Plaintiff also submitted:

    a.   a new, post-discovery July 11, 2026, declaration from Dr. Jakobsson (Dkt. 204, Ex. G) directly contradicting the factual predicate disclosed by Mr. Weinstein under Rule 26(a)(2) concerning ███████████████████████. *Compare supra* ¶¶ 5-7 (Mr. Weinstein's May 20, 2026 conversation with Dr. Jakobsson) *with infra* ¶ 19 (Dr. Jakobbson's declaration);

    b.   a new, post-discovery declaration from Mr. Weinstein (1) contradicting his Rule 26(a)(2) expert report disclosure through his adoption of Dr. Jakobsson's new declaration, Dkt. 204 at Ex. E, ¶ 8; (2) declaring that certain paragraphs and footnotes in his report "should read as follows, with deletions struck and additions underlined" without further explanation, *id.* at ¶¶ 3-6; and (3) offering no explanation whatsoever regarding his failure to disclose the "supplemented" information in a timely manner, or how such information previously was "incomplete or incorrect," *id.*

17.   On the morning of July 15, 2026, Plaintiff notified Walmart of its intention to seek

4

█████████████████████████████████████

leave to supplement Mr. Weinstein's report and attached a proposed supplemental report from Mr. Weinstein, dated July 14, 2026. Ex. 7 (7/15/26 Mattson email). The proposed supplement:

a.  went far beyond Mr. Weinstein's July 13, 2026, declaration, which merely referenced "deletions and additions" to certain paragraphs and footnotes (*compare* Dkt. 204, Ex. E *with* Dkt. 209, Ex. B); and

b.  disclosed, for the first time, reliance on documents and deposition testimony that were not disclosed (in the now-proffered context) under Rule 26(a)(3) or in a timely supplement under Rule 26(e)(2). Ex. 8 (highlighted version of Dkt. 209, Ex. B, showing extensive citations to materials not disclosed in current context in opening report).

18.    On July 17, 2026, Plaintiff filed its Motion to supplement Mr. Weinstein's report, together with the proposed July 14, 2026, supplement from Mr. Weinstein (as Exhibit B) and the July 11, 2026 declaration from Dr. Jakobsson (as Exhibit F). Dkt. 209.

19.    Notably, in his July 11, 2026, declaration, Dr. Jakobsson contradicts, under penalty of perjury, the factual underpinnings of Mr. Weinstein's original report:

a.  Dr. Jakobsson does not, as Mr. Weinstein disclosed in his original report, ████ RavenWhite Security (the correct hypothetical licensor for the '823 Patent); Dr. Jakobsson ██████████████████████ RavenWhite Security. Dkt. 204, Ex. G, ¶ 5; Dkt. 209, Ex. F, ¶ 5.

b.  Concerns about Dr. Jakobsson's ████████████████████████ ██████████████████████████████████████ Dr. Jakobsson. *Id.*

c.  Dr. Jakobsson ████████████████████████████ the '823 Patent ████ ██████████████████████████████. *Id.*

5



d.  Dr. Jakobsson does not know the terms under which ███████ would have agreed to license the '823 Patent. Dkt. 204, Ex. G, ¶ 5 (disclosing no discussion[4] with ███████ ████████████████████████████); Dkt. 209, Ex. F, ¶ 5 (same).

e.  Dr. Jakobsson does not know the terms under which ████████████████ RavenWhite Security would have agreed to license the '823 Patent. Dkt. 204, Ex. G, ¶ 5 (disclosing no discussion with ████████████████████ ████); Dkt. 209, Ex. F, ¶ 5 (same).

f.  Dr. Jakobsson does not ████ SecurityInnovation (the correct hypothetical licensor of the '402 Patent); ███████████████████. Dkt. 204, Ex. G, ¶ 7; Dkt. 209, Ex. F, ¶ 7.

