# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

DAINGEAN TECHNOLOGIES LTD.,

    *Plaintiff*,

v.

AT&T INC., *et al.*,

    *Defendants*,

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 2:23-CV-00123-JRG-RSP

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on July 22, 2025, and addressed the motions *in limine* filed by Plaintiff Daingean Technologies Ltd. (Dkt. No. 292) and Defendants AT&T Corp. *et al.* (Dkt. No. 293). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A. Daingean's Motions *in Limine* (Dkt. No. 292, as modified by Dkt. No. 461)**

1. **Plaintiff's MIL No. 1** (**Agreed as follows**): Preclude evidence, testimony, or argument as to other lawsuits related to entities (other than Daingean) serviced by Atlantic IP or statement that Mr. Padian or Atlantic IP have created shell companies, a web of companies, or other statements that would unduly emphasize the number of companies owned by, or managed by, Mr. Padian or serviced by Atlantic IP, or the amount paid by Apple under the Apple agreement or the amount or percentage allocated to Daingean for the Apple

The parties "jointly stipulate and agree that the Court's rulings in the *Daingean v. T-Mobile* case shall apply for all purposes" to this MIL. Dkt. No. 461 at 2.

Thus, this motion *in limine* is **DENIED**, leaving Defendants to contemporaneous objections to improperly worded questions.

2. **Defendants' MIL No. 2**: Exclude evidence, argument, testimony, or opinions relating to large revenue amounts or purchase numbers.

This motion *in limine* was granted to the same extent as in the *T-Mobile* case.

Thus, this motion *in limine* is **GRANTED** in part as follows:

(1) Plaintiff may, on cross of Defendants' damages expert, raise licenses which an expert in this matter, for either side, has opined are technically comparable, in order to ask Defendants' damages expert why she did not include them in her assessment of comparability. Plaintiff may characterize these other licenses as having much larger royalty rates but *cannot state the financial terms* (since its own expert has not found them economically comparable) before the jury unless leave is granted based on Defendants having opened the door.  This is to allow Plaintiff to pursue its theory that Ms. Bennis's opinion is not credible because she cherry-picked low dollar settlement licenses to support her damages analysis.

(2) Plaintiff may not show the jury the total revenue numbers for Defendants, nor the total 5G base station revenue, but must start with the revenue of the 5G base stations that are accused of practicing the '803 Patent's claimed technology, and are not licensed (e.g. by the Apple license), which is the royalty base.  If Defendants open the door at trial by challenging the way that Mr. Dell reached

the royalty base, Plaintiff may seek leave to support his calculations with numbers otherwise excluded by this ruling.

(3)     Any further issues addressed in this MIL will be taken up solely through the pending Motion to Strike regarding Mr. Dell.

3. **Defendants' MIL No. 3** (Agreed): Exclude inflammatory comparisons of the burden of proof standards to other areas of law.

This motion *in limine* is **GRANTED** by agreement of the parties (Dkt. No. 335) as follows:

"Neither party shall analogize the burdens of proof in this case to the burden of proof required in other civil contexts. With respect to voir dire, outside of the context of invalidity, a party may inquire whether a potential juror has been involved in litigation, i.e., either as a party or as a witness, close family member, or friend of a party or witness to a litigation, including generally whether members of the panel have experience in cases involving criminal law, family law, divorce, or civil commitment."

4. **Defendants' MIL No. 4**: Exclude evidence, argument, testimony, or opinions regarding an expert's prior retention by a party, Atlantic IP, a company related to Gerald Padian, or law firm in other matters.

This motion *in limine* is **GRANTED** by agreement (Dkt. No. 335) as follows:

"Neither party shall introduce evidence, argument, testimony, or opinions regarding an expert's prior retention by a party, Atlantic IP, a company related to Gerald Padian, or law firm in other matters." The Court declines Plaintiff's request to void its previous agreement.

5

5.  **Defendants' MIL No. 5**: Preclude evidence argument, testimony, or opinions regarding

Ericsson's unaccused and unreleased Interference Sensing Feature.

This motion *in limine* is **WITHDRAWN**. Dkt. No. 461 at 3.

 **SIGNED this 24th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE