███████████████████████████

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED**<br><br>███████████████ |

**PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO SERVE JULY 14, 2026, SUPPLEMENTAL EXPERT REPORT OF ROY WEINSTEIN**

██████████████████████████████

## **TABLE OF CONTENTS**

A.    The supplement is timely under Rule 26(e)(2) and the DCO (factors 1 and 4)................. 1

B.    Walmart suffers no prejudice because it had actual knowledge of ████████████ ████████ during fact discovery (factor 3). ....................................................... 3

C.    Mr. Weinstein's supplement creates a clear factual record (factor 2). ............................ 4

D.    Conclusion ......................................................................................................... 5

██████████████████████████████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cassidian Commc'ns Inc. v. microDATA GIS, Inc.*,
    No. 2:12-cv-00162-JRG, 2013 WL 12148459 (E.D. Tex. 2013) ..........................................1, 2

*Geiserman v. MacDonald*,
    893 F.2d 787 (5th Cir. 1990) .................................................................................................2

**Rules**

Fed R. Civ. P. 26(e) ..................................................................................................................1

Fed. R. Civ. P. 26(e)(1)-(2)......................................................................................................1

Fed. R. Civ. P. 26(e)(2)..........................................................................................................1, 2

Fed. R. Civ. P. 37(c) .................................................................................................................2

Fed. R. Evid. 702 ......................................................................................................................5

████████████████████████████

## TABLE OF EXHIBITS

The following exhibits were included with RavenWhite's Motion (Dkt. 209):

| Ex. | Description |
|-----|-------------|
| A | Expert Report of Roy Weinstein ("Initial Report") |
| B | July 14, 2026, Supplemental Report of Roy Weinstein ("Supplemental Report") |
| C | Exclusive Patent License Agreement between RavenWhite Security, Inc. and RavenWhite Licensing LLC |
| D | Patent Assignment for '402 Patent (RW00007510 – RW00007515) |
| E | First Amended and Restated Exclusive Patent License Agreement between Security Technology, LLC and RavenWhite Licensing LLC |
| F | Declaration of Bjorn Markus Jakobsson in Support of Plaintiff's Opposition to Walmart's Motion to Stike Mr. Weinstein's Opinions ("Jakobsson Decl.") |
| G | Rebuttal Expert Report of David A. Haas ("Haas Report") |
| H | Deposition of David A. Hass ("Haas Dep.") |
| I | Deposition of Roy Weinstein ("Weinstein Dep.") |

The following exhibits are newly presented with this Reply:

| Ex. | Description |
|-----|-------------|
| J | Deposition of Mark Holmes ("Holmes Dep.") |
| K | Deposition of Bjorn Markus Jakobsson ("Jakobsson Dep.") |
| L | Defendants' Deposition Notice of Bjorn Markus Jakobsson |
| M | Defendants' Deposition Notice of Mark Holmes |
| N | Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC's Rule 30(b)(6) Notice of Deposition Notice to RavenWhite |

███████████████████████████████████

## TABLE OF ABBREVIATIONS

| RavenWhite | Plaintiff RavenWhite Licensing LLC |
|---|---|
| Walmart | Defendants Walmart Inc. and Walmart Stores Texas, LLC |
| '823 patent | U.S. Patent No. 10,594,823 |
| '402 patent | U.S. Patent No. 11,562,402 |
| Asserted Patents | '823 and '402 patents |
| Docket Control Order | DCO |

Walmart's Opposition relies on two false premises and, at bottom, attempts to shift focus away from the actual content of the minor corrections and clarifications to Mr. Weinstein's report. *First*, Walmart is incorrect that it was "deprived" of the opportunity to conduct discovery regarding ███████████████████████████████████. The deposition transcripts of Mr. Holmes and Dr. Jakobsson capture Walmart's attorneys questioning both witnesses about the specific roles of ███████████████████ with the patent owners. Walmart cannot now claim surprise or prejudice, and to the extent that Walmart was unaware of facts in Dr. Jakobsson's declaration, Walmart only benefits from this preview of Dr. Jakobsson's trial testimony. *Second*, Walmart misinterprets the deadline to supplement expert reports imposed by the Federal Rules.

