[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**WALMART'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE JULY 14, 2026, SUPPLEMENTAL EXPERT REPORT OF ROY WEINSTEIN (Dkt. 209)**

[redacted]

Plaintiff's Reply reinforces the necessity of exclusionary sanctions under Rule 37(c)(1): ***first***, Plaintiff transparently twists the Court's DCO (Dkt. 145) to create a fictitious deadline; ***second***, Plaintiff argues expert supplements are routine to counter *Daubert* motions, indicating a belief that Rule 26(a)(2)(B)'s disclosure requirements may be flouted without consequence; and ***third***, Plaintiff blames Walmart for failing to divine the import of fact witnesses when Plaintiff knowingly violated the Court's Discovery Order and Local Rule CV-26(d). For these reasons, and those set forth in Walmart's Opposition to Plaintiff's Motion (Dkt. 256), Plaintiff's Motion for Leave should be denied, Mr. Weinstein's "supplemental" report should be excluded in its entirety, and Plaintiff should be barred from presenting testimony or evidence regarding the purported beliefs, preferences, or inputs of [redacted], any [redacted], and/or [redacted] regarding the hypothetical negotiations for the Asserted Patents.

**1. Mr. Weinstein's "supplement" was not timely.**

Plaintiff's "timeliness" argument collapses from the strain of its own contortions.

***First***, Plaintiff's Reply argues (for the first time) that Mr. Weinstein's "supplement" was timely. Dkt. 265 at 1 ("Mr. Weinstein's supplemental expert report is timely"). But this assertion is immediately belied by Plaintiff's continued reliance on the Fifth Circuit's four-factor test for determining substantial justification and harmlessness when there is a ***late disclosure***. *See, e.g.*, Dkt. 265, *passim* (applying four-factor test from *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990) and *Cassidian Comms., Inc. v. microDATA GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 WL 12148459 (E.D. Tex. Dec. 10, 2013)); *see also* Dkt. 209 at 4 (citing *Cassidian Comms., Inc.* for factors to determine "whether to exclude expert testimony if it is *not timely disclosed*") (emphasis added). Were Mr. Weinstein's supplement "timely," then this Court's *Cassidian Comms.* and the Fifth Circuit's *Geiserman* would be irrelevant (and leave of Court would not be necessary).

[redacted]

***Second***, Plaintiff also admits Mr. Weinstein's "supplement" was untimely by rewriting the Court's DCO to avoid Rule 37(c)(1). Rule 26(e)(2) required that "[a]ny additions or changes to [the] information [in Mr. Weinstein's report] [were to] be disclosed by the time [Plaintiff's] ***pretrial disclosures*** under Rule 26(a)(3) [we]re due." FED. R. CIV. P. 26(e)(2) (emphasis added). In turn, the Court's DCO set the deadline for Plaintiff to "Serve ***Pretrial Disclosures*** (Witness List, Deposition Designations, and Exhibit List)" on ***June 30, 2026***. Dkt. 145 at 2 (emphasis added). Unsurprisingly, these "Pretrial Disclosures" are identical to those required by Rule 26(a)(3), entitled "*Pretrial Disclosures*." *See* FED. R. CIV. P. 26(a)(3)(A)(i)-(iii).

Notwithstanding the clear directives of this Court's DCO and Rules 26(a)(3) and (e)(2), Plaintiff now incredibly claims its pretrial disclosures were not due until August 3, 2026, the Court's date for ***updated*** witness lists, deposition designations, and exhibit lists.[1] Dkt. 265 at 1 ("***updated*** pretrial disclosures were not ***due*** until August 3, 2026.") (emphasis added for "updated"); *see also* Dkt. 145 at 2. Plaintiff's suggestion that the June 30, 2026 deadline was merely "for burden-of-proof disclosures" (Dkt. 265 at 1) similarly backfires because Mr. Weinstein's expert disclosures were precisely that—disclosures on an issue for which Plaintiff bears the burden of proof (i.e., damages).[2]

Mr. Weinstein's "supplemental" report clearly was untimely, a point expressly conceded

---

[1] Moreover, Plaintiff's creative interpretation of the Court's deadlines would effectively render the June 24 deadline to ***complete*** expert discovery meaningless. *See* Dkt. 145 at 3.

[2] And, by now so prominently arguing in its Reply that Mr. Weinstein's "supplement" is based on previously-available information (ostensibly to counter prejudice to Walmart), Plaintiff (1) highlights the impropriety of calling Mr. Weinstein's proffer a "supplement," *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 469 (E.D. Tex. 2020) (Mazzant, J.) ("supplemental disclosures are only permissible as a means of correcting inaccuracies or filling the interstices of an incomplete report based on information ***that was not available at the time of the initial disclosure***") (internal citation and quotation omitted) (emphasis in original), and (2) calls into question whether, in fact, the Court's May DCO deadline for opening expert reports controls the present issue (putting Mr. Weinstein's "supplement" nearly 2 months past the deadline), *id.* at 468.

