**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC,<br>Plaintiff,<br>v.<br>THE HOME DEPOT, INC., *et al.*,<br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| `<br>RAVENWHITE LICENSING LLC,<br>Plaintiff,<br>v.<br>WALMART INC., *et al.*,<br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case) |

**JOINT NOTICE OF AGREEMENTS REACHED DURING MEET AND CONFER**

Pursuant to the Court's Order (Dkt. 145), RavenWhite Licensing, LLC ("RavenWhite") and Defendants, Wal-Mart Stores Texas, LLC and Walmart Inc. ("Walmart"), (collectively, the "Parties") hereby provide notice of the Parties' agreement reached during meet and confer.

The Parties have reached the following agreements with respect to motions in *limine*, which moot the corresponding *limines* identified below.

With respect to RavenWhite's Motion in *Limine* No. 4, the Parties have agreed to the following *limine*:

The Parties are precluded from offering evidence, testimony, or argument as to

> other lawsuits related to entities owned by Dr. Markus Jakobsson, except for lawsuits resulting in a license to either or both of the Asserted Patents, subject to the Court's ruling on Plaintiff's MIL 1, or statements that Dr. Jakobsson has created shell companies, or a web of companies, or other statements that would unduly emphasize the number of companies owned or managed by Dr. Jakobsson. This *limine* does not preclude evidence regarding (i) Dr. Jakobsson's ownership interest in RavenWhite or either of the patent owners, including any amounts he would stand to profit from in this case or (ii) the facts and circumstances by which RavenWhite became the exclusive licensee of the Asserted Patents or by which the patent owners acquired the asserted patents.

With respect to Walmart's Motion in *Limine* No. 2, the Parties have agreed to the following *limine*:

> RavenWhite will not raise in front of the jury that Holmes has a son with special needs or the fact that his son's special needs, specifically, were the cause of any lack of commercial success for any Holmes entity. However, in the event Mr. Holmes testifies at trial, if evidence, testimony, or argument is introduced regarding an alleged lack of commercial success for Patent Bridge LLC, Mr. Holmes may respond with a generic reason for the alleged lack of commercial success, such as a need to attend to certain family obligations.

With respect to Walmart's Motion in *Limine* No. 3, the Parties have agreed to the following *limine*:

> The Parties are precluded from offering evidence, testimony, or argument as to inflammatory comparisons of the burden of proof standards to other areas of the law. Provided that with respect to voir dire, and outside of the context of invalidity, a party may inquire whether a potential juror has been involved in litigation, i.e., either as a party or as a witness, close family member, or friend of a party or witness to a litigation, including generally whether members of the panel have experience in cases involving criminal law, family law, divorce, or civil commitment, but neither party shall analogize the burdens of proof in this case to the burden of proof required in other civil contexts, whether during trial or voir dire.

With respect to Walmart's Motion in *Limine* No. 4, the Parties have agreed to this *limine* as originally proposed. Specifically, the Parties have agreed to the following *limine*:

> The Parties are precluded from offering evidence, testimony, or argument regarding an expert's prior retention by a party's counsel in other matters.

With respect to Walmart's Motion in *Limine* No. 5, the Parties have agreed to the following

*limine*:

> RavenWhite will not introduce evidence, testimony, or argument about the "Walmart Effect" (i.e., describing Walmart as a dominant, "big box," or large retailer that hurts small businesses; engages in business practices harmful to small businesses; or causes store closures, lower wages, and reduced competition). RavenWhite will not use pejorative terms, such as spy, invade privacy, snooping, to describe the manner in which Walmart tracks customer activity.

The Parties will continue to meet and confer and promptly notify the Court should further agreements be reached.

Dated: August 17, 2026

Respectfully submitted,

/s/*Amir H. Alavi by permission Garrett C. Parish*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
**ALAVI & ANAIPAKOS PLLC**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833

*/s/ Robert F. Kramer by permission Garrett C. Parish*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (*pro hac vice*)
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerllp.com
Rachael Chan (*pro hac vice*)
rchan@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
jarmstrong@kramerllp.com
Ryan Dooley (*pro hac vice*)
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**

eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
**HEIM PAYNE & CHORUSH LLP**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Gabriel K. Bell (Pro Hac Vice)
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger (Pro Hac Vice)
DC Bar No. 1644006
ashley.finger@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
**JACKSON WALKER LLP - DALLAS**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
RavenWhite Licensing, LLC

lpeschel@jw.com
**JACKSON WALKER LLP - HOUSTON**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
**FINDLAY CRAFT, P.C.**
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Defendants*
Walmart Inc. and
Wal-Mart Stores Texas, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 18, 2026, and any confidential versions are being served by electronic mail.

*/s/ Garrett C. Parish*