**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00688-JRG-RSP |
| | § | (LEAD CASE) |
| THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC. | § | |
| | § | |

**Pretrial Conference and Motions Hearing**
**MAG. JUDGE ROY PAYNE PRESIDING**
**August 19, 2026**

**OPEN: 9:00 a.m.** **ADJOURN: 12:18 p.m.**

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF: | See attached. |
| ATTORNEYS FOR DEFENDANT, WALMART: | See attached. |
| LAW CLERK: | Robert Plafker |
| COURT REPORTER: | Shelly Holmes |
| COURTROOM DEPUTY: | Wendy Asbel |

Court opened. Case called. Garrett Parish introduced co-counsel and announced ready. Brian Craft introduced co-counsel and announced ready.

The Court provided instructions and housekeeping matters to the parties. This case is currently set for jury selection on September 14, 2026, before Judge Gilstrap. The Court has released this case from the September docket. After the current trial ends, the Court will issue an updated order of trials.

Each side will be allowed 10 hours for evidence. Mr. Alavi requested an additional hour per side. Mr. Kramer agreed to 10 hours but had no objections to 11. The Court agreed to 10.5 hours. The parties will have 30 minutes per side for *voir dire*, four peremptory strikes per side, 30 minutes for opening statements and 40 minutes per side for closing arguments. Eight jurors will be seated.

The parties noted that questionnaires had already been submitted. The questionnaires will be made available to you the Thursday before a Monday jury selection. If the jury selection is on a Friday, then the jury questionnaire will be made available on Wednesday. Counsel should review Judge Gilstrap's Standing Order regarding the use of jury information.

First day deposition designation disputes are handled by Judge Gilstrap. If the Plaintiff wants to use deposition testimony on the first day and there are objections to portions of that testimony, then it's incumbent on Plaintiff's counsel to schedule a time with Judge Gilstrap the week before trial so the disputes are resolved in advance of the first day. If it's Friday jury selection, not later than Thursday. If it's a Monday, then not later than Friday.

It is the Court's practice to hold all Rule 50(a) motions until the close of all evidence. There will be an informal charge conference (off the record) to look at the state of the proposed jury instructions, usually held at the close of all evidence. The parties were encouraged to continue to meet and confer on jury instruction issues and narrow the disputes from where they stand. Same applies to the verdict form.

The Court will be available in chambers by 7:30 a.m. every morning to take up any housekeeping matters or late arriving disputes. If there are trial disputes to be resolved, the parties shall notify the Court, via email to the law clerk assigned to the case, no later than 10:00 p.m. Three (3) jointly prepared three-ring binders with disputed information are to be delivered to the Court by 7:00 a.m. the following day. The jury will report at 8:30 daily. Lunch is supplied to the jury, which means the lunch break will be held to roughly 45 minutes. Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.

The Court instructed counsel not to refer to witnesses and others by their first names, and to advise their respective witnesses regarding same. The Court directed counsel to refer to the Court's Standing Order regarding the sealing of the courtroom regarding confidential or highly sensitive testimony.

Counsel should review Judge Gilstrap's Standing Order regarding the use and confidentiality of jury information. The pretrial order provides the requirements regarding juror notebooks. Each notebook shall contain a sheet with a head-and-shoulders photo of each witness with the name only above the photo and lines for taking notes, a copy of the patent(s), the Court's claim construction chart, a 3-hole punched note pad and a non-clicking pen. Twelve (12) jury notebooks should be dropped off with the Court on the same day that the jury questionnaires are picked up. Experts should be held to the four corners of their reports. Chambers will send an email regarding expert reports.

The Court addressed disagreements in the Joint Pretrial Order, made rulings and provided instruction as set forth in the record. Mr. Parish presented argument for Plaintiff. Mr. Alavi presented argument for Defendants.

The Court asked for any objections regarding witnesses. The parties had none.

The Court heard argument regarding disputed MILs. Mr. Parish informed the Court of agreements on the MILs. Mr. Kramer presented argument for Plaintiff. Ms. Woodall presented argument for Defendants. The Court made rulings as set forth in the record.

Recessed at 10:24 a.m.

Court reconvened. The Court continued hearing argument regarding disputed MILs. Mr. Mattson continued argument on behalf of Plaintiff. Mr. Larson, Mr. Alavi, and Mr. Enger continued argument on behalf of Defendants.

Mr. Alavi noted that the parties conferred and would prefer to deal with exhibits and a few *Daubert* and summary judgment motions that Defendants think the Court could benefit from, at a separate pretrial conference. The Court asked the parties to file a joint motion for an oral hearing on some of the motions and to prioritize them accordingly.

Ms. Woodall presented argument on a few exhibits and limine points that cross over. Ms. Chan argued on behalf of Plaintiff. The Court made rulings as set forth in the record.

The Court proceeded with hearing argument regarding Plaintiff's motions to compel.

Ms. Chan presented argument re Plaintiff's Motion to Compel Defendant's Production of Documents and Complete Responses to Interrogatory Nos. 23 and 24 **(Dkt. No. 155)**. Responsive argument by Ms. Woodall for Defendant.

Mr. Higgins presented argument on Plaintiff's Motion to Compel Deposition Testimony **(Dkt. No. 159)** and Plaintiff's Motion to Compel Technical Documents **(Dkt. No. 160)**. Responsive argument by Mr. Enger for Defendant. The Court will review the briefing and make a decision.

Mr. Higgins asked for 10 days to provide the court with a timeline. The Court stated that no supplement is needed at this time.

Counsel was directed to meet with Ms. Asbel to secure a date to hear exhibits and provide argument on the motions the parties are going to prioritize.

Court adjourned.