[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A 10-PAGE SUMMARY JUDGMENT MOTION AFTER THE DEADLINE**

[redacted]

## I. INTRODUCTION

Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart" or "Defendants") respectfully move the Court for leave to file a 10-page Motion for Summary Judgment of Lack of Constitutional Standing and Unenforceability of the Asserted Patents ("the SJ Motion"), filed herewith as **Ex. A**, in accordance with the proposed briefing schedule and page limits outlined below. As set forth below, all four "good cause" factors support granting Walmart leave to file a 10-page SJ Motion. Plaintiffs are opposed to this request.

## II. FACTUAL BACKGROUND

On August 21, 2024, RavenWhite Licensing LLC ("RavenWhite") sued Walmart for infringement of certain patents, including U.S. Patent Nos. 10,594,823 (the "'823 Patent") and U.S. Patent No. 11,562,402 ("the '402 Patent") (collectively, the "Patents-in-Suit"). *See* Dkt. 1. The deadline to join additional parties was November 14, 2024. Dkt. 43 at 5. The deadline to file dispositive motions was June 30, 2025. Dkt. No. 145 at 3.

On June 18, 2026 (prior to the dispositive motion deadline), Walmart filed a Motion for Summary Judgment of Non-Enforceability of the Asserted Patents and Lack of Article III Standing as to Plaintiff RavenWhite. Dkt. 176.

On July 7, 2026 (after the joinder deadline), RavenWhite filed a motion for leave to amend the First Amended Complaint to add Security Technology, LLC and RavenWhite Security, Inc. (collectively, the "Prior Patent Owners") as co-plaintiffs ("Joinder Motion"). Dkt. 187. On August 19, 2026, at the Initial Pretrial Conference, RavenWhite was granted leave. **Ex. B**, Hrg. Tr. at 19:20-21. At the same hearing, the Court asked Walmart "what is a reasonable time period for the Defendants to, first, answer, and, second, file any motion." *Id*. at 21:15-22. In response, Walmart agreed to do both within "a week of the amended complaint being filed." *Id*. Thereafter, on August 20, 2026, RavenWhite filed the Second Amended Complaint. Dkt. 278.

[redacted]

On August 26, 2026, Walmart's counsel informed RavenWhite that it intended to file a motion for summary judgment as to the newly added plaintiffs (i.e., the SJ Motion), specifically on "grounds of (i) no enforceability as set forth in Dkt. 176, and (ii) the grounds raised in Walmart's opposition to RavenWhite's motion for leave to amend and to which RavenWhite argued that Walmart should address by separate motion." **Ex. C**, 8/26/2026 Clark Email. Because the SJ Motion would be filed after the dispositive motion deadline, Walmart asked RavenWhite whether it would oppose leave. *See id*. Walmart further proposed an expedited briefing schedule so that the SJ Motion could be fully briefed prior to the next available trial setting, i.e., October 5, 2026. *Id*. On August 27, RavenWhite indicated that it was opposed, claiming without explanation that the "issues would be redundant." **Ex. D**, 8/27/2026 Mattson Email.

On August 27, 2026, and contemporaneously with the present motion, Walmart filed its Answer to the Second Amended Complaint in accordance with the agreed schedule provided at the Initial Pretrial Conference.

## III. LEGAL STANDARD

"Federal Rule of Civil Procedure 16(b)(4) allows a case schedule to be modified for 'good cause and with the judge's consent.'" *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-00125-JRG, 2023 WL 8260841, at *1 (E.D. Tex. Nov. 28, 2023). "There are four factors this Court considers when determining whether there is good cause to grant such relief: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) any potential prejudice from allowing the modification; and (4) the availability of a continuance to cure any such prejudice." *Id.*

## IV. ARGUMENT

All four "good cause" factors weigh in favor of granting Walmart leave to file a 10-page SJ Motion in accordance with the proposed briefing schedule and page limits.

[redacted]

***First***, relief from the prior deadline is justified because the SJ Motion is based upon the addition of the Prior Patent Owners as co-plaintiffs, who did not join the case until August 20, 2026—two months ***after*** the dispositive motion deadline. Moreover, the SJ Motion was anticipated by the Court at the Initial Pretrial Conference when ruling that RavenWhite would be granted leave to amend its pleading. **Ex. B**, at 21:12-18 ("what is a reasonable time period for the Defendants to, first, answer, and, second, file any motion"). In accordance with Walmart's representation that it could file any such motion within one week of RavenWhite's Second Amended Complaint, Walmart now seeks leave to file that attached motion.

***Second***, the modified deadline is warranted because the SJ Motion is an important, dispositive motion that will streamline the case. As set forth in the SJ Motion, because the Prior Patent Owners lack "exclusionary rights" to the Asserted Patents, they lack Article III constitutional standing. Moreover, because the Asserted Patents are no longer commonly owned with the Prior Patents, the Asserted Patents are unenforceable pursuant to their respective terminal disclaimers. Critically, the Prior Patent Owners' lack of "exclusionary rights" was not presented in Walmart's pending motion for summary judgment of non-enforceability (Dkt. 176), which was filed before RavenWhite first sought leave of Court to join the Prior Patent Owners. As a result, Plaintiffs' assumption that the SJ Motion is "redundant" of Walmart's prior motion is incorrect.

***Third***, Plaintiffs cannot validly claim that they are prejudiced because the SJ Motion is a direct response to Plaintiffs' Second Amended Complaint and the late joinder of the Prior Patent Owners to this case. Indeed, in their reply in support of their joinder motion, Plaintiffs specifically stated that any challenge to the Prior Patent Owners' constitutional standing needed to be addressed in a separate motion: "[i]f Walmart believes the Proposed Co-Plaintiffs lack standing, it can bring a properly noticed motion to dismiss after they are joined." *See* Dkt. 228 at 1. As a

[redacted]

result, Plaintiffs have no basis to now claim that Walmart's SJ Motion would be prejudicial. Moreover, Walmart has proposed an expedited briefing schedule for the SJ Motion so that it will be fully briefed prior to the October 5 potential trial setting.[1] *See* **Ex. C**, 8/26/2026 Clark Email. Under this proposal, both sides would be permitted an equal number of pages.

***Fourth***, because there is no prejudice, no continuance is necessary, particularly with expedited briefing. Further, the SJ Motion will reduce the issues to be tried, streamlining the case.

## V. CONCLUSION

For the foregoing reasons, Walmart respectfully requests leave to file, after the deadline in the Docket Control Order, a 10-page SJ Motion in accordance with the proposed briefing schedule and page limits set forth in the attached proposed order.

[1] Specifically, Walmart proposes that Plaintiffs opposition be filed by September 10 (no more than 10-pages), Walmart's reply by September 16 (no more than 5-pages) and Plaintiffs' sur-reply by September 22, 2026 (no more than 5-pages).

[redacted]

Dated: August 27, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

[redacted]

Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

**CERTIFICATE OF CONFERENCE**

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Walmart and Plaintiffs conferred by email regarding this motion. Plaintiffs oppose this motion.

*/s/ Amir H. Alavi* __________
Amir H. Alavi

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 27, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record whom have consented to electronic service.

*/s/ Amir H. Alavi* __________
Amir H. Alavi