**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC,<br>*Plaintiff*,<br>v.<br>THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |

**ORDER ON MOTIONS *IN LIMINE***

The Court heard argument at the Pretrial Conference in the above-captioned case on August 19, 2026, regarding Motions *in limine* filed by Plaintiff RavenWhite Licensing LLC. ("RavenWhite") (**Dkt. No. 223**), and Defendants Wal-Mart Stores Texas, LLC, Walmart Inc. ("Walmart") (**Dkt. No. 217**).

This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench.

Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

## I. PLAINTIFF'S MOTIONS *IN LIMINE* (DOCKET NO. 223)

1. **Plaintiff's MIL 1**: Preclude Walmart from presenting any evidence, argument, or testimony concerning financial terms of license agreements or patent sales not relied upon by the parties' experts to calculate a reasonable royalty.

This motion *in limine* is **GRANTED** under Rule 403 as to the Home Depot covenant not to sue because the Court finds that the

consideration for that covenant was the withdrawal of certain IPR proceedings (leading to the lifting of the stay of this case) rather than money. Because of that, the covenant has very little probative value as to the reasonable royalty, and it has very high potential for waste of time and confusion of the jury. The Motion is otherwise **DENIED**. The Court notes that Walmart stipulated that it would not seek to use the financial terms of any of the 15 licenses that its expert found were not technologically comparable.

2. **<u>Plaintiff's MIL 2</u>**: Preclude Walmart from presenting any evidence, argument, or testimony concerning non-infringing alternatives ("NIAs").

This motion *in limine* is **DENIED**, without prejudice to Plaintiff's pending Motion to Strike.

3. **<u>Plaintiff's MIL 3</u>**: Preclude Walmart from presenting any evidence, argument, or testimony comparing the accused products to third party products.

This motion *in limine* is **GRANTED** for the reasons the Court granted MIL No. 1, since the only comparison of the Walmart system was to the Home Depot system.

4. **<u>Plaintiff's MIL 4</u>**: Preclude evidence, testimony, or argument as to other lawsuits related to entities owned by Dr. Markus Jakobsson or statements that Dr. Jakobsson has created shell companies, a web of companies, or other statements that would unduly emphasize the number of companies owned or managed by Dr. Jakobsson

This motion *in limine* is resolved by agreement regarding Agreed MIL 1, attached as an Appendix hereto. *See also* Dkt. No. 272 at 1-2.

## II. DEFENDANTS' MOTIONS *IN LIMINE* (DOCKET NO. 217)

1. **Defendants' MIL 1**: Preclude evidence, testimony, or argument regarding Walmart's total revenues for the accused products, unapportioned revenues on accused products, unapportioned profits on accused products, revenues on unaccused activities, profits on unaccused activities, business-unit level revenues (e.g., revenues for Walmart Connect or revenues for Walmart.com/Walmart's eCommerce business), total company revenues, total company profits, business-unit level profits (e.g., summed profits for Walmart Connect or summed profits for Walmart.com/Walmart's eCommerce business), and other irrelevant large financial numbers.

This motion *in limine* is **CARRIED** until the next hearing. The Court ruled that overall revenues and profits would likely be excluded, and that topline net sales revenues would likely be excluded unless they were necessary for the presentation of the royalty analysis. Counsel sought time for further negotiation between the parties.

2. **Defendants' MIL 2**: Preclude evidence, testimony, or argument regarding lack of commercial success for any Holmes entity attributable to Holmes' care for his special needs son.

This motion *in limine* is resolved by agreement regarding Agreed MIL 2, attached as an Appendix hereto. *See* Dkt. No. 272.

3. **Defendants' MIL 3**: Preclude evidence, testimony, or argument as to inflammatory comparisons of the burden of proof standards to other areas of the law.

This motion *in limine* is resolved by agreement regarding Agreed MIL 3, attached as an Appendix hereto. *See* Dkt. No. 272.

4. **Defendants' MIL 4**: Preclude evidence, testimony, or argument regarding an expert's prior retention by a party's counsel in other matters.

This motion *in limine* is resolved by agreement regarding Agreed MIL 4, attached as an Appendix hereto. *See* Dkt. No. 272.

5. **Defendants' MIL 5**: Preclude evidence, testimony, or argument about the "Walmart Effect" (i.e., describing Walmart as a dominant, "big box," or large retailer that hurts small businesses; engages in business practices harmful to small businesses; or causes store closures, lower wages, and reduced competition) or any suggestion that Walmart spies on, invades the privacy of, or tracks its customers.

This motion *in limine* is resolved by agreement regarding Agreed MIL 5, attached as an Appendix hereto. *See* Dkt. No. 272.

**SIGNED this 2nd day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

## APPENDIX A: AGREED MOTIONS *IN LIMINE* (DKT. NO. 272)

**B. Agreed MIL 1**

The Parties are precluded from offering evidence, testimony, or argument as to 2 other lawsuits related to entities owned by Dr. Markus Jakobsson, except for lawsuits resulting in a license to either or both of the Asserted Patents, subject to the Court's ruling on Plaintiff's MIL 1, or statements that Dr. Jakobsson has created shell companies, or a web of companies, or other statements that would unduly emphasize the number of companies owned or managed by Dr. Jakobsson. This limine does not preclude evidence regarding (i) Dr. Jakobsson's ownership interest in RavenWhite or either of the patent owners, including any amounts he would stand to profit from in this case or (ii) the facts and circumstances by which RavenWhite became the exclusive licensee of the Asserted Patents or by which the patent owners acquired the asserted patents.

**C. Agreed MIL 2**

RavenWhite will not raise in front of the jury that Holmes has a son with special needs or the fact that his son's special needs, specifically, were the cause of any lack of commercial success for any Holmes entity. However, in the event Mr. Holmes testifies at trial, if evidence, testimony, or argument is introduced regarding an alleged lack of commercial success for Patent Bridge LLC, Mr. Holmes may respond with a generic reason for the alleged lack of commercial success, such as a need to attend to certain family obligations.

**D. Agreed MIL 3**

The Parties are precluded from offering evidence, testimony, or argument as to inflammatory comparisons of the burden of proof standards to other areas of the law. Provided that with respect to voir dire, and outside of the context of invalidity, a party may inquire whether a potential juror has been involved in litigation, i.e., either as a party or as a witness, close family member, or friend of a party or witness to a litigation, including generally whether members of the panel have experience in cases involving criminal law, family law, divorce, or civil commitment, but neither party shall analogize the burdens of proof in this case to the burden of proof required in other civil contexts, whether during trial or voir dire.

**E. Agreed MIL 4**

The Parties are precluded from offering evidence, testimony, or argument regarding an expert's prior retention by a party's counsel in other matters.

**F. Agreed MIL 5**

RavenWhite will not introduce evidence, testimony, or argument about the "Walmart Effect" (i.e., describing Walmart as a dominant, "big box," or large retailer that hurts small businesses; engages in business practices harmful to small businesses; or causes store closures, lower wages, and reduced competition). RavenWhite will not use pejorative terms, such as spy, invade privacy, snooping, to describe the manner in which Walmart tracks customer activity.