**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A 10-PAGE SUMMARY JUDGMENT MOTION AFTER THE DEADLINE**

Plaintiffs RavenWhite Licensing LLC, Security Technology, LLC, and RavenWhite Security, Inc. (collectively, "RavenWhite") oppose Defendants Walmart Inc. and Walmart Stores Texas, LLC's (collectively, "Walmart") motion for leave to file a summary judgment motion after the deadline, because Walmart has not established good cause for such relief. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-00125-JRG, 2023 WL 8260841, at *1 (E.D. Tex. Nov. 28, 2023). "There are four factors this Court considers when determining whether there is good cause to grant such relief: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) any potential prejudice from allowing the modification; and (4) the availability of a continuance to cure any such prejudice." *Id.* (citations omitted). No factor supports granting Walmart's motion.

***First,*** Walmart has not provided an adequate explanation for why its new summary judgment motion is justified. While it is true that the title owners of the asserted patents, Security Technology, LLC and RavenWhite Security, Inc., were added as co-plaintiffs on August 20, 2026, the parties have already fully briefed the same issues Walmart seeks to include in its new motion. Article III standing, as well as ownership and enforceability of the asserted patents, were addressed in the briefing on Walmart's Motion for Summary Judgment of Non-Enforceability of the Asserted Patents and Lack of Article III Standing (Dkt. 176). Likewise, Walmart fully argued in its opposition and sur-reply to RavenWhite's Motion for Leave to Amend the First Amended Complaint (Dkt. 187) that the patent owners did not retain sufficient exclusionary rights to have Article III standing.

Walmart's pending motion for summary judgment (Dkt. 176) already requires the Court to decide the question Walmart now seeks to re-brief: how the applicable exclusive licenses allocate rights between the patent owners and the exclusive licensee. This is the same determination that

governs the co-plaintiffs' standing, as Walmart's own opposition to Dkt. 187 confirms. And if the Court concludes there is a defect in statutory rather than Constitutional standing, joinder of the patent owners is required under Rule 19, making Walmart's request to file another summary judgment motion moot. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019).

Walmart chose to withdraw its opposition to RavenWhite's motion for leave to amend, including its argument that the patent owners lack Constitutional standing. By now seeking leave to present a new motion on that issue, Walmart has delayed its resolution and circumvented the Court's scheduling order by trying to further develop the same arguments it has already made. Walmart's strategic decision to withdraw its earlier opposition and replace it with a new motion does not establish good cause. It is also bad precedent to permit.

***Second,*** Walmart has not established why its motion for summary judgment is important. While it claims that the motion is dispositive and will streamline the case (Dkt. 281 at 3), it does not explain how or why. Nor can it. Removing the patent owners is not dispositive of any issue that will be resolved by the jury or an already-filed motion, and their presence or absence as parties has no impact on the evidence that will be presented at trial.

***Third***, RavenWhite will be prejudiced if the motion is granted. Courts in this district have found prejudice and denied leave to file when an untimely summary judgment motion interferes with trial preparation or forces the parties to go to trial without a summary judgment ruling. *See Virtual Chart Solutions I, Inc. v. Meredith,* No. 4:17-cv-546, 2019 WL 856400, at *4 (E.D. Tex. Jan. 16, 2019). Even under Walmart's proposed expedited briefing schedule, trial could begin without a ruling. *See id.* at *4 (denying motion for leave when trial was scheduled more than three months after the ruling).

***Fourth***, a continuance is not warranted in this case. "District judges have broad discretion not to grant a continuance because they have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Id.* at *5 (cleaned up). Granting a continuance now would reward Walmart with both a further delayed trial date and an additional opportunity to develop the same arguments it has already made in prior briefing.

For the foregoing reasons, Walmart has not established good cause for filing a new motion for summary judgment on issues that it has previously raised and fully briefed. Walmart's motion for leave should be denied.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (Admitted E.D. Texas)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705

jarmstrong@kramerllp.com
Rachael Chan (*pro hac vice*)
CA Bar No. 265002
rchan@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
CA Bar No. 329126
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 9, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer