[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | § § § § § § § § § § § | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | § § § § § § § § § § § § | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORAL RULING GRANTING-IN-PART PLAINTIFF'S MOTION *IN LIMINE* # 1**

[redacted]

Pursuant to Fed. R. Civ. P. 72 and L.R. 72(b), Walmart objects to Magistrate Judge Payne's August 19, 2026 oral ruling granting-in-part Plaintiff's Motion *in Limine* No. 1. Per that ruling, the Court excluded Plaintiff's license agreement to the Asserted Patents with Home Depot pursuant to Fed. R. Evid. 403. Dkt. 274, Tr. at 48:16-49:1; Dkt. 276. There is no question that the Home Depot license is the most relevant piece of damages evidence in this case: it covers the same claims asserted against Walmart and Plaintiff does not dispute that the licensed Home Depot product is technologically similar to Walmart's own accused product. Walmart will be highly prejudiced if the most probative piece of damages evidence is excluded. For the reasons set forth in Walmart's brief (Dkt. 258), at the Initial Pretrial Conference, and below, the Magistrate Judge's ruling is clearly erroneous and contrary to law.

## I. BACKGROUND REGARDING THE PARTIES' POSITIONS AND THE MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

### A. Plaintiff's Agreement with Home Depot

On October 20, 2025, Plaintiff RavenWhite Licensing LLC and Home Depot entered into a covenant not to sue with respect to the Asserted Patents. Pursuant to this agreement, Home Depot received a [redacted], non-exclusive license to the Asserted Patents. As RavenWhite Licensing itself maintains, it entered into this license because it did not want a joint stay of the Home Depot and Walmart litigations to delay its infringement claims against Walmart. *See* Ex. A, Jakobsson Tr. at 248:2-11 ("the IPR was holding up the – the case, and we wished to not have it held up."). At the time of the license, the Court had stayed both actions pending Home Depot's IPR. Following the license, Plaintiff dismissed its claims against Home Depot and the Court lifted the stay.

### B. Plaintiff's MIL No. 1 (Dkt. 223) and Walmart's Response (Dkt. 258)

Plaintiff's Motion *in Limine* No. 1 sought to "[p]reclude Walmart from presenting any evidence, argument, or testimony concerning financial terms of license agreements or patent sales

[redacted]

not relied upon by the parties' experts to calculate a reasonable royalty." Dkt. 223 at 1. As to the Home Depot Agreement, Plaintiff moved *in limine* to preclude Walmart from presenting such evidence, arguing that (i) the agreement was not negotiated under a "hypothetical negotiation" framework, (ii) the parties to the agreement did not assign a value to the Asserted Patents, and (iii) the agreement's financial terms have zero probative value. Dkt. 223 at 4. In response, Walmart argued that (i) the Home Depot Agreement is highly relevant and probative because *Georgia-Pacific* Factor 1 expressly contemplates consideration of the patentee's licenses to the Asserted Patents; (ii) Plaintiff and Home Depot assigned a value of [redacted] and (iii) Plaintiff's motivation to grant a [redacted] license to the Asserted Patents is an issue for cross-examination, not exclusion. Dkt. 258 at 4-5.

**C. The August 19 Pretrial Conference**

On August 19, 2026, the Honorable Roy S. Payne held an initial pretrial conference where the Court addressed Plaintiff's Motion *in Limine* No. 1, among other issues. Dkt. 274. Regarding the Home Depot Agreement, Plaintiff's counsel conceded technical comparability but argued that characterizing the agreement as a "[redacted]" would be prejudicial to Plaintiff and confusing to the jury. Dkt. 274, Tr. at 35:22-37:4. In response, Walmart argued that it "would be unduly prejudicial to Walmart to say there's this [redacted], as found by the Federal Circuit to be equivalent to a covenant not to sue, and we cannot cross-examine their witness on the purported reasons for granting the [redacted] license." Dkt. 274, Tr. 43:18-22. Excluding evidence of a [redacted] license from the hypothetical negotiation would take the "credibility question regarding Dr. Jakobsson's testimony about [Plaintiff's] rationale for having entered into" the Home Depot Agreement away from the jury. *Id.*, Tr. 44:25-45:7.

Following oral argument, the Magistrate Judge ruled:

[redacted]

> I am going to grant a portion of this motion in limine, that being the portion relating to the Home Depot covenant, on the grounds of Rule 403. I think that it has relatively low probative value and a very high prejudicial effect by requiring the Plaintiff, if it is admitted, to offer evidence about IPRs, the PTAB, and the litigation against Home Depot, all of which would be very time consuming, confusing, and prejudicial. And I don't think that it, in fact, has significant probative value as to what a reasonable royalty is in this case.

Dkt. 274, Tr. at 48:16-49:1.

The Magistrate Judge later heard additional argument from Walmart on the probative value of the Home Depot Agreement, as well as the parties' competing concerns regarding potential prejudice and possible methods to alleviate the Magistrate Judge's Rule 403 concerns. As Walmart's counsel explained:

> This is a -- the Home Depot covenant is a license to the asserted patents. It is a license to only the two asserted patents. It was a license granted to Home Depot who was sued for infringement at the same time as Walmart. They are similar in size to Walmart, and the Plaintiff's expert in this case has an opinion that the damages for Walmart are [redacted].

Dkt. 274, Tr. at 59:11-17. Thus, Walmart would be highly prejudiced if it was not allowed to present evidence of the Home Depot Agreement under *Georgia-Pacific* Factor 1. *Id.*, Tr. 64:16-65:1. Further, to avoid referencing the IPRs and prior litigation against Home Depot, Plaintiff's witnesses could testify—consistent with Plaintiff's interrogatory responses[1]—that Plaintiff granted Home Depot a license because it could not move forward with the Walmart case until the Home Depot issue was resolved. *Id.*, Tr. at 60:1-13, 64:5-15. Finally, the jury should decide as a matter of witness credibility "whether or not a -- a -- saving two years of time implies a value of [redacted] or implies that [Plaintiff] really didn't think these patents nor did Home Depot think these patents were – are worth [redacted]." *Id.*, Tr. 62:17-21. The Magistrate Judge declined to reconsider its Rule 403 ruling on the Home Depot Agreement. *Id.*, Tr. 65:12-22.

---

[1] *See* Ex. B, Plaintiff's Supplemental Response to Interrogatory No. 21, at 51.

[redacted]

## II. LEGAL ARGUMENT

### A. The Home Depot Agreement is Highly Probative Under *Georgia-Pacific* Factor 1, and the Jury Should Resolve Credibility Questions.

The Magistrate Judge's findings and conclusions that the Home Depot Agreement "has relatively low probative value" is clearly erroneous and contrary to law. It is well-established that evidence regarding *Georgia-Pacific* Factor 1, i.e., "the royalties received by the patentee for the licensing of the patent in suit," *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y.1970), is "highly probative as to what constitutes a reasonable royalty for those patent rights because such actual licenses most clearly reflect the economic value of the patented technology in the marketplace." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012).

Here, Plaintiff granted a license to Home Depot to practice the Asserted Patents for [redacted], and the jury should be allowed to consider such highly relevant and probative evidence under *Georgia-Pacific* Factor 1. Under the hypothetical negotiation framework, the parties to that negotiation would have known about and considered the Home Depot Agreement, and its [redacted] amount would have informed both parties' negotiating positions. Moreover, the jury should be allowed to assess the credibility of Plaintiff's witnesses, including their explanation as to why Plaintiff is seeking [redacted] in damages from Walmart, after granting Home Depot—a similarly-sized and similarly-situated company with comparable accused technology—a [redacted] license to the same Asserted Patents. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-cv-00084-JDL, 2018 WL 6266300, at *3-4 (E.D. Tex. Nov. 15, 2018) (licenses entered into under different circumstances may be used in a *Georgia-Pacific* analysis, with differences in circumstances going to weight rather than admissibility). The Court should sustain Walmart's objection to the Magistrate Judge's findings and conclusions on this point.

[redacted]

### B. The Magistrate Judge's Concerns Regarding Time, Juror Confusion, and Prejudice Can Be Easily Resolved, While the Irreparable Prejudice to Walmart Cannot.

The Magistrate Judge's findings and conclusions that requiring Plaintiff to "offer evidence about IPRs, the PTAB, and the litigation against Home Depot" would be "very time consuming, confusing, and prejudicial" are clearly erroneous and contrary to law. Plaintiff's ***own*** reasoning—*i.e.*, that Plaintiff entered into the Home Depot Agreement to have the stay of this litigation lifted—does not require Plaintiff to offer any evidence concerning the IPRs, the PTAB, or Plaintiff's litigation against Home Depot and can be addressed by instructing the jury that a "stay" is a pause in the litigation. As a result, the Magistrate Judge's concerns regarding time, juror confusion, and prejudice to Plaintiff would become moot. Moreover, as with any other settlement agreement, the mere fact that the Home Depot Agreement resolved litigation against Home Depot does not justify its exclusion. *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010) (emphasizing that "the most reliable license in this record arose out of litigation" and vacating a damages award based on other licenses "with no relationship to the claimed invention"). Conversely, precluding Walmart from presenting evidence of the highly probative Home Depot Agreement would cause irreparable prejudice to Walmart. The Court should sustain Walmart's objection to the Magistrate Judge's findings and conclusions on this point.

## III. CONCLUSION

For the reasons set forth herein, as well as in Walmart's prior briefing and oral argument at the August 19 initial pretrial conference, the Court should sustain Walmart's objections to the Magistrate Judge's oral ruling granting-in-part Plaintiff's Motion *in Limine* No. 1 as to the Home Depot Agreement, find the Magistrate Judge's ruling was clearly erroneous and contrary to law, and deny Plaintiff's Motion *in Limine* No. 1 as to the Home Depot Agreement.

[redacted]

Dated: September 2, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

[redacted]

Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 2, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi