[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**WALMART'S NOTICE OF SUPPLEMENTAL AUTHORITY FROM THE FEDERAL CIRCUIT ON MARKING OBLIGATIONS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 182)**

[redacted]

On August 19, 2026, the Federal Circuit issued its decision in *VDPP, LLC v. Volkswagen Group of America, Inc.*, -- F. 4th --, 2026 WL 2416565 (Fed. Cir. Aug. 19, 2026). There, the Federal Circuit affirmed the dismissal, with prejudice, of a patent infringement lawsuit involving an expired patent because the plaintiff non-practicing entity, VDPP, was seeking pre-suit damages but did not plead facts demonstrating its own compliance, or its licensees' compliance, with the marking statute in its original or proposed amended pleadings. This new decision is relevant to Walmart's pending Motion for Partial Summary Judgment of No Pre-Suit Damages Under U.S. Patent No. 11,562,402 ("Walmart's Motion," Dkt. 182).[1] Plaintiffs had notice of Walmart's position that the [redacted] "may be an unmarked patented article … subject to the notice requirements of 35 U.S.C. § 287" vis-à-vis Walmart's June 9, 2026 *Arctic Cat* notice and Walmart's Motion ***before*** Plaintiffs filed the Second Amended Complaint ("SAC," Dkt. 278) on August 27, 2026, but did not plead facts demonstrating compliance with the marking statute.

In *VDPP*, the Federal Circuit stated unequivocally that, "[b]ecause VDPP sought pre-suit damages, VDPP had a burden to plead compliance with the notice provision of 35 U.S.C. § 287(a), ***including compliance by VDPP's licensees***." 2026 WL 2416565, at *2 (emphasis added). The Federal Circuit rejected VDPP's proposed amended pleading, which alleged it was "a non-practicing entity, with no products to mark" and "all conditions precedent to recovery are met" because VDPP "did not allege facts showing compliance" with § 287 "by *any* of VDPP's licensees." *Id.* (emphasis in original). The Federal Circuit also rejected VDPP's argument that its licenses were settlement agreements and none of its licensees admitted infringement, and found

[1] Since the filing of Walmart's Motion, RavenWhite Security, Inc., and Security Technology, LLC have been joined as Plaintiffs. *See* Dkt. 278.

[redacted]

VDPP's "silence … particularly conspicuous given VDPP was on notice of Volkswagen's" position on marking. *Id.* Citing *Arctic Cat*, the Federal Circuit explained:

> We have previously said 35 U.S.C. § 287 exists to "(1) help[ ] ... avoid innocent infringement; (2) encourag[e] patentees to give public notice that the article is patented; and (3) aid[ ] the public [in] identify[ing] whether an article is patented." *Arctic Cat*, 950 F.3d at 865. ***If we were to accept VDPP's position that it need not ensure its licensees mark their products, all three of these purposes would be frustrated.***

*Id.* at *3 (emphasis added). Furthermore, the Court found there was "nothing special" about VDPP's licenses "that excuse[d] VDPP from alleging it made 'reasonable efforts to ensure [its licensees'] compliance with'" § 287. *Id.* at *2 (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020)).

The Federal Circuit's unequivocal ruling that plaintiffs—including non-practicing entities—seeking pre-suit damages must plead compliance with the notice provision of 35 U.S.C. § 287(a), ***including compliance by licensees***, moots the "timeliness," "specificity," and "prejudice" arguments that original plaintiff RavenWhite Licensing LLC ("RavenWhite") made in response to Walmart's Motion. *See* Dkt. 199. ***Like VDPP***, Plaintiffs were on notice of Walmart's position that the [redacted] "may be an unmarked patented article … subject to the notice requirements of 35 U.S.C. § 287," vis-à-vis Walmart's June 9, 2026 *Arctic Cat* notice and Walmart's Motion, ***before*** Plaintiffs filed the SAC. *See* Dkt. 182, Ex. D. ***Like VDPP***, Plaintiffs did not affirmatively plead compliance with the marking statute as to the '402 Patent by licensee [redacted]. ***And like VDPP***, Plaintiffs have no excuse for failing to allege that licensor RavenWhite made reasonable efforts to ensure licensee [redacted] compliance with the marking statute. ***Thus, like VDPP***, Plaintiffs are not entitled to pre-suit damages as a matter of law and undisputed fact.

[redacted]

Dated: September 4, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley N. Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B

[redacted]

Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*
Amir H. Alavi