[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br><br>[redacted] |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (Dkt. 292)**

[redacted]

The Federal Circuit's opinion in *VDPP, LLC v. Volkswagen Group of America, Inc.*, -- F. 4th --, 2026 WL 2416565 (Fed. Cir. Aug. 19, 2026) is neither relevant nor sympathetic to Walmart's failure to carry its *initial* burden of production under *Arctic Cat*. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

First, procedurally, *VDPP* does not apply. That case involved a Rule 12(b)(6) dismissal where the defendant argued the initial complaint failed to sufficiently plead compliance with § 287, and the proposed amended complaint was deficient and "futile." *VDPP,* 2026 WL 2416565, at *1-2. Here, Walmart has *never* challenged the sufficiency of RavenWhite's pleadings with respect to marking. *See* Dkt. 33 (Walmart's 12(b)(6) motion alleging patent ineligibility). And when RavenWhite moved for leave to amend its First Amended Complaint to add co-plaintiffs, Walmart still raised no objections as to the sufficiency of the marking allegations in RavenWhite's proposed Second Amended Complaint. *See* Dkt. 207. Instead, Walmart raised its marking defense in a summary judgment motion that not only recognized the untimeliness of its *Arctic Cat* notice but then tried to excuse it by arguing that marking became an issue *after* RavenWhite served an expert opinion that allegedly expanded the scope of infringement. *See* Dkt. 182; Dkt. 216 at 1-2.

Second, the Federal Circuit's opinion in *VDPP* did not change the *substantive* burden-shifting framework it set forth in *Arctic Cat,* which requires the defendant to timely articulate its belief of unmarked products *before* the burden of proof falls on the plaintiff to prove either compliance with § 287 or that § 287 does not apply. *Arctic Cat*, 876 F.3d at 1368; *see Solas Oled Ltd. v. Samsung Elecs*., No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *1-2 (E.D. Tex. May 30, 2022); *Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019). Accordingly, *VDPP* does not excuse Walmart from waiting nearly a month after the close of fact discovery to serve its *Arctic Cat* notice that there "may be an unmarked

[redacted]

patented article," despite knowing [redacted] was a licensee for more than a year. *See* Dkt. 184 at 9; Dkt. 199 at 3. Nor does *VDPP* excuse Walmart's failure to satisfy *Arctic Cat*'s specificity requirement. Walmart identified no product at all—only an undefined category it labeled the [redacted] *See* Dkt. 184 at 11; Dkt. 199 at 3-4. Separately, *VDPP* does not address and, thus, does not alter the undisputed prejudice RavenWhite has and will suffer. As explained in RavenWhite's summary judgment briefing, Walmart's unreasonably late disclosure of the factual basis for its marking theory, particularly because [redacted] is a third party, has deprived RavenWhite of any opportunity to seek discovery [redacted] and conduct the technical analysis necessary to carry its burden to show that the undefined [redacted] does not need to be marked because it does not practice the '402 patent. *See* Dkt. 184 at 12-13; Dkt. 199 at 4-5.

Finally, *VDPP* is distinguishable on the facts. In *VDPP*, the Federal Circuit found it implausible that the plaintiff could allege reasonable effort to ensure licensee compliance where one license agreement explicitly imposed no marking obligation, and the plaintiff maintained that all licensed products covered by those prior agreements *infringed* the patent-in-suit. *VDPP*, 2026 WL 2416565, at *3. In contrast, no RavenWhite entity or predecessor has ever alleged [redacted] practices or infringes the '402 patent. The '402 patent was licensed [redacted] by virtue of a portfolio license that included the application that eventually issued as the '402 patent. Unlike *VDPP*, [redacted] license arose from an infringement action involving different technology and was executed *before* the '402 patent even issued. Dkt. 184 at 5-6, 10-11; Dkt. 199 at 2. Thus, with respect to Walmart's marking defense, *VDPP* is neither controlling nor persuasive authority.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer

[redacted]

CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (Admitted E.D. Texas)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705
jarmstrong@kramerllp.com
Rachael Chan (*pro hac vice*)
CA Bar No. 265002
rchan@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
CA Bar No. 329126
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**

[redacted]

1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 11, 2026, and any confidential versions are being served by electronic mail.

/s/ Robert F. Kramer
Robert F. Kramer

[redacted]