[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR LEAVE TO FILE MOTION TO FILE A 10-PAGE SUMMARY JUDGMENT MOTION AFTER THE DEADLINE (Dkt. 281)**

[redacted]

## I. INTRODUCTION

On July 7, 2026—after the dispositive motion deadline—Plaintiff RavenWhite Licensing moved for leave to amend its complaint to add Security Technology, LLC and RavenWhite Security, Inc. (collectively, the "Prior Patent Owners") as co-plaintiffs. *See* Dkt. 187. Although Walmart opposed that motion, in part, because the Prior Patent Owners lacked constitutional standing, RavenWhite Licensing maintained in its Reply Brief that any challenge to Article III standing could only be made ***after*** the joinder of the Prior Patent Owners. As stated by RavenWhite Licensing: "[i]f Walmart believes the Proposed Co-Plaintiffs lack standing, it can bring a properly noticed motion to dismiss after they are joined." *See* Dkt. 228 at 1.

In a good faith effort to conserve judicial resources and avoid an unnecessary procedural dispute, Walmart withdrew its opposition and the Court subsequently granted RavenWhite Licensing leave to amend its complaint to join the Prior Patent Owners at the recent Initial Pretrial Conference. *See* Ex. B at 19:20-21. At that same conference, the Court asked Walmart "what is a reasonable time period for the Defendants to, first, answer, and, second, file any motion" in response to the new plaintiffs. *Id.* at 21:15-22. In an effort to expedite the Court's review of the standing issue, Walmart agreed to file both its Answer and any motion within "a week of the amended complaint being filed." *Id.* Plaintiffs made no objection to this timeline and never informed the Court that they would be opposed to Walmart filing such a motion.

On August 20, 2026, Plaintiffs filed the Second Amended Complaint. *See* Dkt. 278. One week later—in compliance with the Parties' prior exchanges and Walmart's representations at the Initial Pretrial Conference—Walmart moved for leave to file a motion for summary judgment as to the two new plaintiffs. *See* Dkt. 281 and Exhibit A. As detailed in that motion, the Prior Patent Owners lack any exclusionary rights under the Asserted Patents for purposes of standing under the U.S. Constitution. As a result, summary judgment (or dismissal) is warranted.

[redacted]

## II. ARGUMENT

As detailed in Walmart's motion for leave, all four "good cause" factors weigh in favor of granting Walmart leave to file its 10-page summary judgment motion, in accordance with the proposed briefing schedule and page limits. Plaintiffs' responsive arguments lack merit and do not lead to a different result.

***First***, Walmart's "failure" to meet the deadline for dispositive motions is entirely a product of RavenWhite Licensing's own delay in joining the Prior Patent Owners as co-plaintiffs. Under the Court's schedule, the deadline for joining partes was on November 14, 2024. However, RavenWhite Licensing did not seek to join the Prior Patent Owners until July 1, 2026, nearly two years later. Given RavenWhite Licensing's own delay, the Prior Paten Owners were not added to this case until August 20, 2026—two months ***after*** the dispositive motion deadline.

Moreover, Walmart's summary judgment motion was explicitly anticipated by the Court at the Initial Pretrial Conference, when it granted RavenWhite Licensing leave to amend its pleading. *See* Ex. B at 21:12-22 (asking Walmart's counsel "what is a reasonable time period for the Defendants to, first, answer, and, second, file any motion" addressing the new plaintiffs). Critically, Walmart unquestionably ***complied*** with its representation to the Court that it would file any motion within one week of the amended complaint. Plaintiffs never objected to this timeline or otherwise suggested that Walmart should be prohibited from filing its motion.

In response to this first factor, Plaintiffs argue that "the parties have already fully briefed the same issues Walmart seeks to include in its new motion." *See* Dkt. 294 at 1. This is incorrect and deliberately conflates two separate issues.

Walmart's original summary judgement motion is premised on the underlying Terminal Disclaimers, which provide that the Asserted Patents are only enforceable if they are commonly owned with certain cited prior patents. *See* Dkt. 176. Because RavenWhite Licensing owns "all

[redacted]

substantial rights" to the Asserted Patents, it is the owner under Federal Circuit law. [redacted]. Not only does this render the Asserted Patents unenforceable on their face, but their lack of enforceability raises an Article III standing problem as to any claim of infringement.

In contrast, the Prior Patent Owners lack constitutional standing irrespective of the Terminal Disclaimers or the corresponding unenforceability of the Asserted Patents. It is black letter law that a patent plaintiff must have "an ***exclusionary*** right" in a patent-in-suit to have constitutional standing. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) (emphasis added). [redacted]. As a result, even if the Asserted Patents are enforceable (which they are not), the Prior Patent Owners would still lack constitutional standing.

Plaintiffs also point to Walmart's withdrawal of its joinder opposition, arguing that "Walmart's strategic decision to withdraw its earlier opposition and replace it with a new motion does not establish good cause." *See* Dkt. 294 at 1. However, RavenWhite Licensing blatantly ignores its own prior representation that "[i]f Walmart believes the Proposed Co-Plaintiffs lack standing, it can bring a properly noticed motion to dismiss after they are joined." *See* Dkt. 228 at 1. Plaintiffs cannot now validly complain about Walmart doing ***exactly*** what they said Walmart should do, especially given the remaining factors below.

***Second***, there is no reasonable dispute that Walmart's proposed motion is important. Article III standing is one of the most—if not ***the*** most—important issue for a Court to determine. Not only does it go directly to the Court's constitutional authority to hear a dispute, but as a matter

[redacted]

of federal jurisprudence, it cannot be waived, assumed, or disregarded. *See Willis v. Gov. Accountability Office*, 448 F.3d 1341, 1343-44 (Fed. Cir. 2006) (stating that "federal courts have an independent obligation to examine Article III standing"). Indeed, challenges to constitutional standing can even be raised *sua sponte* by any Court, including on appeal. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2022) (holding with respect to Article III standing that courts "must—where necessary—raise it *sua sponte*"). The fact that Plaintiffs are opposed to the Court even considering a challenge to the Prior Patent Owners' Article III standing only highlights the merits of Walmart's motion.

Moreover, RavenWhite Licensing is now taking the position in its pending briefing that it ***does not*** own "all substantial rights" to the Asserted Patents and lacks prudential standing to sue on its own. *See* Dkt. 196 at 8-10. Despite taking the exact opposite position in its own original complaint, its prior briefing to the Court, and a prior sworn declaration, RavenWhite Licensing now avers in the currently operative Second Amended Complaint that it only owns "certain limited rights" in the Asserted Patents. *See* Dkt. 278 at ¶¶ 33 and 36. As a result, if the Court agrees with Walmart that the Prior Patent Owners have no exclusionary rights—and agrees with RavenWhite Licensing that it cannot sue on its own—then Plaintiffs' own deliberate gamesmanship will have created a situation where ***none*** of the Plaintiffs can enforce the Asserted Patents. *See, e.g., Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 630 F. Supp. 2d 365, 372 (D. Del. 2007) (concluding that "Intersil contracted away its right to sue Power Integrations to Fairchild" but further holding that "Fairchild lacks standing to take advantage of that right"); *see also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 n.8 (Fed. Cir. 2007) (holding that "parties are free to assign some or all patent rights as they see fit . . . [but] this does not mean that the chosen method of division will satisfy standing requirements").

[redacted]

As a result, there is no legitimate dispute that the constitutional standing issue raised in Walmart's proposed motion for summary judgment is of critical importance to this case.

***Third***, there is zero prejudice to Plaintiffs in granting Walmart's motion for leave. In their response, Plaintiffs puzzlingly argue that "[e]ven under Walmart's proposed expedited briefing schedule, trial could begin without a ruling." *See* Dkt. 294 at 2. But that is not the proper inquiry. Plaintiffs do not dispute that there is ample time in the schedule for them to collectively respond to Walmart's motion for summary judgment. Pursuant to the latest communication from the Court on the topic, trial will be no earlier than November 2026, leaving plenty of time for Plaintiffs to duly respond to Walmart's motion. *See* Dkt. 298. Plaintiffs also fail to explain why they believe that the Court would be unable to issue a ruling in advance of any trial.

***Fourth***, because there is no prejudice—and because there is ample time in the schedule for Plaintiffs to complete their briefing—no continuance is necessary.

## III. CONCLUSION

For the foregoing reasons, Walmart respectfully requests leave to file, after the deadline in the Docket Control Order, a 10-page summary judgment motion in accordance with the proposed briefing schedule and page limits set forth in the attached proposed order.

[redacted]

Dated: September 14, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record whom have consented to electronic service.

*/s/ Amir H. Alavi* __________
Amir H. Alavi