[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RAVENWHITE LICENSING LLC, *et al.*,<br>Plaintiffs,<br>v.<br>THE HOME DEPOT, INC., *et al.*,<br>Defendants. | Case No. 2:24-cv-00688-JRG-RSP<br>(Lead Case) |
| RAVENWHITE LICENSING LLC, *et al.*,<br>Plaintiffs,<br>v.<br>WALMART INC., *et al.*,<br>Defendants. | Case No. 2:24-cv-00689-JRG-RSP<br>(Member Case)<br>[redacted] |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORAL RULING GRANTING-IN-PART PLAINTIFF'S MOTION *IN LIMINE* #1**

[redacted]

Pursuant to L.R. 72(b), Plaintiffs RavenWhite Licensing LLC, Security Technology, LLC, and RavenWhite Security, Inc. (collectively, "RavenWhite") submit this response to Defendants Walmart Inc. and Walmart Stores Texas, LLC's (collectively, "Walmart") objections to Magistrate Judge Payne's oral ruling granting-in-part RavenWhite's Motion *In Limine* No. 1. Walmart's objections should be overruled because Judge Payne's oral ruling was not "clearly erroneous or contrary to law." Rule 72(a).

The Home Depot Agreement has no probative value and would be highly prejudicial. At best, as Judge Payne held, the Home Depot Agreement "has relatively low probative value and a very high prejudicial effect [because it would require RavenWhite] … to offer evidence about IPRs, the PTAB, and the litigation against Home Depot, all of which would be very time consuming, confusing, and prejudicial." Dkt. 274, Tr. at 48:18-23. Further, there is no evidence that the Home Depot Agreement's [redacted] was the result of a negotiation [redacted]. Rather, the evidence shows that the covenant was given solely to settle the IPRs and remove the stay of litigation as to Walmart. Dkt. 274, Tr. at 41:23-42:9; 65:14-16; 41:7-22. Indeed, Judge Payne stated that the Home Depot Agreement is not "probative of the reasonable royalty." Dkt. 274, Tr. at 65:14-16.

The Federal Circuit and Eastern District of Texas regularly exclude settlement agreements for the purpose of calculating reasonable royalties when their probative value is outweighed by the risk of prejudice, confusing the issues, misleading the jury, and/or wasting time, under Fed. R. Evid. 403. *See, e.g.*, *Optis Cellular Technology v. Apple Inc.*, 139 F.4th 1363, 1383-85 (Fed. Cir. 2025); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77-78 (Fed. Cir. 2012); *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, 2010 WL 1727916 *3 (E.D. Tex. 2010); and *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F.Supp.2d 794, 801

[redacted]

(E.D. Tex. 2007). Such agreements are admitted only in limited circumstances, such as when "the most reliable license in [the] record arose out of litigation," but factual findings must account for "technological and economic differences" between licenses and the hypothetical negotiation. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872-873 (Fed. Cir. 2010).

Even settlement agreements involving litigated patents are not sufficiently probative to outweigh risk of prejudice when economic and other circumstances are not comparable to those in the hypothetical negotiation. *See LaserDynamics, Inc.*, 694 F.3d at 78 (the large settlement amount did not reflect the value of the patent-in-suit but rather a "strong desire to avoid further litigation under the circumstances") and *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, 2010 WL 1727916 *3 (E.D.Tex. 2010) (parties could have entered the settlement agreements for many reasons unrelated to patent value, including avoiding litigation costs and "the risk of a sizeable verdict against a defendant or a finding of invalidity or unenforceability against a plaintiff"). While *Georgia-Pacific* Factor 1 "expressly contemplates consideration of patentees' licenses to the Asserted Patents," as noted by Walmart, it also disfavors agreements that are "tainted by the coercive environment of patent litigation" and therefore not voluntary and not between "a willing licensor and a willing licensee." *LaserDynamics, Inc*, 694 F.3d at 77; *see also Fenner Investments, Ltd.,* 2010 WL 1727916 *1-3.

Anchoring the jury to a disproportionate settlement amount is prejudicial, even if the amount is used only as a ballpark to suggest reasonableness of a damages opinion. *Optis Cellular Technology,* 139 F.4th at 1384-85. Moreover, admitting agreements that require a "mini trial" on similarities and differences between the circumstances surrounding the agreements and the hypothetical negotiation "cause[s] unfair prejudice, confuse[s] the issues, and waste[s] time." *Fenner Investments, Ltd.,* 2010 WL 1727916 *3.

[redacted]

Here, the Home Depot Agreement has no and at best very little, if any, probative value. RavenWhite entered into the Agreement only to (i) resolve its patent infringement claims against Home Depot and Home Depot's IPR claims against RavenWhite and (ii) lift a lengthy stay of the patent litigation with Walmart pending resolution of the IPRs. No [redacted] contributed to negotiating the Agreement. Therefore, as in *LaserDynamics* and *Fenner* and contrary to Walmart's assertion, the [redacted] settlement amount does not "clearly reflect the economic value of the patented technology in the marketplace." Rather, the Agreement indicates RavenWhite's overriding desire to lift a stay of proceedings and resolve litigation; as such, the Agreement is predicated upon non-monetary consideration and is not probative of a hypothetical negotiation over a royalty rate between a willing licensor and willing licensee.

The Home Depot Agreement, if admitted, would severely prejudice the jury by anchoring them to a [redacted]. As in *Optis*, where exposing the jury to a disproportionately large settlement amount was prejudicial even if only used as a ballpark to suggest the reasonableness of a damages opinion, here, [redacted] which does not account for patent value, would be highly prejudicial. As noted by Judge Payne, admitting the Home Depot Agreement would also require evidence about the IPRs, the PTAB, and the patent litigation against Home Depot, which, as in *Fenner*, would amount to a "very time consuming, confusing, and prejudicial" mini trial comparing the circumstances surrounding the Agreement to the circumstances of the hypothetical negotiation here. Contrary to Walmart's assertions, such a mini trial would be required for the jury to understand, among other things, why lifting the stay of litigation was valuable to RavenWhite. Defendants attempt to analogize the litigation license admitted in *ResQNet.com*, but that license would not have

[redacted]

confused a jury because it was admitted during a bench trial, whereas the parties here will try this case before a jury. *Fenner Investments, Ltd*, 2010 WL 1727916 *3.

Based on the foregoing, the Court should affirm Magistrate Judge Payne's oral ruling granting-in-part RavenWhite's Motion *In Limine* No. 1 as to the Home Depot Agreement.

[redacted]

Dated: September 17, 2026

Respectfully submitted,

*/s/ Robert F. Kramer*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
Robert C. Mattson (Admitted E.D. Texas)
VA Bar No. 43568
rmattson@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile: (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (212) 363-1492

Zachariah A. Higgins (*pro hac vice*)
CA Bar No. 190225
zhiggins@kramerllp.com
Jeremiah A. Armstrong (*pro hac vice*)
CA Bar No. 253705
jarmstrong@kramerllp.com
Rachael Chan (*pro hac vice*)
CA Bar No. 265002
rchan@kramerllp.com
Ryan Dooley (*pro hac vice*)
CA Bar No. 321645
rdooley@kramerllp.com
Robert Y. Xie (*pro hac vice*)
CA Bar No. 329126
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (212) 812-8937

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com

[redacted]

Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 17, 2026, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

[redacted]