[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

# **WALMART'S MOTION FOR SUMMARY JUDGMENT OF LACK OF CONSTITUTIONAL STANDING AND UNENFORCEABILITY OF THE ASSERTED PATENTS**

[redacted]

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ........ 3

III. STATEMENT OF ISSUES ........ 3

IV. THE PRIOR PATENT OWNERS LACK CONSTITUTIONAL STANDING. ........ 4

A. The Prior Patent Owners Have No Exclusionary Rights. ........ 4

B. The Alleged Rights Retained by the Prior Patent Owners Are Not Exclusionary Rights and Do Not Confer Constitutional Standing. ........ 6

C. The Asserted Patents are Not Enforceable and Plaintiffs Lack Any Enforceable Rights Required for Constitutional Standing. ........ 10

V. CONCLUSION ........ 10

[redacted]

## TABLE OF AUTHORITIES

### Cases

*A.L.M. Holding Co. v. Zydex Indus. Private Ltd.*,
176 F.4th 1326 (Fed. Cir. 2026) .................................................. 5, 6, 7, 10

*Azure Networks, LLC v. CSR PLC*,
771 F.3d 1336 (Fed. Cir. 2014), *vacated on other grounds*, 575 U.S. 959 (2015)......... passim

*Fontenot v. McCraw*,
777 F.3d 741 (5th Cir. 2015) .................................................. 4

*Lewis v. Casey*,
518 U.S. 343 (1996).................................................. 4

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007) .................................................. 4

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003) .................................................. 10

*Patent Harbor, LLC v. Twentieth Century Fox Home Entm't*,
No. 6:10-cv-607, 2012 WL 12842300 (E.D. Tex. Aug. 17, 2012).................................................. 4

*Speedplay, Inc. v. Bebop, Inc.*,
211 F.3d 1245 (Fed. Cir. 2000) .................................................. 8

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
944 F.2d 870 (Fed. Cir. 1991) .................................................. 7, 8

*WiAV Solutions LLC v. Motorola, Inc.*,
631 F.3d 1257 (Fed. Cir. 2010) .................................................. 4

[redacted]

# I. INTRODUCTION

On August 20, 2026, Plaintiff RavenWhite Licensing LLC ("RavenWhite") filed a Second Amended Complaint adding Security Technology, LLC and RavenWhite Security, Inc. (collectively, the "Prior Patent Owners") as co-plaintiffs under the pretense that they are each the "owner by assignment" of the respective Asserted Patents. *See* Dkt. 278 at ¶¶ 31 and 35. However, for these Prior Patent Owners to have constitutional standing under Article III, it is settled law that each must hold "an exclusionary right" in an asserted patent. Mere nominal "ownership" of a patent is not enough to meet this critical requirement.

Here, there is no genuine dispute that all substantial rights—including ***all exclusionary rights***—to the Asserted Patents are held by RavenWhite, not the Prior Patent Owners. Indeed, RavenWhite's prior complaint asserted that it holds "all right, title, and interest in and to" the Asserted Patents, [redacted]

[redacted]

[redacted]

Only now, after Walmart's motion for summary judgment of non-enforceability (*see* Dkt. 176), does RavenWhite seek to disavow these prior representations and claim—for the first time—that it merely holds "limited rights" in the Asserted Patents and, therefore, cannot sue on its own. *See* Dkt. 278 at ¶¶ 33 and 36. The timing of RavenWhite's abrupt reversal is no coincidence. As detailed in Walmart's pending motion, each Asserted Patent is the subject of a terminal disclaimer that requires the corresponding patent to be "commonly owned" with certain prior patents. *See* Dkt. 176 at 3-6. However, because RavenWhite holds "all substantial rights" to the Asserted Patents (and no rights to the cited prior patents), the underlying transfer agreements severed the terminal disclaimers' common ownership requirement and rendered each of the Asserted Patents non-enforceable on their face. *Id.* at 7-11.

In what should be a giant red flag, RavenWhite's unilateral claim that it does not actually hold all substantial rights—and therefore cannot maintain this suit on its own—is a baseless attempt to evade the unenforceability of the Asserted Patents. In all their years of practice, Walmart's counsel has ***never*** seen nor heard of a plaintiff claiming, unprompted, that it lacked sufficient rights to pursue its own lawsuit. The fact that RavenWhite is taking this unprecedented and extraordinary position now—after two full years of litigation, after its sworn declaration, and after Walmart's pending motion—only underscores why summary judgment is warranted.

RavenWhite's self-serving attempt to muddy the waters does not change the indisputable facts, including the unambiguous language of the underlying agreements. As RavenWhite itself has consistently maintained for the last two years, these two agreements transferred all substantial rights—including all exclusionary rights—to RavenWhite so that it could enforce the Asserted Patents on its own. Under Federal Circuit law, RavenWhite is the owner of the Asserted Patents, and the Prior Patent Owners lack constitutional standing to even join this case. Accordingly, the Court should grant Walmart's pending motions in full.

[redacted]

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. U.S. Patent No. 10,594,823 ("the '823 Patent") is subject to terminal disclaimers providing that the patent "shall be enforceable only for and during such period" that the '823 Patent is "commonly owned" with certain prior patents. *See* Dkt. 176 at Exhibit A.

2. U.S. Patent No. 11,562,402 ("the '402 Patent") is subject to terminal disclaimers providing that the patent "shall be enforceable only for and during such period" that the '402 Patent is "commonly owned" with certain prior patents. *See* Dkt. 176 at Exhibit B.

3. On July 30, 2023, RavenWhite Security, Inc. transferred all substantial rights, including all exclusionary rights, to the '823 Patent to RavenWhite Licensing LLC. *See* Ex. A.

4. On July 30, 2023, Security Technology, LLC transferred all substantial rights, including all exclusionary rights, to the '402 Patent to RavenWhite Licensing LLC. *See* Ex. B.

5. RavenWhite Licensing LLC holds no rights to the prior patents cited in the corresponding terminal disclaimers. *See* Exs. A and B at ¶ 2.2; Dkt. 176 at Exhibit F.

6. Neither RavenWhite Security, Inc. nor Security Technology, LLC hold any exclusionary rights to the Asserted Patents. *See* Exs. A and B.

## III. STATEMENT OF ISSUES

1. Whether Security Technology, LLC and RavenWhite Security, Inc. hold an exclusionary right in the Asserted Patents for purposes of constitutional standing under Article III.

2. Whether the '823 Patent is "commonly owned" with the '823 Prior Patents cited in the corresponding terminal disclaimers.

3. Whether the '402 Patent is "commonly owned" with the '402 Prior Patents cited in the corresponding terminal disclaimers.

4. If the Asserted Patents are unenforceable pursuant to the terminal disclaimers, whether Plaintiffs have constitutional standing under Article III.

[redacted]

## IV. THE PRIOR PATENT OWNERS LACK CONSTITUTIONAL STANDING.

### A. The Prior Patent Owners Have No Exclusionary Rights.

"The court must evaluate each plaintiff's Article III standing for each claim; 'standing is not dispensed in gross.'" *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)); *Patent Harbor, LLC v. Twentieth Century Fox Home Entm't*, No. 6:10-cv-607, 2012 WL 12842300, at *2 (E.D. Tex. Aug. 17, 2012) (stating that "[a] court can only join parties with constitutional standing to bring the patent infringement action").

"The touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has ***an exclusionary right*** in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) (emphasis added). Without an exclusionary right, even a nominal "owner" of a patent (such as the Prior Patent Owners) cannot claim that it has suffered a cognizable injury. Instead, "[t]o demonstrate entitlement to join the suit as a co-plaintiff, [a party] must have the right to exclude others from making, using or selling the invention in the United States." *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).

For example, in *Azure Networks*, Tri-County granted an exclusive patent license to Azure Networks that included, among other rights, the exclusive right to sue for infringement. *See Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336 (Fed. Cir. 2014), *vacated on other grounds*, 575 U.S. 959 (2015). Despite the fact that Tri-County remained the nominal "owner" of the '129 patent, the Federal Circuit held that "[t]o bring or join suit, Tri-County must have '***exclusionary*** rights and interests created by the patent statutes.'" *Id.* at 1347 (quoting *Morrow*, 499 F.3d at 1340 (emphasis in original)). In affirming the district court's dismissal of Tri-County, the Federal Circuit held that "[b]ecause Tri-County does not have any exclusionary rights under the '129 patent, it lacks standing to join the suit as a co-plaintiff." *Id.*

[redacted]

Similarly, in the recent *A.L.M. Holding* case from this year, the Federal Circuit cited its earlier *Azure Networks* decision favorably as an example where a nominal patent owner "lacked an exclusionary right because it transferred away all substantial rights" to an exclusive licensee. *See A.L.M. Holding Co. v. Zydex Indus. Private Ltd.*, 176 F.4th 1326, 1333 (Fed. Cir. 2026). Rejecting any notion that mere nominal ownership of a patent was enough to confer Article III standing, the Federal Circuit held that a court must instead analyze whether the licensor retained an exclusionary right. *Id.* at 1334 (holding that a plaintiff must have "a concrete stake in excluding unauthorized practice of the patents and a mechanism to enforce that interest").

In this case, there is no reasonable dispute that the Prior Patent Owners granted RavenWhite all exclusionary rights to the Asserted Patents through the underlying agreements. [redacted]

[redacted]

[redacted]

[redacted]

[redacted] Under the unambiguous language of the agreements, the Prior Patent Owners lack "a concrete stake in excluding unauthorized practice of the patents and a mechanism to enforce that interest." *See A.L.M. Holding*, 176 F.4th at 1334.

Tellingly, the Second Amended Complaint does not attempt to identify any rights retained by the Prior Patent Owners and, instead, only asserts that they are the "owner[s] by assignment" of the Asserted Patents. *See* Dkt. 278 at ¶¶ 31 and 35. However, under Federal Circuit law—including the *Azure Networks* and *A.L.M. Holding* cases discussed above—nominal "ownership" of a patent is not sufficient to confer constitutional standing.

### B. The Alleged Rights Retained by the Prior Patent Owners Are Not Exclusionary Rights and Do Not Confer Constitutional Standing.

RavenWhite's original joinder motion identified four alleged rights that it contends were

[redacted]

retained by the Prior Patent Owners: [redacted] *See* Dkt. 187 at 10-11. However, none of these alleged rights would give the Prior Patent Owner standing under Article III.

***First***, RavenWhite is wrong that the Prior Patent Owners retained "the right to assign" the Asserted Patents. [redacted]

***Second***, a right to litigation proceeds is not an exclusionary right that confers Article III standing. In *A.L.M. Holding*, the Federal Circuit expressly stated that a right to collect royalties is "not itself an exclusionary right." *See A.L.M. Holding*, 176 F.4th at 1334 (stating that standing exists only when that right is "paired with other provisions that involve the ability to exclude others from practicing the invention"); *see also Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (holding that "the right to receive infringement damages was merely a means of compensation under the agreement" and was not an exclusionary right).

For example, in *Azure Networks*, the nominal patent owner Tri-County "retained the right to receive 33% of the proceeds from Azure's litigation and licensing activities." *See Azure Networks*, 771 F.3d at 1341. In affirming the district court's dismissal of Tri-County, the Federal

[redacted]

Circuit rejected plaintiffs' argument that an "interest in receiving proceeds from enforcing the patent" was an exclusionary right for purposes of Article III standing. *Id.* at 1347 (concluding that "Tri-County does not have any exclusionary rights" and therefore "lacks standing").

[redacted] As a result, this retained right would not be enough to confer standing under Article III.

***Third***, the Prior Patent Owners' ability to [redacted] also does not confer Article III standing. [redacted]

However, "a licensor does not retain a substantial right in a patent merely by reserving a reversion in the patent contingent upon the licensee's financial distress." *See Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1252 (Fed. Cir. 2000). Rejecting the argument that RavenWhite previously made in its joinder motion, the Federal Circuit held that the nominal patent owners "retained no substantial rights" in the patent at issue and that the licensee "therefore may sue in its own name for infringement of that patent." *Id.*; *see also Vaupel*, 944 F.2d at 875.

The same is true for purposes of constitutional standing. For example, in *Azure Networks*, the nominal patent owner Tri-County "retained a right to terminate the Agreement if Azure breached its obligations or if Tri-County's obligations under the Agreement placed Tri-County's tax-exempt status at risk." *See Azure Networks*, 771 F.3d at 1341. Despite that retained right to

[redacted]

terminate the license, the Federal Circuit rejected the argument that this was an exclusionary right for purposes of Article III standing. *Id.* at 1347 (holding that "Tri-County does not have any exclusionary rights" and therefore "lacks standing to join the suit as a co-plaintiff"). As a result, the mere fact that the Prior Patent Owners can [redacted] does not provide the Prior Patent Owners with constitutional standing under Article III.

***Fourth***, for the same reasons above, the mere fact that the exclusionary rights to the Asserted Patents could [redacted] does not mean that the Prior Patent Owners currently possess those exclusionary rights or have suffered any cognizable injury. In *Azure Networks*, the nominal patent owner Tri-County similarly "reserved reversionary rights in the '129 patent once the Agreement expires." *See Azure Networks*, 771 F.3d at 1341. As observed by the Federal Circuit, following that expiration, Tri-County would have "two years remaining on the patent term" absent its option to renew the license. *Id.* Despite this reversionary right, the Federal Circuit rejected the argument that this was an exclusionary right for purposes of constitutional standing. *Id.* at 1347 (further noting that "[s]uch short patent term life following expiration . . . provides another indicator that Tri-County transferred all substantial rights to the patent").

Here, the facts are even worse for the Prior Patent Owners. Whereas Tri-County would theoretically have two-years of patent term remaining following the automatic expiration of that license, the Prior Patent Owners enjoy no such potential benefit. [redacted]

As a result, to the extent Plaintiffs seek to raise the arguments previously presented in their

[redacted]

joinder motion, the Prior Patent Owners do not possess any exclusionary rights that would provide them with constitutional standing and summary judgment is warranted.

### C. The Asserted Patents are Not Enforceable and Plaintiffs Lack Any Enforceable Rights Required for Constitutional Standing.

Additionally, for the reasons detailed in Walmart's pending motion for summary judgment of non-enforceability, the two Asserted Patents were not enforceable at the time of the lawsuit (and remain not enforceable today) due to the prior severance of the terminal disclaimers' common ownership requirement. *See* Dkt. 176. Given that neither RavenWhite nor the Prior Patent Owners have advanced any evidence that this break in common ownership has been restored, on this record, Walmart is entitled to summary judgment that the Asserted Patents are not enforceable.

Likewise, because none of the Plaintiffs have enforceable rights in the Asserted Patents, they lack constitutional standing. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003) (concluding that "the appellant in this case ***held no enforceable rights*** whatsoever in the patent at the time it filed suit, and therefore ***lacked a cognizable injury*** necessary to assert standing under Article III of the Constitution" (emphasis added)). As a result, for this additional reason, summary judgment is warranted.

## V. CONCLUSION

As in *Azure Networks*, the present facts illustrate a textbook example of where a nominal patent owner "lacked an exclusionary right because it transferred away all substantial rights." *See A.L.M. Holding*, 176 F.4th at 1333 (referring to *Azure Networks*, 771 F.3d at 1336). As a result, not only are the Asserted Patents unenforceable under the controlling terminal disclaimers, but the Prior Patent Owners lack constitutional standing to join this case. Accordingly, for the reasons above, the Court should grant Walmart's motion for summary judgment in full.

[redacted]

Dated: September 16, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

[redacted]

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
Abigail A. Lahvis
Texas Bar No. 24138136
alahvis@jw.com
Blake Thomas Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
William Allen Moon
Texas Bar No. 24065782
wamoon@jw.com
JACKSON WALKER LLP - DALLAS
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Leisa Talbert Peschel
Texas Bar No. 24060414
lpeschel@jw.com
JACKSON WALKER LLP - HOUSTON
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4278
Facsimile: (713) 308-4178

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100

[redacted]

Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record whom have consented to electronic service.

*/s/ Amir H. Alavi* ________
Amir H. Alavi