[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO ORDER ON MOTIONS *IN LIMINE* (Dkt. 290)**

[redacted]

Pursuant to Fed. R. Civ. P. 72 and L.R. 72(b), Walmart objects to the portion of the September 3, 2026 Order on Motions *in Limine* (the "Order," Dkt. 290) granting-in-part Plaintiff's Motion *in Limine* No. 1 and excluding Plaintiff's license agreement to the Asserted Patents with Home Depot (the "Home Depot Agreement") pursuant to Fed. R. Evid. 403.

The Order states that it "summarizes and memorializes the Court's rulings and reasons" announced from the bench at the August 19, 2026 Pretrial Conference (Dkt. 274), but it includes findings-of-fact regarding the purported "consideration" underlying the Home Depot Agreement:

> [T]he Court finds that the consideration for [the Home Depot] covenant ***was the withdrawal of certain IPR proceedings (leading to the lifting of the stay of this case) rather than money***. Because of that, the covenant has very little probative value as to the reasonable royalty, and it has very high potential for waste of time and confusion of the jury.

Dkt. 290 at 2 (emphasis added). Questions regarding RavenWhite Licensing's decision to resolve its disputes with Home Depot so it could move forward with its lawsuit against Walmart, including the "consideration" for the Home Depot Agreement and Plaintiff's decision to grant Home Depot a [redacted] license, are fact issues for the jury, not the Court. Plaintiff does not dispute that the licensed Home Depot product is technologically similar to Walmart's own accused product, and Walmart will be highly prejudiced if the most probative piece of damages evidence—a license to the same Asserted Patents—is excluded. The Court should sustain Walmart's objections and find the Magistrate Judge's Order clearly erroneous and contrary to law.

# I. BACKGROUND

## A. Plaintiff's Agreement with Home Depot

On October 20, 2025, Plaintiff RavenWhite Licensing LLC and Home Depot entered into the Home Depot Agreement. *See* Ex. A. Home Depot received a [redacted], non-exclusive license to the Asserted Patents, RavenWhite dismissed its litigation against Home Depot, and Home Depot

[redacted]

dismissed its IPRs challenging the Asserted Patents. *See id.* According to Dr. Jakobsson, RavenWhite Licensing entered into this license because it did not want a joint stay of the Home Depot and Walmart litigations to delay its lawsuit against Walmart. *See* Ex. B, Jakobsson Tr. at 248:2-11 ("the IPR was holding up the – the case, and we wished to not have it held up."); *see also* Ex. C, Plaintiff's Supplemental Response to Interrogatory No. 21, at 51.

**B. Plaintiff's MIL No. 1 (Dkt. 223) and Walmart's Response (Dkt. 258)**

Plaintiff's Motion *in Limine* No. 1 sought-in-part to preclude Walmart from presenting any evidence, argument, or testimony concerning the Home Depot Agreement:

> **The Home Depot covenant.** RavenWhite entered into that agreement specifically to have a stay of litigation lifted. Ex. F (Jakobsson Dep.) at 245:10-24; Ex. A ¶ 80. It was not negotiated under a "hypothetical negotiation" framework and did not involve any valuing of the asserted patents. *See* Ex. A (Haas Rept.) ¶ 77. Significantly, Mr. Haas admitted that he did not quantify the value to RavenWhite of lifting that stay. *See* Ex. B (Haas Dep.) at 111:4-9. Accordingly, the agreement's financial terms have zero probative value to Walmart's damages theory.

Dkt. 223 at 4. Notably, Plaintiff ***made no mention*** of the IPRs, the PTAB, or the Home Depot litigation, ***nor did Plaintiff complain*** of potential juror confusion, waste of time, or undue prejudice in relation to the Home Depot Agreement. *Id.*[1] Walmart argued that the Home Depot Agreement is highly probative under *Georgia-Pacific* Factor 1, and Plaintiff's motivation to grant a [redacted] license is a fact issue for the jury to decide. Dkt. 258 at 4-5.

**C. The August 19 Pretrial Conference and September 3 Order**

At the August 19, 2026 initial pretrial conference, Plaintiff's counsel conceded technical comparability but argued ***for the first time*** that characterizing the agreement as a "[redacted]

[1] By comparison, Plaintiff argued that the relevance of Walmart's Litigation Settlements was "substantially outweighed by the danger of unfair prejudice under FRE 403." Dkt. 223 at 4.

[redacted]

license" would be prejudicial to Plaintiff and confusing to the jury. *Compare* Dkt. 223 at 4 & Dkt. 274, Tr. at 35:22-37:4. Walmart argued that excluding the Home Depot Agreement and denying Walmart the opportunity to cross examine Plaintiff's witnesses on the "reasons for granting the [redacted] license" would be highly prejudicial to Walmart and would take the "credibility question regarding Dr. Jakobsson's testimony" about Plaintiff's strategy in entering into the Home Depot Agreement away from the jury. Dkt. 274, Tr. 43:18-22, 44:25-45:7. Magistrate Judge Payne disagreed and excluded the Home Depot Agreement under Rule 403, finding it "has relatively low probative value and a very high prejudicial effect by requiring the Plaintiff, if it is admitted, to offer evidence about IPRs, the PTAB, and the litigation against Home Depot, all of which would be very time consuming, confusing, and prejudicial." Dkt. 274, Tr. at 48:16-23. Walmart filed Rule 72 objections to the Court's oral ruling on Plaintiff's MIL 1. *See* Dkt. 289. The Order, which included Magistrate Judge Payne's findings-of-fact regarding the "consideration" underlying the Home Depot Agreement, followed on September 3. Dkt. 290.

## II. LEGAL ARGUMENT

### A. The Magistrate Judge Improperly Made Factual Determinations Regarding the "Consideration" for the Home Depot Agreement.

Walmart objects to the Order because the Magistrate Judge impermissibly made a factual determination that the withdrawal of the IPR proceedings was "***the consideration***" for the Home Depot Agreement, notwithstanding that Plaintiff ***made no such argument*** in its briefing on Plaintiff's MIL 1. *See* Dkt. 223 at 4. The Magistrate Judge also impermissibly found the withdrawal of the IPRs was more important than "money," a factual finding unsupported by any evidence (or even suggested by attorney argument). Finally, the Court disregarded provisions of the Home Depot Agreement addressing the resolution of Plaintiff's disputes with Home Depot. For example, the Agreement states explicitly that "the Parties wish to avoid the delays and costs

[redacted]

of litigation," and references the dismissal "with prejudice of RavenWhite's claims" against Home Depot as to the Asserted Patents, and "a dismissal without prejudice of any Home Depot counterclaims, with each Party to bear its own costs and attorneys' fees." *See* Ex. A, DX 029 at 1 & ¶ 7. But the "consideration" underlying the Home Depot Agreement is a fact issue for the jury, not the Court. The Court should sustain Walmart's objections to the Order.

**B. The Home Depot Agreement is Highly Probative Under *Georgia-Pacific* Factor 1, and the Jury Should Resolve Credibility Questions.**

The Magistrate Judge's conclusion that the Home Depot Agreement "has very little probative value" is clearly erroneous and contrary to law. Evidence regarding *Georgia-Pacific* Factor 1, i.e., "the royalties received by the patentee for the licensing of the patent in suit," *Georgia–Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y.1970), is "highly probative as to what constitutes a reasonable royalty for those patent rights because such actual licenses most clearly reflect the economic value of the patented technology in the marketplace." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). Moreover, the Federal Circuit has confirmed that the difference between a covenant not to sue (as Plaintiff gave to Home Depot) and a license "is only one of form, not substance – both are properly viewed as 'authorizations.'" *TransCore, LP v. Elec. Transaction Consultants Corp*., 563 F.3d 1271, 1276 (Fed. Cir. 2009). Finally, the parties to the hypothetical negotiation would have known about and considered the Home Depot Agreement, and its [redacted] amount would have informed both parties' negotiating positions. Thus, the jury should be allowed to assess the credibility of RavenWhite Licensing's witnesses, including their explanation as to why Plaintiff is seeking $200 million in damages from Walmart, after granting Home Depot—a similarly-sized and similarly-situated company with comparable accused technology—a [redacted] license to the same Asserted Patents. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-cv-00084-JDL, 2018

[redacted]

WL 6266300, at *3-4 (E.D. Tex. Nov. 15, 2018) (licenses entered into under different circumstances may be used in a *Georgia-Pacific* analysis, with differences in circumstances going to weight rather than admissibility). The Court should sustain Walmart's objection to the Order.

### C. The Magistrate Judge's Concerns Regarding Time and Juror Confusion Can Be Easily Resolved, While the Irreparable Prejudice to Walmart Cannot.

The Magistrate Judge's conclusion that there is "very high potential for waste of time and confusion of the jury" if the Home Depot Agreement is not excluded, Dkt. 290 at 2, is clearly erroneous and contrary to law. Plaintiff's ***own*** reasoning—i.e., that Plaintiff entered into the Home Depot Agreement ***to have the stay of this litigation lifted*** (*see* Ex. B & C)—does not require Plaintiffs to offer evidence concerning the IPRs, the PTAB, or RavenWhite Licensing's litigation against Home Depot. Indeed, Plaintiff did not take such a position in its briefing, *see* Dkt. 223 at 4, and a simple jury instruction explaining that a "stay" is a pause in the litigation would moot the Magistrate Judge's concerns regarding time and juror confusion. Finally, as with any other settlement agreement, the mere fact that the Home Depot Agreement resolved litigation against Home Depot does not justify its exclusion. *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010) (emphasizing that "the most reliable license in this record arose out of litigation" and vacating a damages award based on other licenses "with no relationship to the claimed invention"). In contrast, precluding Walmart from presenting evidence of the highly probative Home Depot Agreement would cause irreparable prejudice to Walmart. The Court should sustain Walmart's objections to Order.

## III. CONCLUSION

For the reasons addressed in Walmart's prior briefing (Dkt. 258), oral argument (Dkt. 274), Walmart's prior objections (Dkt. 289), and herein, the Court should find the portion of the Order excluding the Home Depot Agreement was clearly erroneous and contrary to law.

[redacted]

Dated: September 16, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*
Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*_________
Amir H. Alavi