[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00688-JRG-RSP<br>*(Lead Case)*<br><br>JURY TRIAL DEMANDED |
| RAVENWHITE LICENSING LLC, *et al*<br><br>*Plaintiffs*,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES TEXAS, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00689-RWS-RSP<br>*(Member Case)*<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO ORDER GRANTING PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE JULY 14, 2026 SUPPLEMENTAL EXPERT REPORT OF ROY WEINSTEIN (Dkt. 297)**

[redacted]

Pursuant to Fed. R. Civ. P. 72 and L.R. 72(b), Walmart objects to the Magistrate Judge's Order (Dkt. 297) granting Plaintiff's Opposed Motion for Leave to Serve July 14, 2026 Supplemental Expert Report of Roy Weinstein ("Plaintiff's Motion," Dkt. 209). The Order permits an untimely and prejudicial rewrite of a damages report without providing any analysis, is contrary to law and clearly erroneous, and should be overruled or set aside for further clarification.

Plaintiff's Motion required the Court to decide whether a "supplemental" expert report that (i) was served after the Court's deadline; (ii) changed the identities of the hypothetical licensors as to both Asserted Patents; and (iii) relied on a new, contradictory declaration and previously undisclosed witnesses, should be excluded under Rules 26(e)(2) and 37(c)(1). *See* Dkt. 256. Yet, the Order cites no rule, identifies no standard, and weighs no factors in deciding this important, contested issue. The Order simply states: "Having considered the Motion, the Court finds that it should be, and hereby is, GRANTED." Dkt. 297 at 1. The Order neither acknowledges Walmart's Opposition (Dkt. 256) nor explains why Plaintiff's ***concededly late, materially rewritten*** expert report is substantially justified or harmless. This is particularly troublesome because Plaintiff sought to supplement Mr. Weinstein's report ***only after Walmart moved to exclude*** his opinions under *Daubert*/Rule 702, due (in part) to his legally-fatal misidentification of the parties to the hypothetical negotiations. *See* Dkt. 181 at 2-5. Indeed, Plaintiff boasts that it "promptly filed [its] motion ***in response***" to Walmart's motion to strike. Dkt. 209 at 5 (emphasis added).

Allowing Plaintiff a "do-over" of its expert report to address legal and methodological errors, well after the close of expert discovery and post-*Daubert*, is extraordinary and unjustified relief. Yet, the Order is silent on its reasoning. The Court should sustain Walmart's objection, deny Plaintiff's Motion, and exclude the Weinstein Supplement, or at minimum, set aside the Order with instructions that the Magistrate Judge provide an analysis of the applicable factors and reasons

[redacted]

for granting (or denying relief) so that this Court can conduct a meaningful review under Rule 72.

## I. BACKGROUND AND PARTIES' PRIOR BRIEFING[1]

Plaintiff filed its Motion on July 17, together with a copy of Mr. Weinstein's proposed supplemental report ("Weinstein Supplement") and a declaration from Dr. Jakobsson that provided new facts and identified new witnesses not disclosed under the Court's Discovery Order. Dkt. 209.

Walmart filed its Opposition on July 31 and argued: (i) the Weinstein Supplement was a "material rewrite of his legally- and methodologically-flawed opening report to avoid" Walmart's motion to exclude; (ii) the Supplement was untimely under Rule 26(e)(2), relied on witnesses Plaintiff had not previously disclosed, and contradicted Mr. Weinstein's original report; (iii) Plaintiff could not demonstrate substantial justification or lack of harm under Rule 37(c)(1); and (iv) Plaintiff did not satisfy the Fifth Circuit's four-factor test under *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), for allowing supplemental expert testimony after the close of discovery. Dkt. 256. Plaintiff's Reply and Walmart's Sur-Reply timely followed. Dkt. 265, 269.

On September 10, the Magistrate Judge granted Plaintiff's Motion and allowed Plaintiff to serve the Weinstein Supplement, without providing the Court's reasoning. Dkt. 297.

## II. LEGAL ARGUMENT

The Order states that the motion is "GRANTED" but does not articulate the Court's reasoning or findings. The absence of findings against a record that demonstrates: (i) Plaintiff's untimeliness in seeking leave to supplement; (ii) the addition of new facts and identification of new witnesses as support for the Weinstein Supplement; and (iii) the incurable prejudice to Walmart from Plaintiff's attempt to supplement—***and materially change***—Mr. Weinstein's opinions after the close of expert discovery, and ***after Walmart*** addressed Mr. Weinstein's use of

---

[1] Walmart provided a detailed timeline of the relevant dates in its Opposition to Plaintiff's Motion for Leave. *See* Dkt. 256 at 1-7.

[redacted]

the wrong parties to the hypothetical negotiations in its *Daubert*/Rule 702 motion (Dkt. 181), renders the Order clearly erroneous and contrary to law.

**A. The Single-Sentence Order is Contrary to Law and Insufficient for Review.**

The Order grants Plaintiff's Motion in a single sentence, citing no rule and weighing no factor under Rule 26(e)(2), Rule 37(c)(1), or this Court's or the Fifth Circuit's precedent. Because Rule 72(a) review turns on the Magistrate Judge's legal conclusions and reasoning, an order that resolves a fully-briefed, dispute without any stated basis leaves nothing to review. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F. Supp. 2d 675, 695 (N.D. Tex. 2013) (vacating discovery ruling and re-referring motion to magistrate judge for written order with sufficient explanation because court could not conduct adequate review under Rule 72); *see also EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1338 (Fed. Cir. 2025) (en banc) (cleaned up) ("An absence of reviewable reasoning may be sufficient grounds for [the Federal Circuit] to conclude the district court abused its discretion."); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008) (en banc) ("Meaningful appellate review of the exercise of discretion requires consideration of the basis on which the trial court acted.").

**B. The Order is Clearly Erroneous and Contrary to Law.**

Plaintiff's Motion is premised on Rule 26(e)(1) and the four-factor test for exclusion of untimely expert testimony described in *Cassidian Commc'ns, Inc. v. microDATA GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 WL 12148459, at *2 (E.D. Tex. Dec. 10, 2013): (1) importance of testimony; (2) prejudice to opposing party; (3) continuance to remediate prejudice; and (4) explanation for delay. Plaintiff argued: (1) Mr. Weinstein's testimony was important to RavenWhite's damages case because he "is the only expert witness" on damages; (2) there is "little–if any–prejudice to Walmart" and (3) there is no need for a continuance because "Mr. Weinstein's opinions about the hypothetical negotiation have not changed"; and (4) there was no

[redacted]

delay because "RavenWhite … promptly filed this motion in response" to Walmart's motion to strike Mr. Weinstein's opinions. Dkt. 209 at 4-5.

Walmart debunked each of Plaintiff's arguments under Rule 26(e)(1) and *Cassidian*, explaining why Rule 26(e)(2) and Rule 37(c)(1) require exclusion of the Weinstein Supplement and arguing the Weinstein Supplement (1) was a "rewrite" of Mr. Weinstein's original report, using a declaration from Dr. Jakobsson that contradicted Mr. Weinstein's original opinions; (2) incorporated documents and deposition testimony Mr. Weinstein had not previously relied on to support his hypothetical negotiation opinions; and (3) relied on information concerning fact witnesses Plaintiff never disclosed under the Discovery Order. Walmart also argued Plaintiff did not meet the "substantially justified" or "harmless" requirements to excuse its failure to comply with the Court's deadlines under *Geiserman*, 893 F.2d 787 at 791.[2] Yet, the Order does not address any of these arguments.

The Court should sustain Walmart's objections because Plaintiff is not entitled to the relief sought under the governing standards. **Importance**. Plaintiff has other avenues available through which it can present its damages case at trial, e.g., through fact witnesses, Dr. Jakobsson or Mr. Holmes, or by calling Walmart's expert Mr. Haas adversely to elicit admissions and information concerning Walmart's accused products, revenues, licensing, etc. Dkt. 256 at 10-11. **Prejudice.** Mr. Weinstein's opinions on the hypothetical negotiation ***did, in fact, change***. For example, there are numerous factual contradictions between Mr. Weinstein's original report and the Supplement. But for those changes, the Supplement would not have been necessary. Allowing Plaintiff to rely on a ***different*** report based on a ***different*** theory and ***different*** information provided weeks after the close of expert discovery and after the filing of *Daubert*/Rule 702 motions causes Walmart

[2] *Cassidian's* four-factor test and *Geiserman*'s four-factor test are substantively identical.

[redacted]

significant, irreparable prejudice. *Id.* at 11-14. **Continuance**. A continuance during which Walmart could at least depose [redacted] and re-depose Mr. Weinstein and Dr. Jakobsson is clearly warranted. *Id.* at 15. **Delay**. Plaintiff provided no explanation for its failure to identify [redacted] or disclose the new information relied upon by Mr. Weinstein in the Supplement in a timely manner under the Discovery Order, the DCO, or Rules 26(a) and (e). *Id.* at 9. ***Finally,*** the Court should reject Plaintiff's contention (*see* Dkt. 265 at 2) that parties should be routinely allowed "to supplement their expert reports in response to *Daubert* motions," because the Weinstein Supplement goes well beyond a routine supplement—it is a complete do-over. And permitting such untimely supplementation would render court deadlines for completion of expert discovery meaningless. Dkt. 267 at 3-4 & 2, n.1.

## III. CONCLUSION

The Order permits an untimely and prejudicial rewrite of a damages report without analysis, contrary to Rule 26(e)(2), Rule 37(c), and the Docket Control Order. The Court should sustain Walmart's objection, set aside the Order, deny Plaintiff's Motion for Leave, and preclude Plaintiffs from relying on the July 14 Supplemental Weinstein Report. Alternatively, because the Order reflects a misapplication of Rules 26(a) and (e), the Docket Control Order's deadlines and Rule 37(c), ***but lacks the necessary findings and reasoned explanation to permit appellate review***, the Court should set aside the Order and re-refer Plaintiff's Motion for Leave to the Magistrate Judge, with instructions that the Magistrate Judge address its consideration of the governing factors, i.e., timeliness, good cause, diligence, prejudice, and the scope of ***permissible supplementation*** after the close of expert discovery and ***after the filing of Daubert motions,*** as well as its reasoning in granting Plaintiff's Motion for Leave.

[redacted]

Dated: September 24, 2026

Respectfully submitted,

*/s/ Amir H. Alavi*

Amir H. Alavi
Texas Bar No. 00793239
aalavi@aatriallaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@aatriallaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@aatriallaw.com
Amanda Woodall
Texas Bar No. 24028139
awoodall@aatriallaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@aatriallaw.com
C. Ryan Pinckney
Texas Bar No. 24067819
rpinckney@aatriallaw.com
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile: (713) 751-2341

Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
William Brown Collier, Jr.
Texas Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000

[redacted]

Facsimile: (713) 221-2021

Gabriel K. Bell *(Pro Hac Vice)*
DC Bar No. 987112
gabriel.bell@lw.com
Ashley Finger *(Pro Hac Vice)*
DC Bar No. 1644006
ashley.finger@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Eric Hugh Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Counsel for Defendants Walmart Inc. and Wal-Mart Stores Texas, LLC*

[redacted]

[redacted]

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2026, a copy of the foregoing was served electronically via electronic mail to all counsel of record who have consented to electronic service.

*/s/ Amir H. Alavi*_________
Amir H. Alavi