g.  Dr. Jakobsson ██████████████████████████ the '402 Patent ████ ███████████████████. *Id.*

h.  Dr. Jakobsson does not know the terms under which ████████████████ ██████ '402 Patent. Dkt. 204, Ex. G, ¶ 7 (disclosing no discussion with ███ ████████████████████████████); Dkt. 209, Ex. F, ¶ 7 (same).

i.  Dr. Jakobsson ████████████████ RavenWhite Licensing. Dkt. 204, Ex. G ████████████████); Dkt. 209, Ex. F (same). *See also* Dkt. 181 at Ex. B (Holmes Dep. Ex. 2 at RW00007523 and RW00007539) & Ex. C (Holmes Tr. at 10:3-10, 25:16-18) (RavenWhite Licensing ████████ Mark Holmes).

j.  RavenWhite Licensing, RavenWhite Security, and SecurityInnovation are not ████ as Mr. Weinstein's report disclosed; they are merely ████████████ *Compare* Ex. 3, nn.51, 53 *with* Dkt. 204, Ex. G, ¶ 8; Dkt. 209, Ex. F, ¶ 8.

---

[4] Further, any recitation of such a discussion by Dr. Jakobsson would be inadmissible hearsay.

6

20.     Dr. Jakobsson's July 11, 2026, declaration was the first time ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ were disclosed to Walmart as "persons having knowledge of relevant facts."[5] Dkt. 44 at 2 (broadening initial disclosures required by FED. R. CIV. P. 26(a)(1)(A)(i)).

21.     Plaintiff, to date, has not supplemented its initial disclosures to disclose ▮▮▮▮▮ ▮▮▮▮▮▮▮, or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ RavenWhite Security as "persons having knowledge of relevant facts."

## III.    LEGAL STANDARDS

This Court's Discovery Order required Plaintiff to, "[i]n lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1)," disclose to Walmart "(d) The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person." Dkt. 44 at 2 (1. Initial Disclosures).

Rule 26(a)(2)(B) required Plaintiff to include in Mr. Weinstein's May 21, 2026, damages report "(i) a complete statement of all opinions [he] will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii).

Rule 26(e)(1) required Plaintiff to "supplement or correct its" Rule 26(a) initial and expert disclosures "in a timely manner if [Plaintiff] learn[ed] that in some material respect the disclosure or response [wa]s incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A).

Rule 26(e)(2) required that "[a]ny additions or changes to [the] information [in Mr. Weinstein's report] [were to] be disclosed by the time [Plaintiff's] pretrial disclosures under Rule

---

[5] Any rebuttal by Plaintiff that Walmart **should have known** about these individuals from other discovery constitutes an admission of non-compliance with the Discovery Order. *See* Dkt. 236 at 1-2 (admonishing Walmart for not having identified "persons with knowledge" based on Plaintiff's document production and Dr. Jakobsson's deposition).

26(a)(3) [we]re due." FED. R. CIV. P. 26(e)(2).

Under Rule 37(c)(1), "[i]f a party [such as Plaintiff] fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) further authorizes the court, in addition to or instead of exclusion, to impose other appropriate sanctions, including expenses and attorney's fees caused by the failure, an instruction to the jury of the party's failure to disclose or supplement such information, etc. FED. R. CIV. P. 37(c)(1)(A-C).

To determine whether Plaintiff's failures to disclose timely (a) ███████████ ███████ as "persons having knowledge of relevant facts," and (b) the new predicates for Mr. Weinstein's revised expert opinions are "substantially justified" or "harmless," *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990), and its progeny instruct the Court to consider the following factors: (1) the explanation for the failure to identify the witness or disclose information; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.* at 791 (citing *Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989)); *see also Cassidian Comms., Inc. v. microDATA GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 WL 12148459, *2 (E.D. Tex. Dec. 10, 2013). However, "a party's violation of the court's scheduling order should not routinely justify a continuance" to mitigate prejudice or lack of an explanation for the failure to comply. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Id.*

## IV.    ARGUMENT

Plaintiff mischaracterizes the issue and legal standard implicated by its Motion. This is not, as Plaintiff argues, an instance of merely supplementing an expert report after the close of

discovery. Dkt. 209 at 1 ("Under the four-factor test applied by this Court when considering whether to allow supplemental expert testimony after the ***close of discovery***….") (emphasis added). Rather, this is a case in which Plaintiff became aware of the need to supplement four weeks before it attempted to do so, but nonetheless missed Rule 26(e)(2)'s deadline by two weeks— warranting exclusionary sanctions under Rule 37(c)(1). It is also not a case in which Plaintiff seeks merely to "clarify" an earlier expert report; it seeks a rewrite using a declaration from Dr. Jakobsson that contradicts Mr. Weinstein's original report and incorporates documents and deposition testimony not previously disclosed in *such context*. It also relies on information concerning fact witnesses Plaintiff never disclosed under the Court's Discovery Order. Plaintiff cannot satisfy the Fifth Circuit's four-factor test to show substantial justification or lack of harm to Walmart. Mr. Weinstein's supplemental report must be excluded under Rule 37(c)(1).

### A.    Plaintiff has provided no explanation for its untimely disclosures.

Plaintiff's Motion fails to provide any explanation for its failure to identify ▮▮▮▮▮▮ ▮▮▮▮▮▮ or disclose the information upon which Mr. Weinstein now relies by the deadlines set in the Court's Discovery Order (Dkt. 44), its Second Amended Docket Control Order (Dkt. 145), and Rules 26(a) and (e). Instead, Plaintiff argues it "has not delayed in seeking to supplement Mr. Weinstein's report" because it sought leave promptly after Walmart's Motion to Exclude. Dkt. 209 at 5. But Plaintiff's "no delay" argument is irrelevant under Fifth Circuit precedent and this Court's own application thereof; "delay" is simply not a factor to be considered in assessing whether untimely disclosures are substantially justified or harmless to avoid Rule 37(c)(1) exclusionary sanctions.[6] *See Geiserman*, 893 F.2d at 790; *Cassidian*, 2013 WL 12148459, at *2.

---

[6] Even if Plaintiff were trying to "explain" its untimeliness by tying the supplement to the arguments in Walmart's Motion to Exclude, it ignores the actual timeline that alerted Plaintiff to the legal and methodological flaws at issue. Plaintiff disregarded (1) Mr. Haas's rebuttal report (June 18, 2026), Ex. 4, 58-67; (2) the deposition cross-examination of Mr. Weinstein (June 23,

9

**B.**      **Plaintiff fails to demonstrate the importance of Mr. Weinstein's testimony.**

Section 284 permits, ***but does not require***, the Court to "receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances." 35 U.S.C. § 284. Plaintiff's Motion addresses the "importance of the testimony" factor from *Geiserman* and *Cassidian* in a perfunctory, tautological manner, Dkt. 209 at 4, but stops short of claiming its entire damages case will rise or fall with the admission or exclusion of Mr. Weinstein, *id.* (Mr. Weinstein "is the only ***expert*** witness who will apply the *Georgia-Pacific* factors….") (emphasis added). The implied concession is that Plaintiff may still present ***fact*** witness testimony at trial to support a reasonable royalty award by the jury.

Indeed, nothing prevents Plaintiff from calling Dr. Jakobsson as a fact witness to testify regarding the patentees' licensing histories, sales, revenues, profits, or any number of other facts pertinent to the *Georgia-Pacific* factors, all of which may enable the jury to determine reasonable royalty damages. *See Kao v. Snow Monster, Inc.*, No. CV 17-08934-RSWL-GJS, 2019 WL 13031928, *1 (C.D. Cal. Nov. 1, 2019) (lay witnesses can testify regarding "cost and revenue structure, pricing, sales, and profit margins"); *Thorne Res., Inc. v. Xymogen*, No. 2:13-cv-784 TS, 2018 WL 1136079, *4 (D. Del. Feb. 28, 2018) (denying defendant's Rule 50 motion on damages and finding "multiple witnesses touched on a number of *Georgia-Pacific* factors that the jury may use in determining a reasonable royalty"); *AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 WL 1753999, *1 (D. Del. Apr. 30, 2017) (Plaintiff "can put evidence into the record from which

---

2026), Ex. 5, Weinstein Tr. 120:6-21; 141:25-146:13); and (3) Walmart's disclosure of the grounds on which it would seek to exclude or strike Mr. Weinstein's testimony (June 26, 2006), Ex. 6 (6/26/26 Clark email). Walmart does not agree that its identification of a fatal legal error in Mr. Weinstein's original report entitled Plaintiff to a "do-over," but even if it did, Plaintiff had weeks to prepare and seek leave to supplement Mr. Weinstein's report. But it chose instead to wait for Walmart's telegraphed Motion to Exclude. Even then, Plaintiff waited nearly two weeks after the Rule 26(e)(2) deadline to disclose the supplement to Walmart and seek leave of Court. Plaintiff's delay is not mere days—it was four weeks, and it is not excusable.

a jury could find a reasonable royalty. Such evidence includes historical facts … [and] its licensing approach….”). So too for Mark Holmes. Nevertheless, to date, Plaintiff has designated both witnesses as “may call” in its pretrial disclosures[7]—suggesting a deliberate choice by Plaintiff to insulate decision-makers from cross-examination at trial, giving Mr. Weinstein free-range to present Dr. Jakobsson’s declarative speculation as support for his (supplemental) opinions.

Additionally, Plaintiff may call Mr. Haas adversely to elicit admissions and information concerning Walmart’s accused products, revenues, apportionment, licensing, bargaining position, etc., any and all of which will enable the jury to calculate reasonable royalty damages. *See Shure Inc. v. ClearOne, Inc.*, No. 19-1343-RGA, 2021 WL 5014770, *1 (D. Del. Oct. 28, 2021) (allowing plaintiff to call defendant’s expert, even if defendant chose not to call them, to avoid exclusion of evidence on damages); *AVM Techs*, 2017 WL 1753999 at *1 (allowing plaintiff to “put on…expert testimony” through defendant’s damages expert, even if defendant chose not to call them, because expert’s “opinions would likely provide a sound basis for a damages award”). Plaintiff has avenues available through which it can present a damages case at trial; this factor does not weigh in favor of permitting Mr. Weinstein’s untimely and materially-revised supplemental expert report.

C.     **Walmart will be significantly prejudiced if Mr. Weinstein’s supplement and testimony are allowed.**

Plaintiff posits that Mr. Weinstein’s supplemental report should be permitted because “his opinions” have not changed. Dkt. 209 at 4. But Plaintiff confounds Mr. Weinstein’s “opinions” (which have changed, along with their Rule 26 disclosed bases) with his “conclusion.” If Plaintiff were correct in its characterization of Mr. Weinstein’s supplement, then it would not have required extensive elaboration, reliance on additional materials, or a declaration containing facts that

---

[7] The parties exchanged witness lists on June 30, 2026. Dkt. 145 at 2. The Joint Pretrial Order, which shall include Updated Witness Lists, is due on August 3, 2026. *Id.*

11

████████████████████████████████

contradict his original report. Walmart is prejudiced by Mr. Weinstein's supplemental report.

*First*, Dr. Jakobsson's declaration identifies at least two fact witnesses, ████████████ ████████████ who should have been disclosed in Plaintiff's initial disclosures under the Court's Discovery Order because they "have knowledge of relevant facts." Dkt. 44 at 2. Indeed, even under Rule 26(a)(1)(A)(i)'s narrower standard, these individuals should have been disclosed as "likely to have discoverable information…that [Plaintiff] may use to support its claims." FED. R. CIV. P. 26(a)(1)(A)(i). To wit, Plaintiff now relies on information about these individuals' positions and roles within RavenWhite Security and SecurityInnovation, their roles in the hypothetical negotiation, their interests, their personal knowledge, and their preferences regarding licensing, etc. to support Mr. Weinstein's untimely supplementation through his reliance on Dr. Jakobsson's declaration that disclosed them.

Walmart has been deprived of the opportunity to depose ███████████████████ ██████████████████████ RavenWhite Security noted (but not identified) in Dr. Jakobsson's post-discovery declaration. Walmart has thus been unable to, *inter alia*, pursue follow-up discovery, pursue additional or alternative avenues to rebut Mr. Weinstein's damages opinions, or develop (potentially contradictory) evidence regarding the valuation of the Asserted Patents by key decision-makers at RavenWhite Security and SecurityInnovation. Without such discovery, Walmart will be unable to cross-examine Mr. Weinstein and/or Dr. Jakobsson effectively at trial on numerous key facts—because the only disclosed "facts" regarding these individuals comes through Dr. Jakobsson's post-discovery speculation or hearsay[8] or Mr.

---

[8] Even if Dr. Jakobsson appears as a live witness at trial, he lacks personal knowledge about the beliefs, desires, and motivations of ██████████, ████████████████████████ RavenWhite Security, and even ████████████ concerning the hypothetical negotiation. And any testimony concerning his discussions with these individuals would constitute inadmissible hearsay.

12

████████████████████████████████████████████████

Weinstein's reliance on untestable speculation or hearsay-within-hearsay.

**Second**, Mr. Weinstein's supplemental report relies on an extensive declaration from Dr. Jakobsson, while his original report relied on a single conversation. Dkt. 209, Ex. B, ¶ 1; *compare* Ex. 3, nn.3, 51, 53, 58, 61 *with* Dkt. 204, Ex. G; Dkt. 209, Ex. F. This declaration contradicts certain factual bases disclosed in Mr. Weinstein's original report:

| Support Disclosed in Original Report | Support Disclosed in Supplemental Report |
| --- | --- |
| • RavenWhite Licensing is ████████████ (sic)."[9] | • Dr. Jakobsson ███████████████████████ RavenWhite Licensing.[10] |
| • RavenWhite Security is ████████████ (sic)."[11] | • Dr. Jakobsson ████████████████ RavenWhite Security.[12]<br>• Concerns about ████████████████████████████████ Dr. Jakobsson.[13]<br>• Dr. Jakobsson ████████████████ the '823 Patent ███████████████.[14]<br>• Dr. Jakobsson does not know the terms under which █ ███████████████.[15]<br>• Dr. Jakobsson does not know the terms under which █ ███████████ RavenWhite Security ██████ the '823 Patent.[16] |
| • No mention of SecurityInnovation.[17] | • Dr. Jakobsson ████████████████ in |

---

[9] Ex. 3, nn.51, 53 (citing discussion with Dr. Jakobsson).

[10] Dkt. 204, Ex. G (disclosing ████████████); Dkt. 209, Ex. F (same). *See also* Dkt. 181 at Ex. B (Holmes Dep. Ex. 2 at RW00007523 and RW00007539); Ex. C (Holmes Tr. at 10:3-10, 25:16-18) (RavenWhite Licensing is ████████████████).

[11] Ex. 3, nn.51, 53 (citing discussion with Dr. Jakobsson).

[12] Dkt. 204, Ex. G, ¶ 5; Dkt. 209, Ex. F, ¶ 5.

[13] *Id.*

[14] *Id.*

[15] Dkt. 204, Ex. G, ¶ 5 (disclosing no discussion with ████████████████ ████████); Dkt. 209, Ex. F, ¶ 5 (same).

[16] Dkt. 204, Ex. G, ¶ 5 (disclosing no discussion with ████████████████ ████████); Dkt. 209, Ex. F, ¶ 5 (same).

[17] Plaintiff claims a typographical error for the omission of SecurityInnovation.

13

███████████████████████████████████████████████

| | |
|---|---|
| | SecurityInnovation.[18] <br> • Dr. Jakobsson ███████████████████ the '402 Patent ████████████████████.[19] <br> • Dr. Jakobsson does not know the terms under which ████ ██████████████████████ the '402 Patent.[20] |
| • RavenWhite Licensing and RavenWhite Security are ████.[21] | • RavenWhite Licensing, RavenWhite Security, and SecurityInnovation are ███████████[22] |

**Third**, Mr. Weinstein's supplemental report relies on documents and deposition excerpts previously undisclosed in *this context*. Ex. 8 (highlighted version of Dkt. 209, Ex. B).

The prejudice to Walmart is obvious. Yet Plaintiff waves it away, arguing (a) Mr. Haas addressed Mr. Weinstein's legal and methodological errors in his rebuttal report, and (b) Walmart had an opportunity to depose Mr. Weinstein on his opinions. But this argument misses the point— neither Mr. Haas nor Walmart has had the opportunity to address or test the **supplemental report**, the new factual and documentary predicates incorporated therein, the rationale for Mr. Weinstein's reliance on new materials, or Dr. Jakobsson's                    for RavenWhite Security and SecurityInnovation. Essentially, Plaintiff argues that, because Mr. Weinstein's conclusion regarding the reasonable royalty amount is unchanged, Walmart's response to and discovery concerning a **different** report based on a **different** theory and **different** information must suffice. Plaintiff's position undermines the Court's Discovery Order, the Second Amended Docket Control Order, and Rules 26(a) and (e). This factor weighs against allowing Mr. Weinstein's supplemental report.

---

[18] Dkt. 204, Ex. G, ¶ 7; Dkt. 209, Ex. F, ¶ 7.
[19] *Id.*
[20] Dkt. 204, Ex. G, ¶ 7 (disclosing no discussion with ███████████████████ ███████████); Dkt. 209, Ex. F, ¶ 7 (same).
[21] Ex. 3, nn.51, 53 (citing discussion with Dr. Jakobsson).
[22] Dkt. 204, Ex. G, ¶ 8; Dkt. 209, Ex. F, ¶ 8.

███████████████████████████████████████

**D.     A Continuance Cannot Cure the Prejudice to Walmart from Plaintiff's Violations of the Court's Discovery Order, Second Amended Docket Control Order, or Rules 26(a) and (e).**

Because Plaintiff has blithely downplayed the prejudice to Walmart from Plaintiff's untimely disclosures, Plaintiff unsurprisingly also asserts that "there is no need to grant a continuance" because Walmart had an opportunity to respond to Mr. Weinstein's errors through Mr. Haas's rebuttal report and Mr. Weinstein's deposition. Dkt. 209 at 5. But this argument assumes there are *no new factual bases* for Mr. Weinstein's opinions as between his original report and his supplemental report, which is clearly false. *See supra* § IV.C.

A continuance during which Walmart could, at least, depose ████████████████████ ██████████████████████████████ Securities and redepose Mr. Weinstein and Dr. Jakobsson is clearly warranted. But even a continuance is not a panacea for the prejudice Walmart now faces—it will still be deprived of potential follow-up discovery implicated by these depositions. And, as the Fifth Circuit has found, reopening limited discovery and ordering a continuance will result in additional delay and expense for Walmart, which is also prejudicial. *Hamburger*, 361 F.3d at 883 (citing *Geiserman*, 893 F.2d at 792). Moreover, doing so vitiates the Court's Discovery Order, the Second Amended Docket Control Order, and the Federal Rules, including Rule 37(c)(1)'s default provision for exclusion as a sanction. *Hamburger*, 361 F.3d at 884; *Geiserman*, 893 F.2d at 792. This factor weighs against allowing Mr. Weinstein's supplemental report.

**V.     CONCLUSION**

For the reasons set forth herein, the Court should deny Plaintiff's Opposed Motion for Leave to Serve July 14, 2026, Supplemental Expert Report of Roy Weinstein (Dkt. 209).

15

████████████████████████████████████████

Dated:  July 31, 2026

Respectfully submitted,

/s/  Amir H. Alavi
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

16

█████████████████████████████

Facsimile:  (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile:  (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile:  (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

17



Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile:  (903) 534-1137

*Counsel for Defendants Walmart Inc. and*
*Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi

18