The four-factor test for allowing supplementation is satisfied here. Mr. Weinstein's supplemental expert report is timely according to Rule 26(e)(2) and the Court's Docket Control Order (factors 1 and 4), important because it corrects a fact that will moot Walmart's motion to strike (factor 2), and non-prejudicial because it does so based on facts known or available to Walmart and without changing the substance or methodology of Mr. Weinstein's opinions (factor 3). *Cassidian Commc'ns Inc. v. microDATA GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 WL 12148459 (E.D. Tex. 2013). All four factors favor granting RavenWhite's motion.

## A.   The supplement is timely under Rule 26(e)(2) and the DCO (factors 1 and 4).

Walmart's claim that supplementation is untimely (Dkt. 256 at 9) ignores both the Federal Rules and the DCO. Under Rule 26(e), a party has an affirmative duty to supplement an expert report if it learns the information is incomplete or incorrect, and such additions "must be disclosed by the time the party's pretrial disclosures … are due." Fed. R. Civ. P. 26(e)(1)-(2).  According to the Court's DCO, updated pretrial disclosures were not *due* until August 3, 2026. Dkt. 145 at 2. Without support, Walmart interprets the language "are due" in Rule 26(e)(2) as the June 30 deadline for burden-of-proof disclosures. Applying Walmart's interpretation would mean that the

deadline to supplement expert reports was June 30, the same day as the deadline to file *Daubert* motions (Dkt. 163-1). This interpretation is nonsensical because it would deprive parties of the ability to supplement their expert reports in response to *Daubert* motions, undermining judicial economy. Indeed, the parties are continuing to update their pretrial disclosures even now by negotiating additional entries to the joint exhibit list and trimming their respective party lists. Thus, RavenWhite's supplement is a timely fulfillment of its Rule 26(e)(2) obligation to ensure that Mr. Weinstein can present an accurate factual record regarding party name and corporate ownership, including Mr. Weinstein's inadvertent reference in his opening report to "RavenWhite Security, Inc." instead of "SecurityInnovation LLC" as the owner of the '402 Patent. Dkt. 209-2 (Supp. Report) ¶ 7. Walmart relies on *Cassidian* (Dkt. 256 at 9) but has nothing to say in response to RavenWhite's discussion about the case (Dkt. 209 at 4-5). Furthermore, *Geiserman*, which Walmart also relies upon, is inapplicable because there—unlike here—the plaintiff missed two deadlines (for designating expert witnesses) and a showing of good cause was required. *Geiserman v. MacDonald*, 893 F.2d 787, 789-90 (5th Cir. 1990). The supplementation of Mr. Weinstein's report is therefore timely under both the DCO and Rule 26(e)(2), and there is no basis for Walmart to seek exclusion or sanctions under Rule 37(c).

Nor is a continuance necessary. The supplementation of Mr. Weinstein's report to incorporate facts already known or available to Walmart during discovery will not change the opinions of either Mr. Weinstein, or Walmart's damages expert, Mr. Haas. On this point, Mr. Haas made a key admission during his deposition that his opinion would not change even if RavenWhite were the correct counterparty. *See* Ex. H at 117:8-118:1 ("I guess with RavenWhite Licensing, which is, I guess, ███████████████████, the impacts would probably be very similar, if not the same, in – in terms of Table 8."). While Walmart dedicates two

2

██████████████████████████████████████

pages of charts to cataloging semantic changes in the supplemental report, it did not explain how or why a single alteration changes either Mr. Weinstein's or Mr. Haas's underlying economic methodology, *Georgia-Pacific* analysis, or final calculated royalty. And, as described in more detail below, there is no unfair surprise regarding facts that Walmart already developed and explored in discovery.

**B.    Walmart suffers no prejudice because it had actual knowledge of ████████ ██████ during fact discovery (factor 3).**

The crux of Walmart's opposition is its claim of severe, incurable prejudice. Walmart contends it was "deprived of the opportunity to depose ██████████████████████" and was unable to pursue follow-up discovery. Dkt. 256 at 12. This narrative of being "blindsided" is factually baseless.

During the deposition of Plaintiff's corporate representative, Mr. Mark Holmes, Walmart's counsel specifically targeted ██████████████████████████

> Q: And who is

Ex. J (Holmes Dep.) at 148:4-8; *see also* Ex. K (Jakobsson Dep.) at 59:4-11.

Similarly, during the deposition of Dr. Markus Jakobsson, Walmart's counsel directly inquired about ████████████████████████████████

> Q:
> A: Yes.

Ex. K (Jakobsson Dep.) at 206:19-24; *see also* Ex. K at 205:15-206:18. Similarly, Walmart sought, and RavenWhite provided, document discovery concerning "agents, members, employees, officers, directors" of RavenWhite, RightQuestion, LLC, Security Technology, LLC, and RavenWhite Security Inc. *See* Dkt. 187-6.

Walmart thus cannot credibly claim that it was deprived of the opportunity to seek discovery from or about these individuals. If Walmart truly believed their testimony was critical to the *Georgia-Pacific* analysis, or to any other issue in the case, the burden was on Walmart to notice their depositions or to at least explore their roles or their relevance to the hypothetical negotiations during the Jakobsson and Holmes depositions. And, more broadly, Walmart made no effort to obtain any additional discovery from either RavenWhite Security, Inc. or SecurityInnovation LLC, which further belies its claim that anything about their structure, ownership, or decision-making processes is relevant to the hypothetical negotiations.

Walmart made a calculated, strategic decision not to pursue any of this discovery and cannot now weaponize its choices to claim "prejudice." Nor can a manufactured claim of prejudice allow Walmart to escape the consequences of waiting to seek *any* depositions until just before the discovery cutoff. According to the DCO in effect at the time, fact discovery closed on April 22, 2026. Dkt. 145. Walmart served its first deposition notices on March 18, 2026, scheduling the depositions of Dr. Jakobsson on April 16, 2026, and Mark Holmes on April 20, 2026. Ex. L, Ex. M. It served a 30(b)(6) deposition notice of RavenWhite on March 19, 2026, which was held on April 7, 2026, with Dr. Jakobsson testifying on behalf of RavenWhite. Ex. K at 23:11-24:3, Ex. N. The parties then agreed to extend the discovery deadline, scheduling numerous depositions in May. Walmart did not seek the depositions of ███████████████████ during this time. Walmart also waited until February 27, 2026, to serve its first set of interrogatories on RavenWhite. The consequence of Walmart's decision to delay engaging in discovery is no basis for now claiming prejudice.

### C. Mr. Weinstein's supplement creates a clear factual record (factor 2).

Walmart's suggestion that accurate testimony from Mr. Weinstein about the hypothetical negotiation is not important is disingenuous at best and inconsistent with Walmart's key strategy

4

to exclude his report on the basis of improper hypothetical negotiation (Dkt. 181 at 2-5) (describing the purportedly incorrect legal framework in Mr. Weinstein's hypothetical negotiation analysis as a "fatal error" and requesting "exclusion in their entirety" of Mr. Weinstein's opinions). Walmart complains of discrepancies between Mr. Weinstein's original report and Dr. Jakobsson's testimony, Dkt. 256 at 13-14, yet asks this Court to block the very supplement designed to resolve any ambiguities and provide a clear factual record. Denying the supplement would only allow Walmart a "gotcha" moment, primarily to prevent Mr. Weinstein from presenting an undisputed fact Walmart has known from the beginning of the lawsuit, i.e., that SecurityInnovation, not RavenWhite Security, owned the '402 Patent when it issued. Walmart's further suggestion that RavenWhite could simply use lay witnesses to address the *Georgia-Pacific* factors ignores Rule 702. Mr. Weinstein is RavenWhite's sole damages expert, making his clarified testimony highly important.

### D. Conclusion

Based on the foregoing, RavenWhite respectfully requests the Court grant RavenWhite leave to serve the Supplemental Report of Mr. Weinstein.

Dated: August 7, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (Admitted E.D. Texas)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Robert Xie (*pro hac vice*)

5

rxie@kramerllp.com
Rachel C. Chan (*pro hac vice*)
rchan@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street**,** Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

6

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I hereby certify that the undersigned complied with the meet and confer requirement of Local Rule CV-7(h). A telephonic meeting was held on July 16, 2026. The parties could not agree on a resolution to the issues discussed above. Further, this motion is opposed.

*/s/ Robert F. Kramer*
Robert F. Kramer

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 7, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 51) entered in this case on December 10, 2024.

*/s/ Robert F. Kramer*
Robert F. Kramer