[redacted]

in Plaintiff's Opening Brief and implicitly conceded in its Reply through reliance on the *Geiserman/Cassidian Comms.* four-factor test and its contrived rewrite of the DCO's deadlines. Plaintiff has not carried its burden to show Mr. Weinstein's "supplement" is either substantially justified or harmless; under Rule 37(c)(1), it must be excluded.

**2. Plaintiff's argument for routine "do-over" expert reports runs counter to the Federal Rules and the Court's DCO and should be rejected.**

Plaintiff's Reply seeks to create a routine "do-over" for experts by arguing post-*Daubert* supplements are unexceptional—because, in Plaintiff's own words, requiring expert supplements prior to *Daubert* motions "would deprive parties of the ability to supplement their expert reports in response to *Daubert* motions," Dkt. 265 at 2. But there is no such ability or allowance in the Federal Rules (or the Court's DCO), and this Court should decline to create one. To the contrary, as the Supreme Court stated in *Weisgram v. Marley Co.*, 528 U.S. 440 (2000), "[i]t is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail." 528 U.S. at 455. Rather, Plaintiff's "failure to buttress its position because of confidence in the strength of that position [was] indulged in at [Plaintiff's] own risk." *Id.* at 456 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 (1990)).

Moreover, it makes perfect sense for the Court to have set the deadline for *Daubert* motions and summary judgment motions on the same day as the Rule 26(a)(3) deadline. Otherwise, a party (e.g., Plaintiff) could game its expert disclosures to (1) stretch the bounds of Rule 702, counting on a "do-over" to save it from strategic error, or (2) learn the other side's best arguments and then serve a "supplement" to patch the holes in its experts' reports and/or substantive case (as Plaintiff seeks to do here). Also, Plaintiff's position necessarily results in multiple rounds of iterative expert reports, *Dauberts*, motions for summary judgment, new expert supplements, etc., and under

[redacted]

Plaintiff's interpretation, expert discovery would never be fully "complete." Rule 26 does not permit this, nor does this Court's DCO. Plaintiff's made-up argument for automatic expert "do-overs" should be rejected, and Mr. Weinstein's "supplement" should be excluded.

**3. Plaintiff admits violating the Court's Discovery Order and Local Rule CV-26(d).**

Plaintiff spends over a page of its 5-page Reply arguing that Walmart is to blame for any prejudice it might suffer because it failed to seek discovery or deposition testimony from [redacted] and [redacted] after their names were raised in passing. But Plaintiff's argument underscores its disregard for the Court's Discovery Order and Local Rule CV-26(d).

Under the Court's Discovery Order, Plaintiff was required to disclose [redacted] and [redacted]. [redacted] as "persons having knowledge of relevant facts." Dkt. 44 at 2 (1. Initial Disclosures). In turn, Local Rule CV-26(d) defines "relevance" to include "(1)…information that would not support [Plaintiff's] contentions; (2)…persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties; (3)…information that is likely to have an influence on or affect the outcome of a claim or defense; (4)…information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and (5)…information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." L. R. CV-26(d). But Plaintiff never disclosed these individuals and now seeks to rely on information concerning their respective beliefs and preferences—via Dr. Jakobsson—for licensing the Asserted Patents in a hypothetical negotiation.

Plaintiff's flouting of the Court's Discovery Order is without excuse or justification. Nor does Plaintiff's Reply seek to excuse its violations. To the contrary, rather than claiming it previously misapprehended the potential relevance of these individuals to this action (an argument now waived), Plaintiff doubles down and blames Walmart for not having sought discovery or

[redacted]

depositions of individuals who Plaintiff—through its lack of disclosure—affirmatively represented had no relevant knowledge. Walmart respectfully requests that the Court bar Plaintiff from presenting testimony or evidence regarding the purported beliefs, preferences, or inputs of [redacted] any [redacted], and/or [redacted] regarding the hypothetical negotiations for the Asserted Patents under Rule 37(c)(1).

* * * * * * * * *

For these reasons, Plaintiff's Motion for Leave should be denied, Mr. Weinstein's "supplemental" report should be excluded in its entirety, and Plaintiff should be barred from presenting testimony or evidence regarding the purported beliefs, preferences, or inputs of [redacted] any [redacted], and/or [redacted] regarding the hypothetical negotiations for the Asserted Patents.

[redacted]

Dated: August 14, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

[redacted]

Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi